UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

Civil Action
No. 02-053-S

**MOTION OF EMHART INDUSTRIES, INC. FOR**
**A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c)**

Plaintiff, Emhart Industries, Inc. ("Emhart"), hereby moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order providing that (1) Emhart is not obligated to comply with certain discovery requests propounded by defendants Century Indemnity Company, OneBeacon America Insurance Company and North River Insurance Company regarding a settlement agreement between Emhart and Liberty Mutual Insurance Company ("Liberty Mutual"), a former defendant in this action, and (2) precluding defendants from obtaining production of said settlement agreement and any information related thereto. The defendants have served discovery requests on Emhart that seek a copy of said agreement and other information about the settlement between Emhart and Liberty Mutual. In view of the settlement agreement Emhart is precluded from providing the information requested. Accordingly, Emhart requests that the Court order that Emhart need not comply with the

discovery requests seeking this information, specifically, Request No. 2 of Defendants' Supplemental Document Requests to Plaintiff and Interrogatory No. 5 of Defendants' Supplemental Interrogatories and that defendants are precluded from obtaining production of the Settlement Agreement and any information related thereto.

In support of its motion, Emhart relies upon the Memorandum of Law filed herewith.

**Certification Pursuant to Fed. R. Civ. P. 26(c)**

Counsel for Emhart hereby certifies pursuant to Fed.R.Civ.P. 26(c) that it has conferred in good faith with counsel for OneBeacon America Insurance Company in an attempt to resolve the dispute presented by this motion but that the parties have been unable to resolve this dispute.

Emhart Industries, Inc.
By its attorneys,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

## CERTIFICATION

James T. Murphy, Esq.
Kelly N. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
Michael T. Farley, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

Michael F. Aylward, Esq.
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Lawrence A. Nathanson. Esq.
Siegal Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Hermes, Netburn, O'Connor & Spearing, PC
111 Devonshire Street
Boston, MA 02109

I hereby certify that on the 12 day of September, 2005, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Fomas

674347V1
(55451/115705)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 02-053-S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC.**
**IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

Plaintiff, Emhart Industries, Inc. ("Emhart"), submits this memorandum in support of its motion for a protective order pursuant to Fed.R.Civ.P. 26(c). Defendants Century Indemnity Company, OneBeacon America Insurance Company and North River Insurance Company ("Remaining Defendants") have served discovery requests on Emhart that seek production of, and other information concerning, a settlement agreement between Emhart and Liberty Mutual Insurance Company ("Liberty Mutual"), a former defendant in this action. In view of the settlement agreement Emhart, which has advised Liberty Mutual of the discovery requests, is precluded from providing the information requested. Accordingly, Emhart requests that the Court enter a protective order providing that (1) Emhart is not obligated to comply with the discovery requests seeking information concerning the settlement agreement and (2) the

Remaining Defendants are precluded from obtaining production of the settlement agreement and any information related thereto.

**FACTUAL BACKGROUND**

In January 2002, Emhart brought this action against a number of insurers, seeking insurance coverage with respect to claims made against Emhart by the United States Environmental Protection Agency with respect to the Centredale Manor Superfund Site in North Providence, Rhode Island. In January 1996, several years before Emhart was first notified by the EPA of proceedings relating to the Centredale Manor Superfund Site, one of the original defendants in this action, Liberty Mutual, filed a declaratory judgment action in Massachusetts state court ("Massachusetts Action") against Emhart and other corporations, including The Black & Decker Corporation (collectively "Black & Decker"). In that action, Liberty Mutual sought a declaration that Liberty Mutual had no duty to indemnify or defend Black & Decker with respect to numerous claims for insurance coverage made by Black & Decker under insurance policies issued by Liberty Mutual. Black & Decker removed that action to federal court, and filed a counterclaim in April 1996 against Liberty Mutual, seeking, among other things, a declaration that Liberty Mutual was obligated to indemnify Black & Decker against, and provide Black & Decker with a defense to, the claims that were the subject of the Liberty Mutual complaint for declaratory judgment.

In March 2005, Black & Decker and Liberty Mutual agreed to settle the claims in the Massachusetts Action, as well as other claims between the parties including Emhart's claim against Liberty Mutual relating to the Centredale Manor Superfund Site. The agreement is confidential. <u>See</u> Aug 3, 2005 Letter, attached as <u>Exhibit B</u>.

On July 18, 2005, the Remaining Defendants served Defendants' Supplemental Document Requests to Plaintiff ("Supplemental Document Requests") and Defendants' Supplemental Interrogatories ("Supplemental Interrogatories") on Emhart. Request No. 2 of the Supplemental Document Requests[1] and Interrogatory No. 5 of the Supplemental Interrogatories[2] both seek information regarding the settlement agreement between Emhart and Liberty Mutual.

After receiving the Supplemental Document Requests and Supplemental Interrogatories, Emhart provided notice of these discovery requests to Liberty Mutual. See Aug. 1, 2005 letter, attached as Exhibit A. Liberty Mutual declined to waive its contractual right to confidentiality and advised Emhart "to use its reasonable efforts to obtain a protective order seeking to maintain the confidentiality of the Settlement Agreement, and to request that the Court issue an order precluding not only production of the Settlement Agreement, but also any information related thereto." Exhibit B. Accordingly, Emhart now seeks a protective order providing that Emhart is not required to comply with the document request and interrogatory regarding the settlement agreement with Liberty Mutual and precluding the Remaining Defendants from obtaining production of said settlement agreement and any information related thereto.

---

1 That request provides as follows: "Produce the Settlement Agreement between Black & Decker and Liberty Mutual Insurance Company that resolved plaintiff's claims against Liberty Mutual Insurance Company regarding the [Centredale Manor] Site."

2 That interrogatory provides as follows: "With respect to the settlement between Liberty Mutual Insurance Company and Black & Decker, how much of that settlement is attributable to the settlement of this lawsuit, and explain how you calculated that amount?"

## ARGUMENT

### I. A Protective Order Is Warranted Because Emhart Is Precluded By Contract From Providing To The Remaining Defendants The Confidential Information Requested.

Rule 26(c) of the Federal Rules of Civil Procedure "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Rule 26(c) provides that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; ... (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way...." Such an order is appropriate in this instance, where the Remaining Defendants are seeking information about the settlement between Emhart and Liberty Mutual, information which Emhart is contractually required to keep confidential.

Courts have recognized that the parties to a settlement agreement are "likely to have 'a compelling interest in keeping the settlement amount confidential'" and that "confidential settlement agreements are likely in the long run to best serve the interest of the public and the parties alike." Grove Fresh Distributors, Inc. v. John Labatt Ltd., 888 F. Supp. 1427, 1441 (N.D. Ill. 1995), aff'd, 134 F.3d 374 (7th Cir.), cert. denied, 525 U.S. 877 (1998) (quoting Arthur R. Miller, Confidentiality, Protective Orders and Public Access to the Courts, 105 Harv. L. Rev. 427, 486-87 (1991)). As a result, "'[a]bsent special circumstances, a court should honor confidentialities that are bargained-for elements of settlement agreements.'" Id. Accordingly, courts have upheld the confidentiality provisions in settlement agreements by protecting such agreements from discovery. E.g., Centillion Data Systems, Inc. v. Ameritech Corp., 193 F.R.D.

550, 553 (S.D. Ind. 1999) (denying motion to compel production of settlement agreement and explaining that "strong federal policy supports the settlement of cases and F.R.E. 408 does not exhaust the reach of this policy.... [W]e believe, on balance, that settlements are and will be encouraged, in the run of cases, more by maintaining the confidentiality of agreements than by disclosure"); Butta-Brinkman v. FCA International, Ltd., 164 F.R.D. 475, 476-77 (N.D. Ill. 1995) (following Grove Fresh and denying motion to compel production of settlement agreements).

Notably, in circumstances similar to those of the instant action, one court enforced the confidentiality of settlement agreements between insurers and an insured by refusing to permit the non-settling insurers to obtain disclosure of those agreements. UMC/Stamford, Inc. v. Allianz Underwriters Ins. Co., 647 A.2d 182, 190-92 (N.J. Super. Ct. Law Div. 1994). In UMC/Stamford, as here, there was litigation between an insured and several insurers regarding the insured's right to coverage for environmental contamination. The court refused to require the insured to produce copies of its settlement agreements with other insurers, in part because the court recognized that the disclosure of such agreements to non-settling insurers "would not only jeopardize those settlements but would chill and deter other parties from entering into confidential discussions to settle their disputes without a lengthy trial. Where settlement terms are not free from disclosure, neither side has much of an incentive to settle early." 647 A.2d at 191. The court in particular noted that discovery of the settlements could work to the competitive benefit of the insurer that learned the terms of the settlements. The court, quoting the brief of an insurer that objected to production of the settlement agreements, explained as follows:

> The insurer "[c]annot permit settlements with one policyholder to serve as a model for settlements with others, nor can it allow its competitors to become familiar with the terms on which it will compromise environmental disputes. Were this Agreement to become known to other insurers, those competitors would have an advantage in litigation with other policyholders in environmental coverage disputes. They could use that information to anticipate and frustrate [the insurer's] settlement strategy; to develop their own settlement proposals, with a view toward reaching a bilateral settlement agreement with a policyholder ahead of [the insurer]; or to use the information in multi-lateral negotiations among insurers in their efforts to require [the insurer to] to shoulder a larger proportion of any liability."

Id. It then concluded that "in the interest of encouraging the settlement of disputes and for reasons of confidentiality, Allstate's motion for disclosure of the terms of plaintiff's settlement with other insurers is denied." Id. at 192.

The same principles apply here. The information which the Remaining Defendants have requested is confidential. Liberty Mutual has determined not to waive its contractual right to confidentiality. The Court should uphold the confidentiality of the settlement between Emhart and Liberty Mutual and protect the settlement agreement and information about said agreement from disclosure to Liberty Mutual's fellow insurers.

**CONCLUSION**

For the reasons set forth above, Emhart requests that the Court enter an Order that Emhart is not required to produce the document sought in Request No. 2 of Defendants' Supplemental Document Requests to Plaintiff, is likewise not required to answer Interrogatory No. 5 of Defendants' Supplemental Interrogatories and that the Remaining Defendants are precluded from obtaining production of the Settlement Agreement and any information related thereto.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Counsel for Plaintiff Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esq.
Kelly N. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
Michael T. Farley, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

Michael F. Aylward, Esq.
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Lawrence A. Nathanson. Esq.
Siegal Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Hermes, Netburn, O'Connor & Spearing, PC
111 Devonshire Street
Boston, MA 02109

I hereby certify that on the 12th day of September, 2005, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

674350V1
(55451/115705)

WILLCOX, PIROZZOLO AND MCCARTHY
PROFESSIONAL CORPORATION
FIFTY FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-5470
TELECOPIER (617) 423-1572

HAROLD M. WILLCOX (1925-1975)
RICHARD P. CROWLEY (1927-2001)

JACK R. PIROZZOLO
RICHARD F. McCARTHY
RICHARD L. BINDER
RICHARD E. BENNETT
JUDITH S. ZISS
JAMES J. NICKLAUS
CHARLES J. SHEEHAN
KARIS L. NORTH

OF COUNSEL
GERRY A. BLODGETT
(REGISTERED PATENT ATTORNEY)

August 1, 2005

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**COPIES VIA FACSIMILE AND FIRST CLASS MAIL**

Mr. Mark Donlevie,
V.P. and General Claim Manager
Liberty Mutual Insurance Company
100 Liberty Way
Dover, New Hampshire 03820

Re: Black & Decker, Inc. and Liberty Mutual Insurance Company
Settlement Agreement and Release dated March 24, 2005

Dear Mr. Donlevie:

Pursuant to paragraphs 18 and 26 of the March 24, 2005 Settlement Agreement and Release between Black & Decker Inc. and Liberty Mutual Insurance Company ("Agreement"), we are writing to provide notice that Emhart Industries, Inc. ("Emhart") has received discovery requests calling or potentially calling for production or disclosure of the Agreement or any of its terms and conditions. Those discovery requests are contained in Defendants' Supplemental Interrogatories ("Interrogatories") and Defendants' Supplemental Document Requests to Plaintiff ("Requests"), both served in the civil action entitled Emhart Industries, Inc. v. Home Insurance Co., et als, United States District Court for the District of Rhode Island, Civil Action No. 02-053-S. I enclose copies of the Interrogatories and Requests and direct your attention to interrogatory 5 and production request 2.

WILLCOX, PIROZZOLO AND MCCARTHY

Mr. Mark Donlevie

August 1, 2005



We would appreciate being advised of the position of Liberty Mutual concerning the manner in which Emhart should proceed in response to those discovery requests.

Very truly yours,

Richard L. Binder

RLB:hs
Enclosures
cc: Russell B. Gregg, Esquire w/enclosures (via certified mail - return receipt requested, first class mail and facsimile)

Liberty Mutual.™

RUSSELL B. GREGG
COUNSEL
COMPLEX AND EMERGING RISKS
CLAIMS DEPARTMENT

175 Berkeley Street; 06E
Boston, MA 02117
Telephone: (617) 574-5920
Fax: (617) 574-5974
Email:Russell.Gregg@Libertymutual.com

August 3, 2005

VIA FACSIMILE & U.S. MAIL

Richard L. Binder, Esq.
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, MA 02110

Re: Black & Decker/ Liberty Mutual Settlement Agreement

Dear Mr. Binder:

Thank you for your letter of August 1 to Mark Donlevie regarding the discovery requests served on Emhart in the Rhode Island litigation.

On behalf of Liberty Mutual Insurance Company, this is to request that Black & Decker and Emhart Industries, pursuant to paragraph 26 of the Settlement Agreement 1) object to providing the Settlement Agreement in response to production request 2; 2) object to providing information regarding the Settlement Agreement in response to interrogatory 5; and 3) use its reasonable efforts to obtain a protective order seeking to maintain the confidentiality of the Settlement Agreement, and to request that the court issue an order precluding not only the production of the Settlement Agreement, but also any information related thereto.

Please contact me with any questions, and please provide me with copies of your discovery responses and motions for protective order. We appreciate your cooperation in this matter.

Very truly yours,

Russell B. Gregg
Russell B. Gregg

RECEIVED
AUG - 5 2005
Willcox, Pirozzolo & McCarthy

Cc: Mark Donlevie, VP and General Claim Manager
Robin L. Main, Esq.
Ralph T. Lepore, Esq.