UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>DEFENDANTS' RESPONSE TO THE MOTION OF EMHART INDUSTRIES, INC. FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c) |

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, North River Insurance Company, and OneBeacon America Insurance Company oppose the Motion of Emhart Industries, Inc. for a Protective Order Pursuant to Fed.R.Civ.P. 26(c), for the reasons set forth in the memorandum of law filed herewith.

Respectfully Submitted on Behalf
of the Defendants

Dated: September 26, 2005

McKENNA & McCORMICK

By: ______________________
James T. McCormick 2614
128 Dorrance Street, Suite 330
Providence, RI 02903
401-831-2970
- and -

Martin F. Siegal
Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**CERTIFICATION**

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 26th day of September 2005:

Gerald J. Petros, Esq.
Christopher R. Bush, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Attorney Robin L. Main
**Holland & Knight LLP**
One Financial Plaza, Suite 1800
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Attorney Kimball Ann Lane
**Duane Morris, LLP**
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

Ralph T. Lepore III, Esq.
Attorney Janice Rowan
**Holland & Knight, LLP**
10 St. James Avenue
Boston, MA 02116

Michael F. Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor**
**& Spearing, P.C.**
111 Devonshire Street
Boston, MA 02109

Richard W. MacAdams, Esq.
**MacAdams & Wieck, Inc.**
101 Dyer Street, Suite 400
Providence, RI 02903

Kerri A. Vecoli

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. | CIVIL ACTION NO. CA 02-053S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' RESPONSE TO THE MOTION OF EMHART INDUSTRIES, INC. FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c) |

## I. INTRODUCTION

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), North River Insurance Company ("North River"), and OneBeacon America Insurance Company ("OneBeacon") requested (1) a copy of the settlement agreement between plaintiff Emhart Industries, Inc. ("Emhart") and defendant Liberty Mutual Insurance Company ("Liberty Mutual"), and (2) an explanation as to how much of that settlement is attributable to the investigation and cleanup of the Centredale Manor Superfund Site. That information is relevant so that the remaining defendants can determine how much of the alleged loss has been covered, what remains to be paid, and whether all of the applicable underlying primary insurance has been exhausted. Instead of producing the requested information, Emhart moved for a protective order claiming that the requested information is confidential and that Liberty Mutual will not agree to the requested disclosure.

Emhart's motion should be denied. In this district, confidentiality of a settlement agreement is not a valid basis to object to disclosure of the settlement agreement. *Bennett v. La Pere,* 112 F.R.D. 136, 140 (D.R.I. 1986). Moreover, even in those districts that require a more particularized showing of relevance, defendants have more than met their burden. Finally, the Court may protect any legitimate concerns that either Emhart or Liberty Mutual may have by ordering the parties to keep the settlement agreement and the requested information confidential and by limiting the defendants' use of the requested information to this case only.

## II. STATEMENT OF THE ISSUE

In its pleadings, Emhart sought coverage for its costs incurred in connection with the cleanup of environmental pollution at the Centredale Manor Superfund Site under the following alleged primary and excess liability insurance policies:

| INSURER | NO. | TERM | TYPE |
|---|---|---|---|
| Liberty Mutual | LG1-612-004059-211 | 11/1/71-11/1/72 | Primary |
| Liberty Mutual | LE1-612-004059-242 | 1/1/72-1/1/73 | Excess |
| Liberty Mutual | LG1-612-004059-212 | 11/1/72-11/1/73 | Primary |
| Liberty Mutual | LE1-612-004059-243 | 1/1/73-1/1/74 | Excess |
| Liberty Mutual | LG1-612-004059-213 | 11/1/73-11/1/74 | Primary |
| Liberty Mutual | LE1-612-004059-244 | 1/1/74-1/1/75 | Excess |
| Liberty Mutual | LG1-612-004059-214 | 11/1/74-11/1/75 | Primary |
| Liberty Mutual | LE1-612-004059-245 | 1/1/75-11/1/75 | Excess |
| Liberty Mutual | LG1-612-004059-215 | 11/1/75-11/1/76 | Primary |
| Liberty Mutual | LE1-612-004059-435 | 11/1/75-11/1/76 | Excess |
| Liberty Mutual | LG1-612-004059-216 | 11/1/76-11/1/77 | Primary |
| Liberty Mutual | LE1-612-004059-436 | 11/1/76-11/1/77 | Excess |
| Liberty Mutual | LG1-612-004059-217 | 11/1/77-1/1/78 | Primary |
| Liberty Mutual | LE1-612-004059-437 | 11/1/77-1/1/78 | Excess |
| Liberty Mutual | LG1-612-004059-548 | 1/1/78-1/1/79 | Primary |
| Liberty Mutual | LG1-612-004059-578 | 1/1/78-1/1/79 | Excess |
| Century | GAL 36597 | 2/15/69-1/1/70 | Primary |
| Century | XBC 46961 | 12/1/68-2/15/70 | Excess |
| Century | XCP 4506 | 1/5/70-1/1/71 | Excess |
| OneBeacon | S-16-07084 | 4/24/69-1/1/70 | Excess |
| North River | JUO12 | 11/1/75-1/1/79 | Excess |
| North River | 5233131099 | 1/1/84-1/1/85 | Excess |



EMHART\092105ML.PO

Complaint, ¶¶ 15-23;[1] Plaintiff's Answer to Counterclaim and Cross-Claim of Century Indemnity Company and Counterclaim-in-Reply Concerning Policy GAL 36597. On March 25, 2005, the Court dismissed Emhart's claims against Liberty Mutual with prejudice and the defendants' claims against Liberty Mutual without prejudice.

On or about June 10, 2005, the Court entered an Order allowing the parties to take supplemental discovery. Pursuant to that Order, defendants served supplemental interrogatories and supplemental document requests on July 18, 2005. Among other things, defendants requested (1) a copy of the settlement agreement between Emhart and Liberty Mutual, and (2) an explanation as to how much of that settlement is attributable to this lawsuit. On August 1, 2005, Emhart asked Liberty Mutual for its position "concerning the manner in which Emhart should proceed in response to those discovery requests."[2] On August 3, 2005, Liberty Mutual responded by asking Emhart to:

> 1) object to providing the Settlement Agreement in response to production request 2; 2) object to providing information regarding the Settlement Agreement in response to interrogatory 5; and 3) use its reasonable efforts to obtain a protective order seeking to maintain the confidentiality of the Settlement Agreement, and to request that the court issue an order precluding not only the production of the Settlement Agreement, but also any information related thereto.[3]

More than five weeks later, on September 12, 2005, Emhart filed this motion.

## III. ARGUMENT

The Federal Rules of Civil Procedure state that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."

---

[1] Emhart also sought coverage under policies that Home Insurance Company and United States Fire Insurance Company allegedly issued.
[2] Memorandum of Law of Emhart Industries, Inc. in Support of the Motion for a Protective Order at Exhibit A.
[3] *Id.* at Exhibit B.

"Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Based on that standard, the requested information should be produced. Emhart is not contending that the requested information is not relevant. Emhart is only doing what Liberty Mutual asked Emhart to do. Nor could Emhart claim that the requested information is not relevant. The requested information is relevant so that the defendants can determine how much of the claim Liberty Mutual has paid and what is left to be paid. Emhart may not recover from the defendants any amounts it has already recovered from Liberty Mutual. Emhart also may not recover under any excess policies until it has first exhausted all applicable underlying primary policies. Liberty Mutual allegedly issued eight primary liability insurance policies under which Emhart sought coverage. Emhart must show that those policies have all been exhausted before it can seek coverage under any excess policies.

Emhart's sole basis for withholding the requested information is its agreement to keep the settlement confidential. This district, however, rejected that same objection in *Bennett.* In that case, the plaintiff brought a medical malpractice action against certain physicians and a hospital. After settling with the physicians, the court ordered the plaintiff to produce the settlement agreement with the physicians to the hospital. In so holding, the court rejected the requirement that the party seeking discovery of a confidential settlement agreement must make a particularized showing of relevance. 112 F.R.D. at 139. The court then rejected plaintiff's argument that confidential settlement agreements do not have to be produced:

> When the burden is properly allocated, it becomes readily evident that the plaintiffs have offered no good cause or sound reason sufficient to defeat discovery. To be sure, the settlement documents contain a boilerplate paragraph, routine in medical malpractice cases, which calls for confidentiality of the accord and the related agreements—yet litigants cannot so easily collogue to

> screen themselves from the rigors of pretrial discovery. The Hospital's rights cannot be artificially shrunk to suit the convenience of its adversaries. Whatever suppressive effect the confidentiality clause may have as between the Bennetts and the Physicians, it cannot be allowed to bar the nonsettling defendant's right to inquire into the settlement.

*Id.* at 140.

The court also rejected the plaintiff's argument that disclosure of a "confidential" settlement agreement will somehow impair future settlement negotiations:

> To suggest, as do these plaintiffs, that the prospect of revealing settlement terms to a narrowly limited audience (nonsettling codefendants and those in privity with them) might impede out of court dispositions seems wrongheaded, given that the alternative to settlement would be a double whammy; the loss of the benefit of the bargain and the more public airing occasioned by a fullblown trial.

*Id.*

Although some courts require a more particularized showing of relevance in the case of confidential settlement agreements, defendants would still be entitled to the requested information under that standard because they have more than met their burden. Other courts have ordered the production of confidential settlement agreements when the requesting party has shown the information is relevant. *See Atchison Casting Corp. v. Marsh, Inc.,* 216 F.R.D. 225, 227 (D. Mass. 2003) ("even were the court to apply a heightened standard and place the burden on Defendant, the relevancy of the settlement agreement for discovery purposes is self-evident"); *Fidelity Federal Sav. and Loan Ass'n v. Felicetti,* 148 F.R.D. 532 (E.D.Pa. 1993); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland,* 122 F.R.D. 447, 450-451 (S.D.N.Y. 1988). Here, Emhart is not claiming that the requested information is not relevant.

The other cases that Emhart cites are all distinguishable. In *UMC/Stamford, Inc. v. Allianz Underwriters Ins. Co.,* 647 A.2d 182 (N.J. Super. 1994), the court found that the

settlement agreement was not relevant because the non-settling excess insurers would be entitled to a full credit for the amount allocable to the settling primary insurer's limits. *Id.* at 190-91. Here, Emhart has not conceded that the defendants are entitled to such a credit for the full amount allocable to Liberty Mutual's limits. A subsequent New Jersey case ordered the production of a confidential settlement agreement. *Llerena v. J.B. Hanuaer & Co.*, 845 A.2d 732, 739 (N.J. Super. 2002).

In *Centillion Data Systems, Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552 (S.D.Ind.1999), the court held that the requester has the burden "to show that the requested information is sufficiently relevant and necessary to its case to outweigh the harm from disclosure of the confidential information." This district, however, has rejected that standard and held that the burden of proof does not shift to the requester. *Bennett,* 112 F.R.D. at 139. In *Butta-Brinkman v. FCA Intern., Ltd.,* 164 F.R.D. 475, 477 (N.D.Ill. 1995), the court held that the requester had to prove that the requested information was not available from any other source. Here, defendants have no other source for the amount that Liberty Mutual paid Emhart to settle this lawsuit. In *Grove Fresh Distributors, Inc. v. John Labatt Ltd.,* 888 F.Supp. 1427 (N.D.Ill. 1995), the court did not even consider whether a confidential settlement agreement should be produced. The case involved a petition for a finding of contempt and for Rule 11 sanctions.

Any legitimate concerns that either Emhart or Liberty Mutual may have with respect to the confidentiality of their settlement agreement can be addresses through a limited protective order. For example, the court could order the parties to keep the settlement agreement and Emhart's interrogatory answer confidential, limit the use of that agreement and answer to this case only, or redact portions that do not apply to this lawsuit. Other courts have entered

similar orders. *See Lafarge Corp v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 400 (5th Cir. 1995); *Felicetti,* 148 F.R.D. at 534.

## IV. CONCLUSION

For the reasons stated, defendants respectfully request that the Court deny Emhart's motion for a protective order and order Emhart to produce its settlement agreement with Liberty Mutual and provide an explanation as to what portion of the settlement is attributable to the Centredale Manor Superfund Site.

Respectfully Submitted on Behalf
of the Defendants

Dated: September 26, 2005

McKENNA & McCORMICK

By: ______________________
James T. McCormick 2614
128 Dorrance Street, Suite 330
Providence, RI 02903
401-831-2970
- and -

Martin F. Siegal
Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century
Indemnity Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America

## CERTIFICATION

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 26th day of September 2005:

Gerald J. Petros, Esq.
Christopher R. Bush, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Attorney Robin L. Main
**Holland & Knight LLP**
One Financial Plaza, Suite 1800
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Attorney Kimball Ann Lane
**Duane Morris, LLP**
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

Ralph T. Lepore III, Esq.
Attorney Janice Rowan
**Holland & Knight, LLP**
10 St. James Avenue
Boston, MA 02116

Michael F. Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor & Spearing, P.C.**
111 Devonshire Street
Boston, MA 02109

Richard W. MacAdams, Esq.
**MacAdams & Wieck, Inc.**
101 Dyer Street, Suite 400
Providence, RI 02903

Kevin A. Vecoli