UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 02-053-S |

**SUPPLEMENTAL MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC.**
**IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

After Emhart Industries, Inc. ("Emhart") moved for a protective order to preclude production of a confidential settlement agreement between Emhart and former defendant Liberty Mutual Insurance Company ("Liberty Mutual"), there have been negotiations concerning the dispute that narrowed the issue remaining for adjudication. Emhart, with the consent of Liberty Mutual, is prepared to provide an answer to the interrogatory concerning the settlement agreement by disclosing, subject to a protective order, the amount of the settlement that was allocated to the Centredale claim that is at issue in this action and whether Emhart has any further rights under insurance policies issued by Liberty Mutual with respect to the Centredale

claim.[1] Thus, the issue now presented is whether the remaining defendants are entitled to additional information concerning a confidential settlement agreement which, with attachments, is more than 200 pages in length and addresses numerous sites and claims not at issue in this action.

**FURTHER COMMUNICATIONS**

After the remaining defendants responded to the motion for a protective order, there were communications among Emhart, the remaining defendants and Liberty Mutual concerning the settlement agreement. After a discovery conference, the remaining defendants proposed that Emhart "answer Interrogatory No. 5 in full, and provide all information necessary to determine the settlement amount, the scope of the release provided, whether plaintiff agreed to indemnify Liberty Mutual against contribution claims, and what, if any, allocation was made to the Centredale Manor Superfund Site. Plaintiff shall further agree that the information can be shown to client representatives and to experts, if needed. In return, defendants will agree that plaintiff does not have to produce the settlement agreement." See September 30, 2005 letter, attached as Exhibit A.

Emhart forwarded this letter to Liberty Mutual for its consideration. In response, Liberty Mutual agreed to provide to the remaining defendants the amount of the settlement allocated to the Centredale claim, if the information is subject to a protective order entered in this case and if use of the information is limited to this case. Liberty Mutual would not agree to permit Emhart to disclose the overall settlement amount, the scope of the release provided in the settlement agreement, or information regarding indemnification as to contribution claims. See October 6,

1 The disclosure would be subject to a protective order limiting the use of this information. It is Emhart's understanding that there is no dispute concerning the details of the limitations on the use of this information.

2005 letter, attached as Exhibit B. The remaining defendants have rejected this counter-proposal, without offering an explanation of their position. See October 11, 2005 e-mail, attached as Exhibit C. Liberty Mutual has since agreed that Emhart may disclose to the remaining defendants whether Emhart has any further rights, with respect to the Centredale claim, under the policies Liberty Mutual issued to USM Corporation.

## ARGUMENT

### The Information Which Liberty Mutual Has Agreed That Emhart May Provide Is Sufficient For The Remaining Defendants' Stated Purposes

The remaining defendants contend that they need information regarding the settlement with Liberty Mutual "so that defendants can determine how much of the claim Liberty Mutual has paid and what is left to be paid," and whether the primary policies which Liberty Mutual issued to USM Corporation have been exhausted. See Memorandum of Law in Support of the Defendants' Response to the Motion of Emhart Industries, Inc. for a Protective Order Pursuant to Fed.R.Civ.P. 26(c) ("Defendants' Mem."), at 4.[2] The information which Liberty Mutual has agreed that Emhart may provide is sufficient to address the remaining defendants' legitimate concerns. Liberty Mutual has agreed that Emhart may provide the amount of the settlement which has been allocated to the Centredale claim, so that the Remaining Insurers can determine "how much of the claim Liberty Mutual has paid." The settlement agreement specifically states the amounts of the settlement payment that are allocated to defense costs and indemnification costs for the Centredale claim, and this information will be provided to the remaining defendants.

---

2 Emhart disagrees with the remaining defendants' contention that Emhart "may not recover under any excess policies until it has first exhausted all applicable underlying primary policies" (Defendants' Mem. at 4). However, in an effort to resolve the motion, Emhart is prepared to permit the remaining defendants to inquire as to whether Emhart has any rights remaining under the policies which Liberty Mutual issued to USM Corporation between 1971 and 1979 with respect to the Centredale claim. The legal issue of whether Emhart may recover under an excess policy without having exhausted a primary policy during a different year will, if necessary, be addressed at a later time.

Liberty Mutual has also agreed that Emhart may provide the remaining defendants with information regarding Emhart's remaining rights under the settlement agreement to the policies Liberty Mutual issued to USM Corporation with respect to the Centredale claim. The other information sought by the remaining defendants, such as the total settlement amount, the precise scope of the release, and the question of indemnification for contribution actions, goes far beyond what the remaining defendants have stated they need or for which the remaining defendants have any legitimate need.

In view of the offer of Emhart and Liberty Mutual to provide information concerning the portion of the settlement proceeds attributable to the Centredale claim, the remaining defendants' reliance on Bennett v. La Pere, 112 F.R.D. 136 (D.R.I. 1986), is misplaced. The settlement agreement in Bennett involved only a single claim. The settlement agreement with Liberty Mutual, however, resolved claims made under a number of insurance policies issued to a number of entities relating to many different sites, and is not limited to the claim relating to Centredale. Moreover, the defendants in Bennett were not competitors, and the Bennett settlement agreement therefore did not raise the issue of competing insurers obtaining a competitive benefit from learning the terms and nature of a settlement between their insured and a settling insurer. See Memorandum of Law of Emhart Industries, Inc. in Support of its Motion for a Protective Order, at 5-6.

**CONCLUSION**

For the reasons set forth above and in the Memorandum of Law of Emhart Industries, Inc. in Support of its Motion for a Protective Order, Emhart requests that the Court enter an Order that Emhart is not required to produce the Liberty Mutual settlement agreement sought in Request No. 2 of Defendants' Supplemental Document Requests to Plaintiff, that Emhart is only

obligated to provide (1) the amount of the settlement allocated to the Centredale claim and (2) a statement as to whether Emhart has any further rights to the policies Liberty Mutual issued to USM Corporation with respect to the Centredale claim in response to Interrogatory No. 5 of Defendants' Supplemental Interrogatories, and that the remaining defendants may not obtain production of the settlement agreement or any other information related thereto.

Respectfully submitted,

Gerald Petros / MKC

Gerald J. Petros (#2391)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Counsel for Plaintiff Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esq.
Kelley M. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
Michael T. Farley, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

Michael F. Aylward, Esq.
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Lawrence A. Nathanson, Esq.
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Hermes, Netburn, O'Connor & Spearing, PC
111 Devonshire Street
Boston, MA 02109

I hereby certify that on the 14th day of October, 2005, a copy of the within document was served by facsimile and first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas
_________________________

678941v1
55451/115705)

SIEGAL, NAPIERKOWSKI & PARK
SUITE 120
533 FELLOWSHIP ROAD
MT. LAUREL, NEW JERSEY 08054

(856) 380-8900
FAX: (856) 380-8901

BRIAN G. FOX*□○°
JERRALD J. HOCHMAN□
SCOTT E. LEVENS
EDWARD M. NAPIERKOWSKI*
LAWRENCE A. NATHANSON*
SETH GOODMAN PARK□
LAWRENCE A. SERLIN*
MELVIN R. SHUSTER*
MARTIN F. SIEGAL

*ALSO ADMITTED IN PENNSYLVANIA
•ALSO ADMITTED IN DISTRICT OF COLUMBIA
▪ALSO ADMITTED IN ILLINOIS
°NOT ADMITTED IN NEW JERSEY
○ALSO ADMITTED IN MASSACHUSETTS
□ALSO ADMITTED IN NEW YORK

WRITER'S DIRECT DIAL: (856) 380-8910
DIRECT FAX: (856) 380-8911

September 30, 2005

BY FACSIMILE AND U.S. MAIL

Richard L. Binder, Esquire
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, MA 02110

RECEIVED
OCT - 3 2005
Willcox, Pirozzolo & McCarthy

Re: Emhart Industries, Inc. v. Home Insurance Company, et al.

Dear Rick:

I am writing this letter on behalf of the defendants to follow up on our telephone conversations on Friday, September 23, 2005, and on Wednesday, September 28, 2005, regarding plaintiffs' objections to the following supplemental discovery requests:

1. Liberty Mutual Settlement Agreement [Supplemental Interrogatory No. 5; Supplemental Document Request No. 2]. Defendants propose that plaintiff answer Interrogatory No. 5 in full, and provide all information necessary to determine the settlement amount, the scope of the release provided, whether plaintiff agreed to indemnify Liberty Mutual against contribution claims, and what, if any, allocation was made to the Centredale Manor Superfund Site. Plaintiff shall further agree that the information can be shown to client representatives and to experts, if needed. In return, defendants will agree that plaintiff does not have to produce the settlement agreement. Please let us know if that compromise is acceptable to plaintiff and to Liberty Mutual.

2. Definition of "unintentional discharges" [Supplemental Interrogatory Nos. 1 and 2]. Plaintiff's assumption that the definition of "unintentional damages" included intentional discharges for which the consequences were unintentional is inconsistent with the pollution exclusion in the excess Century policy, which bars coverage for intentional discharges "irrespective of whether the insured possessed knowledge of the harmful effects of such acts." Based on that exclusion, I asked you to respond to these interrogatories without reference to

EMHART\092805LT.RLB

intentional discharges for which the consequences were unintended. You said you would think about this request and get back to me. Please let me know plaintiff's position.

3. Supplemental Answers to Liberty Mutual's interrogatories [Supplemental Interrogatory No. 7]. You asked us to identify which answers to Liberty Mutual's interrogatories plaintiff should supplement. Plaintiff should supplement its answers to interrogatory nos. 2-13, 15-19, and 22-24, insofar as plaintiff has any new information to provide. In supplementing its answers, Emhart may cross-reference any other supplemental answers it has already provided.

4. Aetna Settlement Agreement [Supplemental Document Request No. 1]. Aetna has advised us that the settlement agreement can be produced upon entry of a protective order. Please let us know if plaintiff has any other objection to the production of that document.

Sincerely,

Lawrence A. Nathanson

Cc: All counsel (by facsimile)

Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

Ralph T. Lepore, III
617 619 9210
ralph.lepore@hklaw.com

October 6, 2005

RECEIVED
OCT - 6 2005
Willcox, Pirozzolo & McCarthy

**VIA FACSIMILE & U.S. MAIL**

Richard L. Binder, Esq.
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, MA 02110

Re: Black & Decker/ Liberty Mutual Settlement Agreement

Dear Rick:

This is to acknowledge and respond to your letter of October 3 to Russ Gregg enclosing a copy of Mr. Nathanson's September 30 letter.

We have reviewed the proposal from Mr. Nathanson with Mr. Gregg and respond as follows.

First, consistent with paragraph 26 of the Settlement Agreement, Liberty Mutual will not provide any information without an agreement from all parties to the Emhart litigation that whatever information is provided will be subject to the protective order entered in the Emhart litigation, and will only be used in the Emhart litigation.

Second, in the event that the parties agree to the confidentiality of the information as set forth above, Liberty Mutual will agree to provide the amount of the settlement allocated to the Centredale site.

Third, Liberty Mutual will not agree to the release of information as to the overall settlement amount as that information is irrelevant to any issues pending in the Emhart litigation; and

Fourth, Liberty Mutual will not agree to the release of any information regarding either the scope of the release provided in the Settlement Agreement, or at this time, any information relating to the indemnification issue as it relates to contribution claims.

Please contact me in order that we may discuss this further.

Very truly yours,

Ralph T. Lepore, III

RTL/mal

cc: Russell B. Gregg, Esq.
Robin L. Main, Esq.
Robert L. Hoegle, Esq.

# 3276369_v1

Page 1 of 1

**Richard L. Binder**

---

**From:** Nathanson, Lawrence [lawrence.nathanson@mclolaw.com]
**Sent:** Tuesday, October 11, 2005 3:32 PM
**To:** Richard L. Binder
**Cc:** Kevin J. O'Connor; Mitch Lathrop; mturschman@duanemorris.com; Siegal, Martin; Levens, Scott
**Subject:** RE: Centredale Motion for Protective Order - Liberty Mutual Response to September 30 Letter

Rick,

I have conferred with the other defense counsel and we have decided to reject Liberty Mutual's counter-proposal. Please respond to the other issues raised in my September 30 letter.

Larry

---

**From:** Richard L. Binder [mailto:rbinder@wpmlaw.com]
**Sent:** Thursday, October 06, 2005 1:44 PM
**To:** Nathanson, Lawrence; 'Kevin J. O'Connor'; 'Mitch Lathrop'; mturschman@duanemorris.com
**Subject:** Centredale Motion for Protective Order - Liberty Mutual Response to September 30 Letter

I sent Larry Nathanson's letter of September 30 to Liberty Mutual. I attach a copy of the Liberty Mutual response to the proposal regarding the settlement agreement. Please let me know whether the Liberty Mutual response is acceptable to defendants.

**Richard L. Binder**
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 482-5470
Facsimile: (617) 423-1572

---

**NOTICE:** This e-mail message and any accompanying documents may contain information of Willcox, Pirozzolo and McCarthy, P.C., that is legally privileged and/or confidential. It is intended only for the use of the addressee. If the reader of this message is not the intended recipient, any examination, copying, disclosure, distribution or other use of the contents of this e-mail message and any accompanying documents is prohibited. If this e-mail message is received in error, please notify us at once by e-mail or telephone at 617-482-5470 to arrange for the return of these materials.

---

RECEIVED
OCT 11 2005
Willcox, Pirozzolo & McCarthy