UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

CIVIL ACTION NO. 02-053-S

**OBJECTION OF EMHART INDUSTRIES, INC. TO MAGISTRATE JUDGE'S MEMORANDUM AND ORDER <u>REGARDING EMHART'S MOTION FOR A PROTECTIVE ORDER</u>**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 32(b)(2), Emhart Industries, Inc. ("Emhart") hereby objects to the Memorandum and Order ("Order") issued by United States Magistrate Judge Lovegreen on November 2, 2005 on Emhart's motion for a protective order. In support of its objection, Emhart relies on the memorandum of law submitted herewith.

Respectfully submitted,

Gerald Petros / MPS

Gerald J. Petros (#2391)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: November 17, 2005

Counsel for Plaintiff Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esq.
Kelley M. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
Michael T. Farley, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

Michael F. Aylward, Esq.
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Lawrence A. Nathanson, Esq.
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Hermes, Netburn, O'Connor & Spearing, PC
265 Franklin Street, 7th Floor
Boston, MA 02110

I hereby certify that on the 17th day of November, 2005, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Kandy M. Marchand

683715v1 (55451/115705)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 02-053-S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF OBJECTION OF EMHART INDUSTRIES, INC. TO MAGISTRATE JUDGE'S MEMORANDUM AND ORDER REGARDING EMHART'S MOTION FOR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 32(b)(2), Emhart Industries, Inc. ("Emhart") hereby objects to the Memorandum and Order ("Order") issued by United States Magistrate Judge Lovegreen on November 2, 2005 on Emhart's motion for a protective order to the extent that the Order requires Emhart to provide to the defendants a full copy of the settlement agreement that resolved Emhart's claims against Liberty Mutual Insurance Company ("Liberty Mutual") in this action and numerous unrelated claims for insurance coverage.[1]

[1] The parties to the settlement agreement are Black & Decker, Inc. ("Black & Decker") and Liberty Mutual, but as noted by the Magistrate Judge, for purposes of Emhart's motion, Black & Decker, Inc. included Emhart (Order at 1).

In March 2005, Black & Decker and Liberty Mutual agreed to settle a number of claims for insurance coverage, including Emhart's claim against Liberty Mutual relating to the Centredale site which was part of this action. The settlement agreement is confidential. In July 2005, the remaining defendants served document requests and interrogatories on Emhart, including a document request seeking production of a copy of the settlement agreement.[2] Emhart, following consultation with Liberty Mutual, filed a motion for a protective order providing that Emhart was not obligated to produce the agreement to the defendants. In an attempt to resolve this dispute, Emhart (with the consent of Liberty Mutual) offered to provide the defendants with the amount of the settlement which was allocated by the agreement to the claim relating to the Centredale site.[3] However, this attempt to resolve the issue was not successful.

The Magistrate Judge heard argument on Emhart's motion on October 18, 2005[4] and on November 2, 2005 issued an Order denying Emhart's motion in substantial part. In ordering Emhart to produce a copy of the settlement agreement, the Magistrate Judge relied on this Court's decision in Bennett v. La Pere, 112 F.R.D. 136 (D.R.I. 1986), which unlike this action, involved a settlement agreement which settled a single claim by the plaintiff against the settling defendants, as opposed to the multiple claims and sites involved in the Liberty Mutual settlement agreement.

---

2 Emhart does not object to the Order to the extent that the Order requires Emhart to respond to Interrogatory No. 5 concerning the amount of the settlement which was allocated to Emhart's claim against Liberty Mutual regarding the Centredale site.

3 This offer was made subject to a protective order providing that the information provided would be kept confidential and used only for the purposes of this action.

4 Emhart has ordered a transcript of this hearing, as required by Local Rule 32(b)(2).

**ARGUMENT**

In denying Emhart's motion, the Magistrate Judge relied heavily on Bennett. See Order at 6 ("the Bennett case should be followed as it is precedent in this district and, in this writer's opinion, the reasoning and analysis are rock solid"). However, the facts in Bennett are distinguishable from the present case in significant respects. The settlement agreement in Bennett involved only a single claim made by the plaintiff against the settling parties. The settlement agreement with Liberty Mutual, however, resolved claims made under a number of insurance policies issued to a number of entities relating to many different sites, and is not limited to the claim relating to Centredale. The Magistrate Judge acknowledged that the settlement agreement with Liberty Mutual "covers in excess of 80 sites and the claims related thereto" (Order at 5). As a result, the Order entered by the Magistrate Judge gives the defendants access to information regarding the settlement of more than 80 claims that have nothing at all to do with the Centredale claim.

Moreover, the defendants in Bennett were not competitors, and the Bennett settlement agreement therefore did not raise the issue of whether the defendants here, insurers in competition with Liberty Mutual, would obtain a competitive benefit from learning the terms and nature of a settlement between their insured and a settling insurer. See Memorandum of Law of Emhart Industries, Inc. in Support of its Motion for a Protective Order, at 5-6. Indeed, when the issue of a non-settling insurer obtaining a competitive advantage by learning the terms of a settlement agreement has been raised, production of the settlement agreement has been denied. See UMC/Stanford v. Allianz Underwriters Ins. Co., 647 A.2d 182, 190-192 (N.J. Super. Ct. Law Div. 1994). Bennett therefore does not provide an adequate basis for ordering Emhart to

produce this information to the defendants. By contrast, the information which Emhart and Liberty Mutual proposed to provide to the defendants is consistent with the result in Bennett.

In the Order, the Magistrate Judge stated that the defendants "need to discover the full settlement amount and the amounts assigned to the many other sites at issue between the settling parties to determine if these amounts are appropriate and fair in relation to the Centredale site" (Order at 5). However, the amounts paid in settlement of other claims are irrelevant to this action, and the question of whether amounts paid in settlement of those other claims is "appropriate and fair" is not an issue to be litigated here; the only possibly relevant question is whether the amount paid by Liberty Mutual in settlement of the claim concerning the Centredale site is "appropriate and fair." However, to make such a determination, the defendants need only to know the amount of the settlement which was allocated to this claim (which Emhart, with the consent of Liberty Mutual, has offered to disclose subject to a protective order providing that this information remain confidential and be used only for the purposes of this action, see Order at 2-3, n.4). Through their involvement in this action, defendants are in a position to make an assessment of the strength of Emhart's claim against Liberty Mutual regarding the Centredale site.[5] The assessment of the strength of the claim concerning Centredale, however, does not depend upon the merits of the other claims which Black & Decker had against Liberty Mutual, but must be determined by the facts concerning Centredale which have already been provided in discovery as well as the Court's rulings in this action. The numerous other claims which were resolved by the settlement agreement simply have no relevance to this action. Production of the entire settlement agreement is therefore unnecessary and unwarranted, in light of the information

---

[5] To the extent that the defendants believe that the amount of coverage which Liberty Mutual provided is relevant, that information is in the record.

contained in the agreement relating to the other sites and claims which have nothing to do with this case.

**CONCLUSION**

For the reasons set forth above, in the Memorandum of Law of Emhart Industries, Inc. in Support of its Motion for a Protective Order, and in the Supplemental Memorandum of Law of Emhart Industries, Inc. in Support of its Motion for a Protective Order, Emhart requests that the Court set aside the Memorandum and Order issued by the Magistrate Judge regarding Emhart's motion for a protective order and, in its place, enter an Order that Emhart is not required to produce the Liberty Mutual settlement agreement sought in Request No. 2 of Defendants' Supplemental Document Requests to Plaintiff, that the information provided by Emhart in response to Interrogatory No. 5 of Defendants' Supplemental Interrogatories be distributed only to counsel of record for the defendants and to representatives of the defendants responsible for handling the claims at issue in this action, and that this information be used only in this litigation.

Respectfully submitted,

Gerald Petros /MRE

Gerald J. Petros (#2391)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: November 17, 2005

Counsel for Plaintiff Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esq.
Kelley M. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
Michael T. Farley, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

Michael F. Aylward, Esq.
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Lawrence A. Nathanson, Esq.
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Hermes, Netburn, O'Connor & Spearing, PC
265 Franklin Street, 7th Floor
Boston, MA 02110

I hereby certify that on the 17th day of November, 2005, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Kandy M Marchand

683759v1 (55451/115705)