UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' RESPONSE TO THE OBJECTION OF EMHART INDUSTRIES, INC. TO THE COURT'S MEMORANDUM AND ORDER REGARDING EMHART'S MOTION FOR A PROTECTIVE ORDER** |

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), North River Insurance Company ("North River"), and OneBeacon America Insurance Company ("OneBeacon") submit this memorandum of law in response to the objection of plaintiff Emhart Industries, Inc ("Emhart") to the court's Memorandum and Order regarding Emhart's motion for a protective order.

## I. STATEMENT OF THE ISSUE

On November 2, 2005, United States Magistrate Judge Robert W. Lovegreen entered a Memorandum and Order granting in part and denying in part Emhart's motion for a protective order with respect to a settlement agreement between Black & Decker, Inc. ("Black & Decker") and Liberty Mutual Insurance Company ("Liberty Mutual"). The court denied Emhart's motion, in part, by (1) ordering Emhart to provide counsel with a full copy of the

settlement on or before November 18, 2005,[1] and (2) ordering Emhart to respond to an interrogatory regarding the settlement agreement on or before December 2, 2005.[2] [Memorandum and Order at 6-7]. The court granted Emhart's motion, in part, by limiting access to the settlement agreement and interrogatory response to defense counsel only. [Memorandum and Order at 6.] The court also ordered that the settlement agreement and interrogatory response could be used only in this litigation, that defense counsel shall make no additional copies of the settlement agreement and response to interrogatory, and that all copies shall be returned to counsel for Emhart or Liberty Mutual at the conclusion of this matter. [*Id.*]

In denying in part Emhart's motion for a protective order, the Magistrate Judge relied principally on this court's decision in *Bennett v. La Pere,* 112 F.R.D. 136 (D.R.I. 1986). [Memorandum and Order at 6.] In *Bennett,* the District Court of Rhode Island expressly rejected the argument that a party seeking discovery of a confidential settlement agreement must make a particularized showing of relevance. *Id.* at 139. Instead, the court held that the party seeking discovery need only show that the requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence. *Id.* Based on that standard, the court held that a non-settling defendant was entitled to a full copy of the settlement agreement, even though that party was already aware of the broad parameters of the agreement. *Id.* at 137, 141.

On October 18, 2005, Magistrate Judge Lovegreen heard oral argument on Emhart's motion for a protective order. At oral argument, Emhart's attorney argued that *Bennett* is distinguishable because the settlement agreement in *Bennett* only involved one claim and the settlement agreement between Black & Decker and Liberty Mutual involves over 40 claims. [Tr.

---

[1] On November 22, 2005, the court entered a Memorandum and Order granting the parties' joint motion to extend the time for production of the full settlement agreement to and including December 12, 2005.
[2] Emhart does not object to that portion of the court's Memorandum and Order requiring Emhart to respond to the interrogatory.

at 6.][3] Counsel for Liberty Mutual also provided to the court, *in camera,* a full copy of the settlement agreement and two different redacted versions of the settlement agreement. [Tr. at 12-14.] After considering Emhart's arguments and following his review of the full and redacted versions of the settlement agreement, Magistrate Judge Lovegreen found that a full copy of the settlement agreement was relevant for the following four reasons:

> 1. "This court finds that the agreement is relevant as the remaining defendant insurers have issued several excess policies. While it is unclear at this time as to what primary policies underlie these excess policies (assuming coverage), it is not inconceivable that some or all of the primary policies issued by Liberty Mutual affect these excess policies. Assuming so, the remaining defendant insurers need to determine whether the applicable primary policies were exhausted or whether there was any agreement between Black & Decker (Emhart) and Liberty Mutual as to whether Liberty Mutual's applicable primary policies were deemed to be exhausted." [Memorandum and Order at 5.]
>
> 2. "Further, as in Bennett, the remaining defendant insurers need to inquire as to whether any language in the settlement agreement might release them or some of them from any further claims." [*Id.*]
>
> 3. "Also, these defendant insurers need to inquire as to the method of calculation used by the settling parties to determine the amount of the overall settlement allocated to the Centredale site and the costs attributed thereto to determine if the calculations were fair and just. In order to do this, they need to discover the full settlement amount and the amounts assigned to the many other sites at issue between the settling parties to determine if these amounts are appropriate and fair in relation to the Centredale site." [*Id.*]
>
> 4. "And lastly, a review of the full settlement agreement may cause some or all of the remaining defendant insurers to create a settlement posture as to the claims against them." [*Id.*]

Based on these findings, the court rejected Emhart's and Liberty Mutual's arguments and ordered Emhart to produce a full copy of the settlement agreement and respond to the interrogatory.

## II. ARGUMENT

[3] Emhart submitted a copy of the transcript from the oral argument to the Court with its objection.

This Court may only set aside or modify a magistrate judge's non-dispositive memorandum and order if it is "clearly erroneous or contrary to law." *See* Fed.R.Civ.P. 72(a); Local Rule 32 (b). Emhart never states that the Magistrate Judge's Memorandum and Order is either clearly erroneous or contrary to law, but it seems to be suggesting that the Memorandum and Order is clearly erroneous because it is based on *Bennett*, and Emhart claims *Bennett* is distinguishable.

*Bennett* is dispositive of this issue. Under *Bennett,* a confidential settlement agreement should be produced if it is relevant or reasonably calculated to lead to the discovery of admissible evidence. Following his review of the settlement agreement, and after considering Emhart's and Liberty Mutual's arguments, the court found that a full copy of the settlement agreement was reasonably calculated to lead to the discovery of admissible evidence for four reasons. Of those four reasons, Emhart only addresses the third one. Emhart argues that the defendants do not need to know what Liberty Mutual paid on the other sites to determine whether the amount Liberty Mutual paid on the Centredale site is "appropriate and fair" because the defendants can determine whether the amount paid on the Centredale site is "appropriate and fair" through other means. That, however, is not the test. Defendants are entitled to any discovery that may bolster their arguments. The fact that the defendants may be able to show that the amount allocated to the Centredale site is not "appropriate and fair" through other means should not preclude them from additional discovery that may further support their argument.

Emhart also argues that *Bennett* is distinguishable because Liberty Mutual and the other defendants are competitors, unlike, according to Emhart, the parties in *Bennett*. That premise, however, is incorrect. The hospital and settling physicians in *Bennett* are competitors in the same way that Liberty Mutual and the defendants in this case are competitors. Each party in

both cases is seeking to minimize its contribution to the overall settlement. Also, Liberty Mutual and Black & Decker settled after many years of litigation and Emhart stressed at oral argument that the facts at each of the Black & Decker sites are complex and unique. Under these circumstances, it is hard to imagine how knowing what Liberty Mutual paid on those other sites would give the other insurers any competitive advantage in connection with any other claims. Finally, any competitive advantage that the defendants may have achieved has been eliminated by the court's Order, which limits access to the settlement agreement and response to interrogatory to attorneys only to be used solely in this litigation.

Emhart cites *UMC/Stamford, Inc. v. Allianz Underwriters Ins. Co.,* 647 A.2d 182 (N.J.Super. 1994). In that case, a New Jersey state intermediate appellate court found that the settlement agreement was not relevant because the non-settling excess insurers would be entitled to a full credit for the amount allocable to the settling primary insurer's limits. *Id.* at 190-91. Here, Emhart has not conceded that the defendants are entitled to such a credit for the full amount allocable to Liberty Mutual's limits. A subsequent New Jersey case ordered the production of a confidential settlement agreement. *Llerena v. J.B. Hanauer & Co.,* 845 A.2d 732, 739 (N.J.Super 2002).

## III. CONCLUSION

For the reasons stated, defendants respectfully request that the Court overrule Emhart's objection to the court's Memorandum and Order.

Respectfully Submitted on Behalf
of the Defendants

Dated: December 2, 2005

MCKENNA & McCORMICK

By: ______________________
James T. McCormick 2614
128 Dorrance Street, Suite 330
Providence, RI 02903
401-831-2970

- and -

Martin F. Siegal
Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

## CERTIFICATION

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 2nd day of December 2005:

Gerald J. Petros, Esq.
Christopher R. Bush, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Attorney Robin L. Main
**Holland & Knight LLP**
One Financial Plaza, Suite 1800
Providence, RI 02903

Mitchell L. Lathrop, Esq.
Attorney Kimball Ann Lane
**Duane Morris, LLP**
380 Lexington Avenue
New York, NY 10168

Mark T. Nugent, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

Ralph T. Lepore III, Esq.
Attorney Janice Rowan
**Holland & Knight, LLP**
10 St. James Avenue
Boston, MA 02116

Michael F. Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor & Spearing, P.C.**
111 Devonshire Street
Boston, MA 02109

Richard W. MacAdams, Esq.
**MacAdams & Wieck, Inc.**
101 Dyer Street, Suite 400
Providence, RI 02903

Kerri A. Vecoli