UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
JAN 30 2006
Property of U.S. District Court
District of Rhode Island

EMHART INDUSTRIES, INC.,
Plaintiff,

v.

HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, and ONEBEACON AMERICA INSURANCE COMPANY,

Defendants.

CIVIL ACTION
No. 02-053-S

**PROTECTIVE ORDER REGARDING**
**CONFIDENTIALITY OF DOCUMENTS AND COMMUNICATIONS**

The Court, having determined that this action involves confidential and sensitive information, and good cause having been shown for entry of a Protective Order, hereby ORDERS as follows:

1. The term "this action" shall mean *Emhart Industries, Inc. v. Home Insurance Company, et al.*, United States District Court for the District of Rhode Island, Civil Action No. 02-053-S.

2. The term "producer" shall mean a party to this action, or a nonparty that produces information and/or documentation, including, but not limited to, responses to interrogatories, responses to requests for production, responses to requests for admission, experts' statements, documents, deposition testimony and responses to subpoenas in this action.

3. A producer may designate any document, tangible thing or information it produces, provides or makes available to another party in this litigation as "CONFIDENTIAL" (hereinafter referred to as "Confidential Information"). Any producer designating a document,

tangible thing, or information as Confidential Information shall do so by stamping or otherwise marking such document with sufficient particularity to allow others to identify the specific document, tangible thing, or information being designated as "Confidential Information."

4. Nothing in this Order shall inhibit a party from independently obtaining publicly available information, including the final version of documents actually filed with the United States Congress, any State, County or local legislature, or any Federal, State, County or local regulatory authority or agency, nor shall this Order constitute a restriction on information so obtained, even if a copy of that document is otherwise provided in this litigation and designated as confidential. Use of any independently obtained documents shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

5. Confidential Information and other documents and information produced in this lawsuit shall be used solely for the purposes of this action.

6. All Confidential Information shall be kept in a confidential manner by anyone entitled under this Order to receive it and may be disclosed to and among the following persons only:

(a) The attorneys for the respective parties to this action and employees of such attorneys and/or other outside counsel who are assisting in the prosecution, defense, or settlement of this action;

(b) Any present or former officer, director, or employee of the parties in connection with the purposes set forth in paragraph 5, supra;

(c) Any expert, investigator or consultant (including any employee of such expert, investigator or consultant) who is employed, retained, or otherwise consulted by a

party or its attorney for the purpose of analyzing data, conducting studies, performing investigations or providing opinions to parties in connection with the purposes set forth in paragraph 5, supra;

(d) Any person (including that person's attorney) who a party's attorney believes may be called to give testimony at any stage of the proceedings on matters relating to Confidential Information;

(e) Counsel for, or authorized personnel of, any auditors, reinsurers or retrocessionaires of any party;

(f) The Court and Court personnel, including Court reporters, involved in this action; and

7. Any person who makes any disclosure of Confidential Information permitted by this Order shall advise each person to whom such disclosure is made concerning the terms of this Order. Furthermore, all persons identified in Paragraphs 6(c) and 6(d) supra, to whom Confidential Information is disclosed under this Order shall sign the Consent To Be Bound By Stipulation And Protective Orders (the "Consent Form") attached hereto stating that they have received and read the Order; that they understand the Order; and that they will comply with the Order. Copies of such executed Consent Forms shall be held in escrow by counsel who provide access to the Confidential Information until further order of the Court or agreement by all counsel with an interest in such Confidential Information. These restrictions relevant to Confidential Information do not apply to use by a producer of Confidential Information which it produces.

8. Those identified in Paragraphs 6(a) and 6(b) above need not execute the Consent Form, but they shall be advised of the terms and be provided with a copy of this Order.

9. (a) Persons attending depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the court reporter, the deponent, counsel for the deponent, counsel for the parties and any representative of the parties who are bound by the terms of this Order and such other persons identified in Paragraph 6 of this Order. If any Confidential Information is to be used during the deposition of a non-party witness, the deponent shall be given a copy of the Order prior to the deposition and advised that he or she is bound by the terms of the Order.

(b) Upon receipt of each transcript, the entire transcript shall be deemed Confidential for fourteen days, during which time a party may designate specific portions thereof as Confidential. After the fourteen day period, only those portions of the transcript designated as Confidential, either on the record or during the fourteen day period after receipt of the transcript, shall be deemed Confidential.

10. Confidential Information that is filed with the Court and pleadings, motions, and other papers that contain Confidential Information that are filed with the Court in this action or in any action discussed in paragraph 5, supra, shall be filed under seal. If Confidential Information or materials containing any Confidential Information is included in any papers to be filed in Court, such papers shall be filed in a sealed envelope bearing the caption of this action and with the following notice to the Clerk of the Court:

> PROTECTED INFORMATION
> By Order of Court, this envelope is to remain sealed and the Clerk of Court shall not reveal the contents thereof to any person other than the Court or attorneys of record for the parties until further order of this Court."

11. A party who intends to use Confidential Information or disclose information contained therein in a Court proceeding in this action or in any action discussed in paragraph 5,

supra, shall take all reasonable steps to ensure the continuing confidentiality of the Confidential Information. In the event that any of the Confidential Information, or the contents thereof, is used in any Court proceeding in this action or in any action discussed in paragraph 5, supra, it shall not lose its confidential status through such use.

12. Nothing in this Protective Order shall restrict or limit in any fashion (a) the producer of the Confidential Information from using or disclosing such Confidential Information, or (b) a party from using or disclosing any document or information acquired by some means independent of formal or informal discovery in this action and/or in any action discussed in paragraph 5, supra, even if a copy of that document is otherwise produced in this litigation and designated as confidential. For purposes of this Protective Order, "informal discovery" means production of documents or information by a party pursuant to a Case Management Order or a request that is not in the form of a discovery request set forth by the Federal Rules of Civil Procedure.

13. For good cause, any party may seek modification or termination of this Order first by attempting to obtain the consent of every other party to such modification and then, absent consent, by application to this Court. The party seeking such modification or termination shall give notice to all nonparty producers under this Order no later than fourteen (14) days prior to the effective date of the modification or termination. The producers so notified may then, prior to the effective date of modification or termination, petition the Court for relief. If this Order is modified by agreement, it shall be submitted to the Court, as modified, for execution.

14. This Order shall be without prejudice to the right of the parties (a) to raise whether any particular document or information is Confidential or (b) to move for a separate protective order as to any particular document or information, including restrictions differing

from those herein. This Order shall not be deemed to prejudice the parties in any way in any application for modification of this Order. Nothing in this Order nor any production or proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party regarding the confidentiality or nonconfidentiality of any such document or information.

15. At the conclusion of this action, the producer will notify all parties and all those persons or entities who have agreed to be bound by the terms of the Order, that they must:

(a) return to the producer all Confidential Information in their possession or in the possession of their witnesses, potential witnesses, and their agents, including, but not limited to, any expert investigator or consultant (or any employee thereof), including copies thereof, with the producer bearing the cost of such return; or

(b) destroy all such materials in their possession or the possession of their witnesses, potential witnesses, and their agents, including, but not limited to, any expert investigator or consultant (or any employee thereof), including copies thereof. A party which chooses to destroy shall certify to all other parties in writing that all Confidential Information has been destroyed. Notwithstanding the provisions of this paragraph, an insurer may retain materials needed to pursue recovery of reinsurance. Materials retained for this purpose shall be subject to the requirements of this paragraph when the material is no longer needed to pursue reinsurance.

16. Notwithstanding any other provisions of this Order, attorney work product that embodies or references Confidential Information shall not be subject to the provisions of Paragraph 15 of this Order.

17. This Order shall survive the termination of this action and continue in full force

and effect unless waived by the written consent of the producer.

18. If any party ceases its involvement in this action, by settlement or otherwise, such party shall comply with the terms of Paragraph 15 within a reasonable time thereafter.

19. If the producing party agrees to waive its designation of any materials as "Confidential," it shall notify all parties of the waiver in writing and this order shall no longer apply to such materials.

20. If Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoenas directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing party no later than five business days prior to the time when production of the information is requested by subpoena. In the event that the subpoena purports to require production of such Confidential Information on less than five business days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena and forthwith deliver by hand or facsimile a copy thereof to the attorneys for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith. However, if application for a protective order is made promptly before the return date, the party to whom the subpoena is directed shall not produce such Confidential Information prior to receiving a court order or the consent of the producing party.

21. Inadvertent production of documents which are subject to claims of work product protection and/or attorney-client privilege shall not be deemed to be a waiver of such privilege or protection so long as the producing party notifies all other parties of such inadvertent production within thirty (30) days of the date of discovery of such inadvertent production. In the event of

such timely notification, any such document and any copies made of it shall be returned to the party who inadvertently produced it. Nothing in this paragraph shall be deemed a waiver of whatever right the parties may have to seek relief from inadvertent disclosure from the Court. The inadvertent production of documents as to which a claim of attorney-client privilege or work product protection could have been invoked shall not constitute a waiver of the attorney-client privilege or work-product protection in connection with any other documents, or in connection with discussion related to the inadvertently produced document.

22. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Protective Order.

23. The recipients shall act to minimize the number of persons to whom Confidential Information is disclosed. The parties agree to cooperate fully and in good faith with each other in attempting to resolve any disputes which may arise as to the terms and effect of this Protective Order so that recourse to the Court may be kept at a minimum.

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Attorneys for Emhart Industries, Inc.

James T. Murphy (#1698)
Kelly N. Michels (#6478)
Hanson & Curran
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Hermes, Netburn, O'Connor &
Spearing
111 Devonshire Street
Boston, Massachusetts 02109
(617) 728-0050

Attorneys for OneBeacon America Insurance Company

James T. McCormick (#2614)
McKenna & McCormick
Suite 330, 128 Dorrance Street
Providence, RI 02903
(401) 831-2970

James T. Murphy (#1698
Kelly N. Michels (#6478)
Hanson & Curran
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Lawrence A. Nathanson
Siegal, Napierkowski & Park
220 Lake Drive East, Suite 304
Cherry Hills, NJ 08002
(856) 667-2080

Mitchell L. Lathrop
Michael A. Turschmann
Duane Morris LLP
380 Lexington Avenue
New York, New York
(212) 692-1000

Attorneys for Century Indemnity Company

Attorneys for North River Insurance Company

**IT IS SO ORDERED:**

William E. Smith
U.S. District Court Judge

Date: January __, 2006

**CONSENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER**

I, the undersigned, have read and understand the terms and conditions of the Protective Order in Emhart Industries. Inc. v. Home Insurance Company. et al., U.S.D.C., D.R.I., C.A. No. 02-053-S, and I consent under penalty of contempt to be bound by its terms as follows:

(1) I agree that I will make no further disclosure of confidential material and will personally protect the confidentiality of all documents received from the attorneys who presented this Consent.

(2) I agree to return all confidential documents to the attorneys who presented this consent to me within sixty (60) days after the conclusion of the captioned case, whether by dismissal, final judgment, or settlement, or, in the alternative, I will during that time destroy all such documents and provide the attorneys with a sworn affidavit to that effect.

Signature: ________________________________

Printed Full Name:____________________ Dated:____________________

If representing another party, identify:________________________

692909v1