UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY,
INSURANCE COMPANY OF NORTH AMERICA,
LIBERTY MUTUAL INSURANCE COMPANY,
NORTH RIVER INSURANCE COMPANY,
ONEBEACON AMERICA INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

Civil Action No. 02-053 S

OPPOSITION OF EMHART INDUSTRIES, INC. TO MOTION OF CENTURY INDEMNITY COMPANY AND ONEBEACON AMERICA INSURANCE COMPANY TO BAR THE TESTIMONY OF ROBERT CATTANEO, ESQUIRE

Defendants OneBeacon America Insurance Company and Century Indemnity Company (collectively "OneBeacon/Century") have moved to preclude expert testimony by Robert Cattaneo, Esquire.

Mr. Cattaneo, an experienced corporate attorney who has spent significant time addressing corporate issues of The Black & Decker Corporation and its subsidiaries and predecessors, including Emhart, is an appropriate expert witness to explain the chronology of corporate events and transactions, by which Emhart succeeded to the rights of Crown-Metro, Inc. ("Crown-Metro"). His expected testimony will assist the jury in understanding the series of transactions through which Emhart succeeded to rights under insurance policies at issue.

Defendants' statement that they "do not dispute" matters in Mr. Cattaneo's expert report is not a basis for excluding his testimony. Defendants do not state that they stipulate to

those issues. In addition, expert testimony has been allowed to explain complex business transactions. Wechsler v. Hunt Health Systems, Inc., 381 F. Supp. 2d 135, 144-147 (S.D.N.Y. 2003); Protocomm Corp. v. Novell Advanced Services, Inc., 171 F. Supp. 2d 473, 477-78, 481-82 (E.D. Pa. 2001); Federal Deposit Insurance Corp. v. Greenwood, 719 F. Supp. 749, 751 (C.D. Ill. 1989). Here, the testimony of Mr. Cattaneo will assist the jury in understanding the series of corporate transactions that lead from Crown-Metro in 1968 to Emhart in 1987 and thereafter. The motion is without merit and must be denied.

In support of its opposition, Emhart relies upon the Memorandum of Law filed herewith.

By its attorneys,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: June 2, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal & Napierkowski
533 Fellowship Road
Mount Laurel, New Jersey 08054

I hereby certify that on the 2d day of June, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Fones

718765v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 02-053 S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC.
IN OPPOSITION TO MOTION OF CENTURY INDEMNITY COMPANY
AND ONEBEACON AMERICA INSURANCE COMPANY
TO BAR THE TESTIMONY OF ROBERT CATTANEO, ESQUIRE

## INTRODUCTION

Plaintiff ("Emhart") opposes the motion to preclude expert testimony by Robert Cattaneo, Esquire. Mr. Cattaneo, an experienced corporate attorney, has spent significant time addressing corporate issues of The Black & Decker Corporation and its subsidiaries and predecessors, including Emhart. Mr. Cattaneo is an appropriate expert witness to explain the chronology of corporate events and transactions by which Emhart succeeded to the rights of Crown-Metro, Inc. ("Crown-Metro"). The expected testimony by Mr. Cattaneo will assist the jury in understanding this series of transactions. This testimony is appropriate even where there is no dispute concerning the existence of the transactions. The assertions by defendants that opinions of Mr. Cattaneo are not relevant are indefinite and ambiguous. Such claims best are addressed in the context of trial.

Mr. Cattaneo is an attorney at Miles & Stockbridge in Easton, Maryland. He has represented The Black & Decker Corporation and its subsidiaries, including Emhart, in various transactions for some twenty-five years. As part of its case, Emhart expects to show that it is the corporate successor to Crown-Metro. This involves a series of corporate transactions over the years, particularly between the late 1960s and the late 1980s. Mr. Cattaneo, based upon his training and actual experience, is familiar with these documents and can place the transactions in context. His opinions go beyond the two opinions characterized by defendants. Such testimony will be of assistance to the jury and will not invade either the function of the fact finder or that of the Court.

ARGUMENT

In their first argument, defendants assert that Mr. Cattaneo is providing two opinions, that USM acquired the stock of Crown-Metro in 1969 and that, in 1977, Crown-Metro was liquidated and all of its assets and liabilities were transferred to USM (Defendants' Memorandum at 4). Defendants then state that they "do not dispute either conclusion" (id.). However, they do not state that they stipulate to either conclusion. Absent such a stipulation, Emhart will establish that it is the successor to these rights. Testimony by Mr. Cattaneo is the appropriate way to present and explain these transactions to the jury.

Defendants do not address additional anticipated testimony of Mr. Cattaneo. In particular, defendants do not address the 1987 name change and merger of USM into Emhart. This is the final link in the chain of transactions that makes Emhart the successor to Crown-Metro. Testimony explaining these transactions is appropriate.

Defendants focus on an issue of law that is not part of Mr. Cattaneo's opinions. Defendants now assert that the CIC and OneBeacon insurance policies somehow are "executory

contracts" and that the rights under those policies somehow were sold to a third party in 1980 (Defendants' Memorandum at 5). This issue was identified on page 7 of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties. Emhart expects that this issue will be addressed in further briefing.

The second argument by defendants (Defendants' Memorandum at 5-8) is that the opinions of Mr. Cattaneo are not appropriate subjects of expert testimony. To the contrary, expert testimony has been allowed to explain complex business transactions. Protocomm Corp. v. Novell Advanced Services, Inc., 171 F. Supp. 2d 473, 477-78, 481-82 (E.D. Pa. 2001), denied motions to exclude testimony by experts in breach of contract case as such testimony would assist the jury "concerning the characterization of complex business transactions." Wechsler v. Hunt Health Systems, Inc., 381 F. Supp. 2d 135, 144-147 (S.D.N.Y. 2003), cited Protocomm and rejected the argument that expert testimony was not of assistance where the offered testimony "relate[d] to a complicated series of transactions and to [a party's] records for those transactions" and the expert was offered "to testify about records that might confuse the trier of fact in the absence of such testimony" (footnote omitted). Federal Deposit Insurance Corp. v. Greenwood, 719 F. Supp. 749, 751 (C.D. Ill. 1989), found that expert testimony regarding loan transactions was proper as it would "assist the trier of fact to understand the evidence or determine the facts in issue." Here, the testimony of Mr. Cattaneo will assist the jury in understanding the series of corporate transactions that lead from Crown-Metro in 1968 to Emhart in 1987 and thereafter. This does not invade the province of either the Court or the jury. As above, any specific issues best are addressed in the context of trial.

CONCLUSION

For the foregoing reasons, Emhart requests that the motion by defendants to bar testimony by Mr. Cattaneo be denied.

By its attorneys,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: June 2, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATION

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal & Napierkowski
533 Fellowship Road
Mount Laurel, New Jersey 08054

I hereby certify that on the 2d day of June, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Loss

718768v1 (55451/115705)