UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO.: 02-053S |

**ONEBEACON AMERICA INSURANCE COMPANY'S MOTION**
**(NO RIGHT TO JURY TRIAL) FOR PARTIAL SUMMARY JUDGMENT**

OneBeacon America Insurance Company ("OneBeacon"), as successor-in-interest to Employers Surplus Lines Insurance Company, hereby moves pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's June 28, 2006 Order for the entry of an order declaring that Emhart Industries, Inc. is not entitled to a trial by jury with respect to its claim against OneBeacon.

In support of this Motion, OneBeacon relies on the following documents:

1. Memorandum of Law in Support of OneBeacon America Insurance Company's Motion (no Right to Jury Trial) for Partial Summary Judgment; and
2. Joint Appendix.

ONEBEACON AMERICA INSURANCE COMPANY
By its Attorneys,

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
Hermes, Netburn, O'Connor,
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050

Dated: July 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing, by First-Class Mail on all counsel of record on July 21, 2006.

Kelly N. Michels

G:\DOCS\MSB\Clients\OneBeacon\Emhart - 15035\Pleadings\motion - jury.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO.: 02-053S |

**MEMORANDUM OF LAW IN SUPPORT OF ONEBEACON AMERICA INSURANCE COMPANY'S MOTION (NO RIGHT TO JURY TRIAL) FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

Emhart Industries, Inc. ("Emhart") brought this declaratory judgment action against OneBeacon America Insurance Company ("OneBeacon") and several of its insurers seeking to establish that the insurers must defend and indemnify Emhart for costs associated with an Environmental Protection Agency-ordered cleanup of contamination at the Centerdale Manor Superfund Site in North Providence, Rhode Island (the "Loss"). See Joint Appendix, Tab P. OneBeacon, as successor-in-interest to Employers Surplus Lines Insurance Company ("ESLIC"),[1] issued a single excess umbrella liability policy to Crown Metro, Inc. ("Crown Metro"), an Emhart predecessor,[2] for the period from April 24, 1969 to January 1, 1970 (the "Policy"). See id., Tab C. The Policy is an excess umbrella policy and grants coverage subject

[1] OneBeacon and ESLIC are hereinafter collectively referred to as OneBeacon.

[2] Crown Metro and Emhart are hereinafter collectively referred to as Emhart.

to the terms of the underlying umbrella policy issued by Insurance Company of North America ("INA"). See id. The Complaint alleges that "[p]ursuant to the provisions of the … Policy, **if and to the extent that, [sic] the underlying primary insurance coverage is exhausted,** One Beacon [sic] is obligated to defend and/or indemnify Emhart with respect to the Claim." Id., Tab P at ¶ 59 (emphasis added). The Complaint alleges further that "Emhart is entitled to a declaration that, **following exhaustion of the underlying primary insurance coverage,** One Beacon [sic] is required to defend and/or indemnify Emhart with respect to the Claim." Id., Tab P at ¶ 65 (emphasis added). Because Emhart's claim against OneBeacon is based on the **possibility** that the underlying primary insurance coverage **might** be exhausted and OneBeacon **might** breach the Policy, it is equitable in nature and, therefore, OneBeacon is entitled to summary judgment declaring that Emhart is not entitled to a trial by jury with respect to its claim against OneBeacon.

## III. ARGUMENT

### A. Emhart Is Not Entitled To A Jury Trial Because Its Declaratory Judgment Claim Against OneBeacon Is Equitable.

Emhart seeks a declaration with respect to events that have not yet taken place and circumstances that may never present themselves. Its claim is equitable in nature and, therefore, Emhart is not entitled to a trial by jury with respect to Count V of the Complaint.

#### 1. Equitable Claims are not Triable by a Jury.

"The right to jury trial in a declaratory judgment action depends … on whether the action is simply the counterpart of a suit in equity- that is, whether an action in equity could be maintained if declaratory judgment were unavailable- or whether the action is merely an inverted lawsuit." James v. Pennsylvania Gen. Ins. Co., 349 F.2d 228, 230 (D.C. 1965); accord Music Suppliers, Inc. v. London Records, Inc., 1988 WL 34277, *2 (D.Mass.) ("The nature of the

underlying remedy sought will … determine whether the litigant has a right to jury trial."). Similarly, "Rule 38 of the [Rhode Island] Superior Court Rules of Civil Procedure preserves the right to a jury trial as declared by article 1, section 15, of the Rhode Island Constitution." Dalo v. Thalmann, 878 A.2d 194, 199 (R.I. 2005). "[I]t insures that issues which were formerly triable at law as of right to a jury are still triable in that fashion, and that those which … were considered equitable shall be triable by the court." Id. (quoting Rowell v. Kaplan, 103 R.I. 60, 67-68, 235 A.2d 91, 96 (1967)). The Court is required to examine historical distinctions between actions at law and equity when determining whether a cause of action is appropriate for trial by jury. See Egidio DiPardo & Sons, Inc. v. Lauzon, 708 A.2d 165, 171 (R.I. 1998).

2. Emhart's Declaratory Judgment Claim Against OneBeacon is Equitable.

OneBeacon's obligations under the Policy, if any, are not triggered until such time as certain conditions precedent are met and the underlying primary policy is exhausted. Notwithstanding these potential roadblocks, Emhart's Complaint seeks a declaration that OneBeacon owes Emhart a duty to defend and/or indemnify if the Claim exhausts the underlying primary insurance, a condition which may never present itself. Whether the unambiguous terms of the Policy provide coverage is a question of contract interpretation. "It is well established that [Rhode Island] court[s] appl[y] the rules for construction of contracts when interpreting terms of an insurance policy." AETNA Cas. & Surety Co. v. Sullivan, 633 A.2d 684, 686 (R.I. 1993). "The interpretation of an unambiguous contract is a question of law …." The Elena Carcieri Trust – 1988 v. Enterprise Rent-A-Car Co. of Rhode Island, 871 A.2d 944, 947 (R.I. 2005); accord 1800 Smith Street Assocs., LP v. Gencaelli, 888 A.2d 46, 52 (R.I. 2005) ("Contract interpretation is a question of law.").

Emhart's declaratory judgment action against OneBeacon is similar to a claim for anticipatory breach of contract. "An anticipatory breach of contract is one committed before the time has come where there is a present duty of performance, and is the outcome of words or acts evincing an intention to refuse performance in the future." St. Paul Fire & Marine Ins. Co. v. City of Green River, Wyoming, 93 F. Supp. 2d 1170, 1174 (D. Wyo. 2000) (quoting J.B. Service Court v. Wharton, 632 P.2d 943, 945 (Wyo. 1981) and 17 Am.Jur.2d Contracts §§ 448, 450 (1964)). "[I]n order to give rise to an anticipatory breach of contract, the defendant's refusal to perform must have been positive and unconditional." Griffin v. Zapata, 570 A.2d 659, 662 (R.I. 1990) (quoting Thompson v. Thompson, 495 A.2d 678, 682 (R.I. 1985)); accord St. Paul Fire & Marine Ins. Co., 93 F. Supp. 2d at 1174 (quoting J.B. Service Court, 632 P.2d at 945 and 17 Am.Jur.2d Contracts §§ 448, 450). "Whether a party's actions constitute an anticipatory repudiation, like other issues of contract interpretation, is a question of law for the Court to decide." St. Paul Fire & Marine Ins. Co., 93 F. Supp. 2d at 1175.

Emhart's declaratory judgment claim against OneBeacon is clearly an equitable claim, because it calls for the interpretation of unambiguous contract language. Pursuant to the Policy, OneBeacon provided excess umbrella coverage "in consideration of the payment of premium and … subject to all the terms and conditions of the" INA policy. It is for the Court to decide whether the terms of the Policy provide coverage to Emhart and, if it is determined that there is coverage, whether the underlying primary insurance has been exhausted.

## IV. CONCLUSION

For the foregoing reasons, OneBeacon requests that this Honorable Court allow its Motion for Partial Summary Judgment and declare that Emhart is not entitled to a jury trial on its claim against OneBeacon.

ONEBEACON AMERICA INSURANCE COMPANY
By its Attorneys,

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
Hermes, Netburn, O'Connor,
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050 (Telephone)

Dated: July 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing, by First-Class Mail on all counsel of record on July 21, 2006.

Kelly N. Michels

G:\DOCS\MSB\Clients\OneBeacon\Emhart - 15035\Pleadings\memo sj - jury.doc