UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>DEFENDANTS' MOTION REQUESTING PERMISSION TO USE SETTLEMENT AGREEMENT AT TRIAL |

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, North River Insurance Company, and OneBeacon America Insurance Company, by their respective attorneys, move, pursuant to this Court's June 28, 2006 order, for the entry of an order allowing them to use the settlement agreement between Black & Decker Inc. and Liberty Mutual Insurance Company at trial.

In support of their motion, defendants rely on the attached Memorandum of Law in Support of Defendants' Motion Requesting Permission to Use Settlement Agreement at Trial.

Respectfully submitted on
Behalf of Defendants,

Dated: July 21, 2006

McKENNA & McCORMICK

By: ________________________
James T. McCormick
McKENNA & McCORMICK

EMHART\070706MT.SA

128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION REQUESTING PERMISSION TO USE SETTLEMENT AGREEMENT AT TRIAL |

## I. INTRODUCTION

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), North River Insurance Company, and OneBeacon America Insurance Company submit this memorandum of law in support of their motion requesting permission to use the settlement agreement between Black & Decker Inc. and Liberty Mutual Insurance Company (the "Settlement Agreement") at trial. Defendants should be allowed to use the Settlement Agreement at trial because it is relevant to, among other things, the following issues: (1) what portion, if any, of the defense costs of plaintiff Emhart Industries, Inc. ("Emhart") should be allocated to Century's 1969 primary policy; (2) whether Century breached its duty to defend Emhart under Century's 1969 excess policy, and (3) whether the defendants have any duty to defend or indemnify Emhart under any of their excess policies.

## II. STATEMENT OF THE ISSUE

On November 2, 2005, Judge Lovegreen issued a Memorandum and Order denying in part and granting in part Emhart's motion for a protective order with respect to the Settlement Agreement. Judge Lovegreen denied the motion, in part, by ordering Emhart to produce the Settlement Agreement. Judge Lovegreen granted the motion, in part, by limiting access to the Settlement Agreement to attorneys only. Judge Lovegreen, however, wrote that defendants "are free to file motions requesting additional distribution or viewing privileges should they have good cause to do so." [Memorandum and Order (11/2/05) at 6.]

In ordering Emhart to produce the Settlement Agreement, Judge Lovegreen found that the Settlement Agreement was relevant for the following reasons: (1) defendants need to determine whether the applicable primary policies were exhausted or whether Black & Decker and Liberty Mutual agreed the applicable primary policies were deemed to be exhausted; (2) defendants need to inquire as to whether any language in the Settlement Agreement might release them or some of them from any further claims; (3) defendants need to inquire as to the method of calculation used by the settling parties to determine the amount of the overall settlement allocated to the Centredale site and the costs attributed thereto to determine if the calculations were fair and just; and (4) a review of the full settlement agreement may cause some or all of the defendants to create a settlement posture as to the claims against them. [*Id.* at 5.]

Emhart objected to the Memorandum and Order. On December 21, 2005, the Court denied Emhart's objections.

## III. ARGUMENT

### A. The Settlement Agreement is Relevant as to What Portion, If Any, of Emhart's Defense Costs Should be Allocated to Century's 1969 Primary Policy.



EMHART\070706BR.SA

Emhart claims it has incurred defense costs in excess of $3.5 million. It is seeking all of those costs from Century, less the amount of defense costs actually received from Liberty Mutual for the Centredale Site in accordance with the Settlement Agreement. Century contends that the amount of defense costs actually received from Liberty Mutual for the Centredale Site in accordance with the Settlement Agreement is not fair or reasonable. Century plans to prove that the amount actually received from Liberty Mutual in accordance with the Settlement Agreement is not fair and reasonable by contrasting that amount with the amount actually received from Liberty Mutual in accordance with the Settlement Agreement for other sites. Judge Lovegreen found that the entire Settlement Agreement is relevant for that purpose:

> Also, these defendant insurers need to inquire as to the method of calculation used by the settling parties to determine the amount of the overall settlement allocated to the Centredale site and the costs attributed thereto to determine if the calculations were fair and just. In order to do this, they need to discover the full settlement amount and the amounts assigned to the many other sites at issue between the settling parties to determine if these amounts are appropriate and fair in relation to the Centredale site.

*Id.*

**B. The Settlement Agreement is Relevant as to Whether Century Breached Its Duty to Defend under Its 1969 Excess Policy.**

Emhart alleges that Century breached its duty to defend under Century's 1969 excess policy. Century, however, has no duty to defend under that policy until all applicable underlying coverage is exhausted. [Joint Appendix: Tab B at CIC 0154.] The Settlement Agreement will show that Liberty Mutual has paid all of Emhart's cleanup costs to date. Thus, Emhart's cleanup costs have not exhausted all applicable underlying coverage. For example, Liberty Mutual's primary policies, as well as Century's 1969 primary policy, have not been exhausted.

**C. The Settlement Agreement is Relevant as to Whether Any of the Excess Insurers Have Any Duty to Defend or Indemnify Emhart.**

None of the excess insurers has any duty to defend or indemnify Emhart until all applicable underlying coverage is exhausted. In electing to settle with Liberty Mutual, Emhart has acknowledged that all of Liberty Mutual's primary coverage is applicable to the Centredale site. Liberty Mutual issued primary liability insurance policies from November 1, 1971 to January 1, 1979. The limit under each policy for property damage claims is $2 million. Emhart is not entitled to any excess coverage until it has exhausted all of that coverage. To determine if Emhart is entitled to any excess coverage, the Settlement Agreement is relevant to show which Liberty Mutual policies cover the Centredale site, and how much Liberty Mutual has paid under each policy.

In *GenCorp Inc. v. AIU Ins. Co.,* 138 Fed.Appx. 732 (6th Cir. 2005), the Sixth Circuit addressed a similar situation. The policyholder settled with certain of its primary and umbrella insurers. As a result, the court held that the policyholder "had made the choice to allocate its liability as broadly as possible." *Id.* at 734. Thus, the court held that the policyholder "had to demonstrate that its liabilities would exceed the cumulative limits of all the primary and umbrella policies before it could trigger the excess policies." *Id.* Other courts have similarly held that excess insurers are entitled to a credit for the full amount allocable to settling insurers. *See Insurance Co. of North America v. Kayser-Roth Corp.,* 770 A.2d 403, 413-414 (R.I. 2001); *Koppers Co., Inc. v. Aetna Cas. and Sur. Co.,* 98 F.3d 1440, 1455 (3d Cir. 1996). The Settlement Agreement is relevant for these calculations.

**D. Rule 408 Does Not Bar Admission of the Settlement Agreement.**

Emhart contends that Rule 408 of the Federal Rules of Evidence bars admission of the Settlement Agreement. Rule 408, however, states that a settlement agreement "is not admissible to prove liability for or invalidity of the claim or its amount." The rule expressly provides that it "does not require exclusion when the evidence is offered for another purpose." Defendants are not seeking to use the Settlement Agreement at trial to prove the invalidity of Emhart's claim or its amount. Rather, defendants are seeking to use the Settlement Agreement for the purposes identified above. Thus, Rule 408 does not bar admission of the Settlement Agreement.

Respectfully submitted on
Behalf of Defendants,

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970
- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America