UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE EPA'S ADMINISTRATIVE PROCEEDING IS A "SUIT" |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, moves, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, LR Cv 56, and this Court's June 28, 2006 order, for the entry of an order declaring that the EPA's administrative proceeding against plaintiff Emhart Industries, Inc. is not a "suit" under Century's policies.

In support of its motion, Century relies on the attached (1) Statement of Undisputed Facts in Support of Century's Motion for Partial Summary Judgment on Whether the EPA's Administrative Proceeding Is a "Suit," and (2) Memorandum of Law in Support of Century's Motion for Partial Summary Judgment on Whether the EPA's Administrative Proceeding Is a "Suit."

Dated: July 21, 2006

MCKENNA & MCCORMICK

By: ______________________

James T. McCormick
MCKENNA & MCCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE EPA'S ADMINISTRATIVE PROCEEDING IS A "SUIT" |

## I. INTRODUCTION

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), submits this memorandum of law in support of its motion for partial summary judgment on whether the EPA's administrative proceeding against plaintiff Emhart Industries, Inc. ("Emhart") in connection with the environmental contamination at the Centredale Manor Restoration Project Superfund Site (the "Site") is a "suit" under Century's policies. The EPA's administrative proceeding is not a "suit."

## II. ARGUMENT

Century's duty to defend is limited to "any suit against the Insured." The policies distinguish between a "claim" and "suit," and state that Century's duty to defend only applies to "suits." The term "suit" is unambiguous. It refers to a lawsuit filed in court, and does not include administrative proceedings like the one the EPA has asserted against Emhart. *See e.g.,*

*Foster-Gardner, Inc. v. National Union Fire Ins. Co.,* 18 Cal.4th 857, 878, 959 P.2d 265, 279 (1998); *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.,* 166 Ill.2d 520, 531; 655 N.E.2d 842, 847 (1995); *Patrons Oxford Mut. Ins. Co. v. Marois,* 573 A.2d 16, 20 (Me. 1990); *Aetna Cas. and Sur. Co. v. General Dynamics Corp.,* 968 F.2d 707, 713 (8th Cir. 1992); *Joslyn Mfg. Co. v. Liberty Mut. Ins. Co.,* 836 F.Supp. 1273, 1279 (W.D.La. 1993); *Metro Wastewater Reclamation Dist. v. Continental Cas. Co.,* 834 F.Supp. 1254, 1258 (D. Co. 1993); *Harleysville Mut. Ins. Co., Inc. v. Sussex County, Del.,* 831 F.Supp. 1111, 1131 (D. Del. 1993); *Becker Metals Corp. v. Transportation Ins. Co.,* 802 F.Supp. 235, 241 (E.D. Mo. 1992).

Rhode Island has not addressed this issue.[1] Judge Lovegreen, however, predicted that the Rhode Island Supreme Court would hold that an administrative proceeding is the functional equivalent of a "suit."[2] He based his decision mainly on the First Circuit's decision in *Ryan v. Royal Ins. Co. of America,* 916 F.2d 731 (1st Cir. 1990), in which the First Circuit, applying New York law, held that a PRP letter is not a "suit." *Id.* at 743. The court, however, left open the possibility that a more adversarial administrative proceeding could be the functional equivalent of a "suit." *Id.* at 741.

In suggesting that a more adversarial administrative proceeding could be a "suit," the First Circuit was following New York law. *See Technicon Electronics Corp. v. American Home Assur. Co.,* 141 A.D.2d 124, 146 (2nd Dep't 1988). As such, the First Circuit's dictum in *Ryan* is not a reliable indicator of how the Rhode Island Supreme Court would decide this issue.

[1] Report and Recommendation (2/15/05) at 42. In the Joint Statement Pursuant to Pre-Trial Conference, Emhart cites *Western Mass. Blasting Corp. v. Metropolitan Property and Cas. Ins. Co.,* 783 A.2d 398 (R.I. 2001), but that case did not address the meaning of the word "suit" in connection with an insurance policy. That case held that an arbitration is a judicial proceeding for purposes of applying a privilege. *Id.* at 403. Century and Emhart agree that Rhode Island law governs Century's policies. Report and Recommendation (2/15/05) at 39.

[2] Report and Recommendation (2/15/05) at 43.

More likely, the Rhode Island Supreme Court will agree with the reasoning of the cases cited above and conclude that the term "suit" is not ambiguous.

Judge Lovegreen also based his prediction on how the Rhode Island Supreme Court would rule on this issue on Rhode Island cases that hold that an ambiguity is to be construed against an insurer.[3] By referring to those cases, however, Judge Lovegreen ignored other Rhode Island cases which hold that courts should enforce the plain meaning of contracts:

> Although the tragic consequences of the cycle and truck collision are regrettable, this court is still obligated to respect the express terms and conditions of the insurance contract. The policy must be examined in its entirety and the words used must be given their plain everyday meaning. [Citations omitted.] In taking an overall view of the policy, equal emphasis must be given to all its relevant parts. A policy is not to be described as ambiguous because a word is viewed in isolation or a phrase is taken out of context. A court should not, through an effort to seek out ambiguity when there is no ambiguity, make an insurer assume a liability not imposed by the policy.

*McGowan v. Connecticut General Life Ins. Co.,* 110 R.I. 17, 19, 289 A.2d 428, 429 (1972). Putting the word "suit" in context, Century's duty to defend is limited to claims filed in court. Otherwise, the policies would not distinguish between "claims" and "suits." Century has do duty to defend other types of claims.

Judge Lovegreen also based his prediction on how the Rhode Island Supreme Court would rule on this issue on Rhode Island cases in which the courts gave policyholders an opportunity to obtain coverage for environmental contamination.[4] Other Rhode Island cases, however, have restricted coverage in the same context. *See e.g., Truk-Away of Rhode Island, Inc. v. Aetna Cas. & Sur. Co.,* 723 A.2d 309 (R.I. 1999). How the Rhode Island Supreme Court

[3] Report and Recommendation (2/15/05) at 43.
[4] Report and Recommendation (2/15/05) at 43.

has decided other unrelated issues in the context of environmental contamination is also not a reliable indicator of how the Rhode Island Supreme Court would decide this issue.

## III. CONCLUSION

For the reasons stated, Century respectfully requests that the Court enter a judgment declaring that the EPA's administrative proceeding against Emhart is not a "suit" under Century's policies.

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America