UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE EPA'S ADMINISTRATIVE PROCEEDING IS A "SUIT" |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, pursuant to LR CV 56(a) and this Court's June 28, 2006 Order, submits the following statement of undisputed facts in support of Century's motion for partial summary judgment on whether the EPA's administrative proceeding against plaintiff Emhart Industries, Inc. ("Emhart") is a "suit" under Century's policies:

**Century's Policies**

1. Century issued Policy No. GAL 36597 ("Century's 1969 primary policy") to Crown-Metro, Inc. ("Crown-Metro") for the period from February 15, 1969 to January 1, 1970. The limits under Century's 1969 primary policy are $100,000. [Joint Appendix: Tab A.]

2. The insuring agreement in Century's 1969 primary policy states:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of

> A. bodily injury or
> B. property damage
>
> to which this insurance applies, caused by an occurrence and the Company shall have the right and duty to defend **any suit against the Insured** seeking damages on account of such bodily injury or property damage, even if any of the allegations of **the suit** are groundless, false or fraudulent, and may make such investigation and settlement of any **claim or suit** as it deems expedient, but the Company shall not be obligated to pay any **claim** or judgment or to **defend any suit** after the applicable limit of the Company's liability has been exhausted by payments of judgments or settlements.

[Joint Appendix: Tab A at CIC 0483 (emphasis added).]

3. Century issued Policy XBC 46961 ("Century's 1969 excess policy") to Crown-Metro for the period from December 1, 1968 to January 1, 1970. The limits under Century's 1969 excess policy are $1 million in excess of $100,000. [Joint Appendix: Tab B.]

4. The insuring agreement in Century's 1969 excess policy states, in part:

> With respect to any personal injury, property damage or advertising injury not within the terms of the coverage of underlying insurance but within the term of coverage of this insurance; or
>
> If limits of liability of the underlying insurance are exhausted because of personal injury, property damage or advertising injury during the period of this policy
>
> INA will
>
> (a) have the right and duty to defend **any suit against the insured** seeking damages on account of such personal injury, property damage or advertising injury, even if any of the allegations of **the suit** are groundless, false or fraudulent, and may make such investigation and settlement of any **claim or suit** as it deems expedient; but INA shall not be obligated to pay any **claim** or judgment or to **defend any suit** after INA's limit of liability has been exhausted by payment of judgments or settlements;

[Joint Appendix: Tab B at CIC 0154 (emphasis added).]

**<u>EPA's Administrative Proceeding</u>**

5. On February 28, 2000, the EPA sent a letter to Emhart advising Emhart that Emhart is a potentially responsible party in connection with the dioxin contamination at the Site. [Joint Appendix: Tab F.]

6. On April 12, 2000, the EPA issued to Emhart, and others, a Unilateral Administrative Order for Removal Action. [Joint Appendix: Tab G.]

7. On March 26, 2001, the EPA issued to Emhart, and others, a Second Administrative Order for Removal Action. [Joint Appendix: Tab H.]

8. On September 11, 2003, the EPA issued to Emhart, and others, a Third Administrative Order on Consent for Removal Action. [Joint Appendix: Tab I.]

9. The EPA has not filed a lawsuit against Emhart in any court in connection with the environmental contamination at the Centredale Manor Restoration Project Superfund Site.

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970
- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America



EMHART\070506SUF.SUIT