UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER CENTURY'S ALLEGED DUTY TO DEFEND EXTENDS TO COSTS INCURRED PURSUING OTHER POTENTIALLY RESPONSIBLE PARTIES |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, moves, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, LR Cv 56, and this Court's June 28, 2006 order, for the entry of an order declaring that Century's alleged duty to defend does not extend to costs that plaintiff Emhart Industries, Inc. has incurred pursuing claims against other potentially responsible parties in connection with the environmental contamination at the Centredale Manor Restoration Project Superfund Site.

In support of its motion, Century relies on the attached (1) Statement of Undisputed Facts in Support of Century's Motion for Partial Summary Judgment on Whether Century's Alleged Duty to Defend Extends to Costs Incurred Pursuing Other Potentially Responsible Parties, and (2) Memorandum of Law in Support of Century's Motion for Partial Summary Judgment on Whether Century's Alleged Duty to Defend Extends to Costs Incurred Pursuing Other Potentially Responsible Parties.

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER CENTURY'S ALLEGED DUTY TO DEFEND EXTENDS TO COSTS INCURRED PURSUING OTHER POTENTIALLY RESPONSIBLE PARTIES |

## I. INTRODUCTION

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), submits this memorandum of law in support of its motion for partial summary judgment on whether Century's alleged duty to defend extends to costs that plaintiff Emhart Industries, Inc. ("Emhart") has incurred pursuing claims against other potentially responsible parties for the environmental contamination at the Centredale Manor Restoration Project Superfund Site (the "Site"). These types of costs are not covered.

## II. ARGUMENT

Century's duty to defend is limited to "any suit against the Insured."[1] Here, the alleged "suit" is the EPA's administrative action against Emhart.[2] Apart from defending that

[1] Statement of Undisputed Facts, ¶¶ 2, 4. Century denies that it has any duty to defend Emhart in connection with the environmental contamination at the Site, and has filed a separate motion on that issue.

alleged "suit," Emhart has incurred separate costs pursuing claims against other potentially responsible parties for the environmental contamination at the Site.[3] For example, Emhart has filed lawsuits in both federal and state court in Rhode Island against Bernard V. Buonanno, Sr. and the Estate of Joseph Buonanno, Sr., claiming they were responsible for the disposal of hazardous wastes at the Site. Emhart has also filed an adversary proceeding in Bankruptcy Court in Delaware against Russell-Stanley, Inc., claiming it is an alter ego of New England Container Company, another company that Emhart alleges disposed of hazardous wastes at the Site.[4] Century's duty to defend does not extend to these types of costs.

An insurers' duty to defend only extends to the defense of a covered claim. Consequently, costs incurred pursuing affirmative relief, such as counterclaims and cross-claims, are not covered. *See e.g., James 3 Corp. v. Truck Ins. Exchange,* 91 Cal.App.4th 1093, 1104 (6 Dist. 2001) ("there is nothing in the policy that contractually obligates Truck to fund and prosecute an insured's affirmative relief counterclaims or cross-complaints."); *Barney v. Aetna Casualty & Surety Co.,* 185 Cal.App.3d 966, 975 (2 Dist. 1986) ("nothing in the policy provisions imposes upon the insurer the duty to prosecute claims of the insured against third parties."); *Silva & Hill Constr. Co. v. Employers Mut. Liab. Ins. Co.,* 19 Cal.App.3d 914, 927 (2 Dist. 1971) ("The duty to defend could not extend to requiring the insurer to take affirmative action to recover money withheld by the state."); *National City Bank v. New York Central Mut. Fire Ins. Co.,* 6 A.D.3d 1116, 1117 (4 Dep't 2004) ("hiring separate counsel to pursue an insured's affirmative cross claims is the insured's responsibility"); *Goldberg v. American Home Assur. Co.,* 80 A.D.2d 409, 411 (1 Dep't 1981) ("plaintiff, albeit entitled to be furnished with or

---

[2] Century also denies that the EPA's administrative action against Emhart is a "suit," and has also filed a separate motion on that issue.
[3] Statement of Undisputed Facts, ¶ 5.
[4] Statement of Undisputed Facts, ¶ 6.

reimbursed for the cost of a legal defense, had no right to reimbursement for legal fees on his affirmative claims against his former partners."); *Berlant v. McAllister,* 25 Utah 2d 237, 239, 480 P.2d 126, 127 (1971) ("[Insurance contract] does not provide for any representation of its insured in an action against another party."); *Shoshone First Bank v. Pacific Employers Ins. Co.,* 2 P.3d 510, 517 (Wyo. 2000) ("With respect to the costs of prosecuting a counterclaim, unless the policy specifically provides coverage for those expenses, we will not amend the contract."); *Morgan, Lewis & Bockius LLP v. Hanover Ins. Co.,* 929 F.Supp. 764, 773 (D.N.J. 1996) ("The insurance policies do not cover affirmative claims asserted by the insured or independent corporations related to the insured, such as C & L Beauty Salon, Inc."); *Reynolds v. Hartford Acc. & Indem. Co.,* 278 F.Supp. 331, 333 (S.D.N.Y. 1967) ("As the insurance contract never contemplated the obligation to bring affirmative claims on behalf of its assured and the prosecution of counterclaims would no doubt entail extra expenditures on the part of the insurance carrier, to imply an obligation on its part to bring counterclaims would be manifestly unfair."); B. Ostrager & T. Newman, *Handbook on Insurance Coverage Disputes,* § 5.02[e] at 268-269 (12th ed. 2003).

The costs Emhart has incurred pursuing claims against other potentially responsible parties are the types of costs that the courts in the cases cited above held were not covered. Pursuing claims against other potentially responsible parties is not a defense to the EPA's claim. Pursuing such claims is more akin to filing a cross-claim; Emhart is seeking to recover all or a part of its costs from other parties. Recognizing this distinction, Emhart has kept separate track of its costs incurred pursuing other potentially responsible parties. In addition, Emhart has incurred a significant portion of these costs in separate actions filed in federal and state court in Rhode Island and in bankruptcy court in Delaware. These costs are separate and

distinct from the costs Emhart has incurred in defending the EPA's administrative action and are not covered under Century's policies.

In the Joint Statement Pursuant to Pre-Trial Conference, Emhart cites the United States Supreme Court's decision in *Key Tronic Corp. v. U. S.,* 511 U.S. 809, 114 S.Ct. 1960 (1994). That case, however, did not address whether an insurer's duty to defend extends to costs incurred pursuing claims against other potentially responsible parties. The case did not even address insurance issues. Instead, the Court held that costs incurred in seeking to identify other potentially responsible parties are recoverable under CERCLA precisely because those costs are not litigation expenses. *Id.* at 820, 114 S.Ct. 1960.

## III. CONCLUSION

Based on the policy language and the cases cited above, Century respectfully requests that the Court enter an order declaring that Century's alleged duty to defend does not extend to Emhart's costs incurred pursuing claims against other potentially responsible parties for the environmental contamination at the Site.

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century
Indemnity Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America