UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER CENTURY'S ALLEGED DUTY TO DEFEND EXTENDS TO COSTS INCURRED PURSUING OTHER POTENTIALLY RESPONSIBLE PARTIES |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, pursuant to LR CV 56(a) and this Court's June 28, 2006 Order, submits the following statement of undisputed facts in support of Century's motion for partial summary judgment on whether Century's alleged duty to defend extends to costs plaintiff Emhart Industries, Inc. ("Emhart") has incurred pursuing claims against other potentially responsible parties in connection with the environmental contamination at the Centredale Manor Restoration Project Superfund Site (the "Site"):

1. Century issued Policy No. GAL 36597 ("Century's 1969 primary policy") to Crown-Metro, Inc. ("Crown-Metro") for the period from February 15, 1969 to January 1, 1970. The limits under Century's 1969 primary policy are $100,000. [Joint Appendix: Tab A.]

2. The insuring agreement in Century's 1969 primary policy states:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
>
> A. bodily injury or
> B. property damage
>
> to which this insurance applies, caused by an occurrence and the Company shall have the right and duty to defend **any suit against the Insured** seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payments of judgments or settlements.

[Joint Appendix: Tab A at CIC 0483 (emphasis added).]

3. Century issued Policy XBC 46961 ("Century's 1969 excess policy") to Crown-Metro for the period from December 1, 1968 to January 1, 1970. The limits under Century's 1969 excess policy are $1 million in excess of $100,000. [Joint Appendix: Tab B.]

4. The insuring agreement in Century's 1969 excess policy states, in part:

> With respect to any personal injury, property damage or advertising injury not within the terms of the coverage of underlying insurance but within the term of coverage of this insurance; or
>
> If limits of liability of the underlying insurance are exhausted because of personal injury, property damage or advertising injury during the period of this policy
>
> INA will
>
> (a) have the right and duty to defend **any suit against the insured** seeking damages on account of such personal injury, property damage or advertising injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient; but INA shall not be obligated to pay any claim or judgment or to defend any suit after INA's limit of liability has been exhausted by payment of judgments or settlements;

[Joint Appendix: Tab B at CIC 0154 (emphasis added).]

5. Emhart has incurred separate costs pursuing claims against other potentially responsible parties in connection with the environmental contamination at the Site. [Joint Appendix: Tab N at 213.]

6. For example, Emhart has filed lawsuits in both federal and state court in Rhode Island against Bernard V. Buonanno, Sr. and the Estate of Joseph Buonanno, Sr., claiming they were responsible for the disposal of hazardous wastes at the Site. Emhart has also filed an adversary proceeding in Bankruptcy Court in Delaware against Russell-Stanley, Inc., claiming it is an alter ego of New England Container Company, another company that Emhart alleges disposed of hazardous wastes at the Site. [Joint Appendix: Tab N at 179-184, 229-230, 234-245.]

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970
- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America