UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BURDEN AND STANDARD FOR PROVING AN "OCCURRENCE" UNDER RHODE ISLAND LAW |

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and OneBeacon America Insurance Company ("OneBeacon"), by their respective attorneys, move, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, LR Cv 56, and this Court's June 28, 2006 Order, for the entry of an order declaring, with respect to Century's and OneBeacon's policies, that plaintiff Emhart Industries, Inc. has the burden of proving an "occurrence" based on an objective standard.

In support of their motion, defendants rely on the attached (1) Statement of Undisputed Facts in Support of Defendants' Motion for Partial Summary Judgment on the Burden and Standard for Proving an "Occurrence" under Rhode Island Law, and (2) Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment on the Burden and Standard for Proving an "Occurrence" under Rhode Island Law.

Respectfully submitted on Behalf of
Defendants Century and OneBeacon,

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century
Indemnity Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BURDEN AND STANDARD FOR PROVING AN "OCCURRENCE" UNDER RHODE ISLAND LAW |

## I. INTRODUCTION

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and OneBeacon America Insurance Company ("OneBeacon") submit this memorandum of law in support of their motion for partial summary judgment on the burden and standard for proving an "occurrence" under Rhode Island law.[1] With respect to Century's and OneBeacon's policies, plaintiff Emhart Industries, Inc. ("Emhart") has the burden of proving an "occurrence" based on an objective standard.

## II. ARGUMENT

### A. Burden of Proof

Century's and OneBeacon's policies only cover bodily injury or property damage caused by an "occurrence."[2] An "occurrence" is an accident that results in bodily injury or property damage during the policy period that is **neither expected nor intended from the**

[1] Rhode Island law governs Century's and OneBeacon's policies [Report and Recommendation (2/15/05) at 39].
[2] Statement of Undisputed Facts, ¶¶ 2, 4, 7.

**standpoint of the insured.**[3] Emhart, thus, must show that the pollution at the site was neither expected nor intended from its standpoint.

Rhode Island courts have consistently held that the policyholder has the burden of proving an "occurrence." *Insurance Co. of North America v. Kayser-Roth Corp.*, 770 A.2d 403, 416-417 (R.I. 2001) ("It is well settled that 'the insured seeking to establish coverage bears the burden of proving a *prima facie* case, including but not limited to the existence and validity of a policy, the losses within the policy coverage and the insurer's refusal to make payments as required by the terms of the policy.'"), citing *General Acc. Ins. Co. of America v. American Nat. Fireproofing, Inc.*, 716 A.2d 751, 757 (R.I. 1998); *see also, Providence Journal Co. v. Travelers Indem. Co.*, 938 F.Supp. 1066, 1073 (D.R.I. 1996) ("the Journal, as the insured, bears the burden of establishing the existence of insurance coverage").

Other jurisdictions, like Rhode Island, agree that the policyholder has the burden of proving an occurrence. In *Consolidated Edison Co. of New York, Inc. v. Allstate Ins. Co.*, N.Y.2d 208, 220 (2002), the New York Court of Appeals held that "the requirement of a fortuitous loss is a necessary element of insurance policies based on either an 'accident' or 'occurrence'" and concluded that it is the insured who has the initial burden of proving that the damage was the result of an "accident" or "occurrence." *See e.g., Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 16, 400 P.2d 614, 626 (1995) ("the insured has the burden of showing that there has been an 'occurrence' within the terms of the policy."); *Newell v. State Farm Fire and Cas.*, 901 S.W.2d 133, 136 (Mo.App. 1995) ("Mr. Newell has the burden of proving his claim is within the coverage afforded by the insurance policy.").

Placing the burden of proof on the insured has several advantages. It "prevents individuals from purchasing insurance as a shield for their *anticipated* intentional conduct." *See*

---

[3] Statement of Undisputed Facts, ¶¶ 3, 5, 7.

*Lumbermens Mut. Cas. Co. v. S-W Industries, Inc.*, 39 F.3d 1324, 1331 (6th Cir. 1994), quoting *Preferred Mut. Ins. Co. v. Thompson*, 23 Ohio St.3d 78, 83, 491 N.E.2d 688, 691 (1986). In the environmental pollution context, "it provides the insured with an incentive to strive for early detection that it is releasing pollutants into the environment." *Consolidated Edison Company of New York*, 98.N.Y.2d at 220, citing *Northville Industries Corp. v. National Union Fire Ins. Co.*, 89 N.Y.2d 621, 634 (1997). It also puts the burden on the party that has better and earlier access to the "actual facts and circumstances surrounding the discharge, including information about its own intentions and expectations." *Id.*

**B. <u>The Standard</u>**

Rhode Island courts have not addressed whether an objective or a subjective standard applies. However, an objective standard makes more sense because it prevents a policyholder from burying its head in the sand -- like an ostrich -- purposely ignoring the plain consequences of its intentionally reckless behavior. To prevent this type of conduct, the First Circuit, applying New Hampshire law, has held that the expected or intended component of the occurrence inquiry "does not look to the policyholder's subjective intent" and that the "test under New Hampshire law is whether a reasonable person under the circumstances would have known that he was dumping harmful substances." *Mottolo v. Fireman's Fund Ins. Co.*, 43 F.3d 723, 729-730 (1st Cir. 1995), citing *King v. Prudential Property and Cas. Ins. Co.*, 684 F.Supp. 347, 349 (D.N.H. 1988), *Jespersen v. U.S. Fidelity & Guar. Co.*, 131 N.H. 257, 260, 551 A.2d 530 (1988), *Fisher v. Fitchburg Mut. Ins. Co.*, 131 N.H. 769, 773, 560 A.2d 630 (1989).

In *Travelers Ins. Co. v. Waltham Indus. Laboratories Corp.*, 883 F.2d 1092 (1st Cir. 1989), the First Circuit again applied an objective standard to the expected or intended component of the occurrence inquiry, holding that a chemical engineer knew or should have

known of the corrosive effects of acids, caustics and cyanides. Accordingly, the court held that the insurer had no duty to defend or indemnify the insured. *Id.* at 1099.

Other federal courts have used an objective analysis to determine whether the policyholder expected or intended property damage. The Eighth Circuit, applying Minnesota law, found no covered occurrence under the subject policies for a manufacturer that "knew or should have known that there was a substantial probability that its on-site dumping of liquid waste containing TCE and other solvents would cause property damage and therefore the damage was "expected." *Bituminous Cas. Corp. v. Tonka Corp.*, 9 F.3d 51, 54 (8th Cir. 1993).

In its motions *in limine*, Emhart cites *Grenga v. National Sur. Corp.*, 113 R.I. 45, 317 A.2d 433 (1974); claiming (incorrectly) that the case supports a subjective standard. *Grenga*, however, only held that unintentional consequences of an intentional act may be covered. That case did not address whether an objective or subjective standard should be applied to prove that those consequences were unintentional. Additionally, *Grenga* was dealing with an exclusion that barred coverage for injury or damage that was caused intentionally or at the direction of the insured and was not analyzing the expected or intended component of a policy's occurrence definition.

## III. CONCLUSION

For the reasons set forth herein, defendants respectfully request that the Court enter partial summary judgment, with respect to Century's and OneBeacon's policies, declaring that Emhart has the burden of proving an "occurrence" based on an objective standard.

Respectfully submitted on behalf of
Defendants Century and OneBeacon,

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century
Indemnity Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America