UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BURDEN AND STANDARD FOR PROVING AN "OCCURRENCE" UNDER RHODE ISLAND LAW |

Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and OneBeacon America Insurance Company ("OneBeacon"), by their respective attorneys, pursuant to LR CV 56(a) and this Court's June 28, 2006 Order, submit the following statement of undisputed facts in support of their motion for partial summary judgment on the burden and standard for proving an "occurrence" under Rhode Island law:

**Century's 1969 Primary Policy**

1. Century issued Policy No. GAL 36597 ("Century's 1969 primary policy") to Crown-Metro, Inc. ("Crown-Metro") for the period from February 15, 1969 to January 1, 1970. The limits under Century's 1969 primary policy are $100,000. [Joint Appendix: Tab A.]

2. The insuring agreement in Century's 1969 primary policy states:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
>
> A. bodily injury or
> B. property damage
>
> to which this insurance applies, **caused by an occurrence** and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payments of judgments or settlements.

[Joint Appendix: Tab A at CIC 0483 (emphasis added).]

3. Century's 1969 primary policy defines an "occurrence" as:

> an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage **neither expected nor intended from the standpoint of the insured**;

[Joint Appendix: Tab A at CIC 0478 (emphasis added).]

**<u>Century's 1969 Excess Policy</u>**

4. Century issued Policy XBC 46961 ("Century's 1969 excess policy") to Crown-Metro for the period from December 1, 1968 to January 1, 1970. The limits under Century's 1969 excess policy are $1 million in excess of $100,000. [Joint Appendix: Tab B.]

5. The insuring agreement in Century's 1969 excess policy states, in part:

> INA will indemnify the Insured for ultimate net loss in excess of the retained limit hereinafter stated which the Insured shall become legally obligated to pay as damages because of
>
> A. personal injury or
> B. property damage or
> C. advertising injury
>
> to which this insurance applies, **caused by an occurrence**,

[Joint Appendix: Tab B at CIC 0154 (emphasis added).]

6. Century's 1969 excess policy defines an "occurrence" as:

> an injurious exposure to conditions which results, during the policy period, in personal injury, property damage or advertising injury **neither expected nor intended from the standpoint of the Insured**.

[Joint Appendix: Tab B at CIC 0155 (emphasis added).]

**<u>OneBeacon's Policy</u>**

7. OneBeacon, as successor-in-interest to Employers Surplus Lines Insurance Company, issued a single excess umbrella liability policy to Crown-Metro for the period from April 24, 1969, to January 1, 1970. The policy is an excess umbrella policy and grants coverage subject to the terms of the underlying umbrella policy issued by Century. [Joint Appendix: Tab C.][1]

Respectfully submitted on Behalf of
Century and OneBeacon,

July 21, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

[1] Plaintiff Emhart Industries, Inc. alleges that OneBeacon's policy follows form to another excess policy Century issued to Crown-Chemical Corporation on December 1, 1967. The definition of "occurrence" in that policy is similar to the definition of "occurrence" in Century's 1969 excess policy. [*See* Joint Appendix: Tab D.]

(856) 380-8910

Attorneys for Defendant Century
Indemnity Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America