UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and United States FIRE INSURANCE COMPANY,<br><br>Defendants | ) | Civil Action No.: 02-053-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE "OCCURRENCE" ISSUE**

Pursuant to Fed.R.Civ.P. 56, LR Cv 56 and the Court's Order dated June 28, 2006, defendant The North River Insurance Company ("North River") submits the following Statement of Undisputed Facts in support of its Motion for Partial Summary Judgment on the "Occurrence" Issue.

1. North River issued a "Commercial Comprehensive Catastrophe Liability Policy," Policy No. 523 313109 9, to Emhart Corporation ("Emhart") for the policy period from January 1, 1984 to January 1, 1985 (the "North River Policy"). A true copy of the North River Policy is included in the Joint Appendix, Exhibit E.

2. By endorsement, the definition of "Named Insured" in the North River Policy was amended as follows:

> It is agreed that Item I of the declarations, Named Insured, is amended to read as follows:

> Emhart Corporation and any or all subsidiaries, entities, affiliated, or associated companies that are wholly owned or controlled, as may now exist or hereafter be constituted and their predecessor companies including entities merged into the named insured.
>
> In addition to the above, the named insured shall include credit unions, athletic associations, clubs, societies, trusts, and other organizations co-sponsored and co-authorized by the named insured.

3. The Insuring Agreement in the North River Policy provides in relevant part as follows:

> **INSURING AGREEMENTS**
>
> I. **COVERAGE**
>
> The Company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, or assumed by the insured under contract, for:
>
> (a) Bodily Injury Liability,
>
> (b) Personal Injury Liability,
>
> (c) Property Damage Liability, or
>
> (d) Advertising Liability,
>
> arising out of an occurrence.

4. The North River Policy defines "property damage" as follows:

> **"PROPERTY DAMAGE"**
>
> "Property Damage" means:
>
> (a) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or
>
> (b) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period, or

(c) injury to intangible property which occurs during the policy period sustained by an organization as a result of wrongful eviction, malicious prosecution, libel, slander or defamation but excluding any such damage included within the definition of advertising liability.

5. The North River Policy defines "occurrence" as follows:

**"OCCURRENCE"**

"Occurrence" means:

(a) with respect to Bodily Injury Liability or Property Damage Liability, injurious exposure to conditions which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the insured. All damages arising out of such exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

(b) with respect to Personal Injury Liability, an offense which results in Personal Injury, other than an offense committed with actual malice or the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of the insured. All damages arising out of exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

(c) with respect to Advertising Liability all damages involving the same injurious material or act regardless of the frequency or repetition thereof, the number or kind of media used, and the number of claimants and all such damages shall be considered as arising out of one occurrence.

6. The North River Policy defines "ultimate net loss"" as follows:

**"ULTIMATE NET LOSS"**

"Ultimate Nets Loss" means the total of the following sums with respect to each occurrence:

(a) all sums which the insured is legally obligated to pay as damages whether by reason of adjudication or settlement, because of bodily injury, personal injury, property damage or advertising liability to which this policy applies, and

(b) all expenses, other than defense settlement provided in Insuring Agreement II, incurred by or on behalf of the insured in the investigation, negotiation, settlement and defense of any claim covered by this policy or suit seeking such damages, excluding only the salaries of the insured's regular employees.

This policy shall not apply to defense, investigation, settlement or legal expenses covered by underlying insurance.

7. The North River Policy defines the "retained limit" as follows:

**RETAINED LIMIT – LIMIT OF LIABILITY**

The Company's liability shall be only for the Ultimate Net Loss in excess of the insured's retained limit defined as the greater of:

(a) the total of the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other insurance collectible by the insured; or

(b) the self-insured retention stated in Item 4(c) of the declarations as the result of all occurrences not covered by said underlying insurance, and which shall be borne by the insured, separately as respects each annual period of this policy.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**
By its attorneys,

Mark T. Nugent /mr
Michael J. Marcello

Mark T. Nugent, RI Bar# 2637
Michael J. Marcello, RI Bar# 5221
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

John T. Harding, *pro hac vice*
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: July 24, 2006

**CERTIFICATION**

I hereby certify that on this 24th day of July 2006, a copy of the foregoing was mailed, postage prepaid, to:

Jack R. Pirozzolo
Rick Binder
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

James T. McCormick #2614
128 Dorrance Street - Suite 330
Providence, RI 02903
(401) 831-2970

John F. Glowacki
220 Lake Drive East, Suite 304
Cherry Hills, NJ 08002
(856) 667-2080

Ian Wallach
Kimball Ann Lane
Luce, Forward, Hamilton & Scripps LLP
153 East 53rd Street, 26th Floor
New York, NY 10022
(212) 744-1414

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110-3113
(617) 728-0050

Lawrence Nathanson
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054-3412
(856) 380-8900

Jennifer Miller