UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | Civil Action No. 02-053 S |

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC. CONCERNING RECOVERY OF CERTAIN COSTS**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that the insurance policies provide coverage for the costs of investigating PRPs, negotiating settlement agreements with PRPs, proceeding with contribution and indemnification claims against PRPs and proceeding with claims to ensure that assets of PRP are available to pay for remediation. This issue is item 7 in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006 ("Joint Statement").

The insurance policies at issue provide coverage for costs associated with claims against other parties who potentially are responsible for contamination in issue at the Site. The EPA, in a proceeding under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., determined that Emhart is a potentially responsible party ("PRP") for contamination at the Centredale Site. The insurers have made general

statements that their policies do not cover costs incurred in connection with Emhart's claims against other PRPs. See Joint Statement at 6. The costs of those matters are recoverable as an insurer's duty to defend includes "affirmative claims which, if successful, have the effect of reducing or eliminating the insured's liability…." Great West Cas. Co. v. Marathon Oil Co., 315 F. Supp. 2d 879, 881 (N.D. Ill. 2003); Oscar W. Larson Co. v. United Capitol Ins. Co., 845 F. Supp. 458, 461 (W.D. Mich. 1993), aff'd, 64 F.3d 1010 (6th Cir. 1995); see also Key Tronic Corp. v. United States, 511 U.S. 809 (1994). If Century wished to question Emhart's decision about pursuing these claims, it should have honored its duty to defend and then contested specific costs. Under Rhode Island law, an insurer "hav[ing] missed its opportunity to defend its insured ... cannot now stand back and quibble with the job [Emhart] has done in defending itself." Ins. Co. of N. Am. v. Kayser-Roth Corp., 770 A.2d 403, 419 (R.I. 2001).

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738067v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 02-053 S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, | |
| Defendants. | |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC.**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
**CONCERNING RECOVERY OF CERTAIN COSTS**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

Plaintiff ("Emhart") seeks summary judgment that the insurance policies at issue provide coverage for costs associated with claims against other parties who potentially are responsible for contamination in issue at the Site. The EPA, in a proceeding under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., determined that Emhart is a potentially responsible party ("PRP") for contamination at the Centredale Site. The insurers have made general statements that their policies do not cover costs incurred in connection with Emhart's claims against other PRPs. See Joint Statement Pursuant to Pre-Trial Conference at 6, item 7. It appears that costs regarding three matters are at issue: (1) contribution and indemnification claims against two PRPs ("Buonannos") who refused to pay a portion of the costs of remediating the Centredale Site (Tab N at 182-83);[1] 2) an adversary proceeding in bankruptcy court to ensure that assets of another PRP, New England Container Company ("NECC"), were available for remediation of the Site (id. at 179, 190) and 3) investigations to identify PRPs who contributed to the contamination (id. at 213-15). The costs of those matters are recoverable as "the authority appears virtually uniform in holding that there is a class of affirmative claims which, if successful, have the effect of reducing or eliminating the insured's liability and that the costs and fees incurred in prosecuting such 'defensive' claims are encompassed in an insurer's duty to defend." Great West Cas. Co. v. Marathon Oil Co., 315 F. Supp. 2d 879, 881 (N.D. Ill. 2003).

The EPA claim is asserted under CERCLA, "a strict liability regime," that creates joint and several liability unless the PRP "demonstrates that the harm is divisible" and provides for the costs of the joint and several liability to be allocated among PRPs based on equitable factors.

---

[1] References to "Tab __" are to the tabbed exhibits in the accompanying Joint Appendix. Tab N contains excerpts from the 2006 deposition of Jerome C. Muys, Jr., lead counsel to Emhart in proceedings regarding the Centredale Site. The PRPs are Bernard Buonanno and the Estate of Joseph Buonanno.

Acushnet Co. v. Mohasco Corp., 191 F.3d 69, 74-75 (1st Cir. 1999). In view of the CERCLA framework, a PRP reduces its potential joint and several liability for millions of dollars of remediation costs by obtaining contribution or indemnification from other PRPs. That is the approach Emhart has followed (see Tab N at 181). That strategy benefits the insurers by reducing their ultimate indemnification obligation to Emhart. Yet, the insurers seek to obtain that benefit without paying for the legal services necessary to obtain contribution or indemnification.

It is settled that the defense obligation in insurance policies includes the costs of seeking contribution or indemnification from PRPs, such as the claims against the Buonannos, as those proceeding seek to limit the insured's liability for the underlying claim. The applicable principles were analyzed in detail in Great Western, 315 F. Supp. 2d at 881-82. After discussing cases from a number of jurisdictions finding that such costs are within the scope of the duty to defend[2], the court concluded that the insurer

> has come forward with not a single case that supports its argument that the duty to defend does not encompass fees and costs incurred in counterclaims or third-party actions aimed at shifting liability for the claim as to which the duty to defend exists. "Defense" is about avoiding liability. Claims and actions seeking third-party contribution and indemnification are a means of avoiding liability just as clearly as is contesting the claims alleged to give rise to liability. A duty to defend would be nothing but a form of words if it did not encompass all litigation by the insured which could defeat its liability, including claims and actions for contribution and indemnification.

[2] In addition to Larson and Rollprint, discussed infra, the court also noted that such costs were held recoverable in TIG Ins. Co. v. Nobel Learning Communities, Inc., 2002 WL 1340332, at *1 (E.D. Pa. June 18, 2002); Safeguard Scientifics, Inc. v. Liberty Mut. Ins. Co., 766 F. Supp. 324, 334 (E.D. Pa. 1991), aff'd in part, rev'd in part, 961 F.2d 209 (3d Cir. 1992) (unpublished table decision); and Perchinsky v. State, 660 N.Y.S.2d 177 (N.Y. App. Div. 1997).

Id. at 882-83 (emphasis added). Indeed, in the CERCLA context, claims for contribution and indemnification are particularly important due to the difficulty of avoiding joint and several liability.

Oscar W. Larson Co. v. United Capitol Ins. Co., 845 F. Supp. 458, 461 (W.D. Mich. 1993), aff'd, 64 F.3d 1010 (6th Cir. 1995), arose out of an action against the insured concerning pollution caused by the failure of a gasoline containment system. The court held that "claims for affirmative relief against other parties to the underlying state court action" were part of the duty to defend, stating:

> As a matter of law, the Court determines that such defense costs, as are present in this case, are expenses which are reasonable and necessary to limit or defeat liability. ... Further, the Court finds that, based on the evidence ... plaintiff's counterclaims and cross-claims for affirmative relief in the state court action are defensive in nature and prosecuted to limit or defeat plaintiff's liability in that action. Accordingly, the Court determines that the costs that plaintiff incurred in prosecuting these claims are properly considered as defense costs.

Great Western noted that International Ins. Co. v. Rollprint Packaging Products, Inc., 728 N.E.2d 680, 694 (Ill. App. Ct. 2000) was consistent with "the duty to defend encompass[ing] all litigation by the insured which could defeat its liability, including claims and actions for contribution and indemnification." 315 F. Supp. 2d at 881-82. Rollprint found that a counterclaim for trade secret misappropriation in a wrongful termination case was not intended to reduce or eliminate the insured's liability.[3] Unlike Rollprint, the actions of Emhart in seeking recovery of costs from PRPs are, in the words of Larson, solely "defensive," and prosecuted to "limit or defeat" Emhart's potential liability to the EPA.

---

[3] Bennett v. St. Paul Fire and Marine Ins. Co., 2006 WL 1313059 (D. Me. May 12, 2006), is to the same effect. There, an insurer that defended the policyholder was not required to pay costs of claims that "primarily" sought damages for separate claims as well as an incidental contribution claim.

The same reasoning applies to the adversary proceeding to preserve assets of NECC. The purpose of that claim, like the claim in Great Western, was to reduce Emhart's potential liability to the EPA. Emhart did not seek to obtain NECC assets for purposes other than remediation of the Centredale Site (Tab N at 190-191).

If Century sought to question Emhart's decision about pursuing third party claims (whether contribution claim or the claim to preserve NECC assets), it should have honored its duty to defend and then contested specific costs. Under Rhode Island law, an insurer "hav[ing] missed its opportunity to defend its insured ... cannot now stand back and quibble with the job [Emhart] has done in defending itself." Ins. Co. of N. Am. v. Kayser-Roth Corp., 770 A.2d 403, 419 (R.I. 2001). See also Conanicut Marine Svcs., Inc. v. Ins. Co. of N. Am., 511 A.2d 967, 971 (R.I. 1986) (insurer in breach of duty to defend foreclosed from contesting duty to indemnify).

Emhart also conducted investigations to identify PRPs (in addition to the five, including Emhart, identified by the EPA). A number of the PRPs that it located contributed to the cost of remediating the Site (Tab N at 197, 204) and will likely contribute to future remediation costs. The investigation and subsequent negotiations benefited the insurers by reducing Emhart's liability. Had Emhart not taken these steps, it is likely the insurers now would assert that any recovery by Emhart should be reduced due to a failure to mitigate damages.[4] The Supreme Court's decision in Key Tronic Corp. v. United States, 511 U.S. 809 (1994), establishes that such costs are recoverable. Key Tronic first emphasized that identifying PRPs serves the public interest as "[t]racking down other responsible solvent polluters increases the probability that a cleanup will be effective and get paid for." Id. at 810. Those costs also serve the interest of the

---

[4] See Bibby's Refrigeration, Heating & Air Conditioning, Inc. v. Salisbury, 603 A.2d 726, 729 (R.I. 1992) ("a party may not recover damages 'that the injured party could have avoided without undue risk, burden or humiliation.' ... The aggrieved party is simply prohibited from recovering damages that he or she could reasonably have avoided. However, the defendant has the burden of proving that the plaintiff failed to adequately mitigate his or her damages.").

PRP, in the same manner as a successful action for contribution, as the new PRP pays a portion of the ultimate cost. The Court then noted that the subsequent costs of negotiating settlement agreements with the new PRP "primarily protect[s the original PRP's] interests as a defendant in the [CERCLA] proceedings that establish[] the extent of [the original PRP's] liability." Id.[5] Costs of limiting the insured's liability are part of the insurer's defense obligation under the rationale of Great Western and the cases it cited.

For the foregoing reasons, this Court should enter an Order that the insurance policies provide coverage for the costs of investigating PRPs, negotiating settlement agreements with PRPs, proceeding with contribution and indemnification claims against PRPs and proceeding with claims to ensure that assets of PRP are available to pay for remediation are within the scope of the defense obligations under the insurance policies.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

5 The only distinction the Court drew was that the attorney's fees in identifying PRPs were sufficiently within the public interest to be recoverable from the new PRP as an exception to the rule that a prevailing party is not generally entitled to recover attorney's fees. Id. Here, the issue is recovery from a party's insurer.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Gomes

738062v1 (55451/115705)