UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY,
INSURANCE COMPANY OF NORTH AMERICA,
LIBERTY MUTUAL INSURANCE COMPANY,
NORTH RIVER INSURANCE COMPANY,
ONEBEACON AMERICA INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

Civil Action No. 02-053 S

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC. CONCERNING THE EXPECTED OR INTENDED ISSUE UNDER RHODE ISLAND LAW**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that, in the insurance policies issued by predecessors of defendants OneBeacon America Insurance Company and Century Indemnity Company at issue in this action, (1) whether damage is expected or intended from the standpoint of the insured is determined on a subjective basis and (2) the insurers bear the burden of proof on that issue. This issue is item 6(b) in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006.

Rhode Island law, which applies to said insurance policies, is in accordance with the majority rule that a subjective standard applies. The subjective standard applies as (1) the plain meaning of "expected" requires a subjective standard, (2) the language "from the standpoint of the insured" requires a subjective standard, (3) the policy language did not state whether an

objective or a subjective standard applies, thus indicating at least ambiguity regarding the test and (4) the use of an objective standard would be inconsistent with insurance policies providing coverage for negligence. E.g., Queen City Farms, Inc. v. Central Nat'l Ins. Co. of Omaha, 882 P.2d 703, 714, dissenting opinion modified, 891 P.2d 718 (Wash. 1994). If there were any doubt as to the meaning of the provision, a subjective standard applies as "an ambiguous policy term should be construed in favor of coverage and against the insurer." Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 749 (R.I. 2000). Moreover, the "diversity of judicial thought" as to the meaning of this provision is "'proof positive' of ambiguity." Id.

The burden of proof is on the insurer as the expected or intended provision operates as an exclusion. Insurers are precluded from changing the burden of proof by placing an exclusionary provision in a definition. Andover Newton Theological Sch. v. Cont'l Cas. Co., 964 F.2d 1237, 1243 (1st Cir. 1992) (applying Massachusetts law). Placing the burden of proof on the insurer is appropriate as "it is the insurer who has an interest in, and is better positioned for, eliciting facts on the basis of which a trier of fact can conclude that the insured expected or intended environmental contamination." Carter-Wallace, Inc. v. Admiral Ins. Co., 712 A.2d 1116, 1126 (N.J. 1998). See also State v. CNA Ins. Co., 779 A.2d 662, 671-72 (Vt. 2001).

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

By its attorneys,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATION

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738055v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT CONCERNING THE EXPECTED OR INTENDED ISSUE UNDER RHODE ISLAND LAW**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

The Century and OneBeacon insurance policies[1] provide coverage for "property damage neither expected nor intended from the standpoint of the insured" (Joint Statement Pursuant to Pre-Trial Conference at 5). This policy language raises two issues: (1) whether the expectation or intent is analyzed under a subjective or an objective standard and (2) which party bears the burden of proof. Id. Neither issue has been resolved under Rhode Island law, which applies to the OneBeacon and Century policies. Rhode Island would follow the majority rule that a subjective standard applies and would place the burden of proof on the insurer. A subjective standard applies in view of the plain meaning of the policy language. If there were any doubt as to the meaning of the provision, a subjective standard applies as under Rhode Island law, "an ambiguous policy term should be construed in favor of coverage and against the insurer," and "'diversity of judicial thought [as to the meaning of terms in an insurance contract] is proof positive' of ambiguity." Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 749 (R.I. 2000).

**1. The Subjective Standard Should Be Applied**

A majority[2] of jurisdictions, after careful analysis of the policy language, have concluded that whether damage was expected or intended is analyzed under a subjective standard. E.g., Shell Oil Co. v. Winterthur Swiss Ins. Co., 12 Cal. App. 4th 715, 743-47 (1993) (expected or intended language "compels a subjective expectation test"); Queen City Farms, Inc. v. Central Nat'l Ins. Co. of Omaha, 882 P.2d 703, 710-15 (relevant inquiry is "whether an insured subjectively expected or intended the damage"), dissenting opinion modified, 891 P.2d 718 (Wash. 1994); James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co., 814 S.W.2d

---

[1] Those policies are included in the Joint Appendix at Tabs A-C. The pertinent language appears at Tab A at CIC 0478 (Century Primary Policy), Tab B at CIC 0155 (Century Excess Policy) and Tab D at AON 00008 (Century policy incorporated by reference in OneBeacon Policy). A table of the policies is attached hereto as Exhibit 1.

[2] State ex rel. Davidson v. Hoke, 532 S.E.2d 50, 57 & n.2 (W. Va. 2000) (concurring opinion) (collecting cases and noting that "[i]t appears that a majority of jurisdictions have adopted the subjective approach to the 'expected/intended' exclusion").

273, 278 (Ky. 1991) ("The 'expected or intended' exception is inapplicable unless the insured specifically and subjectively intends the injury giving rise to the claim").

These decisions found that the policy language either required a subjective standard or was sufficiently ambiguous to require being construed in favor of the insured. In particular, the courts held that (1) the plain meaning of "expected" requires a subjective standard, (2) the language "from the standpoint of the insured" requires a subjective standard, (3) the policy language did not state whether an objective or a subjective standard applies, thus indicating at least ambiguity regarding the test and (4) the use of an objective standard would be inconsistent with insurance policies providing coverage for negligence. These points were summarized in Queen City (882 P.2d at 714):

> We conclude that a subjective standard applies, based upon examination of the policy language, the lack of any objective standard set out in the policy (and the ease with which one could have been drafted if that is what the insurers intended) and the meaning which the average purchaser would give to policy language, i.e., that injury or damage resulting from acts of negligence, even though precipitated by an intentional act, would be covered under the occurrence clause.

Courts finding that the plain meaning of "expected" requires a subjective standard include Shell Oil, 12 Cal. App. 4th at 747 ("ordinary and popular meaning of 'expect' connotes subjective knowledge of or belief in an event's probability"); James Graham Brown, 814 S.W. 2d at 279 ("The policies do not define 'expected' and 'intended' but those are common words and they clearly indicate subjective awareness"); and Patrons-Oxford Mut Ins. Co v. Dodge, 426 A.2d 888, 891 (Me. 1981) ("[a]mong various meanings [expected or intended] language may have, one reasonable meaning is that it connotes no objective normative criterion but rather refers only to the actual subjective state of mind of the insured in respect to results of his intentional acts") (emphasis in original).

Cases finding that the words "from the standpoint of the insured" mandate a subjective test include Davidson, 532 S.E.2d at 59 ("Courts look at the subjective intent of the policyholder, because the language specifically says to determine if the loss was 'expected or intended from the standpoint of the insured'"); James Graham Brown, 814 S.W.2d at 279 ("The policies here state that the insurer has a duty to indemnify or defend the insured for damage if the damage was neither expected nor intended from the standpoint of the insured. They do not say from the standpoint of a reasonable person"); and Shell Oil, 12 Cal App. 4th at 745 ("from the standpoint of the insured" language "focuses the inquiry on the insured's actual, subjective expectation, not the expectation of a hypothetical reasonable person") (emphasis in original). Shell Oil also noted that decisions adopting an objective standard "offered no reason or authority" for their conclusion and explained that rationales argued by insurers were "misplaced." 12 Cal. App. 4th at 744. Further, an objective standard would impermissibly "undermine coverage for injuries caused by simple negligence, a result we sought to avoid." Domtar, Inc. v. Niagara Fire Ins. Co., 563 N.W.2d 724, 735 & n.6 (Minn. 1997). See also Queen City, 882 P.2d at 713.

Application of Rhode Island principles for construing insurance policies requires adopting a subjective standard. Rhode Island follows the accepted rule that policy language is construed so as to resolve ambiguity in favor of finding coverage, thus indicating it would follow the reasoning of Queen City and the other cases discussed, supra. E.g., Textron, 754 A.2d at 749. Rhode Island, unlike other jurisdictions, employs a further rule of construction that finds policy language ambiguous if courts have adopted different interpretations of the language, i.e., "'diversity of judicial thought [as to the meaning of terms in an insurance contract] is proof positive' of ambiguity." Id. The diversity of opinion concerning the meaning of "expected or intended from the standpoint of the insured" suffices to find that provision ambiguous and

construe it in favor of the insured. In Textron, the court held that the "sudden and accidental" pollution exclusion was ambiguous in view of "the diversity of judicial thought" as indicated by "a multitude of cases exist[ing] on both sides" and construed the provision in favor of the insured as "an ambiguous policy term should be construed in favor of coverage and against the insurer." Id. at 748, 749. A subjective standard is in accordance with the rule that the expected and intended language permits the insured to recover for the unintentional consequences of intentional acts. Grenga v. Nat'l Sur. Co., 317 A.2d 433, 436 (R.I. 1974).[3]

### 2. The Burden Of Proof Is On The Insurers

Courts differ as to whether the insurer or the insured has the burden of proof on this issue. The expected or intended provision operates as an exclusion that deprives the insured of coverage for property damage if the damage was "expected or intended from the standpoint of the insured." The insurer bears the burden of proof on exclusions. The insurance industry has recognized that the expected or intended language is an exclusion by labeling it as such in certain policies. Patrons-Oxford, 426 A.2d at 889 (quoting exclusion (f) of a personal liability policy); Davidson, 532 S.E.2d at 52 (exclusion in homeowner policy). The exclusionary nature of the provision is not changed because it is contained in a definition, rather than an exclusion:

> If an insurer were able to distribute provisions limiting liability throughout a policy, with the expectation that its shouldering of the burden of proof would be limited to the single section entitled, "Exclusions," this would create considerable incentive to obfuscation and subterfuge.

Andover Newton Theological Sch. v. Cont'l Cas. Co., 964 F.2d 1237, 1243 (1st Cir. 1992) (applying Massachusetts law).

---

3 That rule is not altered by Peerless Ins. Co. v. Viegas, 667 A.2d 785, 788-89 (R.I. 1995), where the court "infer[red] an intent to cause harm and injury in cases involving the sexual molestation of a minor." Travelers Ins. v. Waltham Indus. Lab., Inc., 883 F.2d 1092 (1st Cir. 1989), which applied Massachusetts law, does not support an objective standard as the court used a subjective standard, noting that the insureds acted "'knowingly" and "were notified repeatedly" of the damage. Id. at 1098-99.

Quoting Anderson, a court found that the expected or intended provision was an exclusion, and the insurer had the burden of proof. Carter-Wallace, Inc. v. Admiral Ins. Co., 712 A.2d 1116, 1126 (N.J. 1998). Carter-Wallace provided a further rationale: "it is the insurer who has an interest in, and is better positioned for, eliciting facts on the basis of which a trier of fact can conclude that the insured expected or intended environmental contamination." Id.[4] That rationale was followed in State v. CNA Ins. Co., 779 A.2d 662, 671-72 (Vt. 2001):

> This was a time [as in the instant case prior to 1970] when little was known about the danger of the chemicals used at the site.... It is a reasonable inference that there was no intent to harm the environment.... If we place the burden on the insurer, there is a greater likelihood that the coverage issue will be fully aired because the insurer will be required to come forward with some evidence that puts intent at issue.

Ins. Co. of North Am v. Kayser-Roth Corp, 770 A.2d 403, 416-417 (R.I. 2001), is inapposite. It made a general statement concerning the burden of proof, without discussing which party bore the burden on the expected or intended issue.

Emhart is entitled to summary judgment that, in the OneBeacon and Century policies, (1) whether damage is expected or intended from the standpoint of the insured is determined on a subjective basis and (2) the insurers bear the burden of proof on that issue.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470
Dated: July 24, 2006

4 The conclusion of some courts that the insured is better positioned to obtain evidence may be applicable if the insured operated the site when the events causing contamination occurred. Here, however, those events occurred before Emhart's predecessor, USM, acquired Crown-Metro.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738053v1 (55451/115705)