UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC. CONCERNING THE EXPECTED OR INTENDED ISSUE UNDER NEW YORK LAW**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that, in the insurance policy issued by defendant North River Insurance Company ("North River") at issue in this action, the question of whether damage is expected or intended from the standpoint of the insured is determined on a subjective basis. This issue is item 6(a) in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006.

The New York Court of Appeals has not addressed whether expectation or intent is analyzed under a subjective or an objective standard. Three well-reasoned decisions, analyzing decisions of the New York Court of Appeals, have determined that New York applies the subjective standard. Munzer v. St. Paul Fire & Marine Ins. Co., 145 A.D.2d 193, 199-200 (3d Dept. 1989); City of Johnstown v. Bankers Standard Ins. Co., 877 F.2d 1146, 1149-51 (2d Cir. 1989); Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co., 1994 WL 721786, at *2-4 (Del.

Super Ct. Apr. 22, 1994). An analysis of the policy language, particularly the words "expected" and "from the standpoint of the insured," likewise results in a conclusion that the policy language either requires a subjective standard or is ambiguous concerning the standard. Any such ambiguity "must be resolved in favor of the insured" so as to find coverage. Handelsman v. Sea Ins. Co., 647 N.E.2d 1258, 1260 (N.Y. 1994). The cases relied upon by North River, including County of Broome v. Aetna Cas. & Sur. Co., 540 N.Y.S.2d 620 (N.Y. App. Div. 1989), do not provide persuasive authority that New York has adopted an objective standard, and other courts have found that these cases are not persuasive.

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

Respectfully submitted,

Gerald J. Petros
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738043v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT CONCERNING THE EXPECTED OR INTENDED ISSUE UNDER NEW YORK LAW**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

The North River insurance policy,[1] like the Century and OneBeacon insurance policies, provides coverage for "property damage neither expected nor intended from the standpoint of the insured" (Joint Statement Pursuant to Pre-Trial Conference ("Joint Statement") at 5). The New York Court of Appeals has not addressed whether expectation or intent is analyzed under a subjective or an objective standard. In a memorandum filed herewith addressing that issue under Rhode Island law ("R.I. Law Memorandum"), Emhart has explained that the proper reading of the policy language is that a subjective standard applies. Three well-reasoned decisions, analyzing decisions of the New York Court of Appeals, have determined that New York applies the subjective standard. Those decisions, and the analysis of the policy language discussed in the R.I. Law Memorandum, indicate that the New York Court of Appeals would adopt the subjective standard. North River is mistaken in its assertion that a conclusory comment of an intermediate appellate court indicates that New York would adopt the minority objective standard.

**1. Munzer, City Of Johnstown And Hoechst Celanese Demonstrate That New York Follows The Subjective Standard**

A New York intermediate appellate court concluded that the expected or intended issue is decided on a subjective basis. Munzer v. St. Paul Fire & Marine Ins. Co., 538 N.Y.S.2d 633, 636-37 (N.Y. App. Div. 1989) ("Whether an event is intended or expected from the standpoint of the insureds herein would depend upon the extent of plaintiff's knowledge, either actual or constructive"). Applying that principle, the Munzer court found there was insufficient evidence of plaintiff's knowledge regarding dangers associated with mercury to warrant summary judgment, noting, "there [was] no evidence as to whether plaintiffs were ever warned that the used mop water would still contain mercury…." Id. at 637.

---

1 That policy is in the Joint Appendix at Tab D. The pertinent language is at page MISC 01084.

In City of Johnstown v. Bankers Standard Ins. Co., 877 F.2d 1146, 1149-51 (2d Cir. 1989), the court of appeals analyzed in detail New York law and determined that the subjective standard applies to the expected or intended issue. It concluded:

> In general, what makes injuries or damages expected or intended rather than accidental are the knowledge and intent of the insured. It is not enough that an insured was warned that damage might ensue from its actions, or that, once warned, an insured decided to take a calculated risk and proceed as before. Recovery will be barred only if the insured intended the damages, or if it can be said that the damages were, in a broader sense, "intended" by the insured because the insured knew that the damages would flow directly and immediately from its intentional act.

Id. at 1150 (citations omitted).

It noted that a different result would be inconsistent with the rule that insurance provides coverage for negligent acts and for "calculated risks" that potential damage would occur. Applying that standard, it held that the insurer was not entitled to judgment as "the record suggests that the City was aware of potential contamination, but not that the City intended the resulting damage, nor that the City, intending harm, knew that the extensive damages alleged in the CERCLA complaint would flow directly and immediately from the City's intentional acts." Id. at 1152 (emphasis in original). In response to the argument that its decision was inconsistent with County of Broome v. Aetna Cas. & Sur. Co., 540 N.Y.S.2d 620 (N.Y. App. Div. 1989), the Second Circuit held that if the Broome "interpretation of the 'expect or intend' exclusion does indeed broaden that exclusion to cover any damage that was, objectively speaking, substantially probable, that interpretation appears to conflict with the New York cases discussed in the text...." 877 F.2d at 1151 n.1.

City of Johnstown was followed in Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co., 1994 WL 721786, at *2-4 (Del. Super Ct. Apr. 22, 1994) (City of Johnstown analysis of New York law more persuasive than Broome and concluding "a subjective standard will be applied to

determine whether [insured] 'expected' or 'intended' the damage"). See also Hecla Mining Co. v. N.H. Ins. Co., 811 P.2d 1083, 1088 (Col. 1991) ("We are persuaded by [City of Johnstown] and hold [as a matter of Colorado law] that the phrase 'neither expected nor intended' should be read only to exclude those damages that the insured knew would flow directly and immediately from its intentional act").

### 2. Broome Does Not Indicate That New York Would Adopt An Objective Standard

It appears to be North River's position that Broome, 540 N.Y.S.2d at 621-22, adopted the objective standard. Broome does not stand for that proposition. As shown in the preceding section, to the extent that Broome stands for such a proposition, it has been criticized and is contrary to other New York precedent.

In Broome, the court found no coverage on two grounds, the pollution exclusion (id. at 622) and the expected or intended issue (id. at 621-22). In discussing the expected or intended issue, the court indicated that, on the record before it, coverage would be unavailable under a subjective standard: "[t]he record indicates that [the insured] was aware of the problems at the landfill.... [The insured] was, therefore, aware of the pollution and leachate problems." Id. at 623 (emphasis added). In fact, Broome did not adopt the objective standard. Instead, it noted that "it has been stated that personal injuries or property damage are expected if the actor knew or should have known there was a substantial probability that a certain result would take place." Id. at 622 (emphasis added). The one decision Broome cited for that proposition (id.) was a decision predicting Minnesota law on the issue, Auto-Owners Ins. Co. v. Jensen, 667 F.2d 714, 719-720 (8th Cir. 1981). The Minnesota Supreme Court later stated that Auto-Owners was an incorrect statement of Minnesota law as the expected and intended issue is decided on the basis of "the insured's actual expectation of damage" and that "[a] purely objective test is inconsistent

with this court's established interpretation of the term 'unexpected.'" Domtar, Inc. v. Niagara Fire Ins. Co., 563 N.W.2d 724, 735 & n.6 (Minn. 1997). Broome did not analyze the policy language or court of appeals decisions concerning the expected or intended issue.

The two other intermediate appellate court decisions, citing Broome, that are mentioned by North River in the Joint Statement do not support an objective standard. Utica Fire Ins. Co. v. Shelton, 641 N.Y.S.2d 864 (N.Y. App. Div. 1996), which addressed whether an insured who punched someone in the eye intended the resulting injuries to the victim's eye, is inapposite and its incomplete citation of Broome[2] would be misleading if it were deciding a case in which the result would turn on whether an objective or a subjective standard applied. Similarly, Borg-Warner Corp. v. Ins. Co. of N. Am., 577 N.Y.S.2d 953, 959 (N.Y. App. Div. 1992), did not state that Broome adopted an objective standard, but noted that the trial court (which in New York is the Supreme Court) used that standard. Borg-Warner actually applied a subjective standard as it ruled that the insurer was not entitled to prevail on summary judgment in connection with two sites where the insured "believed" acid pits were impervious. Id.

The Court should follow City of Johnstown and Hoechst Celanese and conclude that Munzer, rather than the conclusory dicta in Broome, states New York law. As a court sitting in diversity, the Court "make[s] its own of determination of state law as it believes the highest court of [New York] would interpret it." Latour v. Commercial Union Ins. Co., 528 F. Supp. 231, 234 (D.R.I. 1981). In so doing, it should give weight to whether Broome or Munzer, in addressing the expected or intended issue, is a "considered judgment ... that is a datum for ascertaining state law...." West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940).

---

[2] It quoted the language in Broome that "personal injuries or property damage are expected if the actor knew or should have known there was a substantial probability that a certain result would take place" while leaving out the words "it has been stated that" which appear at the beginning of the sentence. Compare Broome, 540 N.Y.S.2d at 622, with Utica, 641 N.Y.S.2d at 865-66.

An analysis of the policy language should result in the conclusion, discussed in detail in the R.I. Law Memorandum (attached hereto as Exhibit 1), that the policy language, particularly the words "expected" and "from the standpoint of the insured," either requires a subjective standard or is ambiguous concerning the standard. New York follows the settled principle that ambiguous policy language "must be resolved in favor of the insured" so as to find coverage. Handelsman v. Sea Ins. Co., 647 N.E.2d 1258, 1260 (N.Y. 1994).

### 3. Burden Of Proof

New York has determined that the burden of proof is on the insured. Consol. Edison Co. of New York v. Allstate Ins. Co., 774 N.E.2d 687, 692 (N.Y. 2002).

Emhart is entitled to summary judgment that, in the North River policy, the issue of whether damage is expected or intended from the standpoint of the insured is determined on a subjective basis.

Respectfully submitted,

Gerald J. Petros
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas
________________________

738040v1 (55451/115705)