UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC. THAT THE POLICY LIMITS OF THE ONEBEACON POLICY ARE NOT REDUCED BY PRORATION**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that the full limits of the $4 million policy issued by OneBeacon America Insurance Company ("OneBeacon") are available for coverage of the claim brought by the EPA against Emhart. This issue is item 5 in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006.

The cancellation of the policy before the end of its term does not entitle OneBeacon to proration of the limits of the policy. The policy provides that cancellation results in an adjustment to the premium, and "in exchange for a reduction in premiums, [OneBeacon] received a reduction in the amount of time it was on the risk." Stonewall Ins. Co. v. Asbestos Claims Management Corp., 73 F.3d 1178, 1217 (2d Cir. 1995). However, "the full annual

aggregate limits" of the OneBeacon policy are available to Emhart "because there was no provision in the polic[y] for the reduction of aggregate limits in the event of cancellation." Id. at 1216. Nothing in the policy language or case law supports OneBeacon's argument that its policy limits should be prorated.

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Torres

738038v1 (55451/115705)

STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | ) | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT THAT THE POLICY LIMITS OF THE ONEBEACON POLICY ARE NOT REDUCED BY PRORATION**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

Plaintiff ("Emhart") moves for summary judgment that the full limits of the $4 million OneBeacon policy are available. OneBeacon errs in seeking proration of those limits on the ground that the policy was cancelled before the end of its term. Nothing in the cancellation clause provides for prorating policy limits. That clause provides only that the premium be reduced to account for the shortened period. "[I]n exchange for a reduction in premiums, [OneBeacon] received a reduction in the amount of time it was on the risk." Stonewall Ins. Co. v. Asbestos Claims Management Corp., 73 F.3d 1178, 1217 (2d Cir. 1995). The parties did not also agree to a reduction in policy limits during the period in which OneBeacon was on the risk.

## BACKGROUND

Policy No. S-16-07084 was issued by OneBeacon's predecessor for the period April 24, 1969 to February 15, 1972, with limits of "$4,000,000. each occurrence, $4,000,000. aggregate," in excess of $1,000,000, and was cancelled as of January 1, 1970 (Tabs C, O).[1] It follows form to INA Policy No. XBC 64674 (Tab D), which has a Cancellation provision.[2] That provision deals only with the impact of cancellation on premium. It nowhere states that cancellation will have an effect on policy limits:

> If the Named Insured cancels [as occurred here], earned premium shall be computed in accordance with the customary short rate table and procedure. If INA cancels, earned premium shall be computed pro rata.

(Tab D at AON 00009). The only provision in Policy XBC 64674 that pertains to policy limits in relation to the policy term, the Three Year Policy provision, is inapplicable on its face to cancellation of a policy. It provides that "[i]f this policy is issued for a period of three years, the limits of INA's liability shall apply separately to each consecutive annual period thereof." Id.

---

1 References to "Tab __" are to the tabbed exhibits in the accompanying Joint Appendix.

2 OneBeacon claims its policy follows form to a different policy, INA Policy No. XBC 46961 (Tab B). For purposes of this motion, the language in both policies is substantially the same. Compare Cancellation and Three Year Policy provisions in Tab D at AON 00009 with Tab B at CIC 0156.

While such a clause addresses an insurer's total exposure under a multiyear policy, it does not address the insurer's exposure when a policy is effective for less than a year.

In the Joint Statement Pursuant to Pre-Trial Conference, OneBeacon says only that it "relies upon the terms of its policy," without identifying the policy language upon which it relies, much less legal authority supporting its interpretation of the unidentified language. OneBeacon's attempt to reduce its exposure has no support either in the policy language or in the law.

## ARGUMENT

"[C]ase law generally holds that proration of policy limits is not permitted when the coverage period has been shortened...." In Re Liquidation of Midland Ins. Co., 709 N.Y.S. 2d 24, 35 (N.Y. App. Div. 2000). This issue was discussed in detail in both Stonewall, 79 F.3d at 1216-17, and Unigard Security Ins. Co. v. North River Ins. Co., 762 F. Supp. 566, 571, 595-96 (S.D.N.Y. 1991), aff'd in part, rev'd in part on other grounds, 4 F.3d 1049 (2d Cir. 1993), where the insurers argued, unsuccessfully, that the aggregate limits should be prorated to reflect the shortened period.

In Stonewall, the policy was "canceled before the stated policy period had expired ..., leaving [it] in effect for a fractional annual period...." 73 F.3d at 1216. In a ruling applicable to that policy (as well as to the period during which a different policy was extended beyond its stated expiration date), the district court had held that "the full annual aggregate limits of these short-term policies were available to [the insured] for whatever fractional period they were in effect, because there was no provision in the policies for the reduction of aggregate limits in the event of cancellation." Id. The Second Circuit affirmed, saying that the "policies are silent on the consequences of cancellation, making this another ambiguity to be resolved against the

insurer." Id. at 1216-17. The policy here also is "silent on the consequences of cancellation" on policy limits (see Tab D at AON 00009). The silence indicates that there is no such reduction. At best, the policy is ambiguous, and Rhode Island, like New York, requires that ambiguities be resolved in favor of the insured. Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 749 (R.I. 2000). Here, as in Stonewall, "in exchange for a reduction in premiums, [the insurer] received a reduction in the amount of time it was on the risk." 73 F.3d at 1217.

Unigard, decided before Stonewall, looked to a decision by a California court in holding that the full limits were available under a policy in effect for just over two months. See Unigard, 762 F. Supp. at 589, 596-96 (citing Asbestos Ins. Coverage Cases (Mealey's), Statement of Decision Concerning Phase IV Issues at 6-7, 47 (Cal. Super. San Francisco Co., Jan. 24, 1990)). Quoting from the California decision, Unigard stated:

> Nothing in the plain language of the policies provides for proration of annual aggregate limits where the policy is in effect for a fraction of a year. The policy language describes the consequences of cancellation; it reduces the period of coverage and reduces the premium paid by the policyholder. There is no provision for the reduction of aggregate limits in the event of cancellation. The insurers could have stated plainly that aggregate limits are to be prorated in the event of cancellation, but failed to do so.

762 F. Supp. at 595-96. Referring to the statement in the California case that "both the insurers and the policyholders received the benefit of their bargain," Unigard emphasized that the proration in premium "reflects the shortened length of time for which the insurer is exposed to the risk of loss, not a reduced quantum of protection available if the risk materializes in the stub period, however short it may be." 762 F. Supp. at 596.

The insurer in Unigard had relied upon a policy provision that "the aggregate limits were 'for each annual period where applicable.'" 762 F. Supp. at 595. Similarly, in UNR Industries, Inc. v. Continental Ins. Co., 682 F. Supp. 1434, 1457-59 (N.D. Ill. 1988), amended on

reconsideration on other grounds, 1988 WL 121574 (N.D. Ill. Nov. 9, 1988), amended, 1989 WL 265493 (N.D. Ill. Jan. 11, 1989), which also involved policies in effect for part of a year, the insurer pointed to a three year policy provision, contending that "this language implicitly indicates that any period shorter than an annual period will have a reduced aggregate." 682 F. Supp. at 1458. The Unigard and UNR clauses, referring to an "annual period," are similar to the Three Year Policy provision in the case at bar. See Tab D at MISC 00049. The insurer's argument was rejected in both cases, with the Unigard court explaining that the provision did not suggest "how an aggregate limit was to be treated where the policy period was less than a full year." 762 F. Supp. at 595.

Unigard also discussed the distinction between an "occurrence" limit and an "aggregate" limit. "The purpose of having an aggregate limit in addition to an occurrence limit is to cap the indemnity payments made in a given policy period regardless of the number of occurrences." Id. The dollar "cap" relates to a "policy period." In contrast, an "occurrence" limit is not a temporal concept. Even insurers who argue for a reduction in aggregate limits recognize that there is no basis for reducing occurrence limits due to a cancellation. Recognizing this distinction, Unigard pointed out that the "aggregate limit could never be less than the single occurrence limit." Id. Where, as in Unigard and as in the case at bar, the aggregate and occurrence limits are the same, "there can be no proration of the aggregate limit." Id. Such a proration would relieve the insurer of a clear and unambiguous promise to the insured to pay up to the policy limits for an occurrence.

These cases all involved stand-alone short period policies, usually resulting from cancellation. A court occasionally declines to find separate limits when a policy is extended for a short period. See, e.g., UNR, 1988 WL 121574, at *2-3 (holding that endorsement simply

amended anniversary date). However, most courts decline to prorate even when periods are added to previously-written policies. For example, in U.S. Mineral Products Co. v. American Ins. Co., 792 A.2d 500 (N.J. Super. Ct. App. Div. 2002), the court held that "an endorsement to [an] existing ... policy extending coverage for a two-week period" had "the same aggregate coverage limit" as the original policy, i.e., a full limit without proration. Id. at 502. More recently, the court in Cadet Mfg. Co. v. American Ins. Co., 391 F. Supp. 2d 884 (W.D. Wash. 2005), held that a six-month policy extension had its own full limits equal to the limits of the annual policy that had been extended. Id. at 890. See also Stonewall, 73 F.3d at 1217 (holding that four-month extension to policy had full, rather than prorated, limits).

A reduced premium accounts for reduced time on the risk. OneBeacon is not entitled to a reduction in policy limits as well.

## CONCLUSION

For the foregoing reasons, Emhart's summary judgment motion that the full $4,000,000 limits of the OneBeacon policy are available should be granted.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATION

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Gomes

738036v1 (55451/115705)