UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | Civil Action No. 02-053 S |

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC. CONCERNING ADMISSIBILITY OF SETTLEMENT AGREEMENT BETWEEN BLACK & DECKER, INC. AND LIBERTY MUTUAL**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that the settlement agreement ("Agreement") between Black & Decker, Inc. (the corporate patent of Emhart) and Liberty Mutual Insurance Co. is not admissible at trial. This issue is item 4 in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006.

The Agreement is not admissible. Both the First Circuit and the Rhode Island Supreme Court have held that allowing a jury to see or consider this type of agreement is reversible error requiring a new trial. McInnis v. A.M.F., Inc., 765 F.2d 240 (1st Cir. 1985) (settlement agreement inadmissible under Fed. R. Evid. 408); Votolato v. Merandi, 747 A.2d 455 (R.I. 2000) (agreement barred by collateral source rule). While the insurers have asserted that the

Agreement may be admissible as relating to allocation or exhaustion, those are not issues for the jury. Moreover, the Agreement is inadmissible under Fed. R. Evid. 403, as the Agreement contains material that is irrelevant to this action and presents significant dangers of confusion and prejudice.

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

By its attorneys,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738031v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC.
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
CONCERNING ADMISSIBILITY OF SETTLEMENT AGREEMENT
<u>BETWEEN BLACK & DECKER, INC. AND LIBERTY MUTUAL</u>**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

Plaintiff ("Emhart") seeks summary judgment or, in the alternative, a ruling in limine, that the settlement agreement between Black & Decker, Inc. (the corporate parent of Emhart) and Liberty Mutual Insurance Co. ("Agreement") is not admissible at trial. There is no reason for the jury to see the Agreement. Irrelevant and extraneous material in the Agreement may prejudice the jury and cause unnecessary confusion. Any pertinence of the Agreement is for this Court in post-verdict adjustment of damages. These are not matters for the jury.

Liberty Mutual provided insurance to an Emhart predecessor. The complaint alleges that the policies applied to the claims in issue here. Those policies covered periods distinct from the policies of the other defendants in issue here.[1] Black & Decker resolved its dispute with Liberty Mutual in 2005. This was part of a larger settlement involving environmental claims at some forty sites (both owned sites and Superfund sites), at least six mass tort toxic exposure claims and policies issued to five entities. The settlement also followed a fifteen-day trial in the District of Massachusetts addressing only two of the other sites, and multiple judicial decisions.[2] The Agreement allocated specific amounts to settlement of each of the claims against Liberty Mutual, including the claims for defense and indemnity concerning the Centredale site in issue here.

In a November 2, 2005 Order (Docket Index 250), Magistrate Judge Lovegreen ordered production of the Agreement. There was no determination that the Agreement was admissible at trial. Rather, the Order relied upon the possible pertinence of the Agreement to legal issues, not

---

1 The OneBeacon policy in issue provided coverage between April 24, 1969 and January 1, 1970 (Complaint, ¶¶ 15-16). The Century policies in issue provided coverage between December 1, 1968 and February 15, 1970 (Id., ¶ 18). The North River policy in issue provided coverage between January 1, 1984 and January 1, 1985 (Id., ¶ 31). None of these policies provided coverage during the periods covered by the Liberty Mutual policies, November 1, 1971 to January 1, 1979 (Id., ¶ 22).

2 Seven decisions are published or are available on electronic databases. Liberty Mutual Insurance Co. v. Black & Decker Corp., 2005 WL 102961 (D. Mass., Jan. 13, 2005); 2005 WL 102964 (D. Mass., Jan. 13, 2005); 383 F. Supp. 2d 200 (D. Mass. 2004); 2004 WL 1941352 (D. Mass., Aug. 25, 2004); 2004 WL 1771589 (D. Mass., Aug 5, 2004); 2004 WL 187387 (D. Mass., Jan. 27, 2004); 2004 WL 187333 (D. Mass. Jan. 16, 2004). In addition, there were a number of unpublished decisions.

issues of fact, noting that such a review "is necessary to determine any support for legal arguments to be made in the future." November 2, 2005 Order at 6 (emphasis in original). Disclosure was limited to counsel of record only.[3] Citing Bennett v. LaPere, 112 F.R.D. 136, 138 (D.R.I. 1986), the Magistrate Judge noted that "the information sought need not be admissible." After an in camera review of the Agreement, this Court denied the objection of Emhart to the Order of the Magistrate Judge (Docket Index 263).

The issue now presented is whether the Agreement may be presented to the jury at trial. Emhart acknowledges that the sums paid to it by Liberty Mutual for this Site may be taken into account in entering judgment after the jury verdict, in accordance with applicable law.

It is settled law that documents such as the Agreement are not admissible at trial and are not to be submitted for consideration by the jury. Both the First Circuit and the Rhode Island Supreme Court have held that allowing a jury to see or consider such agreements in circumstances such as those here is reversible error requiring a new trial. McInnis v. A.M.F., Inc., 765 F.2d 240 (1st Cir. 1985); Votolato v. Merandi, 747 A.2d 455 (R.I. 2000).

The issue here involves the collateral source rule. As stated in Fitzgerald v. Expressway Sewerage Construction, Inc., 177 F.3d 71, 73-74 (1st Cir. 1999), application of this rule has procedural and substantive components. "Whether damages in a tort suit are mitigable by payments originating with a third party depends, quite obviously, on substantive principles. Hence, the state-law collateral source rule supplies the rule of decision. ... It is equally axiomatic, however, that federal evidentiary rules govern in diversity cases." Id. Rhode Island state collateral source law applies here, as implemented by the Federal Rules of Evidence.

---

[3] Emhart and Liberty Mutual have "a compelling interest in keeping the settlement amount confidential," Grove Fresh Distributors, Inc. v. John Labatt Ltd., 888. F. Supp. 1427, 1441 (N.D. Ill. 1995), aff'd, 134 F.3d 374 (7th Cir. 1998), and disclosure of the terms of the Agreement to the jury runs counter to the public policy of maintaining the confidentiality of settlement agreements. See Memorandum of Law of Emhart Industries, Inc. in Support of its Motion for a Protective Order (Docket Index 245) at 4-6

The Rhode Island collateral source rule flatly bars admission of the Agreement here. Votolato, 747 A.2d at 463 (holding evidence of settlement with third party tortfeasors inadmissible both as to the amount of settlement and for impeachment purposes, as "we are of the opinion that evidence concerning the apportionment of fault among tortfeasors by way of settlement agreements introduced at trial is specifically proscribed by Rule 408 and supported by Rhode Island case law"). "[U]nless evidence of a settlement is relevant to some issue, other than the quantum of damages, a trial justice is instructed to bar the admission of such evidence and subsequently to make the appropriate reduction in any jury award rendered in favor of the plaintiff." Id. at 462. This is exactly the procedure that Emhart seeks.

Votolato "reiterated the well-settled rule that evidence of a settlement reached between a plaintiff and a third party tortfeasor is inadmissible." Diaz v. Texeira, 2000 WL 1471607, at *4 (R.I. Super. Ct. 2000) (footnote omitted). Diaz also noted that "'Rhode Island courts have adopted a consistently unsympathetic position toward parties who seek to take gratuitous advantage of agreements in which they took no part.'" Id. at *4 n.13 (quoting Marr Scaffolding Co. v. Fairground Forms, Inc., 682 A.2d 455, 459 (R.I. 1996) (quoting McInnis v. Harley-Davidson Motor Co., 625 F. Supp. 943, 952 (D.R.I. 1986))). Diaz thus excluded evidence of a prior arbitration and release. See also Richmond Square Capital Corp. v. Mittleman, 773 A.2d 882, 887-888 (R.I. 2001) (settlement documents properly excluded due to collateral source rule as well as lack of proof of value of consideration).[4]

The insurers appear to suggest that the Agreement may be admissible as relating to allocation or exhaustion. See OneBeacon/Century Pretrial Memorandum at 29. Even if the insurers were correct that the Agreement is relevant to these issues, which Emhart disputes, that

[4] A focus of recent Rhode Island case law has been a statutory exception to the collateral source rule in medical malpractice cases, an exception not applicable here. See Esposito v. O'Hair, 886 A.2d 1197, 1200-1201 (R.I. 2005) (discussing application of R.I. Gen. Laws, § 9-19-34.1).

would not be a basis for submitting the Agreement to the jury at trial. These are matters for this Court to address in entering judgment on the jury verdict. The parties addressed these issues in the Joint Statement Pursuant to Pre-Trial Conference filed on May 16, 2006 ("Joint Statement"). They are not jury issues. In Ins. Co. of N. Am. v. Kayser-Roth Corp., 770 A.2d 403 (R.I. 2001), cited by the insurers, the credit for settling policies was made by the Court after a bench trial. Submission to a jury was not an issue in Kayser-Roth, just as it was not an issue in any of the cases cited by the insurers in the Joint Statement.[5]

The Agreement is inadmissible under Fed. R. Evid. 408. In McInnis, the First Circuit found the admission in a jury trial of a settlement agreement between plaintiff and a third party to be reversible error requiring a new trial. 765 F.2d at 251. Addressing Rule 408, the court stated that "[i]f the policies underlying Rule 408 mandate that settlements may not be admitted against a defendant who has recognized and settled a third party's claim against him, it is axiomatic that those policies likewise prohibit the admission of settlement evidence against a plaintiff who has accepted payment from a third party against whom he has a claim." Id. at 247.[6]

---

5 Indeed, none of the cases cited by the insurers in the Joint Statement address whether information about settlements may be presented to a jury. Kayser-Roth, as noted, involved allocation after a bench trial. In Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440 (3d Cir. 1996), there was no claim that a settlement agreement erroneously was withheld from the jury. Instead, the claim by the insurers was that the court, in entering judgment on the jury verdict, failed to adjust the verdict to take into account settlements with other insurers. 98 F.3d at 1444, 1449. In finding that the apportionment of liability by the trial court was incorrect, the Koppers court remanded the case "for the sole purpose of allowing the district court to mold the verdict to take account of the settling insurers' apportioned shares of liability." Id. at 1456. Consol. Edison Co. of New York v. Allstate Ins. Co., 774 N.E.2d 687, 689-90 (N.Y. 2002), involved rulings by the court in pretrial orders. There is no indication of any attempt to present any of the settlement agreements to a jury. Gencorp, Inc. v. AIU Ins. Co., 138 Fed. Appx. 732 (6th Cir. 2005), was in the context of summary judgment. Gencorp concerned exhaustion of policies underlying the excess policies in issue. The policies in issue here cover different periods from the period of the Liberty Mutual policies. Thus, there is no issue with exhaustion of underlying Liberty Mutual policies.

6 In American Bridge Co. v. Providence Place Group Limited Partnership, 263 F. Supp. 2d 330 (D.R.I. 2003), this Court addressed the circumstances when information related to a settlement is admissible under Fed. R. Evid. 408. In American Bridge, this Court found that a letter regarding settlement was admissible to explain the operation and scope of a release that was the basis for a motion to dismiss. In contrast to McInnis and Votolato, American Bridge did not involve presentation of the issue to a jury.

The situation here is the same as that in McInnis, in contrast to that of Fitzgerald, where the plaintiff placed the receipt of settlement payments in issue. 177 F.3d at 74-75.

The Agreement also is inadmissible under Fed. R. Evid. 403. The prejudice to Emhart from admission of the Agreement at trial is clear. Most of the Agreement contains material that is irrelevant to this action and presents significant dangers of confusion and prejudice. There is no legitimate reason for a jury to be advised of the amounts paid by Liberty Mutual to resolve insurance coverage disputes regarding sites not at issue in this action. Allowing the presentation of such information to a jury would prejudice the claims of Emhart against the remaining insurers and present the danger of misleading and confusing the jury. In addition, presentation of evidence of other, unrelated claims that are addressed in the Agreement would be unduly prejudicial and should be excluded under Rule 403. CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 144 F.3d 35, 44-45 (1st Cir. 1998) (as "[c]itizens do not look fondly on industrial polluters," there is a "danger such evidence would lead to a decision based on emotion or a desire to punish," thus warranting exclusion under Fed. R. Evid. 403).

For the foregoing reasons, Emhart requests that this Court rule that the Agreement is not admissible at trial.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738030v1 (55451/115705)