UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | ) | Civil Action No. 02-053 S |

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC.**
**CONCERNING ITS RIGHT TO A JURY TRIAL ON COUNTS 5 AND 8**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that Emhart is entitled to a jury trial concerning issues pertinent to its claims for declaratory relief against defendants OneBeacon America Insurance Company ("OneBeacon") and North River Insurance Company ("North River"). This issue is item 3 in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006.

In counts 5 and 8 of its Complaint, Emhart seeks a declaration that, upon exhaustion of underlying policies, OneBeacon and North River will be obligated to indemnify and defend Emhart with respect to the proceeding that the EPA commenced against Emhart pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq. Emhart's entitlement to a jury trial is an issue of federal law concerning the Seventh Amendment right to a jury trial. Simler v. Conner, 372 U.S. 221, 222 (1963). Emhart is entitled

to a jury trial on its claims of declaratory relief because the "basic character" of the relief sought is legal, rather than equitable. Id. at 223; Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) The federal courts have recognized that actions in which insureds seek declaratory relief regarding whether insurance policies provide coverage are claims entitling the parties to jury trials. See, e.g., Township of Haddon v. Royal Ins. Co. of America, 929 F. Supp. 774, 776 (D.N.J. 1996); Stonewall Ins. Co. v. National Gypsum Co., 1992 WL 281401, at *1 (S.D.N.Y. Sept. 25, 1992). Emhart is therefore entitled to a jury trial.

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

Respectfully submitted,

Gerald J. Petros
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Gomes

738027v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC.
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
CONCERNING ITS RIGHT TO A JURY TRIAL ON COUNTS 5 AND 8**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

Emhart seeks summary judgment that it is "entitled to a jury trial concerning issues pertinent to its claims for declaratory relief against OneBeacon and North River."[1] See Joint Statement Pursuant to Pre-Trial Conference ("Joint Statement") at 3. Emhart alleges that the proceeding that the EPA commenced against it pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq., is within the scope of the coverage of the policies issued by the defendant insurers. Count 1 alleges that Century is in breach of contract. In counts 5 and 8,[2] Emhart seeks a declaration that, upon exhaustion of underlying policies, OneBeacon and North River will be obligated to indemnify and defend Emhart. The applicability of the policies to the underlying claim turns on issues of fact pertinent to various policy provisions.

Emhart's entitlement to a jury trial is an issue of federal law concerning the Seventh Amendment right to a jury trial. "[T]he right to a jury trial in the federal court is to be determined as a matter of federal law in diversity.... Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved." Simler v. Conner, 372 U.S. 221, 222 (1963) (citations and footnote omitted).

Defendants' basic position, that "Emhart has no right to a jury trial on these declaratory judgment counts" (Century/OneBeacon Pretrial Memorandum at 27), is contrary to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure. Rule 57 specifically recognizes that in "a declaratory judgment action pursuant to Title 28, U.S.C., § 2201, ... the right to trial by jury may be demanded under the circumstances

---

1 A schedule of the insurance policies at issue in this action is attached as Exhibit 1.

2 The remaining counts concern insurers who are no longer parties.

and in the manner provided in Rules 38 and 39." Rule 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution ... shall be preserved to the parties inviolate." Applying these principles, the Supreme Court has held that parties are entitled to jury trials on claims of declaratory relief when the "basic character" of the relief sought is legal, rather than equitable. E.g., Simler, 372 U.S. at 223 (plaintiff entitled to jury trial as "[t]he fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action," and "[t]he case was in its basic character a suit to determine and adjudicate the amount of fees owing to a lawyer ...."); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) (Declaratory Judgment Act "specifically preserves the right to jury trial for both parties. It follows that if Beacon would have been entitled to a jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first"). Those decisions are in accordance with the Supreme Court having "carefully preserved the right to trial by jury where legal rights are at stake" and determining whether legal rights are sought by "examin[ing] the remedy sought...." Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990).

Applying this principle, courts have recognized that actions in which insureds[3] seek declaratory relief regarding whether insurance policies provide coverage are in their "basic character" claims for damage as to which the parties are entitled to jury trials. E.g., Township of Haddon v. Royal Ins. Co. of America, 929 F. Supp. 774, 776 (D.N.J. 1996) ("The Court

---

[3] The same analysis applies whether it is the insured or the insurer that seeks declaratory relief. E.g., Mutual of New York v. Shaya, 970 F. Supp. 1226, 1227 (E.D. Mich. 1997) (jury trial was mandated, inasmuch as if the "action would [have] arise[n] outside of the declaratory judgment context ... * * * [d]efendant would certainly be entitled to a jury trial on this coverage action if he initiated the suit following the termination of his benefits"). See also Johnson v. Fidelity & Cas. Co. of New York, 238 F.2d 322, 325 (8th Cir. 1956) (where insurer seeks declaratory judgment, "the issues are ones which in the absence of the statute for declaratory relief would be tried at law by a court and jury. In such a case we hold that there is an absolute right to a jury trial ....").

recognizes ... [the] right to a jury trial on whether the terms of a particular policy provide ... coverage"); Stonewall Ins. Co. v. National Gypsum Co., 1992 WL 281401, at *1 (S.D.N.Y. Sept. 25, 1992) (claim "for declaratory judgment that defendant insurers are obligated to pay certain sums and indemnify [insured] for sums within the policy limit … 'at bottom concerns the duty of a contract-obligor to pay money on the fulfillment of a condition' [and] is legal in nature," and "[s]uch claims have routinely been held to present legal issues triable by a jury").

In the Joint Statement, the insurers assert that a state court decision, In re Environmental Insurance Declaratory Judgment Actions, 693 A.2d 844 (N.J. 1997), is applicable to the issue. Environmental Insurance is inapplicable as it was decided under New Jersey law. As previously noted, when a federal court sitting in diversity considers a party's entitlement to a jury trial, the issue is one of federal law, including Seventh Amendment issues. Simler, 372 U.S. at 223. Perhaps recognizing that its decision was not consistent with federal law, Environmental Insurance noted that "[t]he Seventh Amendment right to a jury trial, however, is not binding on the states" and predicated its analysis on whether a right to a jury trial arose under either a New Jersey statute or the New Jersey Constitution. 693 A.2d at 850.

Environmental Insurance held that, under New Jersey law, there is no right to a jury claim in declaratory judgment actions seeking "recovery of future environmental remediation costs." Id. at 853. The distinction Environmental Insurance draws between actions seeking recovery for past and future damages is contrary to the very purpose of the federal Declaratory Judgment Act, to provide an avenue for relief before damages have accrued. As cogently stated by the dissent (id. at 857 (O'Hern, J.)):

> At oral argument, we considered the example of two policyholders, one of which had paid out environmental remediation costs, while the other had not. To characterize the former's coverage action as "legal" and the latter's as "equitable" simply on the basis of when

> the damages accrued is illogical. The distinction renders obsolete longstanding law on jury trial rights in declaratory judgment actions. If an award of a finite amount that can be entered in the judgment is the predicate to a jury trial right, no party to a declaratory judgment action will be entitled to a jury trial. By definition declaratory judgment actions are anticipatory and predate determinations of amount.

In addition to being contrary to federal law, Environmental Insurance is based on considerations and analysis that do not withstand scrutiny. The New Jersey court characterized the insured's declaratory judgment action for future costs as seeking "specific performance." Id. at 851. That assertion is contrary to the decisions, discussed supra, finding that the "basic character" of a declaratory judgment action regarding insurance coverage is an action in damages for breach of contract and the New Jersey court's own recognition that declaratory judgment proceedings regarding insurance policies are "ordinarily … cognizable in … law" and "generally subject to trial by jury." Id. at 854. As stated by the dissent, "[a] declaratory judgment action by a policyholder seeking a declaration that coverage exists is merely an action at law for breach of the insurance contract. A policyholder who seeks such relief is not seeking specific performance but, rather, is seeking to 'terminate and afford relief from the uncertainty, insecurity and controversy'" resulting from the failure of the insurer to provide coverage. Id. at 856. Courts applying federal law have avoided reliance on such labels as specific performance and accounting, but found actions seeking payment of money to be actions at law regardless of the theory of recovery. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477-78 (1962) (trial court erred in denying jury trial because "complaint is cast in terms of an 'accounting', rather than in terms of an action for 'debt' or 'damages'"); Township of Haddon, 929 F.Supp. at 778-79 (insured entitled to jury trial for insurance coverage claim although plaintiff sought "specific performance" of the insurance policy).

Environmental Insurance finds no support in decisions of other state courts since, as the dissent notes, "[w]e were informed at oral argument that no other jurisdiction has denied the right to a jury trial in this type of case." 693 A.2d at 858.[4] The aberrational result in which the New Jersey court "ma[de] an exception to constitutional rights in environmental insurance cases" (id.) apparently was the product of a determination to choose expedience over principle. That decision arose from an unusually complex action seeking coverage for the costs "to clean up over a hundred sites, located in thirty states" and relief beyond paying future costs. Id. at 851. Here, in contrast, there is only one site, and the relief Emhart seeks from OneBeacon and North River will be afforded by the insurers complying with an order to pay future costs. The New Jersey court noted that "the complexity of environmental coverage actions has led to creative procedural responses." Id. at 852. Abridgement of the Seventh Amendment right to a jury trial may be a "creative procedural response[]," but it is not permissible. Environmental Insurance is neither binding nor persuasive.

The Seventh Amendment entitles Emhart to a jury trial on its claims for declaratory relief.

Respectfully submitted,

Gerald J. Petros
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470
Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

[4] E.g., Porter v. Alabama Farm Bureau Mut. Cas. Ins. Co., 187 So.2d. 254, 260 (Ala. 1966) (the right to a jury trial in a declaratory judgment action concerning insurance coverage "is a constitutional right in an action for breach of contract for which the declaratory proceeding is a substitute."); Manneck v. Lawyers Title Ins. Corp., 28 Cal.App.4th 1294, 1300 (1994) (declaratory action regarding insurance coverage "is a matter of right, since the declaratory relief action has been substituted for an action at law for breach of contract").

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738026v1 (55451/115705)

**EXHIBIT 1**

**LIST OF INSURANCE POLICIES**

| Insurer | Policy No. | Period | Limits | Attachment Point |
|---|---|---|---|---|
| Century[1] | GAL 36597 | 02/15/69-01/01/70[2] | $ 100,000 | $ 0 |
| Century[1] | XBC 46961 | 12/01/68-02/15/70 | $ 1,000,000 | $ 100,000 |
| OneBeacon[3] | S-16-07084 | 04/24/69-01/01/70[4] | $ 4,000,000 | $ 1,000,000 |
| North River | 523 313109 9 | 01/01/84-01/01/85 | $ 15,000,000 | $ 1,000,000 |

---

1 These policies were issued by Insurance Company of North America ("INA"). Century acknowledges that it is the successor in interest to INA (see Plaintiff's Local Rule 56(a) Statement of Material Facts, ¶ 7).

2 The policy period stated on this policy is February 15, 1969 through February 15, 1970, but the policy was cancelled effective January 1, 1970 (see Plaintiff's Local Rule 56(a) Statement of Material Facts, ¶ 5).

3 The policy was issued by Employers Surplus Lines Insurance Company ("ESLIC"). One Beacon acknowledges that it is to ESLIC (see Plaintiff's Local Rule 56(a) Statement of Material Facts, ¶ 10).

4 The policy period stated on this policy is April 24, 1969 through February 15, 1972, but the policy was cancelled effective January 1, 1970 (see Plaintiff's Local Rule 56(a) Statement of Material Facts, ¶ 8).