UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | ) | Civil Action No. 02-053 S |

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC. CONCERNING THE DUTY TO DEFEND UNDER CENTURY POLICY GAL 36597**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that Century Indemnity Company ("Century") has a duty to defend Emhart against the claim made by the EPA relating to the Centredale Site under Policy GAL 36597 ("Policy") which Century's predecessor issued to Crown-Metro, Inc. ("Crown-Metro"). This issue is item 2 in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006.

The allegations in the PRP Letter and Administrative Orders issued by the EPA bring the EPA claim within the scope of the Policy. These complaining documents seek damages on account of property damage. Insurance Co. of North America v. Kayser-Roth Corp., 770 A.2d 403, 417 (R.I. 2001). The complaining documents likewise do not allege that damage was expected or intended by the insured, and do not exclude the possibility of damage occurring during the policy period. See Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 746-47 (R.I.

2000); Flori v. Allstate Ins. Co., 388 A.2d 25, 27 (R.I. 1978); Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 216-17 (D.R.I. 1998); O'Donnell v. Twin City Fire Ins. Co., 40 F. Supp. 2d 68, 72-73 (D.R.I. 1999). Emhart provided notice of the claim to Century, and no exclusions apply to bar coverage. See Report and Recommendation (Docket Index 220) at 59 (regarding applicability of "owned property" exclusion). The allegations in the complaining documents raise a "reasonable possibility of coverage" of the claim, Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 215 (D.R.I. 1998), and Century therefore has a duty to provide Emhart with a defense.

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738024v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 02-053 S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT CONCERNING THE DUTY TO DEFEND UNDER CENTURY POLICY GAL 36597**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

Plaintiff ("Emhart") seeks summary judgment that Century Indemnity Company ("Century") has a duty to defend Emhart against the claim made by the EPA relating to the Centredale Site under Policy GAL 36597 ("Policy") which Century's predecessor issued to Crown-Metro, Inc. ("Crown-Metro"). The allegations in the PRP Letter and Administrative Orders issued by the EPA bring the EPA claim within the scope of the Policy, as these complaining documents seek damages on account of property damage, do not allege that damage was expected or intended by the insured, and do not exclude the possibility of damage occurring during the policy period. Emhart provided notice of the claim to Century, and no exclusions apply to bar coverage. Century therefore has a duty to provide Emhart with a defense to the EPA claim.

**1. The Duty To Defend Under Rhode Island Law**

The law pertaining to the duty to defend is discussed at length at pages 4-7 of Exhibit B to Plaintiff's Pretrial Memorandum ("Pretrial Mem."). An insurer must provide a defense when the facts and circumstances alleged in the underlying complaint raise a "reasonable possibility of coverage" of the claim. Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 215 (D.R.I. 1998). Any doubts as to whether the pleadings "encompass an occurrence within the scope of the policy must be resolved in the insured's favor." O'Donnell v. Twin City Fire Ins. Co., 40 F. Supp. 2d 68, 71 (D.R.I. 1999). Where the pleadings fail to specify dates on which contamination occurred or was discoverable, the lack of detail creates the possibility that at least some of the contamination could be covered under the Policy. See Flori v. Allstate Ins. Co., 388 A.2d 25, 27 (R.I. 1978); PIC, 24 F. Supp. 2d at 216-17; O'Donnell, 40 F. Supp. 2d 72-73.

**2. The Complaining Documents Allege "Damages" On Account Of "Property Damage"**

Each of the complaining documents seeks recovery of costs for remediating extensive contamination at the Site. Rhode Island has held that response costs such as those in this case are on account of "property damage," as that term is used in insurance policies. Insurance Co. of N. Am. v. Kayser-Roth Corp., 770 A.2d 403, 417 (R.I. 2001). Other courts have held similarly. See Plaintiff's Memorandum In Support Of Its Motion For Partial Summary Judgment (Docket Index 152) ("SJ Mem.") at 33-34. Here, it is alleged that there are "elevated levels of contaminants," including dioxin and PCBs in surface soil and river sediments, and remediation has been required by the EPA (Tab G at 4-5, 10; Tab H at 7-8, 13).[1] The complaining documents therefore allege "damages" on account of "property damage."

**3. The Complaining Documents Do Not Allege That Damage Was Expected Or Intended**

The Policy defines an occurrence as "an accident, including injurious exposure to conditions, which results, during the policy period, in … property damage neither expected or intended from the standpoint of the insured" (Tab A at CIC 0478). Regardless of the standard applicable to the expected or intended issue,[2] it is not possible to show from the EPA's complaining documents that there was an expectation or intent to cause damage at the Site. The complaining documents are silent with respect to this issue, as they contain little information about what Crown-Metro allegedly did, let alone information about what it intended. The PRP Letter lists hazardous substances, makes the broad statement that "[r]esponsible parties" include

---

1 References to "Tab __" are to the tabbed exhibits in the accompanying Joint Appendix.

2 Emhart asserts that expectation or intent is properly determined under a subjective standard, and that Century has the burden of showing that damage was expected or intended by the insured. See Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Motion For Summary Judgment Concerning The Expected Or Intended Issue Under Rhode Island Law, filed herewith.

those "who arranged for disposal or treatment of hazardous substances found at the Site," and describes Emhart as "a successor to the liability of a chemical company which operated at the Site" (Tab F at 2). In the First Order, the EPA makes findings that "[h]azardous substances were disposed of at the Site as part of former operations of several chemical companies … and a drum recycler …" (Tab G at 2) and that the chemical companies are found to have manufactured hexachlorophene (id. at 3). In the Second Order, the EPA merely states that "[e]vidence suggests that the operations of the chemical companies and the drum reconditioning facility at the Site resulted in releases and threats of releases of hazardous substances at the Site" (Tab H at 3-4). Accordingly, based upon the complaining documents, there is a possibility or potentiality that the EPA claims are for "occurrences" within the meaning of the policies at issue and, accordingly, Century has the duty to defend Emhart. See SJ Mem. at 35-37.

**4. The Complaining Documents Do Not Exclude The Possibility Of Damage Occurring During The Policy Period**

The issue of whether there was damage from an occurrence during a policy period turns on the applicable "trigger" of coverage. In view of the holdings concerning trigger in the Textron and CPC cases,[3] at a minimum the dates on which the contamination was discoverable must be considered. The Supreme Court of Rhode Island has held that where a facility operated between 1960 and 1973, insurance policies that were in effect between 1963 and 1986 could be triggered, as contaminants that entered the environment prior to the inception of the policies would have continued to remain in the soil and be "discoverable" during subsequent policy periods. Textron-Wheatfield, 754 A.2d at 746-47.[4] Since the trigger issue here arises in the

[3] Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 746 (R. I. 2000) ("Textron Wheatfield"); Textron, Inc. v. Aetna Casualty & Surety Co., 723 A.2d 1138, 1142-43 (R.I. 1999) ("Textron Gastonia"); CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 668 A.2d 647, 650 (R.I. 1995). See Pretrial Mem. at 28-31 (discussing trigger of coverage).

[4] The issue in Textron-Wheatfield arose in the context of indemnification, not the duty to defend.

context of the duty to defend, the question is whether there is a "reasonable possibility" that the policies at issue have been triggered based upon the information in the EPA's complaining documents. The PRP Letter is completely silent as to the dates on which contamination first occurred. In the First Order, the EPA alleges that the chemical companies operated "from approximately 1943 to approximately 1971" and that NECC operated "from approximately 1952 to approximately 1969" (Tab G at 3)[5] and that Emhart is liable to the EPA as a result of the operations of "chemical companies which operated at the Site from approximately 1943 to approximately 1971" (id.). In the Second Order, the EPA asserts that that "the operations of the chemical companies and the drum reconditioning facility at the Site resulted in releases and threats of releases of hazardous substances at the Site" (Tab H at 3-4). Such allegations create, at a minimum, the "reasonable possibility" that contamination was discoverable at all times from the commencement of operations at the Site through the time of the EPA orders. See Pretrial Mem. at 5-6.

**5. Emhart Provided Notice**

During the period between July 21, 1999 and April 27, 2001 Emhart provided Century with prompt notice of the EPA's request for information pursuant to Section 104(e) of CERCLA, the PRP Letter, the First Order and the Second Order (Tabs J-M). In particular, the November 22, 2000 letter by which Emhart gave formal notice of the claim to Century under another policy issued to Crown-Metro specifically stated that information was being supplied to Century "as notice of this loss under your confirmed insurance policies and any other policies your investigation identifies" (Tab L at 2). This was sufficient to provide notice of the claim to Century. See Pretrial Mem. at 23-25. Even if there were a dispute as to whether notice was

[5] Emhart contests these dates. However, in determining the duty to defend, the insurer's duty is determined by the allegations in the complaining documents.

timely, Century would have the burden of proving that it suffered prejudice as a result of the date of notice, and it is unable to do so. See Pretrial Mem. at 25.

### 6. No Exclusions Bar The Duty To Defend

The Policy does not contain a pollution exclusion or the waste products exclusion contained in the other Century policy at issue in this action. The only exclusion in the Policy which could conceivably apply to the EPA claim is the "owned property" exclusion, which applies "to property owned or occupied by or rented to the insured, or held by the insured for sale or entrusted to the insured for storage or safekeeping" (Tab A at CIC 0504). It is clear from the EPA complaining documents that the Site includes property that was not owned, rented or used by the insured, including "the flood plain of the Woonasquatucket River from the main portion of the Site south to the Allendale Dam" (e.g., Tab F at 1; Tab G at 2). This exclusion therefore does not absolve Century of its duty to defend. See Pretrial Mem. at 37-41. In connection with the prior summary judgment motions, the Magistrate Judge concluded that "the applicability of the 'owned property' exclusion cannot function as a total bar to Emhart's claim for defense and/or indemnification under the Policies" (Report and Recommendation (Docket Index 220) at 59).

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738023v1 (55451/115705)