UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | ) | Civil Action No. 02-053 S |

**MOTION FOR SUMMARY JUDGMENT OF EMHART INDUSTRIES, INC. CONCERNING THE SUIT ISSUE**

Pursuant to Fed. R. Civ. P. 56 and paragraph 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), moves that this Court enter an Order that the PRP Letter and administrative orders issued by the EPA to Emhart constitute "suits" requiring a defense under the terms of the policies issued by a predecessor of Century Indemnity Company ("Century"). This issue is item 1 in Section I of the Joint Statement Pursuant to Pre-Trial Conference filed by the parties on May 16, 2006.

While the Supreme Court of Rhode Island has not decided whether a PRP letter or EPA administrative orders are the functional equivalent of a "suit" which triggers an insurer's duty to defend under a CGL insurance policy, Rhode Island would likely adopt the majority view that an insurer is obligated to defend its insured in an administrative EPA proceeding. In connection with the previous summary judgment motions filed by the parties, the Magistrate Judge concluded that "Rhode Island would adopt the view that, provided the factual circumstances of

the administrative proceedings are as pronounced as in the present case, a PRP letter and administrative orders are the functional equivalent of 'a suit' and the absence of formal court proceedings by EPA are not necessarily fatal to an insured's request for a defense under a CGL policy" and that "the EPA proceedings and communications, taken in their entirety, do constitute the functional equivalent of a suit." See Report and Recommendation (Docket Index 220) at 43-44.

This position is consistent with the law in a majority of jurisdiction. E.g., Ryan v. Royal Ins. Co. of America, 916 F.2d 731, 741 (1st Cir. 1990) (New York law); Johnson Controls, Inc. v. Employers Ins. of Wausau, 665 N.W.2d 257, 263 (Wis. 2003); R.T. Vanderbilt Co. v. Continental Casualty Co., 870 A.2d 1048, 1063 (Conn. 2005). It is likewise consistent with the Supreme Court of Rhode Island broadly construing the term "judicial proceedings" to include quasi-judicial proceedings, such as arbitration, for purposes of determining whether a statement is privileged. Western Mass. Blasting Corp. v. Metropolitan Prop. & Cas. Ins. Co., 783 A.2d 398, 402-403 & n.3 (R.I. 2001). While a few courts have not followed the majority rule that PRP letters and administrative orders constitute suits, there would still be ambiguity about this policy language, as a "'diversity of judicial thought [as to the meaning of terms in an insurance contract] is proof positive' of ambiguity," and "an ambiguous policy term should be construed in favor of coverage and against the insurer." Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 749 (R. I. 2000).

In support of its motion, Emhart relies on the Memorandum of Law, the Local Rule 56(a) Statement of Undisputed Facts and the Joint Appendix of Exhibits, all filed herewith and incorporated herein.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Lomas

738022v1 (55451/115705)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY,
INSURANCE COMPANY OF NORTH AMERICA,
LIBERTY MUTUAL INSURANCE COMPANY,
NORTH RIVER INSURANCE COMPANY,
ONEBEACON AMERICA INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

Civil Action No. 02-053 S

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT CONCERNING THE SUIT ISSUE**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

Plaintiff ("Emhart") seeks summary judgment that the PRP Letter and administrative orders issued by the EPA to Emhart constitute "suits" requiring a defense under the terms of the Century Indemnity Company ("Century") insurance policies at issue in this action. This issue was already decided in Emhart's favor by Magistrate Judge Lovegreen in his Report and Recommendation (Docket Index 220) ("Report") concerning the previous summary judgment motions filed by the parties. The Court should adopt the Magistrate Judge's ruling and hold that the EPA proceedings against Emhart constitute a suit under the Century policies.

**1. EPA PRP Letters And Administrative Orders Satisfy The "Suit" Requirement**

The Century policies require Century to defend any "suit" in which the claim fits within the scope of coverage (Tab A at CIC 0483; Tab B at CIC 0154).[1] A substantial majority of courts have held that an EPA administrative proceeding against an insured such as that against Emhart is the functional equivalent of a suit, requiring the insurer to provide a defense. The Supreme Court of Rhode Island has not decided whether a PRP letter or EPA administrative orders are the functional equivalent of a "suit" which triggers an insurer's duty to defend under a CGL insurance policy. However, Rhode Island would likely adopt the majority view that an insurer is obligated to defend its insured in an administrative EPA proceeding.

The Magistrate Judge considered this issue in connection with the previous summary judgment motions (Report at 39-44). The Magistrate Judge concluded that "Rhode Island would adopt the view that, provided the factual circumstances of the administrative proceedings are as pronounced as in the present case, a PRP letter and administrative orders are the functional equivalent of 'a suit' and the absence of formal court proceedings by EPA are not necessarily fatal to an insured's request for a defense under a CGL policy" (Report at 43) and that "the EPA

---

[1] References to "Tab __" are to the tabbed exhibits in the accompanying Joint Appendix.

proceedings and communications, taken in their entirety, do constitute the functional equivalent of a suit" (id. at 44).[2]

The Magistrate Judge's conclusion is amply supported. A majority of jurisdictions consider PRP letters and EPA administrative orders to be "suits."[3] For example, in Ryan v. Royal Ins. Co. of America, 916 F.2d 731, 741 (1st Cir. 1990), a case arising in this Court under New York law, the First Circuit, in dicta, concluded that the typical PRP letter or state equivalent, which assumes an "adversarial posture, making sufficiently clear that the force of the State will be brought promptly to bear in a way that threatens the insured with probable and imminent financial consequences," is the functional equivalent of a "suit" for purposes of a standard CGL policy. In reaching this conclusion, the First Circuit looked to "[t]he policy language, the decisions applying New York law, the case law elsewhere, and the theoretical underpinnings of the duty to defend." Ryan, 916 F.2d at 741.

In reaching its decision, the Ryan court cited decisions concluding that arbitration proceedings and various administrative proceedings are functionally equivalent to a "suit," as that term is used in a CGL policy. See Ryan, 916 F.2d at 735-36. For its part, the Supreme Court of Rhode Island has broadly construed a more specific term, "judicial proceedings," to include quasi-judicial proceedings, such as arbitration, for purposes of determining whether a statement is privileged. Western Mass. Blasting Corp. v. Metropolitan Prop. & Cas. Ins. Co., 783 A.2d 398, 402-403 & n.3 (R.I. 2001). That decision is consistent with the cases cited in

---

2 CIC did not object to the Magistrate Judge's conclusion on this issue. See Defendant Century Indemnity Company's Objection to Report and Recommendation (Docket Index 221) at 1-2; but see Century Indemnity Company's Response to Emhart Industries, Inc.'s Objections to the Magistrate Judge's Report (Docket Index 232) and Recommendation at 10 (characterizing the Magistrate Judge's conclusions as "dicta").

3 See Plaintiff's Memorandum in Support of its Motion for Partial Summary Judgment (Docket Index 152) at 27-31 (discussing cases from various jurisdictions); see also Plaintiff's Pretrial Memorandum, Ex. B (Pretrial Memorandum of Law) at 15-17.

Ryan, and demonstrates the Supreme Court of Rhode Island's recognition that words such as "judicial proceedings" or "suit" extend beyond an action brought in a court.

Here, as in Ryan, "there is precious little to commend an inflexible suit-cum-judgment rule as opposed to a standard anchored in the probability that potential liability will actually materialize in the immediate future." Ryan, 783 F.2d at 740. As the First Circuit pointed out, "[g]iven the regulatory scheme, a considerable part of the government's energies vis-a-vis PRPs may be spent prior to the initiation of suit, for example, in negotiations or administrative hearings." Id. at 741. As a result, under CERCLA's strict liability scheme, "the likelihood that PRPs will endure hazardous waste liability does not always – or even often – hinge upon the filing of a formal complaint in court." Id. The Wisconsin Supreme Court found the opposite view – that a PRP letter was not a suit – "unworkable" and has now adopted the majority view. Johnson Controls, Inc. v. Employers Ins. of Wausau, 665 N.W.2d 257, 263 (Wis. 2003) (overruling its prior decision in City of Edgerton v. General Cas. Co. of Wisconsin, 517 N.W.2d 463 (Wis. 1994)). Similarly, the Connecticut Supreme Court recently ruled, as a question of first impression, that "a PRP letter issued by the EPA will always constitute a suit within the meaning of standard comprehensive general liability insurance policy language." R.T. Vanderbilt Co. v. Continental Casualty Co., 870 A.2d 1048, 1063 (Conn. 2005) (emphasis in original).

Rhode Island would most likely adopt this majority view. In Rhode Island, "an ambiguous policy term should be construed in favor of coverage and against the insurer." Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 749 (R. I. 2000); St. Paul Fire & Marine Ins. Co. v. Warwick Dyeing Corp., 26 F.3d 1195, 1199 (1st Cir. 1994) ("[l]anguage that is found to be ambiguous or capable of more than one reasonable interpretation will be construed liberally in favor of the insured and strictly against the insurer"). While a few courts have not followed

the majority rule that PRP letters and administrative orders constitute suits,[4] there would still be ambiguity about this policy language, as a "'diversity of judicial thought [as to the meaning of terms in an insurance contract] is proof positive' of ambiguity." Textron, 754 A.2d at 749 (quoting Zanfagna v. Providence Washington Ins. Co., 415 A.2d 1049, 1051 (R.I. 1980)). When it is faced with "a case of first impression," the Supreme Court of Rhode Island "look[s] to leading authorities and the law of other jurisdictions for guidance…." Liberty Mut. Ins. Co. v. Harbor Ins. Co., 603 A.2d 300, 302 (R.I. 1992). Here, these rules of interpretation all militate in favor of construing "suit" to include PRP letters and similar EPA complaining documents.

**2. The "Suit" Requirement Has Been Met Here**

Under the approach adopted in Ryan and by the Magistrate Judge in the Report, there can be no doubt that the EPA's PRP Letter is the functional equivalent of a suit. The PRP Letter to Emhart is captioned a "NOTICE OF POTENTIAL LIABILITY" (Tab F at 1). It sets forth a "DEMAND FOR PAYMENT OF COSTS" in the amount of $947,140.89 plus interest (id. at 2). While it "urges" Emhart to "voluntarily perform or finance" the future work, which is described in detail, the coercive nature of this "request" is evidenced by the threat that the "EPA may order you to undertake such actions" and the litany of repercussions (including hefty fines, treble damages, and the risk of contribution actions by fellow PRPs) in the event of a failure to comply (id. at 4, emphasis in original). The PRP Letter is dated February 28, and Emhart is given only until March 3 to respond affirmatively (id. at 1, 6). In view of the draconian CERCLA statutory scheme, it would be "naive to characterize the EPA letter as a request for voluntary action." Hazen Paper Co. v. U.S. Fid. & Guar. Co., 555 N.E.2d 576, 581-82 (Mass. 1990).

---

4 See, e.g., Certain Underwriters at Lloyd's of London v. Superior Court, 16 P.3d 94, 102-03 (Cal. 2001).

The adversarial and coercive nature of the PRP Letter was confirmed by subsequent events. On April 12, about six weeks after sending Emhart the PRP Letter, the EPA made good on its threat and ordered compliance (Tab G). In the form of an administrative order, with an administrative docket number and complaint-like caption naming Emhart a "respondent," the First Order is unmistakably adversarial. Its formal findings include that Emhart "is a liable party" under 42 U.S.C. § 9607(a) (Tab G at 9). It orders Emhart to take action, provides that Emhart and the other potentially responsible parties are "jointly and severally responsible for carrying out all activities required of them by this Order," and catalogues the repercussions if Emhart refuses, including civil penalties of up to $27,500 a day and punitive damages amounting to three times costs (id. at 10, 18-19). This document is coercive from beginning to end. The same is true of the Second Order and Third Order, which required Emhart to perform further work (Tabs H, I).

Based on this record, the Magistrate Judge concluded in connection with the previous summary judgment motions that "the EPA proceedings and communications, taken in their entirety, do constitute the functional equivalent of a suit" (Report at 44). There is no basis for reconsidering that ruling.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATION

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia A. Fornas

738021v1 (55451/115705)