UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | ) | Civil Action<br>No. 02-053-S |

**PLAINTIFF'S LOCAL RULE 56(a) STATEMENT OF UNDISPUTED FACTS**
**IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT**

In accordance with Section 1 of the Court's Order of June 28, 2006, plaintiff, Emhart Industries, Inc. ("Emhart"), submits the following as its Statement of Undisputed Facts pursuant to Local Rule 56(a) in support of the eight motions for summary judgment it is filing pursuant to said Order.

1. The Centredale Manor Superfund Site in North Providence, Rhode Island ("Site") has been defined by the EPA to include 2072 Smith Street and 2074 Smith Street in North Providence, Rhode Island, as well as a flood plain of the Woonasquatucket River from the Smith Street locations south to the Allendale Dam, a drainage swale which discharges into a wooded wetland south of the Site and eventually into the Woonasquatucket River and any other location to which contamination from that area has come to be located (e.g., Tab F at 1; Tab G at 2).[1]

---

[1] References to "Tab __" are to the tabbed exhibits in the accompanying Appendix.

2. Atlantic Chemical Co., Inc. and its successor, Metro-Atlantic Inc., are alleged to have operated a textile and chemical manufacturing operation at 2072 Smith Street, North Providence, Rhode Island, from the late 1940s to the early 1970s (Tab G at 4, Tab H at 3, Tab I at 4).[2]

3. New England Container Company allegedly conducted operations at 2074 Smith Street, North Providence, Rhode Island from approximately 1952 to at least 1969 (Tab G at 4, Tab H at 3, Tab I at 4).

4. By Agreement of Consolidation dated November 29, 1968, Metro-Atlantic Inc. and Crown Chemical Corporation formed a new corporation, Crown-Metro, Inc. (Tab H at 3, Tab I at 4; Report and Recommendation (Docket Index 220) ("Report") at 3).

5. Insurance Company of North America ("INA") issued Policy No. GAL 36597 for the period February 15, 1969 through February 15, 1970 to Crown-Metro, Inc., and that policy was cancelled effective January 1, 1970. A true and accurate copy of that policy is included in the Appendix at Tab A.

6. INA issued Policy No. XBC 46961 for the period December 1, 1968 through February 15, 1970 to Crown-Metro, Inc. A true and accurate copy of that policy is included in the Appendix at Tab B.

7. Defendant Century Indemnity Company ("Century") is the successor in interest to INA (Counterclaim and Cross-Claim of Defendant Century Indemnity Company (Docket Index 173), ¶ 1).

8. Employers' Surplus Lines Insurance Company issued Policy No. S-16-07084 for the period April 24, 1969 through February 15, 1972 to Crown Metro, Inc., and that policy was

[2] These are the dates of operation alleged by the EPA. Emhart contests these dates.

cancelled by Crown-Metro effective January 1, 1970 (see Tab O). A true and accurate copy of that policy is included in the Appendix at Tab C.

9. Policy No. S-16-07084 states that it is "subject to all the terms and conditions of Policy No. XBC64674 issued by I.N.A." A true and accurate copy of INA Policy No. XBC 64674 is included in the Appendix at Tab D.

10. Defendant OneBeacon America Insurance Company is the successor to Employer's Surplus Lines Insurance Company (OneBeacon America Insurance Company's Statement of Undisputed Material Facts (Docket Index 160), ¶ 3).

11. In approximately 1969, USM Corporation acquired the business of Crown-Metro, Inc., and Crown-Metro, Inc. became a wholly-owned subsidiary of USM Corporation (Report at 3).

12. In or about 1976, USM merged with a subsidiary of Emhart, with the surviving entity retaining the name USM Corporation. That entity subsequently merged with and into Emhart in 1987 (Report at 3-4).

13. Defendant North River Insurance Company issued Policy No. 523 313109 9 for the period January 1, 1984 through January 1, 1985 to Emhart. A true and accurate copy of that policy is included in the Appendix at Tab E.

14. On February 28, 2000, the United States Environmental Protection Agency ("EPA") issued a Notice of Potential Liability for the Centredale Manor Superfund Site ("PRP Letter") to Emhart. A true and accurate copy of the PRP Letter is included in the Appendix at Tab F.

15. Following receipt of the PRP Letter, Emhart and other entities who had received PRP Letters entered into negotiations with the EPA, but those negotiations did not result in an agreement with the EPA (Tab G at 3; Tab H at 5-6).

16. On April 12, 2000, the EPA issued a Unilateral Administrative Order for Removal Action ("First Order") captioned In the Matter of Centredale Manor Restoration Project Superfund Site (U.S. EPA Region I CERCLA Docket No. CERCLA1-2000-0026) and naming Emhart and four other entities as respondents. A true and accurate copy of the First Order is included in the Appendix at Tab G.

17. On March 26, 2001, the EPA issued a Second Administrative Order for Removal Action ("Second Order") captioned In the Matter of Centredale Manor Restoration Project Superfund Site (U.S. EPA New England CERCLA Docket No. CERCLA-1-2001-0032) and naming Emhart and the four other PRPs as respondents. A true and accurate copy of the Second Order is included in the Appendix at Tab H.

18. In September 2003, the EPA issued a Third Administrative Order On Consent For Removal Action ("Third Order") captioned In the Matter of Centredale Manor Restoration Project Superfund Site (U.S. EPA Region I CERCLA Docket No. 01-2003-0073) to Emhart and a number of other PRPs. A true and accurate copy of the Third Order is included in the Appendix at Tab I.

19. None of the allegations of the PRP Letter, the First Order, the Second Order or the Third Order put the Centredale Manor claim outside the scope of coverage of Policy No. GAL 36597 (Tabs F-I).

20. The allegations of the PRP Letter, the First Order, the Second Order and the Third Order raise a reasonable possibility that there were "occurrences," as defined in Policy No. GAL 36597, during the policy period of that policy (Tabs F-I).

21. The allegations of the PRP Letter, the First Order, the Second Order and the Third Order raise a reasonable possibility that during the policy period of Policy GAL 36597, property damage resulted at the Site that was neither expected nor intended from the standpoint of Emhart and its predecessors in interest (Tabs F-I).

22. Emhart provided notice of loss to Century regarding the Centredale Manor claim under a number of INA policies by letter dated July 21, 1999. A true and accurate copy of that letter (without attachments) is included in the Appendix at Tab J.

23. Emhart forwarded the PRP Letter to Century by letter dated March 14, 2000. A true and accurate copy of the March 14 letter (without attachments) is included in the Appendix at Tab K.

24. By letter dated November 22, 2000, Emhart specifically provided notice to Century and demanded defense and indemnification under INA Policy No. XBC 46961 issued to Crown Metro, Inc. A true and accurate copy of the November 22 letter (without attachments) is included in the Appendix at Tab L.

25. Emhart advised Century of the Second Administrative Order by letter dated April 27, 2001. A true and accurate copy of the April 27 letter (without attachments) is included in the Appendix at Tab M.

26. In response to the PRP Letter, Emhart retained the law firm of Swidler Berlin Shereff Freedman LLP ("SBSF"), now Bingham McCutchen LLP, to represent it. In its defense of the EPA claim, SBSF conducted an investigation to identify PRPs with respect to the Site who

had not been identified by the EPA. A number of the PRPs that it located contributed to the cost of remediating the Site and are likely to contribute to future remediation costs (Tab N at 197, 204).

27. Emhart sought to reduce its liability in connection with the EPA claim by ensuring that all PRPs share in the past and future costs of remediating the site on an equitable basis and attempted to do so without litigation (Tab N at 181, 213-15). Bernard Buonanno and the Estate of Joseph Buonanno were PRPs who refused to pay a portion of the costs of remediating the Centredale Site. After their refusal, Emhart commenced litigation to assert claims of contribution and indemnification against them and thereby limit the amount of its liability in connection with the EPA proceeding (id. at 182-83). Emhart commenced an adversary proceeding pursuant to bankruptcy law in an attempt to ensure that assets of another PRP, New England Container Company, Inc. ("NECC"), were available for remediation of the Site (id. at 179, 190). The purpose of that proceeding was also to limit Emhart's liability to the EPA for costs of remediating the Site.

28. Tabs A-P of the Appendix contain accurate copies of documents produced, deposition excerpts and pleadings in this action.

Respectfully submitted,

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02902
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: July 24, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATION**

To:

James T. Murphy, Esquire
Kelly N. Michels, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903

Kevin J. O'Connor, Esquire
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, Massachusetts 02110

Mark T. Nugent, Esquire
Michael Marcello, Esquire
Michael T. Farley, Esquire
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141

John T. Harding, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210

James T. McCormick, Esquire
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, Rhode Island 02903

Lawrence A. Nathanson, Esquire
Siegal & Napierkowski
533 Fellowship Road
Mount Laurel, New Jersey 08054

I hereby certify that on the 24th day of July, 2006, a copy of the within document was served by first class mail, postage prepaid, upon the counsel of record listed above.

Cynthia Gomes

738071v1 (55451/115705)