UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER IT HAS A DUTY TO DEFEND UNDER ITS 1969 PRIMARY POLICY |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, moves, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, LR Cv 56, and this Court's June 28, 2006 order, for the entry of an order declaring that Century has no duty to defend plaintiff Emhart Industries, Inc. under Century's 1969 primary policy for the EPA's claim against Emhart in connection with the environmental contamination at the Centredale Manor Restoration Project Superfund Site. Alternatively, Century respectfully requests that the Court defer a decision on this issue until after the Court first resolves the parties' dispute over trigger of coverage.

In support of its motion, Century relies on the attached (1) Statement of Undisputed Facts in Support of Century's Motion for Partial Summary Judgment on Whether It Has a Duty to Defend under Its 1969 Policy, and (2) Memorandum of Law in Support of

Century's Motion for Partial Summary Judgment on Whether It Has a Duty to Defend under Its 1969 Policy.

Dated: July 21, 2006

MCKENNA & McCORMICK

By: ______________________

James T. McCormick
MCKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br>Plaintiff,<br>v.<br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER IT HAS A DUTY TO DEFEND UNDER ITS 1969 PRIMARY POLICY |

## I. INTRODUCTION

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), submits this memorandum of law in support of Century's motion for partial summary judgment on Century's duty to defend under its 1969 primary policy. Century has no duty to defend plaintiff Emhart Industries, Inc. ("Emhart") because Emhart cannot prove, and the EPA has not alleged, that the dioxin contamination at the Centredale Manor Restoration Project Superfund Site (the "Site") was discovered in 1969, manifested itself in 1969, or was discoverable in the exercise of reasonable diligence in 1969.[1]

[1] The parties disagree as to whether trigger of coverage can be resolved before trial. *See* Joint Statement Pursuant to Pre-Trial Conference at 13-15. Thus, Century has not addressed the merits of that issue herein. The purpose of this brief is to demonstrate that trigger of coverage and other issues must be resolved before the Court can determine whether Century has a duty to defend. Whether Century has a duty to defend is also dependant on whether the EPA's administrative action is a "suit" and whether Emhart is a corporate successor to Crown-Metro, Inc. Century is submitting a separate brief on whether the EPA's administrative action is a "suit." The parties disagree as to whether corporate successorship can be resolved before trial. *See* Joint Statement Pursuant to Pre-Trial Conference at 7.

## II. ARGUMENT

### A. Emhart must prove that the dioxin contamination at the Site was discovered, manifested itself, or was discoverable in the exercise of reasonable diligence in 1969.

Century only has a duty to defend a "suit" seeking damages on account of property damage "caused by an occurrence."[2] An "occurrence" is an accident, which results during the policy period in property damage.[3] Emhart has the burden of proving an "occurrence." *Providence Journal Co. v. Travelers Indem. Co.*, 938 F.Supp. 1066, 1073 (D.R.I. 1996).[4] Rhode Island law requires that Emhart prove that the property damage was discovered, manifested itself, or was discovered in the exercise of reasonable diligence during the policy period. *CPC Intern., Inc. v. Northbrook Excess & Surplus Ins. Co.*, 668 A.2d 647, 649 (R.I. 1995). To show that property damage was discoverable in the exercise of reasonable diligence during the policy period, Emhart must prove that (1) the dioxin contamination occurred during 1969, (2) the dioxin contamination was capable of being detected in 1969, and (3) Crown-Metro had reason to test for the dioxin contamination in 1969. *Textron, Inc. v. Aetna Cas. and Sur. Co.*, 754 A.2d 742, 745-746 (R.I. 2000) (*Textron-Wheatfield*).

### B. Extrinsic evidence of whether dioxin contamination was discovered, manifested itself, or was discoverable in the exercise of reasonable diligence in 1969 is admissible.

Under Rhode Island law, an insurer has a duty to defend if the factual allegations in the complaint raise a reasonable possibility of coverage. *Nortek, Inc. v. Liberty Mut. Ins. Co.*, 858 F.Supp. 1231, 1236 (D.R.I. 1994). An insurer cannot rely on facts not asserted in the complaint to avoid its duty to defend. *Id.* If, however, the complaint is silent and the relevant facts regarding coverage will not be determined in the underlying action, extrinsic evidence is

[2] Statement of Undisputed Facts, ¶ 2.
[3] Statement of Undisputed Facts, ¶ 3.
[4] Emhart and Century agree that Century's policies are to be determined in accordance with Rhode Island law. Report and Recommendation (2/15/05) at 39.

admissible to show that the claim is not covered. *Delta Airlines v. State Farm Fire and Cas. Co.*, 96 F.3d 1451 (9th Cir. 1996) (unpublished opinion); *see also Western Heritage Ins. Co. v. River Entertainment,* 998 F.2d 311, 314-15 (5th Cir. 1993); *Millers Mut. Ins. Ass'n of Illinois v. Ainsworth Seed Co.,* 552 N.E.2d 254, 256 (Ill.App.4 Dist. 1989); *Burd v. Sussex Mutual Ins. Co.,* 267 A.2d 7, 9-10 (N.J. 1970); B. Ostrager & T. Newman, *Handbook on Insurance Coverage Disputes* § 5.02[b] at 259-263 (12th ed. 2003).

The Rhode Island Supreme Court follows this same approach. In both *Textron, Inc. v. Aetna Cas. and Sur. Co.,* 723 A.2d 1138 (R.I. 1999) (*Textron-Gastonia*) and *Textron-Wheatfield,* the lower court granted the insurers' motions for summary judgment based on trigger of coverage. *Textron-Gastonia,* 723 A.2d at 1140-1141; *Textron-Wheatfield,* 754 A.2d at 745. The Rhode Island Supreme Court reversed because disputed issues of material fact as to whether the contamination was discoverable in the exercise of reasonable diligence during the policy period precluded summary judgment. *Textron-Gastonia,* 723 A.2d at 1144; *Textron-Wheatfield,* 754 A.2d at 747. Significantly, the Rhode Island Supreme Court did not enter judgment in favor of the policyholder on the duty to defend. It left that issue for trial.[5]

Judge Lovegreen followed this same approach in his Report and Recommendation with respect to Emhart's and Liberty Mutual Insurance Company's cross-motions for summary judgment on Liberty Mutual's duty to defend. Judge Lovegreen denied both motions because he could not determine from the EPA's allegations whether the sudden and accidental pollution exclusion in Liberty Mutual's policies barred coverage. Report and Recommendation (2/15/05)

[5] Other states that apply a manifestation trigger – like Rhode Island – hold that a policyholder must first prove trigger of coverage before the policyholder can claim that the insurer owes a duty to defend. *See e.g., Korossy v. Sunrise Homes, Inc.,* 653 So.2d 1215, 1231 (La.App. 5 Cir. 1995); *Peerless Ins. Co. v. Strother,*765 F.Supp. 866, 870 (E.D.N.C. 1990).

at 60. Thus, whether Liberty Mutual had a duty to defend would depend upon consideration of extrinsic evidence at trial.

The cases that Emhart references in the Joint Statement Pursuant to Pre-Trial Conference are distinguishable. In *O'Donnell v. Twin City Fire Ins. Co.,* 40 F.Supp.2d 68 (D.R.I. 1999), coverage depended upon when the alleged act, error, or omission occurred. That issue would be determined in the underlying action. Similarly, in *Flori v. Allstate Ins. Co.,* 120 R.I. 511, 388 A.2d 25 (1978), the issue as to when the negligence occurred would be resolved in the underlying case. In *Employers Mut. Cas. v. PIC Contractors, Inc.,* 24 F.Supp.2d 212 (D.R.I. 1998), the underlying claims did not involve property damage. Also, the insurance policies at issue, in contrast to Century's 1969 primary policy, did not require that the bodily injury take place during the policy period. *Id.* at 216.

**C. Whether dioxin contamination was discovered, manifested itself, or was discoverable in the exercise of reasonable diligence in 1969 will not be determined in the underlying action.**

The EPA's allegations do not state when Emhart discovered the dioxin contamination at the Site, when the dioxin contamination at the Site manifested itself to Emhart, or when the dioxin contamination at the Site was discoverable to Emhart in the exercise of reasonable diligence. Although, it does appear from the allegations that the discovery was recent. The EPA did not discover dioxin contamination at the Site until 1998, and did not advise Emhart it was potentially responsible until 2000.[6]

Moreover, the underlying action will not resolve this issue. Under CERCLA, Emhart is strictly liable for the dioxin contamination at the Site as an alleged successor to a

[6] Statement of Undisputed Facts, ¶¶ 4-7. Similarly, Emhart's pleadings in this case do not allege that Emhart discovered the dioxin contamination at the Site in 1969, that the dioxin contamination at the site manifested itself to Emhart in 1969, or that the dioxin contamination at the Site was discoverable to Emhart in 1969 in the exercise of reasonable diligence.

person who operated the facility at the time hazardous substances were disposed. 42 U.S.C. §9607(a)(2). Thus, when Emhart discovered the contamination is not at issue in the underlying action.

## III. CONCLUSION

The EPA does not allege when Emhart discovered the dioxin contamination at the Site, when the dioxin contamination at the Site manifested itself to Emhart, or when the dioxin contamination at the Site was discoverable to Emhart in the exercise reasonable diligence. Moreover, that issue will not be resolved in the underlying action. Thus, the Court should either rule that Century has no duty to defend under its 1969 primary policy or defer a ruling on that issue until after the Court decides the trigger of coverage issue.

Dated: July 21, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America