UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC. : | |
| : | |
| v. : | C.A. No. 02-53S |
| : | |
| HOME INSURANCE COMPANY, : | |
| INSURANCE COMPANY OF NORTH : | |
| AMERICA, LIBERTY MUTUAL : | |
| INSURANCE COMPANY, NORTH : | |
| RIVER INSURANCE COMPANY, : | |
| ONEBEACON AMERICA INSURANCE : | |
| COMPANY and UNITED STATES FIRE : | |
| INSURANCE COMPANY : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This diversity action arises out of several insurance contract disputes related to environmental contamination at the Centredale Manor Superfund site located near the Woonasquatucket River in North Providence, Rhode Island. Before this Court for preliminary review, findings and recommended disposition is Plaintiff, Emhart Industries, Inc.'s ("Emhart") Motion for Summary Judgment Concerning the Admissibility of the Settlement Agreement between Black & Decker, Inc. (Emhart's corporate parent) and Liberty Mutual Insurance Co. (a former defendant in this case). (Document No. 321); 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). Defendants Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, North River Insurance Company, and OneBeacon America Insurance Company (collectively the "Insurers"), have responded with their own Motion requesting Permission to use the Settlement Agreement at trial. (Document No. 307). The Court has determined that no hearing

is necessary to resolve these Motions. For the reasons discussed below, this Court recommends that Emhart's Motion (Document No. 321) be GRANTED and the Insurers' Motion (Document No. 307) be DENIED.

### Discussion

On November 2, 2005, Magistrate Judge Lovegreen overruled Emhart's confidentiality objection and held that the Settlement Agreement was discoverable. (Document No. 250). Judge Lovegreen concluded that the Settlement Agreement was relevant to certain issues including exhaustion and allocation. Id. at p. 5. He reasoned that full discovery of the Settlement Agreement by the Insurers was "necessary to determine any support for legal arguments to be made in the future." Id. at p. 6. He did not, however, address the issue of whether or not the Settlement Agreement was admissible at trial.

In their Motion, the Insurers reiterate Judge Lovegreen's conclusion that the Settlement Agreement is relevant to the issues of exhaustion and allocation but provide no convincing support for their argument that the Settlement Agreement should be admitted at trial for consideration by the jury. As noted by Judge Lovegreen, the Settlement Agreement may well be relevant to future "legal arguments" in this case, but such arguments are appropriately addressed to the Court in the context of a post-verdict adjustment of damages, if awarded, in the entry of final judgment.

The Settlement Agreement extends beyond this litigation. It resolved Emhart's claim against Liberty Mutual in this case and also was part of a larger settlement of a number of other similar environmental coverage disputes between those parties, some of which were then pending in the District of Massachusetts. Emhart relies primarily upon McInnis v. A.M.F., Inc., 765 F.2d 240 (1st Cir. 1985) and Votolato v. Merandi, 747 A.2d 455 (R.I. 2000). In both of those cases, it was held

that the admission of a settlement agreement at a jury trial was reversible error. In McInnis, the First Circuit held that it was "doubtful" that even an artfully crafted curative instruction would "eradicate the prejudice" of erroneously admitting evidence of a settlement to the jury. 765 F.2d at 252. In addition, it noted that a post-verdict adjustment of damages was the "proper procedure for guarding against over compensation when [Fed. R. Evid.] 408 precludes the admission of a settlement agreement." Id. at 251. Similarly, in Votolato, the Rhode Island Supreme Court followed McInnis and held that the proper procedure was for the trial justice to bar admission of the settlement agreement at trial and "later reduce any jury award rendered in favor of the plaintiff by the corresponding amount of the third-party settlement." 747 A.2d at 461.

Although the Insurers provide legal support for their argument as to the legal relevance of the Settlement Agreement, the precedent they rely upon (such as Ins. Co. of N. Am. v. Kayser-Roth Corp., 770 A.2d 403 (R.I. 2001) and GenCorp., Inc. v. AIU Ins. Co., Nos. 04-3244, 04-3377, 138 Fed. Appx. 732 (6th Cir. 2005)) simply does not support their admissibility argument. This Court finds the approach taken in McInnis and Votolato to be sound law and applicable to this case.

Even if the Settlement Agreement was otherwise admissible, this Court also recommends that it be excluded under Fed. R. Evid. 403. Because the Settlement Agreement extends well beyond this case, the potential for jury confusion in this already complex matter outweighs the probative value of the Settlement Agreement. Further, there is a legitimate danger of unfair prejudice to Emhart by disclosing the Settlement Agreement to the jury. Cf. CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 144 F.3d 35, 45 (1st Cir. 1998) ("[c]itizens do not look fondly on industrial polluters" and evidence of other environmental problems could lead to "a decision based on emotion or a desire to punish," thus warranting exclusion under Fed. R. Evid. 403).

**Summary**

For the foregoing reasons, this Court recommends that Emhart's Motion (Document No. 321) be GRANTED and the Insurers' Motion (Document No. 307) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2006