UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC. : : v. : C.A. No. 02-53S : HOME INSURANCE COMPANY, : INSURANCE COMPANY OF NORTH : AMERICA, LIBERTY MUTUAL : INSURANCE COMPANY, NORTH : RIVER INSURANCE COMPANY, : ONEBEACON AMERICA INSURANCE : COMPANY and UNITED STATES FIRE : INSURANCE COMPANY : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This diversity action arises out of several insurance contract disputes related to environmental contamination at the Centredale Manor Superfund Site (the "Site") located near the Woonasquatucket River in North Providence, Rhode Island. Before this Court for preliminary review, findings and recommended disposition is Plaintiff, Emhart Industries, Inc.'s ("Emhart"), Motion for Summary Judgment Concerning Recovery of Certain Costs. (Document No. 317); 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America (collectively "Century"), has responded with its own Motion For Partial Summary Judgment on Whether Century's Alleged Duty to Defend Extends to Costs Incurred Pursuing Other Potentially Responsible Parties ("PRPs"). (Document No. 310). The Court has determined that no hearing is necessary to resolve these Motions. For the reasons discussed below, this Court recommends that Emhart's

Motion (Document No. 317) be GRANTED and Century's Motion (Document No. 310) be DENIED.

### Discussion

Under the Century policies in dispute, it has a "duty to defend any suit against the insured seeking damages on account of [ ] bodily injury or property damage...." However, to the extent any duty to defend is found to exist, Century contends that it should not include the costs incurred by Emhart pursuing claims against other PRPs in connection with environmental contamination at the Site. Emhart, on the other hand, contends that pursuing other PRPs is "defensive" in nature, and such costs are recoverable under the applicable policies. Emhart further argues that its efforts to identify other PRPs were aimed solely at reducing its ultimate liability at the Site. For the reasons discussed below, this Court agrees with Emhart.

Under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, a responsible party's liability for cleanup costs is joint and several unless the party meets the heavy burden of proving that the environmental harm is divisible. See Centerior Serv. Co. v. Acme Scrap Iron & Metal Co., 153 F.3d 344, 348 (6th Cir. 1998) ("[R]arely if ever will a PRP be able to demonstrate divisibility of harm, and therefore joint and several liability is the norm."). Generally, a jointly and severally liable party is individually responsible for all liability but may have a right of contribution or indemnity from a nonpaying but responsible party. Accordingly, CERCLA contains a statutory right to contribution from other liable or potentially liable parties, 42 U.S.C. § 9613(f)(1), which was intended to encourage a liable or potentially liable party to search out and identify all other PRPs in order to reduce its own liability for cleanup costs. See United Tech. Corp. v. Browning-Ferris Indus., Inc., 33 F.3d 96, 103 (1st Cir.

1994) ("Contribution" under CERCLA "refers to an action by a responsible party to recover from another responsible party that portion of its cost that are in excess of its *pro rata* share of the aggregate response costs. ....").

In view of CERCLA's statutory liability/contribution scheme, this Court concludes that Emhart's pursuit of other PRPs is defensive in nature and the costs of such pursuit are recoverable if a duty to defend is established. In Great West Cas. Co. v. Marathon Oil Co., 315 F. Supp. 2d 879, 882 (N.D. Ill. 2003), the Court held that the duty to defend encompasses fees and costs incurred in counterclaims or third-party actions aimed at shifting liability for the claim as to which the duty to defend exists. The Court reasoned that a "'[d]efense' is about avoiding liability" and "seeking third-party contribution and indemnification are a means of avoiding liability just as clearly as is contesting the claims alleged to give rise to liability." Id. See also Oscar W. Larson Co. v. United Capitol Ins. Co., 845 F. Supp. 458, 461 (W.D. Mich. 1993), *aff'd*, 64 F.3d 1010 (6th Cir. 1995) (Duty to defend affirmative claims extends to those "reasonable and necessary to limit or defeat liability."). Since Emhart's pursuit of other PRPs was aimed at reducing or avoiding liability, this Court concludes that such efforts were defensive in nature and are recoverable if Emhart prevails and establishes a duty to defend on Century's part.

This Court has thoroughly reviewed the cases cited by Century in support of its argument that the duty to defend does not extend to costs incurred in pursuing "affirmative relief" such as counterclaims and cross-claims, and finds such authority to be distinguishable. See, e.g., Silva & Hill Constr. Co. v. Employers Mut. Liab. Ins. Co., 97 Cal. Rptr. 498, 506 (Cal. Ct. App. 1971) ("The duty to defend could not extend to requiring the insurer to take affirmative action to recover money withheld by the state [as a late performance penalty]."). Century has not cited any cases dealing with

this particular issue in the context of CERCLA's unique liability scheme or a third-party claim for contribution arising under analogous circumstances. As noted above, Emhart's pursuit of other PRPs was purely defensive in nature and aimed solely at reducing its, and thus its insurers', potential exposure to liability. It was not an independent claim for affirmative relief. Thus, the costs associated with the pursuit of other PRPs are recoverable in the event Emhart establishes that a duty to defend exists.

### Summary

For the foregoing reasons, this Court recommends that Emhart's Motion (Document No. 317) be GRANTED and Century's Motion (Document No. 310) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond

LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2006