**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., | ) | |
| | ) | Civil Action No.: 02-053-S |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE CO. and UNITED STATES FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S**
**MOTION FOR SUMMARY JUDGMENT**
**ON THE "ALLOCATION" ISSUE**

Pursuant to Fed.R.Civ.P. 56, LR Cv 56, the Court's Order dated June 28, 2006 and the Court's Order at the Hearing on August 3, 2006, defendant The North River Insurance Company ("North River") requests that the Court enter an Order granting it summary judgment with respect to the issue of "allocation." [*See* Joint Statement Pursuant to Pretrial Conference, 5/16/06 at 19-20, Issue No. III.7]. Specifically, North River requests that the Court declare that in the event Plaintiff Emhart Industries, Inc. ("Emhart") is entitled to coverage under the policy issued to Emhart by North River, then Emhart's costs must be allocated on a *pro rata* by time on the risk basis over all years in which there was "property damage" at the Centredale Manor Superfund Site (the "Centredale Site").

As grounds for this Motion, North River relies upon its Statement of Undisputed Facts ("North River's St.") and supporting Memorandum of Law filed herewith and further states as follows:

1. North River issued a "Commercial Comprehensive Catastrophe Liability Policy," No. 523-313109-9, to Emhart that was in effect during the period from January 1, 1984 to January 1, 1985 (the "North River Policy") [North River's St., ¶1; Joint Appendix of Exhibits to the Parties' Motions for Summary Judgment Dated July 24, 2006 ("Joint App."), Ex. E].

2. The North River Policy states that "the Company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, or assumed by the insured under contract, for:. . .(c) Property Damage Liability, . . .arising out of an occurrence." [North River's St., ¶3].

3. The North River Policy defines "Property Damage" to mean "physical injury to or destruction of tangible property ***which occurs during the policy period***, including the loss of use thereof at any time resulting therefrom. . ." [North River's St., ¶4 (emphasis added)].

4. The North River Policy defines "Occurrence" to mean "(a) with respect to Bodily Injury Liability or Property Damage Liability, injurious exposure to conditions which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the insured. All damages arising out of such exposure to substantially the same general conditions shall be considered as arising out of one occurrence." [North River's St., ¶5].

5. The Court has previously determined that New York law applies to all issues relating to the North River Policy. [Report and Recommendation, February 15, 2005 at 38-39 (PACER No. 220); Memorandum and Order, May 17, 2005 (PACER No. 238)].

6. The Court has further determined that Emhart bears the burden of proving that there was an "occurrence" (as defined in the North River Policy) at the Centredale Site. [Order, 8/4/06 at 2-3].

7. The New York Court of Appeals, as well as federal courts applying New York law, have clearly and consistently ruled that in cases involving property damage where the "occurrence" takes place over a long period of time, the costs incurred by the policyholder must be allocated on a *pro rata* basis over the entire period of alleged injury. *Consolidated Edison Co. of New York, Inc. v. Certain Underwriters of Lloyd's, London*, 98 N.Y. 2d 208, 221-225, 774 N.E. 2d 687, 693-696 (2002); *Olin Corp. v. Insurance Company of North America*, 221 F.3d 307, 321-327 (2d Cir. 2000); *Sybron Transition Corp. v. Security Ins. Co. of Hartford*, 258 F.3d 595, 597-602 (7th Cir. 2001) (applying New York law); *Serio v. Public Service Mutual Ins. Co.*, 304 A.D 2d 167, 171, 759 N.Y.S. 2d 110, 113 (2d Dept. 2003).

8. Here, there is no dispute (and Emhart affirmatively alleges) that there was "property damage" resulting from dioxin contamination at the Centredale Site not later than 1968 and continuing until 1999, when the United States Environmental Protection Agency notified Emhart of the contamination at the Centredale Site. [North River's St., ¶8].

9. Indeed, Emhart's expert witness, John R. Kastrinos, has opined as follows: "Based on the above information and observations, it is my professional opinion that dioxins and PCBs that would have been detected between 1968 and 1985 (had they been sampled for and analyzed) were present at concentrations as great or greater than concentrations detected at the property from the mid-1990s through the present." [North River's St., ¶9 and Ex. A thereto]. Thus, Emhart clearly claims that there was continuous "property damage" at the Centredale Site at all times from at least 1968 through 1999.

10. Given the facts of this claim and settled principles of New York law, the Court should rule that if Emhart proves that it is entitled to coverage under the North River Policy, then Emhart's costs must be allocated on a *pro* rata by time on the risk basis over the entire period of property damage at the Centredale Site.

11. Insofar as North River's Motion seeks only a legal declaration by the Court as to the applicable rule of allocation, there is no reason for the Court to delay entering the requested declaration. Allocation is a matter of contract construction for the Court, not a question of fact for the jury.

***For the reasons stated above*** and in its supporting Memorandum of Law, North River respectfully requests that the Court enter an Order declaring that if it is established at trial that Emhart is entitled to coverage under the North River Policy, then Emhart's costs must be allocated on a *pro rata* by time on the risk basis to each year in which there was property damage at the site.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**
By its attorneys,

/s/ Mark T. Nugent
Mark T. Nugent, RI Bar# 2637
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

John T. Harding, *pro hac vice*
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: August 9, 2006

**CERTIFICATION**

I hereby certify that on this _9_________ day of __Aug______ 2006, a copy of the foregoing was via ECF/mailed, postage prepaid, to:

Jack R. Pirozzolo
Rick Binder
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

James T. McCormick #2614
128 Dorrance Street - Suite 330
Providence, RI 02903
(401) 831-2970

John F. Glowacki
220 Lake Drive East, Suite 304
Cherry Hills, NJ 08002
(856) 667-2080

Ian Wallach
Kimball Ann Lane
Luce, Forward, Hamilton & Scripps LLP
153 East 53rd Street, 26th Floor
New York, NY 10022
(212) 744-1414

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110-3113
(617) 728-0050

Lawrence Nathanson
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054-3412
(856) 380-8900

________/s/ Michael T. Farley_________



1016143v1