UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S |

**STATEMENT OF FACTS IN SUPPORT OF ONEBEACON AMERICA INSURANCE COMPANY'S MOTION (POLLUTION EXCLUSION) FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a), OneBeacon America Insurance Company ("OneBeacon") submits the following statement of undisputed facts in support of its Motion for Partial Summary Judgment seeking an order that as originally provided to OneBeacon, the INA Crown Metro Policy contained an absolute pollution exclusion which excludes coverage:

1. Emhart Industries, Inc. ("Emhart") brought this declaratory judgment action against OneBeacon and several of its insurers seeking to establish that the insurers must defend and indemnify Emhart for costs associated with an Environmental Protection Agency-ordered cleanup of contamination at the Centerdale Manor Superfund Site in North Providence, Rhode Island (the "Loss"). (See Joint Appendix, Tab P).[1]

[1] The Joint Appendix was submitted to the Court on July 24, 2006.

2. OneBeacon, as successor-in-interest to Employers Surplus Lines Insurance Company ("ESLIC"),[2] issued a single excess umbrella liability policy to Crown Metro, Inc. ("Crown Metro"), an Emhart predecessor,[3] for the period from April 24, 1969 to January 1, 1970 (the "OneBeacon Policy"). (See id., Tab C).

3. The OneBeacon Policy is an excess umbrella policy and grants coverage subject to the terms of the underlying Insurance Company of North America ("INA") umbrella policy (the "INA Crown Metro Policy"). (See id.).

4. The original period of the OneBeacon Policy was April 24, 1969 through February 15, 1972 and provided for a $4M aggregate limit over the life of the OneBeacon Policy; however, approximately eight (8) months after the OneBeacon Policy became effective, Crown Metro was acquired by USM Corporation ("USM") and cancelled the Policy. (See id., Tabs C and O).

5. USM subsequently included Crown Metro under its policies. (See id., Tab 0).

6. At the time the OneBeacon Policy was issued the INA Crown Metro Policy contained the following pollution exclusion: [4]

POLLUTION AND CONTAMINATION EXCLUSION ENDORSEMENT

ENDORSEMENT #5

Is it agreed that:

---

[2] OneBeacon and ESLIC are hereinafter collectively referred to as OneBeacon.

[3] Crown Metro and Emhart are hereinafter collectively referred to as Emhart.

[4] The INA Crown Metro Policy was amended, after the OneBeacon Policy was issued, to replace this exclusion with a different pollution exclusion. That different exclusion never became part of the OneBeacon Policy, because it was issued after the OneBeacon Policy was issued to Crown Metro. However, even if that different exclusion were part of the Policy, OneBeacon is entitled to summary judgment for the reasons stated in the Motion for Summary Judgment filed by Century Indemnity in late 2003/early 2004. OneBeacon joins in the pertinent parts of that Motion.

> "(Except with respect to the products hazard), such insurance as is afforded by this policy or any other endorsement thereto shall not apply to any claim for damages arising out of contamination or pollution of land, air, water or other real or personal property."
>
> (A3228).[5]

7. In its Complaint, Emhart describes the claims at issue:

> 32. Pursuant to the Comprehensive Response, Compensation and Liability Act. …the. …EPA. …commenced a proceeding against Emhart. …asserting that Emhart is a potentially responsible party. …with respect to alleged contamination at the so-called Centerdale Manor Superfund Site. …
>
> (A2006, ¶ 32).

8. The products hazard is defined in the INA Crown Metro Policy as "… Property damage arising out of the Insured's products …, but only if the … property damage occurs away from premises owned by or rented to the Insured and after physical possession of such products has been relinquished to others." (P0584).[6]

[5] Citations beginning with the prefix "A" are from the Joint General Appendix of Exhibits to the Parties' Summary Judgment Papers, which was submitted to the Court in connection with the summary judgment motions filed in late 2003 and early 2004.

[6] Citations beginning with the prefix "P" are from the Joint Appendix of Policies Referenced in the Parties' Summary Judgment Papers, which was submitted to the Court in connection with the summary judgment motions filed in late 2003 and early 2004.

**ONEBEACON AMERICA INSURANCE COMPANY**
By its Attorneys,

/s/ Peter C. Netburn

______________________________

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
Hermes, Netburn, O'Connor,
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052 (f)

Dated: August 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 9, 2006.

/s/ Peter C. Netburn

______________________________

Peter C. Netburn

G:\DOCS\MSB\Clients\OneBeacon\Emhart - 15035\Pleadings\Statement of Facts - pollution exclusion.doc