UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | ) | CIVIL ACTION NO. CA 02-053S |
| v. | ) | |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ONEBEACON AMERICA INSURANCE COMPANY'S MOTION (REFORMATION) FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a), OneBeacon America Insurance Company ("OneBeacon") submits the following statement of undisputed facts in support of its Motion for Partial Summary Judgment seeking an order that the OneBeacon Policy follows the form of the INA Crown Metro Policy:

1. Emhart Industries, Inc. ("Emhart") brought this declaratory judgment action against OneBeacon and several of its insurers seeking to establish that the insurers must defend and indemnify Emhart for costs associated with an Environmental Protection Agency-ordered cleanup of contamination at the Centerdale Manor Superfund Site in North Providence, Rhode Island (the "Loss"). (See Joint Appendix, Tab P).[1]

[1] The Joint Appendix was submitted to the Court on July 24, 2006.

2. OneBeacon, as successor-in-interest to Employers Surplus Lines Insurance Company ("ESLIC"),[2] issued a single excess umbrella liability policy to Crown Metro, Inc. ("Crown Metro"), an Emhart predecessor, for the period from April 24, 1969 to January 1, 1970 (the "OneBeacon Policy"). (See id., Tab C).

3. The OneBeacon Policy is an excess umbrella policy and grants coverage subject to the terms of the underlying Insurance Company of North America ("INA") umbrella policy (the "INA Crown Metro Policy"). (See id.).

4. The Declarations page of the OneBeacon Policy states that it follows the form of INA Policy No. XBC64674, an earlier-in-time INA Policy issued to Crown Chemical Company, a corporate predecessor of Crown Metro (the "INA Crown Chemical Policy"). (See id.).

5. The original period of the OneBeacon Policy was April 24, 1969 through February 15, 1972 and provided for a $4M aggregate limit over the life of the OneBeacon Policy; however, approximately eight (8) months after the OneBeacon Policy became effective, Crown Metro was acquired by USM Corporation ("USM") and cancelled the Policy. (See id., Tabs C and O).

6. USM subsequently included Crown Metro under its policies. (See id., Tab 0).

7. By letter dated March 21, 1969, Crown Metro, through its brokers, asked OneBeacon to provide a quote on a proposed umbrella liability policy, with limits of $5.0 million, excess only of Crown Metro's primary insurance. (A3202).[3]

---

[2] OneBeacon and ESLIC are hereinafter collectively referred to as OneBeacon.

[3] Citations beginning with the prefix "A" are from the Joint General Appendix of Exhibits to the Parties' Summary Judgment Papers, which was submitted to the Court in connection with the summary judgment motions filed in late 2003 and early 2004.

8. On April 15, 1969, OneBeacon provided that quotation. (A3202).

9. Crown Metro did not accept that quote. (A3202).

10. On May 9, 1969, Crown Metro, again acting through its brokers, sent OneBeacon a copy of the INA Crown Metro policy, which provides the first $1.0 million of the $5.0 million umbrella insurance layer upon which OneBeacon was asked to provide a quote. (A3202).

11. As issued, the OneBeacon Policy provides the remaining $4.0 million of that layer of excess coverage. (P0700).

12. Mr. Vincent Puccio was the OneBeacon underwriter with whom Crown Metro's brokers communicated regarding this matter. (A3202).

13. Mr. Puccio filled in a draft Declarations Page for the OneBeacon Policy, using a preprinted "Daily Report" form. (A3202).

14. The preprinted form read:

> Employers' Surplus Lines Insurance Company . . . Agrees with the Insured named below in consideration of the payment of the premium and, except as herein provided, subject to all the terms and condition of Policy No. ________________ issued by ________________________
>
> to:
> Item 1. <u>INSURED:</u> ___________________
>
> (A3215).

15. In the space for the issuing company, he wrote "INA." (A3203).

16. In the blank space for the policy number, Mr. Puccio wrote "XBC 64674," the number of the Crown Chemical, not the Crown Metro, INA policy. (A3203).

17. This was a clerical error. (A3203).

18. Mr. Puccio did not have a copy of the INA Crown Chemical policy; he only had the INA Crown Metro policy. The declarations page of the INA Crown Metro policy contained both policy numbers. (A3203).

19. Mr. Puccio, however, wrote the wrong policy number in by mistake, intending to write in the number of the INA Crown Metro policy. (A3203).

20. This mistake was carried through when the typed version of the OneBeacon policy was prepared and issued to Crown Metro. (A3203).

21. Mr. Puccio's universal practice in writing following form coverage was to follow form to contemporaneous, lower level policies or to contemporaneous policies sharing the same level of insurance. (A3203).

22. He did not write such coverage following form to expired policies. (A3203).

23. Crown Metro, for its part, also did not intend the OneBeacon Policy to follow form to the INA Crown Chemical policy. That would have been a highly unusual situation, unique in Mr. Puccio's experience. (A3203).

24. If Crown Metro had intended that result, there would have been some indication of it in the underwriting file. However, there is none. (A3204).

25. The Declarations Page clearly states that the OneBeacon policy incorporates the terms of a policy "issued by I.N.A. to . . . INSURED: Crown Metro Inc." (A3261-64).

**ONEBEACON AMERICA INSURANCE COMPANY**
By its Attorneys,

/s/ Peter C. Netburn

______________________________

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
Hermes, Netburn, O'Connor
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052 (f)

Dated: August 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 9, 2006.

/s/ Peter C. Netburn

______________________________

Peter C. Netburn

G:\DOCS\MSB\Clients\OneBeacon\Emhart - 15035\Pleadings\Statement of Facts - reformation scr.doc