UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE ADMISSIBILITY OF THE SETTLEMENT AGREEMENT BETWEEN BLACK AND DECKER, INC. AND LIBERTY MUTUAL INSURANCE COMPANY |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, pursuant to Fed.R.Civ.P. 72(b) and LR Cv 72, objects to the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated August 2, 2006, recommending that Emhart's motion be granted and that Century's motion be denied with respect to the admissibility at trial of the settlement agreement between Black and Decker, Inc. and Liberty Mutual Insurance Company (the "Settlement Agreement"), for the following reasons:

1. The Report and Recommendation incorrectly concludes that the Settlement Agreement is only relevant to future legal arguments in this case and "are appropriately addressed to the Court in the context of a post-verdict adjustment of damages, if awarded, in the entry of a final judgment [Report and Recommendation at 2]." That conclusion ignores Century's contention that the amount allocated to the Centredale site under the Settlement Agreement is not appropriate or fair because it was designed to maximize Century's

exposure in this case. Century plans to prove its contention, in part, by contrasting the amount allocated to the Centredale site under the Settlement Agreement with the overall amount of the settlement, and with the amounts allocated to other sites under the Settlement Agreement. Whether the amount allocated to the Centredale site under the Settlement Agreement is fair or appropriate is a factual issue for the jury to decide. Any post-verdict adjustment of damages will not address Century's contention, if it merely reduces the amount of the award against Century by the amount allocated to the Centredale site under the Settlement Agreement.

2. For this same reason, the Report and Recommendation improperly relies upon *McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985), and *Votolato v. Merandi*, 747 A.2d 455 (R.I. 2000), for the proposition that the proper procedure is for this Court to bar admission of the Settlement Agreement, and then later reduce any jury award in favor of Emhart by the amount of the settlement [Report and Recommendation at 2-3]. Following that procedure will not address whether the amount allocated to the Centredale site under the Settlement Agreement is fair or appropriate.

3. The Report and Recommendation also incorrectly concludes that the potential confusion and prejudice of admitting the Settlement Agreement outweighs its relevance. The harm to Century outweighs any potential confusion or prejudice. Emhart is seeking over $3.5 million in defense costs from Century, less the amount allocated to Liberty Mutual under the Settlement Agreement. Liberty Mutual issued significantly more policies than Century, with significantly higher limits. The amount allocated to Liberty Mutual under the Settlement Agreement for defense costs is only a small portion of the amount Emhart is seeking. Thus, Century should be entitled to show that the amount of that allocation is not fair or

appropriate. Otherwise, Century could be held liable for what should be Liberty Mutual's fair share.

WHEREFORE, Century respectfully requests that the Court sustain its objections to the Report and Recommendation, and then grant Century's motion and deny Emhart's motion with respect to the admissibility of the Settlement Agreement.

Dated: August 9, 2006

McKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

# CERTIFICATION

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 9th day of August 2006:

Gerald J. Petros, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Mark T. Nugent, Esq.
Michael Marcello, Esq.
Michael T. Farley, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

John T. Harding, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor & Spearing, P.C.**
256 Franklin Street, 7th Floor
Boston, MA 02110

Kerri A. Vecoli

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE ADMISSIBILITY OF THE SETTLEMENT AGREEMENT BETWEEN BLACK AND DECKER, INC. AND LIBERTY MUTUAL INSURANCE COMPANY |

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, incorporates by reference the Memorandum of Law in Support of Defendants' Motion Requesting Permission to Use Settlement Agreement at Trial, filed on July 24, 2006, in support of its objections to the Magistrate Judge's Report and Recommendation on the admissibility of the settlement agreement between Black and Decker, Inc. and Liberty Mutual Insurance Company.

Dated: August 9, 2006

McKENNA & McCORMICK

By: [signature]
James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

\- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

## CERTIFICATION

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 9th day of August 2006:

Gerald J. Petros, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Mark T. Nugent, Esq.
Michael Marcello, Esq.
Michael T. Farley, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

John T. Harding, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor & Spearing, P.C.**
256 Franklin Street, 7th Floor
Boston, MA 02110

Kerri A. Vecoli