UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER ITS 1969 PRIMARY POLICY BASED ON TRIGGER OF COVERAGE |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, moves for partial summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and LR Cv 56, under Century's 1969 primary policy based on trigger of coverage.

In support of its motion, Century relies on the attached (1) Statement of Undisputed Facts in Support of Century's Motion for Partial Summary Judgment Under Its 1969 Primary Policy Based on Trigger of Coverage, and (2) Memorandum of Law in Support of Century's Motion for Partial Summary Judgment Under Its 1969 Primary Policy Based on Trigger of Coverage.

Dated: August 9, 2006

MCKENNA & McCORMICK

By: ______________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

\- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**CERTIFICATION**

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 9th day of August 2006:

Gerald J. Petros, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Mark T. Nugent, Esq.
Michael Marcello, Esq.
Michael T. Farley, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

John T. Harding, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor**
**& Spearing, P.C.**
256 Franklin Street, 7th Floor
Boston, MA 02110

Kerri A. Vecoli

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br>Plaintiff,<br>v.<br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER ITS 1969 PRIMARY POLICY BASED ON TRIGGER OF COVERAGE |

## I. **INTRODUCTION**

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), submits this memorandum of law in support of Century's motion for partial summary judgment under its 1969 primary policy. Century is entitled to summary judgment because it is undisputed that (1) plaintiff Emhart Industries, Inc. ("Emhart") did not discover the environmental contamination at the Centredale Manor Restoration Project Superfund Site (the "Site") during Century's policy period, (2) the environmental contamination at the Site did not manifest itself to Emhart during Century's policy period, and (3) the environmental contamination at the Site was not discoverable by Emhart in the exercise of reasonable diligence during Century's policy period in that Emhart never owned the Site and conducted no operations at the Site during Century's policy period.

## II. STATEMENT OF THE ISSUE

On January 4, 2004, Century filed a motion for summary judgment under its 1969 excess policy based, in part, on trigger of coverage. Also, on that date, defendant OneBeacon America Insurance Company ("OneBeacon") filed a separate motion for summary judgment based, in part, on trigger of coverage. Subsequent to filing those motions, Century filed a counterclaim against Emhart seeking a declaratory judgment with respect to Century's 1969 primary policy.

On February 15, 2005, Magistrate Judge Lovegreen issued a Report and Recommendation denying both Century's and OneBeacon's motions for summary judgment without addressing the merits of the trigger of coverage argument. With respect to Century, Magistrate Judge Lovegreen recommended that no determination be made concerning Century's obligations under its 1969 excess policy until the Court first determined Century's obligations under its 1969 primary policy [Report and Recommendation (2/15/05) at 55]. With respect to OneBeacon, Magistrate Judge Lovegreen recommended that no determination be made until the Court first determined whether OneBeacon's policy should be reformed [Report and Recommendation (2/15/05) at 52].

Both Century and OneBeacon filed objections to the Report and Recommendation. On May 17, 2005, the Court entered a Memorandum and Order denying Century's and OneBeacon's objections. The Court accepted and adopted Magistrate Judge Lovegreen's Report and Recommendation in total.

On August 4, 2006, the Court entered an Order denying both Emhart's and Century's cross-motions for summary judgment on whether Century has a duty to defend under the 1969 primary policy. The Order was based on the Court's August 3, 2006 bench ruling, in

which the Court held that whether coverage was triggered under the 1969 primary policy would depend upon the actual facts as opposed to the allegations in the underlying charging documents. Also, on August 4, 2006, the Court entered an Order declaring that Emhart has the burden of proving an "occurrence" under Century's policies.

## III. ARGUMENT

### A. Emhart must prove that the contamination at the Site was discovered, manifested itself, or was discoverable in the exercise of reasonable diligence in 1969.

Century's 1969 primary policy covers property damage "caused by an occurrence." An "occurrence" is an accident, which results during the policy period in property damage. Under Rhode Island law, Emhart must prove that the property damage was discovered, manifested itself, or was discovered in the exercise of reasonable diligence during the policy period. *CPC Intern., Inc. v. Northbrook Excess & Surplus Ins. Co.*, 668 A.2d 647, 649 (R.I. 1995). To show that property damage was discoverable in the exercise of reasonable diligence during the policy period, Emhart must prove that (1) the contamination occurred during 1969, (2) the contamination was capable of being detected in 1969, and (3) the actual policyholder had reason to test for the contamination in 1969. *Textron, Inc. v. Aetna Cas. and Sur. Co.*, 754 A.2d 742, 745-746 (R.I. 2000) (*Textron-Wheatfield*).

### B. Based on the undisputed facts, Emhart cannot meet its burden.

Emhart did not discover the contamination at the Site during 1969, and the contamination at the Site did not manifest itself to Emhart in 1969.[1] Thus, Emhart must prove that the contamination at the Site was discoverable by Emhart in the exercise of reasonable diligence in 1969. Emhart cannot do so because it cannot prove it had reason to test for the contamination that year. Emhart had no reason to conduct environmental testing at the Site in

[1] Statement of Undisputed Facts, ¶¶ 6-7.



EMHART\80506BR.TRIGGER

1969 because it is undisputed that Emhart's predecessor, Crown-Metro, Inc. ("Crown-Metro"), never owned the Site and conducted no operations at the Site in 1969.

In November of 1968, Metro Atlantic Chemical Company ("Metro-Atlantic") and Crown Chemical Company ("Crown Chemical") merged and formed a new company called Crown-Metro. Metro Atlantic's activities ceased at that time and its operations were moved to a facility on Dudley Street in downtown Providence. Crown-Metro never conducted manufacturing operations at the Site.[2]

Crown-Metro also never owned the Site. From July 8, 1943 until May 4, 1971, Centredale Enterprises, Inc. owned the Site.[3] Because Crown-Metro never owned the site and conducted no operations at the Site in 1969, it had no reason to conduct environmental testing at the Site in 1969.

To try to meet its burden of proof, Emhart relies, in part, on the opinion of its expert, J. Ronald Hass, Ph.D., to show that Crown-Metro had reason to test the Site in 1969. Dr. Hass, however, did not consider whether Crown-Metro had reason to test the Site in 1969. Instead, he considered whether a hypothetical "reasonable person" would have tested the Site in 1969 [A3133].[4] By a reasonable person, Dr. Hass means a "relatively small manufacturing facility [A5112-A5113]". Dr. Hass, however, did not consider whether a "relatively small manufacturing facility" that never owned the Site and conducted no operations at the Site in 1969 would have conducted environmental testing at the Site in 1969. As such, Dr. Hass's opinion does not support Emhart's assertion that Crown-Metro had reason to test the Site in 1969.

---

[2] Statement of Undisputed Facts, ¶ 5.

[3] Statement of Undisputed Facts, ¶ 4.

[4] Citations beginning with the prefix "A" are from the Joint General Appendix of Exhibits to the Parties' Summary Judgment Paper, which was submitted to the Court in connection with the summary judgment motions filed in late 2003 and early 2004.

Emhart also relies on the Rhode Island Supreme Court's pair of *Textron* decisions. In both cases, the Rhode Island Supreme Court held that summary judgment for the insurer was inappropriate because the policyholder had come forward with some evidence that its employees were aware of leaks and spills at the Site during the relevant policy periods. For example, in *Textron, Inc. v. Aeta Cas. and Sur. Co.*, 723 A.2d 1138 (R.I. 1999) ("*Textron-Gastonia*"), Textron owned and operated the manufacturing facility during the relevant policy periods. *Id.* at 1140. Based on "affidavits provided by former and current employees at the Gastonia site indicating the occurrence of leaks and spills during the policy period," the court found that a genuine issue of fact exists as to whether the contamination was discoverable in the exercise of reasonable diligence during the policy period. *Id.* Similarly, in *Textron-Wheatfield,* Textron either leased or owned the site during the relevant policy periods. 754 A.2d at 743. Textron also offered evidence that its employees were aware of spills and leaks during the policy periods. *Id.* at 747.

In contrast to those cases, Crown-Metro never owned the Site and conducted no business operations at the Site during the relevant policy period. Thus, Crown-Metro had no reason to test the site in 1969. As such, Emhart cannot prove that the environmental contamination at the Site was discoverable to Crown-Metro--the actual policyholder--in the exercise of reasonable diligence during the term of the 1969 primary policy. Hence, Century is entitled to summary judgment.

Dated: August 9, 2006

McKENNA & McCORMICK

By: [signature]

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**CERTIFICATION**

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 9th day of August 2006:

Gerald J. Petros, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Mark T. Nugent, Esq.
Michael Marcello, Esq.
Michael T. Farley, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

John T. Harding, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor & Spearing, P.C.**
256 Franklin Street, 7th Floor
Boston, MA 02110

Kerri A. Vecoli