UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CENTURY'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER ITS 1969 PRIMARY POLICY BASED ON TRIGGER OF COVERAGE |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, pursuant to LR CV 56(a), submits the following statement of undisputed facts in support of Century's motion for partial summary judgment under its 1969 primary policy based on trigger of coverage:

1. Century issued Policy No. GAL 36597 ("Century's 1969 primary policy") to Crown-Metro, Inc. ("Crown-Metro") for the period from February 15, 1969 to January 1, 1970. The limits under Century's 1969 primary policy are $100,000. [Joint Appendix (7/24/06): Tab A.]

2. The insuring agreement in Century's 1969 primary policy states:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
>
> A. bodily injury or
> B. property damage

to which this insurance applies, **caused by an occurrence** and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payments of judgments or settlements.

[Joint Appendix (7/24/06): Tab A at CIC 0483 (emphasis added).]

3. Century's 1969 primary policy defines an "occurrence" as:

an accident, including injurious exposure to conditions, **which results, during the policy period,** in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

[Joint Appendix (7/24/06): Tab A at CIC 0478 (emphasis added).]

4. From July 8, 1943 until May 4, 1971, Centredale Enterprises, Inc. owned the Centredale Manor Restoration Project Superfund Site (the "Site"). Crown-Metro never owned the Site [A0335].[1]

5. Crown-Metro was the newly formed company created by the consolidation of Metro Atlantic Chemical Company ("Metro Atlantic") and Crown Chemical Company ("Crown Chemical") in November 1968 [A0340; A5000]. All of Metro Atlantic's activities at the Site ceased upon the company's consolidation with Crown Chemical in November 1968 [A0340; A2038]. The Metro Atlantic operations were moved to a facility on Dudley Street in downtown Providence [*Id.*]. Crown-Metro never conducted manufacturing activities at the Site [A0337; A1085].

[1] Citations beginning with the prefix "A" are from the Joint General Appendix of Exhibits to the Parties' Summary Judgment Papers, which was submitted to the Court in connection with the summary judgment motions filed in late 2003 and early 2004.

6. Emhart first became aware of the alleged releases of contaminants at or from the Site as a result of the Request for Information Pursuant to Section 104 of CERCLA and Section 3007 of RCRA for the Site, dated June 17, 1999, that was received by Linda H. Biagioni on June 21, 1999 [A2018; A3051].

7. The manifestation of the environmental contamination at the Site did not take place until the '80s or '90s [A5207; A5223].

Dated: August 9, 2006

McKENNA & McCORMICK

By: ___________________

James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

## CERTIFICATION

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorneys on the 9th day of August 2006:

Gerald J. Petros, Esq.
**Hinckley, Allen & Snyder LLP**
1500 Fleet Center
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
**Willcox, Pirozzolo & McCarthy**
50 Federal Street
Boston, MA 02110

Mark T. Nugent, Esq.
Michael Marcello, Esq.
Michael T. Farley, Esq.
**Morrison, Mahoney & Miller, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

John T. Harding, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210

James T. Murphy, Esq.
Attorney Kelly N. Michels
**Hanson Curran LLP**
146 Westminster Street
Providence, RI 02903

Larry A. Nathanson, Esq.
**Siegal, Napierkowski & Park**
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Kevin J. O'Connor, Esq.
Peter Netburn, Esq.
**Hermes, Netburn, O'Connor & Spearing, P.C.**
256 Franklin Street, 7th Floor
Boston, MA 02110

Kerri A. Vecoli