UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MOTION OF EMHART INDUSTRIES, INC. FOR RECONSIDERATION REGARDING THE COURT'S RULING ON THE DUTY TO DEFEND UNDER CENTURY POLICY GAL 36597**

Plaintiff, Emhart Industries, Inc. ("Emhart"), moves for reconsideration of the portion of the Court's Order dated August 4, 2006 that denied Emhart's motion for summary judgment concerning the duty of defendant Century Indemnity Company ("Century") to defend Emhart under Policy No. GAL 36597. As grounds for this motion, Emhart states:

1. Pursuant to the Court's Order of June 28, 2006, the parties filed simultaneous motions for summary judgment on a number of issues, including Century's duty to defend under Policy No. GAL 36597. No responsive briefs were permitted.

2. Under the law of Rhode Island law, the duty to defend is determined solely on the basis of the charging documents, and a duty to defend exists unless the charging documents preclude the possibility of coverage. Flori v. Allstate Ins. Co., 388 A.2d 25, 26 (R.I. 1978);

Employers' Fire Ins. Co. v. Beals, 240 A.2d 397, 403 (R.I. 1968); Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 216-17 (D.R.I. 1998).

3. In its summary judgment memorandum regarding the duty to defend, Century asserted that there was an exception to this rule and extrinsic evidence may be considered if "the complaint is silent and the relevant facts regarding coverage will not be determined in the underlying action…." See Century Memorandum at 2-3. Century had not made this argument in its prior filings regarding the duty to defend.

4. The authority cited by Century for the proposition that, in certain circumstances, a determination of the duty to defend may be deferred until there has been a decision on the merits of the underlying claim is contrary to Rhode Island law, which requires that a duty to defend be determined strictly on the basis of the pleadings. The cases cited by Century are inapposite as involving undisputed facts that contradicted the allegations in the pleadings. In circumstances similar to the instant case, this Court, applying Rhode Island law, ruled that there was a duty to defend where the facts alleged in the complaining documents provided insufficient information to determine whether the injury was discoverable during the policy period. PIC, 24 F. Supp. 2d at 216-17. The exception advocated by Century would impermissibly erode the distinction between the duty to defend, which is determined on the basis of the pleadings, and the duty to indemnify, which is determined on the basis of the facts developed at trial. Beals, 240 A.2d at 403.

5. In the Bench Ruling issued on August 3, 2006, the Court denied Emhart's motion for summary judgment concerning Century's duty to defend Emhart against the claim made by the EPA. The Bench Ruling stated that the charging documents, which set forth the EPA claim against Emhart, indicated the existence of issues of fact regarding whether there was an

occurrence during the policy period. However, any disputes regarding the facts require Century to defend. Beals, 240 A.2d at 403. The Court should therefore reconsider its denial of Emhart's motion for summary judgment.

In support of its motion, Emhart relies on the memorandum of law filed herewith and on the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Motion For Summary Judgment Concerning The Duty To Defend Under Century Policy GAL 36597 filed on July 24, 2006, which are incorporated herein.

Respectfully submitted,

/s/Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 10, 2006

**Certificate of Service**

I hereby certify that on August 10, 2006, a copy of foregoing Motion for Reconsideration was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (FAX)
gpetros@haslaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS MOTION FOR RECONSIDERATION REGARDING THE COURT'S RULING ON THE DUTY TO DEFEND UNDER CENTURY POLICY GAL 36597**

Gerald J. Petros (#2931)
Hinckley Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August __, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## INTRODUCTION

At the hearing on August 3, 2006, the Court denied Emhart's motion for summary judgment concerning Century's duty to defend Emhart against the claim made by the EPA. In its Bench Ruling, the Court stated that the charging documents, which set forth the EPA claim against Emhart, indicated the existence of issues of fact regarding whether there was an occurrence during the policy period. The law of Rhode Island provides that the duty to defend is determined solely on the basis of the complaining documents and that a duty to defend exists unless the charging documents preclude the possibility of coverage. Applying those principles, the failure of the charging documents to include sufficient information to determine whether there was an occurrence during the policy period entitles Emhart to summary judgment that Century has a duty to defend. Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 216-17 (D.R.I. 1998).

Century cited four cases from other jurisdictions for the proposition that the duty to defend may be determined on the basis of extrinsic evidence under certain circumstances. That proposition is contrary to Rhode Island law, which requires that a duty to defend be determined strictly on the basis of the pleadings. It is the duty to indemnify, not the duty to defend, that is determined on the basis of the facts proved in the underlying claim. Further, the cases cited by Century are inapposite. In those cases, the court considered undisputed facts that were contrary to the allegations in the pleadings. Here, there are no such undisputed facts. Century has a duty to defend. Employers' Fire Ins. Co. v. Beals, 240 A.2d 397, 403 (R.I. 1968). The Court should reconsider its denial of Emhart's motion and enter judgment in Emhart's favor regarding Century's duty to defend.

## ARGUMENT

### 1. Rhode Island Does Not Recognize The Exception Proposed By Century To The Pleadings Test

In its summary judgment memorandum, Century recognized that "[a]n insurer cannot rely on facts, not asserted in the complaint to avoid its duty to defend." See Century Mem. at 2. Century then erroneously asserted[1] that there was an exception to this rule that permitted extrinsic evidence to be considered if "the complaint is silent and the relevant facts regarding coverage will not be determined in the underlying action…." Id. at 2-3. However, Century cited no cases applying Rhode Island law in support of this proposition, relying instead on four cases from other jurisdictions. Rhode Island strictly employs the "pleadings test" under which the allegations of the complaint "determine[] the insurer's duty to defend even if the known facts conflict with the facts alleged" in the underlying complaint. Flori v. Allstate Ins. Co., 388 A.2d 25, 26 (R.I. 1978). Thus, under Rhode Island law, "a liability insurer's duty to defend is predicated not upon information in its possession which indicates or even proves non-coverage, but instead upon the allegations in the complaint filed against the insured." Employers' Fire Ins. Co. v. Beals, 240 A.2d 397, 403 (R.I. 1968). Rhode Island courts have never recognized the exception to the pleadings test that Century proposes, but instead have strictly applied the pleadings test to determine the duty to defend. See Progressive Cas. Ins. Co. v. Narragansett Auto Sales, 1997 WL 839923, at *2-3 & n.1 (R.I. Super. Ct. June 2, 1997) (noting that "the Rhode Island Supreme Court has recognized only one very narrow exception to the application of the pleadings test" in cases involving sexual molestation of children).

---

[1] The scheduling order for the summary judgment motions provided for simultaneous briefing with no responding briefs. As a result, Emhart had no opportunity to respond to Century's assertion, which was not raised in prior filings regarding the duty to defend.

In applying the pleadings test, an insurer's duty to defend "is resolved by comparing the complaint [in the underlying action] with the policy issued by the insurer; if the complaint discloses a statement of facts bringing the case potentially within the risk coverage of the policy, the insurer will be duty-bound to defend…." Flori, 388 A.2d at 26; see Beals, 240 A.2d at 403. See also Shelby Ins. Co. v. Northeast Structures, Inc., 767 A.2d 75, 77 (R.I. 2001) (where there was a "question of fact" as to cause of collapse of structure and therefore as to whether an occurrence was covered, insurer had a duty to defend "until there has been a finding of fact that the cause of the collapse was excluded from coverage").

Applying the principle of Flori to a complaint that was silent as to whether there was an occurrence during the policy period, this Court ruled that the insurer had a duty to defend as "the complaints in the underlying suits make no reference to when the plaintiffs' injuries first manifested themselves or were discovered or were discoverable" and that the dates on which plaintiff's injuries were diagnosed did "not exclude the possibility that their injuries manifested themselves or were discovered or were discoverable prior to that time." Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 216-217 (D.R.I. 1998).[2] Any doubts as to whether the pleadings "encompass an occurrence within the scope of the policy must be resolved in the insured's favor." O'Donnell v. Twin City Fire Ins. Co., 40 F. Supp. 2d 68, 71 (D.R.I. 1999); see Providence Journal Co. v. Travelers Indemnity Co., 938 F. Supp. 1066, 1072 (D.R.I. 1996); Beals, 240 A.2d at 403. Therefore, the determination that a review of the charging

[2] The complaints alleged exposure during the policy period, but not when injury was discoverable. 24 F. Supp. 2d at 214. Here, the charging documents alleged exposure to contaminants during operation of Crown Metro and its predecessors, which included the term of the Century policy, and that the concentration of dioxin was at levels that both parties' experts stated were discoverable using tests available during the policy period. See Joint Appendix To The Parties' Summary Judgment Motions, Tab G, ¶¶ 18, 22, 26, 29; id., Tab H, ¶¶ 14, 35-36; see also Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Motion In Limine To Preclude Expert Opinions Of Richard J. Hughto at 10-11 and the portions of the record cited therein.

documents results in questions of fact as to whether there was an occurrence requires the conclusion that Century has a duty to defend.

The Century attempt to distinguish PIC is unpersuasive. That PIC involved personal injury and this action involved property damage (Century Mem. at 4) does not change applicable legal principles regarding the duty to defend. In addition, the portion of PIC discussed in this memorandum does address a requirement that injury occur during the policy period. The Court found that summary judgment in favor of the insured lies even if "coverage under [the] policies is triggered only if the injury occurs during the policy period." 24 F. Supp. 2d at 21.

**2. The Cases Cited By Century Are Inapposite**

Even if Rhode Island were to follow the four out-of-state cases upon which Century relies, the "exception" would not be applicable in the instant action. Three of those four cases permitted consideration of undisputed facts that established that the acts alleged in the underlying complaint were outside the scope of coverage. See Delta Airlines v. State Farm Fire & Cas. Co., 1996 WL 511575, at *2 (9th Cir. Sept. 9, 1996) (noting that "the uncontroverted facts [pertaining to the initial publication date of the publication allegedly causing advertising injury] demonstrate that the underlying complaint fell within" an exclusion to coverage); Western Heritage Ins. Co. v. River Entertainment, 998 F.2d 311, 313 (5th Cir. 1993) (holding there was no duty to defend based on "the undisputed facts extraneous to this petition," namely, that insured sold alcoholic beverages to intoxicated individual); Millers Mutual Ins. Assoc. of Ill. v. Ainsworth Seed Co., 552 N.E.2d 254, 255, 257 (Ill. App. Ct. 1990) (relying on an "undisputed affidavit" outside the pleadings which established conclusively that a "completed operations hazards" exclusion applied); see also Lafarge Corp. v. Hartford Cas. Ins. Co., 61 F.3d 389, 394 n.8 (5th Cir. 1995) (characterizing Western Heritage as case "in which the complaint either omitted or indisputably misrepresented material facts that would have clearly excluded

coverage"). Here, the Court has determined that there are material facts that are disputed and Century requested that the determination of the duty to defend be deferred until those issues are resolved (Century Mem. at 5). If the exception set forth in the cases upon which Century relied were consistent with the law of Rhode Island, that exception would not be applicable to the instant action.

The fourth case cited by Century, Burd v. Sussex Mut. Ins. Co., 267 A.2d 7 (N.J. 1970), focused primarily on a conflict of interest between the insured and the insurer. The conflict was whether the alleged injuries were inflicted intentionally or negligently. It arose from the insured having been convicted of assault and battery. The Burd court concluded that, due to the conflict, the insurer did not have a duty to defend, but would be required to reimburse the insured if it were later determined that the claim was within the scope of the policy. 267 A.2d at 10.

Burd is inconsistent with Rhode Island principles regarding the duty to defend. Rhode Island has held that the conflict of interest present in Burd does not absolve the insurer of the duty to defend. In Beals, as in Burd, the court was faced with a potential conflict of interest between the insured and the insurer regarding whether the alleged injuries were inflicted intentionally or negligently. However, Beals concluded that the insurer was still required to defend the insured. 240 A.2d at 403-04. Specifically, Beals recognized the broad scope of the duty to defend and the requirement that "any doubts as to the adequacy of the pleadings to encompass an occurrence within the coverage of the policy are resolved against the insurer and in favor of its insured" (id. at 403) and noted that the insurer "should have set forth its provisions in such clear and distinct language as would have avoided any doubt relative to the extent of its duty to defend" if it wished to avoid providing a defense in such a situation. Id. at 404.

As the dissent in Burd points out (267 A.2d at 16), the Burd court's holding is incompatible with the principles regarding the duty to defend stated in a number of cases, including Missionaries of the Co. of Mary, Inc. v. Aetna Cas. & Sur. Co., 230 A.2d 21, 26 (Conn. 1967). The Rhode Island Supreme Court, like the Connecticut Supreme Court in Missionaries, has recognized that "the duty to defend is broader in scope than the duty of an insurer to indemnify…." Beals, 240 A.2d at 403 (citing Missionaries). Denial of the Emhart summary judgment motion would erode that distinction by having the duty to defend decided on the basis of facts that will be considered in determining whether there is a duty to indemnify. The Court should not rely on the Burd rationale, which was implicitly rejected by the Rhode Island Supreme Court in Beals.

**CONCLUSION**

For the reasons set forth above and in the Emhart memorandum in support of its summary judgment concerning the duty to defend, the Court should reconsider its order denying Emhart's motion for summary judgment and enter an Order that Century has a duty to defend Emhart against the EPA claim relating to the Centredale Site.

Respectfully submitted,

/s/Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500 Professional
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Counsel for Plaintiff
Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 10, 2006

**Certificate of Service**

I hereby certify that on August 10, 2006, a copy of foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/Gerald J. Petros
Gerald J. Petros (#2931
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (FAX)
gpetros@haslaw.com