UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM IN SUPPORT OF OPPOSITION OF EMHART INDUSTRIES, INC. TO OBJECTIONS TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE CONCERNING ADMISSIBILITY OF SETTLEMENT AGREEMENT BETWEEN BLACK & DECKER, INC. AND LIBERTY MUTUAL**

Plaintiff ("Emhart") opposes the two objections by defendants[1] to the Report and Recommendation of the Magistrate Judge regarding the admissibility of the settlement agreement between Black & Decker, Inc. (the corporate parent of Emhart) and Liberty Mutual Insurance Co. ("Agreement") (D.I. 329, entered August 2, 2006). The Report and Recommendation should be adopted in its entirety.

[1] Defendant North River Insurance Company's Objections to the Magistrate Judge's Report and Recommendation on the Admissibility of the Settlement Agreement between Black & Decker, Inc. and Liberty Mutual Insurance Company (Docket Index ("D.I.") 341) and Defendant Century Indemnity Company's Objections to the Magistrate Judge's Report and Recommendation on the Admissibility of the Settlement Agreement between Black & Decker, Inc. and Liberty Mutual Insurance Company (D.I. 347). As the North River objection simply incorporates the Century objection and the prior motion of defendants (D.I. 307), the focus of this opposition by Emhart is the Century objection. All arguments apply equally to North River.

The Report and Recommendation is in accordance with applicable law, for the reasons stated by Emhart in its motion and supporting memorandum, previously filed (D.I. 321) and incorporated herein.

In further support of its opposition, Emhart states:

1. Defendants' Motion Requesting Permission to Use Settlement Agreement at Trial (D.I. 307) is a non-dispositive motion within the meaning of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). The substance of the Emhart motion also was that of a non-dispositive motion in limine. This is clear from the title of the motion, "Motion for Summary Judgment of Emhart Industries, Inc. Concerning Admissibility of Settlement Agreement between Black & Decker, Inc. and Liberty Mutual" (D.I. 321) (emphasis added). Both underlying motions were non-dispositive. In accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Report and Recommendation of the Magistrate Judge is subject to modification or being set aside only where it is "clearly erroneous or contrary to law." Id. See JGR, Inc. v. Thomasville Furniture Industries, Inc., 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (ruling of Magistrate Judge on motion in limine reviewed as non-dispositive motion under "clearly erroneous" standard). Century and North River have failed to show clear error.

2. As Emhart noted in its initial memorandum (D.I. 321) at 4 & n.5, the insurers have not cited any cases applying Rhode Island law where a settlement agreement was permitted to be presented to a jury. Votolato v. Merandi, 747 A.2d 455, 463 (R.I. 2000), flatly barred admission of a settlement agreement as "evidence concerning the apportionment of fault among tortfeasors." Accord McInnis v. A.M.F., Inc., 765 F.2d 240 (1st Cir. 1985). There is no exception to the rule simply because the amount of the settlement is questioned. This is contrary to the "consistently unsympathetic position" of Rhode Island courts "toward parties who seek to

take gratuitous advantage of agreements in which they took no part." Marr Scaffolding Co. v. Fairground Forms, Inc., 682 A.2d 455, 459 (R.I. 1996) (internal quotations omitted). Such agreements are barred by Fed. R. Evid. 408. Simply because Century and North River would prefer to have more money allocated as an offset to their claims does not make the Agreement admissible or elevate the question to a jury issue. The insurers cite no authority to support such a proposition.

3. The Century objection demonstrates exactly why the ruling of the Magistrate Judge was correct. Defendants stated that it was their intent "to prove that the amount received from Liberty Mutual is not fair and reasonable by contrasting that amount with the amount actually received from Liberty Mutual in accordance with the Settlement Agreement for other sites" (Memorandum of Law in Support of Defendants' Motion Requesting Permission to Use Settlement Agreement at Trial (D.I. 307) at 3). The Agreement addressed environmental claims at some forty sites, at least six mass tort toxic exposure claims and policies issued to five entities. This statement by defendants suggests an intent to challenge the allocation of the settlement proceeds among these dozens of claims. Any such challenge would require an assessment of the value of each such site. What defendants seek is a "mini-trial" as to each claim. As the Magistrate Judge observed, not only is there a "legitimate danger of unfair prejudice to Emhart," but "the potential for jury confusion in this already complex matter outweighs the probative value of the Settlement Agreement." Report and Recommendation at 3. Exclusion under Fed. R. Evid. 403 is both appropriate and fully warranted.

4. Century and North River have not shown any basis for their claim. They have not proffered any admissible evidence nor shown any genuine issue of material fact that would challenge the allocations of the Liberty Mutual settlement among the various claims. They

named no expert witnesses and presented no expert opinions concerning this subject. Century and North River simply seek to present large, unrelated numbers to the jury in an attempt to prejudice Emhart. The Magistrate Judge correctly rejected this claim. Century and North River have not shown any error in that ruling.

For the foregoing reasons, the Report and Recommendation should be adopted in its entirety and the objections of North River and Century denied.

Respectfully submitted,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2006, a copy of the foregoing Memorandum in Support of Opposition of Emhart Industries, Inc. to Objections to Report and Recommendation of the Magistrate Judge Concerning Admissibility of Settlement Agreement between Black & Decker, Inc. and Liberty Mutual was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com