UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM IN SUPPORT OF OPPOSITION OF EMHART INDUSTRIES, INC. TO OBJECTION TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE CONCERNING RECOVERY OF CERTAIN DEFENSE COSTS**

Plaintiff ("Emhart") opposes the objection of defendant Century Indemnity Company ("Century")[1] to the Report and Recommendation of the Magistrate Judge regarding the recovery of certain PRP costs (D.I. 330, entered August 2, 2006). The Report and Recommendation should be adopted in its entirety.

The Report and Recommendation is in accordance with applicable law, for the reasons stated by Emhart in its motion and supporting memorandum, previously filed (D.I. 317) and incorporated herein.

[1] Defendant Century Indemnity Company's Objections to the Magistrate Judge's Report and Recommendation on Whether Century's Alleged Duty to Defend Extends to Emhart's Costs Incurred Pursuing Claims Against Other Potentially Responsible Parties (Docket Index ("D.I.") 346, filed August 9, 2006).

#743080

In further support of its opposition, Emhart states:

1. The Magistrate Judge followed settled case law that costs incurred in pursuit of other PRPs are recoverable as part of Century's "duty to defend any suit." See Report and Recommendation at 2. As recognized by the Magistrate Judge, and as noted in the case law, "the authority appears virtually uniform in holding that there is a class of affirmative claims which, if successful, have the effect of reducing or eliminating the insured's liability and that the costs and fees incurred in prosecuting such 'defensive' claims are encompassed in an insurer's duty to defend." Great West Cas. Co. v. Marathon Oil Co., 315 F. Supp. 2d 879, 881 (N.D. Ill. 2003). Century has not addressed this authority other than to make a summary assertion that such costs should not be so characterized. Century has not shown any error.[2]

2. Since Century failed to honor its duty to defend, it cannot now complain about Emhart's conduct of its defense. Emhart has sought to minimize and mitigate any damages. As noted by the Magistrate Judge, the limited ability of a party to avoid CERCLA liability makes locating and recovering from other PRPs nearly the sole way to reduce liability. Report and Recommendation at 2-3. Such actions are part of a defense and the reduction of liability. If Century had honored its obligation to defend, it could have chosen, at its own risk, to pursue other PRPs or not. It made its choice. It should not be permitted to avoid the consequences.

For the foregoing reasons, the Report and Recommendation should be adopted in its entirety and the objections of Century denied.

---

[2] The Emhart and Century motions are non-dispositive within the meaning of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). The issue is the inclusion of items within the damages to which Emhart is entitled. The motions are, in essence, motions in limine regarding presentation of evidence of such PRP costs. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Report and Recommendation of the Magistrate Judge is subject to modification or being set aside only where it is "clearly erroneous or contrary to law." Id. Century has failed to show clear error.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2006, a copy of the foregoing Memorandum in Support of Opposition of Emhart Industries, Inc. to Objection to Report and Recommendation of the Magistrate Judge Concerning Recovery of Certain PRP Costs was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com