UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**EMHART INDUSTRIES, INC.'S STATEMENT OF DISPUTED FACTS IN SUPPORT OF ITS OBJECTION TO ONEBEACON AMERICA INSURANCE COMPANY'S MOTION (REFORMATION) FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to LR Cv 56(a)(4), plaintiff Emhart Industries, Inc. ("Emhart") submits the following as its response to the Statement of Undisputed Facts In Support Of One Beacon America Insurance Company's Motion (Reformation) For Partial Summary Judgment ("OneBeacon Statement") and in support of Emhart's objection thereto.

**GENERAL STATEMENT**

This response is subject to, and without waiver of, the contention of Emhart that assertions in the OneBeacon Statement, even if true, are immaterial, incomplete or misleading, in view of the applicable legal standards, as explained in the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Objection To OneBeacon America Insurance Company's Motion (Reformation) For Partial Summary Judgment ("Emhart Memorandum"), filed herewith.

**DISPUTED FACTS**

OneBeacon ¶ 3: The OneBeacon policy (Tab C)[1] states that it grants coverage "subject to all the terms and conditions of" INA Policy No. XBC 64674 (Tab D). To the extent that OneBeacon's statement in this paragraph that its policy grants coverage "grants coverage subject to the terms of the underlying Insurance Company of North America ('INA') umbrella policy (the 'INA Crown Metro Policy')" is meant to be a statement that the OneBeacon policy grants coverage subject to the terms of INA Policy No. 46961, Emhart disputes this statement. The OneBeacon policy explicitly refers to INA Policy No. XBC 64674, not INA Policy No. 46961 (Tab C).

OneBeacon ¶ 16: OneBeacon has acknowledged that Crown Chemical Corporation was the corporate predecessor of Crown Metro Inc. (OneBeacon ¶ 4).

OneBeacon ¶ 17: Emhart disputes the assertion that the OneBeacon Policy contains a "clerical error." This assertion is based only on the self-serving, affidavit of Vincent Puccio, prepared thirty years after the purported mistake was made. The characterization of the contents of the OneBeacon Policy as containing a clerical error is not supported by any documents. It is also contradicted by the OneBeacon Policy having been reviewed by the insurer, the insured and the broker for the policy without any contemporaneous assertion that the OneBeacon Policy contained a purported error. If, and to the extent that, any representative of OneBeacon made an "error," unilateral mistake is not the basis for reformation of an insurance policy. See Emhart Memorandum at 9-11, 13-16.

---

1 References to "Tab __" are to the tabbed exhibits in the Joint Appendix Of Exhibits To The Parties' Motions For Summary Judgment Dated July 24, 2006.

OneBeacon ¶ 18: Emhart disputes the first sentence of this paragraph as potentially misleading. A third of a century after the fact, direct evidence of access by OneBeacon to the cited Policy XBC 64674 has not been located. Files of the Crown Metro insurance agent, Laren, or of Saval, the broker who was the only entity with whom Mr. Puccio appears to have communicated, have not been located. However, the statement by Mr. Puccio does not preclude that others at OneBeacon, including those who issued the policy did not obtain a copy of the policy or were aware of the reference.

OneBeacon ¶ 19: Emhart incorporates its Response to OneBeacon ¶ 17, supra.

OneBeacon ¶ 20: Emhart incorporates its Response to OneBeacon ¶ 17, supra.

OneBeacon ¶ 21: Emhart incorporates its Response to OneBeacon ¶ 17, supra. Emhart further disputes this statement as being irrelevant. The pertinent inquiry is to the subsequent issuance of the OneBeacon Policy by persons other than Mr. Puccio. As stated in connection with the response to OneBeacon ¶ 17, the OneBeacon Policy was reviewed by the insurer, the insured and the broker for the policy without any contemporaneous assertion that the OneBeacon Policy contained a purported error.

OneBeacon ¶ 22: Emhart disputes this statement as irrelevant. For the reasons set forth in the Emhart Memorandum at 10, the issue is not what Mr. Puccio did or did not do, but rather what OneBeacon did.

OneBeacon ¶ 23: Emhart incorporates its Response to OneBeacon ¶ 17, supra. In addition, the sole support cited by OneBeacon for this statement is the Puccio Affidavit (Emhart Memorandum, Ex. A). That affidavit is not competent evidence of the intentions of Crown Metro or its representatives. There is no foundation for Mr. Puccio to speculate concerning the "inten[tion]" of another.

OneBeacon ¶ 24: Emhart incorporates its Responses to OneBeacon ¶¶ 17 and 23, supra.

OneBeacon ¶ 25: Emhart incorporates its Response to OneBeacon ¶ 17, supra. In addition, the Declarations Page of the OneBeacon Policy (Tab C) also clearly states that the OneBeacon Policy incorporates the terms of Policy XBC 64674, which was the policy issued by INA to Crown Chemical Corporation. OneBeacon acknowledges that Crown Chemical Corporation was the corporate predecessor of Crown Metro Inc. (OneBeacon ¶ 4). In view of this express statement, there is a dispute as to whether the clear words of the Policy should be disregarded, as OneBeacon seeks, to incorporate the terms of a policy other than Policy XBC 64674.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006, a copy of the foregoing Emhart Industries, Inc.'s Statement Of Disputed Facts In Support Of Its Objection To OneBeacon America Insurance Company's Motion (Reformation) For Partial Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com