UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**OBJECTION OF EMHART INDUSTRIES, INC. TO ONEBEACON AMERICA INSURANCE COMPANY'S MOTION (POLLUTION EXCLUSION) FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Emhart Industries, Inc. ("Emhart"), opposes the motion for partial summary judgment filed by OneBeacon America Insurance Company ("OneBeacon") on the basis of a pollution exclusion contained in INA Policy No. XBC 46941. The OneBeacon motion should be denied for three reasons.

1. The OneBeacon policy does not grant coverage subject to the terms of INA Policy No. XBC 46941, as OneBeacon asserts, but instead grants coverage subject to the terms of INA Policy No. XBC 64674, which contains no pollution exclusion. The terms and conditions of INA Policy No. XBC 46941 would be relevant only if the Court were to grant the OneBeacon motion to reform its policy, and for the reasons set forth in Emhart's objection to that motion filed herewith, said motion should be denied.

2. The pollution exclusion upon which OneBeacon relies in its motion was deleted from INA Policy No. XBC 46941 and replaced by a narrower endorsement. OneBeacon is not entitled to rely on the terms of the deleted endorsement.

3. Even if the OneBeacon policy were to be reformed and be subject to the terms and conditions of INA Policy No. XBC 46941, including the narrower endorsement, there are issues of material fact regarding the application of that endorsement which preclude summary judgment.

In support of its objection, Emhart relies on its Memorandum of Law and its Statement of Disputed Facts and Additional Facts, both filed herewith and incorporated herein

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006, a copy of the foregoing Objection Of Emhart Industries, Inc. To OneBeacon America Insurance Company's Motion (Pollution Exclusion) For Partial Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS OBJECTION TO ONEBEACON AMERICA INSURANCE COMPANY'S MOTION (POLLUTION EXCLUSION) FOR PARTIAL SUMMARY JUDGMENT**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 16, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## INTRODUCTION

OneBeacon America Insurance Company ("OneBeacon") has moved for summary judgment on the basis of a pollution exclusion contained in INA Policy No. XBC 46941. This motion should be denied for three reasons. First, the OneBeacon policy does not grant coverage subject to the terms of INA Policy No. XBC 46941, as OneBeacon asserts; instead, the OneBeacon policy grants coverage subject to the terms of INA Policy No. XBC 64674, which contains no pollution exclusion. The terms and conditions of INA Policy No. XBC 46941 would be relevant only if the Court were to grant the OneBeacon motion to reform its policy, and for the reasons set forth in Emhart's objection to that motion filed herewith, said motion should be denied. Second, the pollution exclusion upon which OneBeacon relies was deleted from INA Policy No. XBC 46941 and replaced by a narrower endorsement. OneBeacon is not entitled to rely on the terms of the deleted endorsement. Finally, even if the OneBeacon policy were to be reformed and be subject to the terms and conditions of INA Policy No. XBC 46941, including the narrower endorsement, there are issues of material fact which preclude summary judgment. The OneBeacon motion regarding the pollution exclusion should therefore be denied.

## ARGUMENT

### 1. The OneBeacon Policy As Written Does Not Contain A Pollution Exclusion, And OneBeacon Is Not Entitled To Reformation Of Its Policy

OneBeacon asserts that its policy "grants coverage subject to the terms of the underlying Insurance Company of North America ('INA') umbrella policy" (OneBeacon Mem. at 2) but incorrectly identifies the relevant policy. The OneBeacon policy explicitly provides that it is subject to all the terms and conditions of INA Policy No. XBC 64674 (Tab C).[1] That policy does

[1] References to "Tab __" are to the tabbed exhibits in the Joint Appendix Of Exhibits To The Parties' Motions For Summary Judgment Dated July 24, 2006.

not contain a pollution exclusion (Tab D). This fact alone warrants denial of the OneBeacon motion. OneBeacon could only rely on the terms and conditions of the other INA policy, Policy No. XBC 46961, if its motion for reformation were to be granted. For the reasons set forth in the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Objection To OneBeacon America Insurance Company's Motion (Reformation) For Partial Summary Judgment, the OneBeacon motion regarding reformation should be denied. Denial of that motion requires denial of the present motion as well.

**2. If The OneBeacon Policy Were To Be Reformed, It Would Include Endorsement #6, Not Endorsement #5**

Even if the OneBeacon policy were to be reformed to incorporate the terms and conditions of INA Policy No. 46961, INA Policy No. 46961 no longer contains the pollution exclusion upon which OneBeacon relies. As OneBeacon admits, the Pollution and Contamination Exclusion Endorsement (Endorsement #5) was deleted from INA Policy No. 46961 (OneBeacon Statement of Facts, ¶ 6 & n.4). Endorsement #6, entitled Exclusion of Waste Products Endorsement and dated June 19, 1969, deleted Endorsement #5 and was applicable retroactively to the initial date of coverage of INA Policy No. 46961 (Tab B at CIC 0165). If the OneBeacon policy is "subject to all the terms and conditions of" INA Policy No. 46961, it is subject to Endorsement #6, and not the deleted Endorsement #5.

OneBeacon argues that because INA Policy No. 46961 was amended after the OneBeacon policy was issued, Endorsement #6 never became part of the OneBeacon policy (OneBeacon Mem. at 3 n.4). However, the language of the OneBeacon policy states that it provides coverage subject to "all the terms and conditions" of the underlying policy, without any such limitation. OneBeacon, by agreeing to incorporate the terms of a policy, rather than write its own policy, chose to rely on INA to set the coverage terms. It could have written an excess

policy with terms of its own or drafted its policy subject to the terms and conditions of the underlying policy as of a certain date. It likewise could have expressly excluded from its coverage any modifications or endorsements to INA Policy No. 46961 as of a certain date. It did not do so. By adopting "all the terms and conditions" of the referenced policy, it adopted Endorsement #6. Moreover, Endorsement #6 was contemporaneously provided to OneBeacon and was attached to the OneBeacon policy in OneBeacon's files (Emhart Statement of Facts, Additional Undisputed Facts, ¶ 3 and Exhibit A), and there is no evidence that OneBeacon ever objected to the deletion of Endorsement #5 and addition of Endorsement #6 to INA Policy No. 46961. At the very least, the OneBeacon policy is ambiguous as to whether the phrase "all the terms and conditions" includes terms and conditions added by subsequent endorsement to INA Policy No. 46961. Under Rhode Island law, "an ambiguous policy term should be construed in favor of coverage and against the insurer." Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 749 (R. I. 2000). The OneBeacon policy, if reformed, should therefore be subject to all endorsements to INA Policy No. 46961, including Endorsement #6.

The court in Public Utility District No. 1 of Klickitat County v. International Ins. Co., 881 P.2d 1020 (Wash. 1994), considered a situation much like the present case. In that case, the excess insurer, International, "concede[d] that its policy incorporated the initial terms of the [underlying] Transcontinental policy," but argued that its policy did "not incorporate the errors and omissions endorsement, which was not added until several months after the International policy was written." Id. at 1025. The court rejected International's argument, finding that the International policy was ambiguous. It then noted that the International was "well aware that the terms of the Transcontinental policy expressly provided for amendment as long as the amendments were in writing and attached as an endorsement, as was [the errors and omissions

endorsement]. International could have, but did not, expressly exclude such endorsements from coverage. Furthermore, the nature of International's policy as an additional layer of excess coverage suggests the parties intended to provide the same coverage as the underlying Transcontinental policy." Id. at 1027. The court then held that the excess policy incorporated the errors and omissions endorsement which had been added to the underlying policy after the excess policy was written.

The same result should apply here. Like the underlying policy in Public Utility District No. 1, INA Policy No. 46961 provides that the terms of the policy may be amended by written endorsement (Tab B at CIC 0156, ¶ 8), and OneBeacon, like the excess insurer in Public Utility District No. 1, did not exclude amendments or additional endorsements from its coverage. If the OneBeacon policy is reformed to be "subject to all terms and conditions" of INA Policy No. 46961, it must include Endorsement #6 and not Endorsement #5.

**3. There Are Issues Of Fact Precluding Summary Judgment As To The Application Of Endorsement #6**

In a footnote, OneBeacon asserts that it is entitled to summary judgment under Endorsement #6 for reasons stated in unidentified portions of a summary judgment motion that Century filed two and a half years ago and that was denied by the Court (OneBeacon Mem. at 3 n.4). Even if that cryptic reference were sufficient to meet the requirement of LR Cv 7 that One Beacon set forth the reasons why its motion should be granted, there are issues of material fact precluding summary judgment as to the application of this endorsement. See Plaintiff's Combined Reply Memorandum In Support Of Its Motion For Partial Summary Judgment And In Opposition To Defendants' Motions For Summary Judgment (filed on March 19, 2004) at 40-41; Plaintiff's Pretrial Memorandum, Exhibit B at 27-28. The Court should therefore deny

OneBeacon's motion even if the OneBeacon policy were to be reformed and include Endorsement #6.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Objection To OneBeacon America Insurance Company's Motion (Reformation) For Partial Summary Judgment, the OneBeacon motion for partial summary judgment based on the pollution exclusion should be denied.

Respectfully submitted,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 16, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2006, a copy of the foregoing Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Objection To OneBeacon America Insurance Company's Motion (Pollution Exclusion) For Partial Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com