UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**EMHART INDUSTRIES, INC.'S STATEMENT OF DISPUTED FACTS AND ADDITIONAL FACTS IN SUPPORT OF ITS OBJECTION TO ONEBEACON AMERICA INSURANCE COMPANY'S MOTION (POLLUTION EXCLUSION) FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to LR Cv 56(a)(4), plaintiff Emhart Industries, Inc. ("Emhart") submits the following as its response to the Statement Of Facts In Support Of OneBeacon America Insurance Company's Motion (Pollution Exclusion) For Partial Summary Judgment and in support of Emhart's objection thereto.

**GENERAL STATEMENT**

This response is subject to, and without waiver of, the contention of Emhart that assertions in the OneBeacon Statement, even if true, are immaterial, incomplete or misleading, in view of the applicable legal standards, as explained in the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Objection To OneBeacon America Insurance Company's Motion (Pollution Exclusion) For Partial Summary Judgment, filed herewith.

## DISPUTED FACTS

OneBeacon ¶ 3: The OneBeacon policy (Tab C)[1] states that it grants coverage "subject to all the terms and conditions of" INA Policy No. XBC 64674 (Tab D). To the extent that OneBeacon's statement in this paragraph that its policy grants coverage "grants coverage subject to the terms of the underlying Insurance Company of North America ('INA') umbrella policy (the 'INA Crown Metro Policy')" is meant to be a statement that the OneBeacon policy grants coverage subject to the terms of INA Policy No. 46961, Emhart disputes this statement. The OneBeacon policy explicitly refers to INA Policy No. XBC 64674, not INA Policy No. 46961 (Tab C).

OneBeacon ¶ 6: In footnote 4 to this paragraph, OneBeacon admits that INA Policy No. 46961 was amended to replace Endorsement #5 (Pollution And Contamination Exclusion Endorsement) with Endorsement #6 (Exclusion Of Waste Products), but then asserts that Endorsement #6 "never became part of the OneBeacon Policy, because it was issued after the OneBeacon Policy was issued to Crown Metro." To the extent that this is a statement of fact, and not a conclusion of law, Emhart disputes this statement. The OneBeacon policy explicitly grants coverage subject to all the terms and conditions of INA Policy No. XBC 64674, not INA Policy No. 46961 (Tab C). However, if the OneBeacon policy were to be reformed to grant coverage subject to all the terms and conditions of INA Policy No. 46961, "all the terms and conditions" of INA Policy No. 46961 includes Endorsement #6, which deleted Endorsement #5 and was applicable retroactively to the initial date of coverage of INA Policy No. 46961 (Tab B at CIC 0165).

[1] References to "Tab __" are to the tabbed exhibits in the Joint Appendix Of Exhibits To The Parties' Motions For Summary Judgment Dated July 24, 2006.

**ADDITIONAL FACTS**

1. Insurance Company of North America ("INA") issued Policy No. XBC 46961 for the period December 1, 1968 through February 15, 1970 to Crown-Metro, Inc. ("Crown-Metro"). A true and accurate copy of that policy is included in the Joint Appendix Of Exhibits To The Parties' Motions For Summary Judgment Dated July 24, 2006 at Tab B.

2. By means of Endorsement #6, entitled Exclusion of Waste Products and dated June 19, 1969, INA and Crown-Metro deleted Endorsement #5 to INA Policy No. 46961 and replaced that endorsement with Endorsement #6 (Tab B at CIC 0165). Endorsement #6 was applicable retroactively to the initial date of coverage of INA Policy No. 46961 (id.).

3. Employers Surplus Lines Insurance Company, OneBeacon's predecessor and the entity that issued the OneBeacon policy, was provided with a copy of Endorsement #6 on or about July 3, 1969 (see Exhibit A hereto).

4. There is no evidence in the record that OneBeacon ever objected to the addition of Endorsement #6 to INA Policy No. 46961.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006, a copy of the foregoing Emhart Industries, Inc.'s Statement Of Disputed Facts And Additional Facts In Support Of Its Objection To OneBeacon America Insurance Company's Motion (Pollution Exclusion) For Partial Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

EXHIBIT McCarthy 11 4/1/06

MAURICE H. SAVAL INCORPORATED
Insurance

BOSTON
LONDON
MONTREAL
PROVIDENCE

22 BATTERYMARCH STREET · BOSTON · MASSACHUSETTS 02109
CABLE ADDRESS "MAUSAVAL" (617) 482-2360 TELEX 094-6565

July 3, 1969

Mr. Vincent Puccio
Employers Surplus Lines Insurance Company
110 Milk Street
Boston, Massachusetts

Re: Crown Metro, Inc.
Umbrella Liability
Policy No. S16-07084

Dear Vince:

I am enclosing a copy of endorsement #6 which was added to the primary underlying Umbrella contract issued by the INA.

If you have any questions please give me a call.

Sincerely yours,

George M. Busnach

GMB/cg
enclosure

Nok
WP 7/7

ORA 0001

INA

INSURANCE COMPANY OF NORTH AMERICA

## EXCLUSION OF WASTE PRODUCTS ENDORSEMENT 6

It is agreed that Endorsement #5, Pollution Contamination Exclusion Endorsement is deleted.

It is further agreed that this policy shall not apply to:

1.) Injury to or destruction of property caused by intentional or willful introduction of waste products, fluids or materials, including oil refuse, gas or gas bleed water, into any soil or inland or tidal waters, irrespective of whether the insured possed knowledge of the harmful affects of such acts.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | Part of Policy No. |
|---|---|
| December 1, 1968 at the hour specified in the policy. | XBC 46961 |
| Issued to Crown-Metro, etal, per Named Insured Endorsement | |

cc 6/19/69 Insurance Underwriters, Inc.

OBA 0002

Authorized Agent

RECEIVED JUN 24

Not valid unless countersigned by a duly authorized agent of the