UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**EMHART INDUSTRIES, INC.'S STATEMENT ADDITIONAL FACTS IN SUPPORT OF ITS OBJECTION TO DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON THE "ALLOCATION" ISSUE**

Pursuant to LR Cv 56(a)(4), plaintiff Emhart Industries, Inc. ("Emhart") submits the following as its response to the Defendant The North River Insurance Company's Statement of Undisputed Facts In Support of its Motion for Summary Judgment on the "Allocation" Issue and in support of Emhart's objection thereto.

**GENERAL STATEMENT**

This response is subject to, and without waiver of, the contention of Emhart that assertions in the North River Statement, even if true, are immaterial, incomplete or misleading, in view of the applicable legal standards, as explained in the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Objection To Defendant The North River Insurance Company's Motion for Summary Judgment On the "Allocation" Issue, filed herewith.

## ADDITIONAL FACTS

1. In 1986 the insurance industry replaced the pollution exclusion in the standard comprehensive general liability policy, which had an exception for "sudden and accidental" events, with the so-called "absolute" pollution exclusion, which did not have such an exception. See Millipore Corp. v. Travelers Indemnity Co., 115 F.3d 21, 25 n.2 (1st Cir. 1997); Champion Dyeing & Finishing Co. v. Centennial Ins. Co., 810 A.2d 68, 70-72 (N.J. Super. App. Div. 2002); Ex. A (Affidavit of Rodney J. Taylor) at ¶¶ 10, 14.[1] Beginning with the 1986 policy year, the "absolute" pollution exclusion was included in comprehensive general liability policies issued to Emhart. Exs. B, C.

2. During the period 1986 through 1999, such specialty policies for coverage of environmental claims ("EIL policies") as were written, were written on a "claims made" basis, had retroactivity dates, and excluded preexisting conditions. Champion, 810 A.2d at 71-76 and n.2; Ex. A, ¶¶ 11-26 and exhibits referenced therein.

3. During the period 1986 through 1999, coverage for environmental claims arising out of discharges associated with industrial operations in prior years, such as the claims at issue here, was not generally available. Champion, 810 A.2d at 70-76; Ex. A, ¶¶ 10-26 and exhibits referenced therein.

4. In responses to discovery propounded by North River, which Emhart served in 2003, Emhart listed, and produced, all policies issued to USM Corporation and to Emhart (the entities whose insurance would have provided coverage) for periods ending in 1990. See Ex. D

---

1 References to "Ex. __" are to the Appendix of Exhibits To The Objection Of Emhart Industries, Inc. To Defendant The North River Insurance Company's Motion for Summary Judgment On The "Allocation" Issue, filed herewith.

(Responses to Interrogatories); Ex. E (Responses to Request for Production of Documents); Ex. F (Letter dated April 7, 2003)

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Counsel for Plaintiff, Emhart Industries, Inc.

Dated: August 18, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2006, a copy of the foregoing Emhart Industries, Inc.'s Statement Of Additional Facts In Support Of Its Objection To Defendant The North River Insurance Company's Motion For Summary Judgment On The "Allocation" Issue was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com