UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTION TO THE MOTION OF EMHART INDUSTRIES, INC. FOR RECONSIDERATION REGARDING THE COURT'S RULING ON THE DUTY TO DEFEND UNDER CENTURY POLICY GAL 36597 |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), submits this memorandum of law in opposition to the motion of plaintiff Emhart Industries, Inc. ("Emhart") for reconsideration regarding the Court's ruling on the duty to defend under Century policy GAL 36597.

## I. INTRODUCTION

Emhart contends that the Court applied the wrong standard when it denied Emhart's motion for summary judgment on whether Century has a duty to defend. The Court held that the duty to defend arises when the underlying factual allegations raise a "reasonable possibility" of coverage. Emhart, however, contends that the Court should have held that the duty to defend arises unless the underlying factual allegations "preclude the possibility of coverage." The Court did not err. It applied the correct standard under Rhode Island law.

## II. THE COURT'S RULING

On August 4, 2006, the Court entered an Order denying both Emhart's and Century's cross-motions for partial summary judgment on whether Century has a duty to defend under Century's 1969 primary policy. The Court based its Order on its August 3, 2006 bench ruling, in which the Court stated that the duty to defend is based on the underlying factual allegations, and that the duty arises when those allegations raise a "reasonable possibility" of coverage:

> Under Rhode Island law the duty defend arises when an allegation in a complaint could result – ". . .could result in coverage under the insurance policy," that's McDonald vs. Twin City Fire Insurance Company, 40 F. Sup. 2d 68-71, District of Rhode Island 1999, and Employers Mutual Casualty Company vs. PIC Contractors, Inc. 24 F. Sup, 2d 212 at 215, District of Rhode Island, 1998, which states that an insurer is obliged to defend complaints and factual allegations that, " . . . raise a reasonable possibility of coverage." Also, Providence Journal Company vs. Travelers Indemnity Company, 938 F. Sup. 1066 at 1072, District of Rhode Island, 1996.[1]

Based on that test, the Court held that Emhart would have to show, among other things, "that the possibility exists that the requisite damage occurred during the coverage period . . .." Under Rhode Island law, the Court said that Emhart would have to prove "a reasonable possibility that contamination was discoverable in the exercise of reasonable diligence during the 1969 policy period." Applying that test, the Court found "that there are too many factual disputes regarding . . . at a minimum . . . trigger of coverage." Thus, the Court denied Emhart's motion and held "the issue of whether coverage was triggered by an occurrence . . . is an issue of fact that needs to be decided at trial."

## III. ARGUMENT

[1] The quotations in this memorandum of law from the August 3, 2006 bench ruling are from an unedited rough draft of a portion of the transcript from that hearing. A final copy of the transcript was not yet prepared when this memorandum of law was filed.

In determining whether Century has a duty to defend Emhart under the 1969 primary policy, the Court applied a "reasonable possibility" test. That is the correct standard under Rhode Island law. *See e.g., Nortek, Inc. v. Liberty Mut. Ins. Co.*, 858 F.Supp. 1231, 1236 (D.R.I. 1994). All of the cases that Emhart cites in its motion for reconsideration are consistent with that standard. *See Shelby Ins. Co. v. Northeast Structures, Inc.*, 767 A.2d 75, 76 (R.I. 2001) (duty to defend arises when the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy); *Flori v. Allstate Ins. Co.*, 120 R.I. 511, 513, 388 A.2d 25, 26 (1978) (duty to defend arises when the complaint "alleges facts and circumstances bringing the case within the coverage afforded by the policy"); *Employers' Fire Ins. Co. v. Beals*, 103 R.I. 623, 631, 240 A.2d 397, 402 (1968) (duty to defend arises "if the allegations in the complaint fall within the risk insured against in the policy?"); *Progressive Ins. v. Narragansett Sales*, 1997 WL 839923 at *2 (R.I. Super. 1997) (duty to defend arises "if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy"); *Employers Mut. Cas Co. v. PIC Contractors, Inc.*, 24 F.Supp.2d 212, 215 (D.R.I. 1998) ("An insurer is obliged to defend its insured 'if the factual allegations contained in the *complaint* raise a reasonable possibility of coverage.'").[2]

Instead of the "reasonable possibility" test, Emhart urges the Court to apply a different test. Emhart contends that the duty to defend arises, unless the underlying factual allegations preclude the possibility of coverage. That, however, is not the test under Rhode Island law. Rhode Island courts require that the underlying allegations raise a "reasonable possibility" that the claim is within the terms of the coverage

[2] The language that Emhart relies upon in *PIC Contractors* addresses an argument that the insurer in that case did not even make. 24 F.Supp. at 216. Thus, that language has no precedential value.

In urging the Court to reconsider it decision, Emhart attempts to distinguish four cases from other jurisdictions that Century cited in its memorandum of law. The Court, however, did not refer to any of those cases in its bench ruling. Moreover, those cases are all consistent with Rhode Island law. Rhode Island courts have not directly addressed a situation, like this one, in which the underlying allegations are silent on a critical issue of coverage and that coverage issue will not be decided in the underlying action. Under that situation, the better reasoned approach is to determine whether the insurer has a duty to defend based on the actual facts.

In this case, the EPA does not allege whether Emhart discovered the contamination at the site in 1969, whether the contamination at the site manifested itself to Emhart in 1969, or whether the contamination at the site was discoverable to Emhart in the exercise of reasonable diligence in 1969. These issues will not be determined in the underlying action. Because the underlying allegations do not address these issues, the Court should resolve them based on the actual facts.[3]

## IV. CONCLUSION

Emhart is seeking to supplant a "reasonable possibility" test with an "any possibility" test. That is contrary to Rhode Island law. The Court should deny Emhart's motion for reconsideration.

[3] Emhart contends that Century has acknowledged that the facts relating to trigger of coverage are in dispute. That is not true. Century listed trigger of coverage as an issue that could be resolved before trial. It was Emhart that contended that the issue was not appropriate for pretrial disposition. Consistent with its views, Century filed a motion for summary judgment based on trigger of coverage on August 9, 2006.

Dated: August 21, 2006

McKENNA & McCORMICK

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2006, a copy of the foregoing Century Indemnity Company's Memorandum of Law in Support of Objection to the Motion of Emhart Industries, Inc. for Reconsideration Regarding the Court's Ruling on the Duty to Defend Under Century Policy GAL 36597 was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970