UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY,
INSURANCE COMPANY OF NORTH AMERICA,
LIBERTY MUTUAL INSURANCE COMPANY,
NORTH RIVER INSURANCE COMPANY,
ONEBEACON AMERICA INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

Civil Action No. 02-053 S

**OBJECTION OF EMHART INDUSTRIES, INC. TO DEFENDANT NORTH RIVER INSURANCE COMPANY'S MOTION TO STRIKE THE AFFIDAVIT OF RODNEY J. TAYLOR CONTAINED IN THE OPPOSITION MEMORANDUM ON THE "ALLOCATION" ISSUE**

Plaintiff, Emhart Industries, Inc. ("Emhart"), opposes Defendant North River Insurance Company's Motion To Strike The Affidavit Of Rodney J. Taylor Contained In The Opposition Memorandum On The "Allocation" Issue. The North River motion should be denied for the following reasons.

1. A considerable portion of the affidavit contains facts concerning the nature and extent of insurance that was generally available during 1986-1999. Thus, the requirements of Fed. R. Civ. P. 26(a)(2) do not apply.

2. The affidavit is in rebuttal to issues raised for the first time by the North River motion. Accordingly, to the extent that the affidavit contains expert opinion, Fed. R. Civ. P. 26(a)(2)(B) permits disclosure 30 days after service of the matter which it addresses.

3. To the extent that the affidavit contains expert opinion that was not timely disclosed, any such delay in disclosure was "substantially justified" or "harmless" within the meaning of Fed. R. Civ. P. 37(c)(1). The timing of the affidavit was permissible as it addressed an issue that was newly raised by North River. The Taylor Affidavit is also important because it provides information concerning the limitations of generally available insurance that is necessary for this issue to be addressed on the merits. Finally, there is no prejudice to North River. North River can hardly assert that it was not aware of the types of insurance coverage that it, and other insurers, provided during the period 1986-1999. If North River was unaware of those facts, it will have ample opportunity to address the availability of insurance as the Report and Recommendation issued by the Magistrate Judge on August 22, 2006 provides for the allocation issue to be addressed following trial.

In support of its objection, Emhart relies on its Memorandum Of Law filed herewith and incorporated herein.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Counsel for Plaintiff, Emhart Industries, Inc.

Dated: August 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, a copy of the foregoing Objection Of Emhart Industries, Inc. To Defendant North River Insurance Company's Motion To Strike The Affidavit of Rodney J. Taylor Contained In The Opposition Memorandum on the "Allocation" Issue was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC. IN SUPPORT OF ITS OBJECTION TO DEFENDANT NORTH RIVER INSURANCE COMPANY'S MOTION TO STRIKE THE AFFIDAVIT OF RODNEY J. TAYLOR CONTAINED IN THE OPPOSITION MEMORANDUM ON THE "ALLOCATION" ISSUE**

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Dated: August 28, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## INTRODUCTION

On August 11, 2006, The North River Insurance Company ("North River") filed a Motion For Summary Judgment On The "Allocation" Issue. The North River motion was not supported by any facts concerning whether generally available insurance provided coverage for the loss at issue. The Emhart objection to the North River motion was supported by the Affidavit of Rodney J. Taylor ("Taylor Affidavit") which addressed an issue that North River ignored, whether the generally available insurance during the period 1986-1999 provided coverage for the type of loss at issue. On August 22, 2006, the Magistrate Judge issued a report and recommendation ("Report"), recommending that the North River summary judgment motion should be denied. On that date, North River moved to strike the Taylor Affidavit.

The North River motion is premised on the assertion that the Taylor Affidavit constitutes expert opinion that "was not disclosed or produced in accordance with the court's deadline for Rule 26(a)(2) disclosures."[1] The motion to strike is without merit. It is predicated on three assumptions: that the Taylor Affidavit contains only expert opinion, that the disclosure of expert opinion was untimely and that the purported untimeliness is not substantially justified. None of those assumptions is correct. A considerable portion of the Taylor Affidavit contains facts concerning the nature and extent of insurance that was generally available during 1986-1999. Thus, the requirements of Rule 26(a)(2) do not apply. In addition, the affidavit is in rebuttal to matter raised by the North River motion. Accordingly, to the extent that the affidavit contains expert opinion, Fed. R. Civ. P. 26(a)(2)(B) permits disclosure 30 days after service of the matter which it addresses.

---

1 See Memorandum In Support Of Defendant North River Insurance Company's Motion To Strike The Affidavit Of Rodney J. Taylor Contained In The Opposition Memorandum On The "Allocation" Issue ("North River Memorandum" or "NR Mem.") at 2.

Finally, to the extent that the Taylor Affidavit contains expert opinion that was not timely disclosed, any such delay in disclosure was "substantially justified" and "harmless" within the meaning of Fed. R. Civ. P. 37(c)(1). If substantial justification is determined in accordance with the four factor test advocated by North River (NR Mem. at 5), any untimeliness in submitting the affidavit is substantially justified. The timing of the affidavit was permissible as it addressed an issue that was newly raised by North River. There is no prejudice to North River. North River can hardly assert that it was not aware of the types of insurance coverage that it, and other insurers, provided during the period 1986-1999. If North River was unaware of those facts, it will have ample opportunity to address the availability of insurance as the Report provides for the allocation issue to be addressed following the jury verdict (Report at 8).

## ARGUMENT

### A. The Taylor Affidavit Includes Matter Other Than Expert Opinion

The Taylor Affidavit[2] addresses whether the generally available insurance during the period 1986-1999 provided coverage for the type of pollution-related property damage at issue. In addressing that issue, Mr. Taylor provides numerous facts regarding the types of insurance policies that the insurance industry issued during that period, including that those policies contained the absolute pollution exclusion (Taylor Aff., ¶ 10). He also provides factual information concerning the companies that offered so-called Pollution Insurance that provided limited coverage for damage caused by pollution, and the provisions contained in such policies (Taylor Aff., ¶¶ 14-19, 24, 26).[3] These facts about the history of insurance are uncontroverted and have been recognized by the courts. See Millipore Corp. v. Travelers Indemnity Co., 115

---

[2] The Taylor Affidavit, without exhibits, is attached to the North River Memorandum.

[3] The Taylor Affidavit contains copies of pertinent provisions. A portion of the affidavit explains the manner in which provisions in Pollution Insurance policies preclude coverage for the type of pollution-related damage at issue.

F.3d 21, 25, n.2 (1st Cir. 1997). The factual information in the Taylor Affidavit is not subject to the requirements of Rule 26(a)(2) concerning the disclosure of expert opinion. Accordingly those portions of the affidavit should not be stricken regardless of the resolution of issues concerning the timeliness of expert disclosure and substantial justification for untimely disclosure that are discussed, infra.

**B. There Was Timely Disclosure Of The Portions Of The Taylor Containing Expert Opinion**

As discussed at pages 3 and 13-14 of Emhart's memorandum in opposition to the summary judgment motion, North River bears the burden of showing that insurance provided coverage for the type of pollution-related property damage that allegedly occurred at the Metro-Atlantic facility was generally available during the period 1986-1999.[4] Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 231 (3d Cir. 1999); Champion Dyeing & Finishing Co. v. Centennial Ins. Co., 810 A.2d 68, 73 (N.J. Super Ct. App. Div. 2002). In its summary judgment motion, North River failed to address the availability of insurance, although it was aware that Emhart had advised the Court that any calculation of allocation required analysis of the availability of insurance. See Joint Statement Pursuant to Pre-trial Conference filed on May 16, 2006 ("Joint Statement") at 22.

The Taylor Affidavit was filed to rebut the argument regarding the period over which allocation should be made that was raised in North River's motion. The Federal Rules of Civil Procedure permit the designation of additional expert testimony by a party in response to issues raised by an opponent. See Fed. R. Civ. P. 26(a)(2)(B) (where "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" pursuant to

[4] North River has the burden of proof on availability of insurance for the entire period during which it seeks allocation. The Taylor Affidavit addresses the period 1986-1999.

the disclosure rules, a party may make expert disclosure within thirty days after the disclosure by the other party). While this rule does not literally apply here, the intent of the rule is to permit parties to respond to new issues raised by their opponents. Here, Emhart submitted the Taylor Affidavit within the seven day period allowed by the Court for filing an objection to the North River motion. Thus, the portions of the Taylor Affidavit containing expert opinion were timely filed. Indeed, North River chose to serve the rebuttal report of an expert witness, Michael Wade, many months after service of the expert reports which Dr. Wade addressed in his report.[5]

**C. Any Untimeliness In The Disclosure Was Substantially Justified Or Harmless**

Even if the Taylor Affidavit were considered to be untimely, Rule 37(c)(1) "allows the court to admit belatedly proffered expert evidence if the proponent's failure to reveal it was substantially justified or harmless." Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (quoting Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001)). North River recognizes this principle (NR Mem. at 5). The determination of whether an untimely Rule 26(a) disclosure is justified or harmless is "entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co., 170 F.3d 985, 993 (10th Cir. 1999); Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996). Such discretion should be exercised in view of the purpose of expert disclosure, which is "to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent." Poulis-Minott, 388 F.3d at 358 (internal quotations omitted). It would be unfair to permit North River to raise allocation while at the same time denying Emhart the opportunity to submit evidence in response to that newly-raised issue.

---

[5] This issue was raised in the Emhart pre-trial memorandum, filed on April 6, 2006 and at the pre-trial conference, it was agreed that the Wade report would not be stricken due to untimeliness.

North River notes that two factors pertinent to determining whether untimely disclosures are substantially justified or harmless are the reason the disclosure was made at a particular time and the importance of the testimony. Those factors militate toward admissibility of the expert opinion in the Taylor Affidavit. The complaint against North River seeks declaratory relief. As such, calculation of damages, the issue to which allocation is pertinent, would not be addressed until after trial. Emhart has consistently contended, as asserted at pages 21-22 of the Joint Statement, that allocation is an issue that is appropriately determined following trial. As indicated by the Joint Statement, the parties disagreed as to whether allocation should be addressed prior to trial. The Report agrees with Emhart's position that allocation should be considered after trial. When North River raised the issue before trial, by moving for summary judgment, Emhart promptly addressed the issue of availability of insurance through the Taylor affidavit. Cf. Sealed Plaintiff # 1 v. Sealed Defendant # 1, 221 F.R.D. 367, 369-370 (N.D.N.Y. 2004) (declining to preclude expert testimony as untimely where need for additional expert witness became known only after deposition of fact witness). Given that North River bears the burden of proof on the availability of insurance, Emhart had good reason to await the North River evidence on the issue and then respond. In addition, the Taylor Affidavit is important: it provides information concerning the limitations of generally available insurance that is necessary for this issue to be addressed on the merits.

The remaining factor addressed by North River is prejudice, including the possibility that any prejudice could be cured. At the outset, it is not credible that North River suffered any prejudice. North River does not assert that was unaware of the types of insurance coverage available during the past twenty years, the issue addressed in the Taylor Affidavit. North River was expressly advised, through the Joint Statement, that Emhart would raise the issue that

insurance was unavailable if North River chose to assert that years after 1985 should be included in a calculation of allocation. The failure of North River to address the availability of insurance appears to be a tactical decision.

Any prejudice that North River asserts it suffered is curable by providing it an opportunity to conduct discovery and retain an expert regarding the availability of insurance. North River asserts that it will suffer incurable prejudice solely on the basis that there is "very limited time left before trial" (NR Mem. at 5). That argument is misguided. The Report concluded that allocation will be addressed after trial. North River will have the opportunity to conduct the deposition of Mr. Taylor and to retain an expert witness before the post-trial proceedings in which allocation will be addressed. When a schedule is established for later proceedings, dates can be set for the Taylor deposition and disclosure of any responding expert. That procedure was followed when North River designated Dr. Wade as a rebuttal witness after the period for such disclosure. The courts have found that there is no prejudice, and belated disclosure is permissible, where the adversary has an opportunity to conduct discovery and retain an expert before trial. See Strougo v. BEA Associates, 188 F. Supp. 2d 373, 380 (S.D.N.Y. 2002) (finding insufficient prejudice to warrant exclusion of experts where party seeking exclusion of expert testimony had opportunity to depose experts and to retain its own rebuttal expert witnesses); Wechsler v. Hunt Health Systems, Ltd., 198 F. Supp. 2d 508, 527 (S.D.N.Y. 2002) (plaintiff's failure to disclose expert testimony was harmless where court extended deadline for defendants to respond to summary judgment motion and defendants had "ample time" to retain their own expert).

## CONCLUSION

For the foregoing reasons, the North River Motion to Strike the affidavit of Rodney J. Taylor Contained in the Opposition Memorandum on the "Allocation" Issue should be denied.

Respectfully submitted,

/s/ Gerald J. Petros

Jack R. Pirozzolo
Richard L. Binder
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Dated: August 28, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, a copy of the foregoing Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Objection To Defendant North River Insurance Company's Motion To Strike The Affidavit of Rodney J. Taylor Contained In The Opposition Memorandum on the "Allocation" Issue was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

745278v1