UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICAN INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | DOCKET NO: 02-53-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S**
**MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF DEFENSE ISSUES**

Defendant The North River Insurance Company ("North River") moves that the Court enter an Order *in Limine* precluding plaintiff Emhart Industries, Inc. ("Emhart") from presenting any evidence or testimony at trial to the effect that North River has breached any claimed duty to defend or presently owes any costs of defense with respect to the Centredale Site. North River further requests that Emhart be precluded from making any such references in its opening statement.

As grounds for this Motion, North River states that the single policy at issue in this litigation provides excess coverage only and has not been triggered in view of the fact that the primary insurance policy underlying this coverage (and all other available insurance) has not been exhausted by the payment of any covered settlement or damages. Since there is no theory under which North River could be found to owe a duty to defend at this time, it would be

improper and prejudicial for Emhart to be permitted to make such references to any alleged defense obligations of North River during the trial. In further support of this Motion, North River states as follows.

**MEMORANDUM OF LAW**

The claims asserted in this action against North River relate to a single excess liability insurance policy (Policy No. 523 313109 9) that was issued to Emhart for the period from January 1, 1984 to January 1, 1985. This policy provided insurance excess of a $1 million primary liability policy issued by the Aetna Casualty and Surety Company ("Aetna"). The North River Policy provides, in relevant part:

> I. COVERAGE
>
> The Company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, or assumed by the insured under contract, for:
>
> (c) Property Damage Liability
>
> arising out of an occurrence.
>
> V. RETAINED LIMIT – LIMIT OF LIABILITY
>
> The Company's liability shall be only for the ultimate net loss in excess of the insured's retained limit defined as the greater of:
>
> (a) the total of the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other insurance collectible by the insured; or
>
> (b) the self-insured retention stated in Item 4(c) of the declarations as the result of all occurrences not covered by said underlying insurance, and which shall be borne by the insured, separately as respects each annual period of this policy.
>
> When the self-insured retention stated in Item 4(c) has been exhausted, this policy shall apply without application of the self-insured retention for the remainder of that annual period.

The North River Policy also contains an "Other Insurance" condition which states:

> **I. Other Insurance.** If other collectible insurance including other insurance with this company is available to the insured covering a loss also covered hereunder (except insurance purchased to apply in excess of the sum of the retained limit hereunder), the insurance hereunder shall be in excess of and shall not contribute with such other insurance.

Collectively, these provisions mandate that Emhart establish that the underlying Aetna policy and all other insurance available to it be exhausted before North River can have any potential obligation with respect to the Centredale Site.

Under New York law, which this Court has previously held applies to all claims against North River, an excess insurer's duties cannot arise until such time as all applicable primary and other insurance is exhausted. *State Farm Fire & Casualty Co. v. LiMauro*, 65 N.Y.2d 369, 482 N.E.2d 13 (1985). Until the primary liability insurance is exhausted, an excess carrier has no contractual duty to participate in the insured's defense, nor does it have any duty to reimburse the costs of defense, whether incurred by the primary insurer or the policyholder. *General Accident Fire & Life Assurance Co. v. Piazza*, 4 N.Y.2d 659, 669 (1958). *See also IBM Corp. v. Liberty Mut. Ins. Co.* 303 F.3d 419, 429 (2d Cir. 2002) ("The excess insurer is required to provide coverage only when the primary insurance has been fully exhausted"). As the New York Court of Appeals recently stated in *GMAC v. Nationwide Ins. Co.*, 796 N.Y.S. 2d 2, 4, 828 N.E. 2d 959, 961 (N.Y. 2005).

> A primary insurer has the primary duty to defend on behalf of its insureds. Moreover, a primary insurer has a duty to defend without any entitlement to contribution from an excess insurer. An excess insurer may, in its discretion, protect its interests by participating in the defense. Unlike a primary insurer, however, there is no obligation to do so.

(internal citations omitted).

In this case, the North River policy was issued excess of a $1 million primary policy issued by Aetna. Although Emhart has apparently settled with Aetna, there is no contention that

the full limits of liability have been exhausted, nor has Emhart ever tendered the defense of the underlying claim to North River. Based upon the information that Emhart has produced to its insurers most recently, its total claimed damages to date are only $711,000. Thus, even if this loss was wholly assigned to a single year, a result that is precluded by New York law, no basis exists for contending that North River has any present obligation to pay or reimburse those defense costs for which Emhart seeks recovery in this action. *See Consolidated Edison v. Allstate Ins. Co.*, 98 N.Y.2d 208, 774 N.E.2d 687 (2002)(holding that polluter had no right of recovery against excess insurers where cleanup costs, allocated throughout the period of injury, were less than the primary insurance).

## CONCLUSION

Since North River has no potential obligation to pay any share of defense costs until the insurance underlying its policy and all other collectible insurance is fully exhausted and as Emhart has not established that exhaustion has occurred, North River respectfully asks that this Court enter an Order *in Limine* precluding Emhart from presenting any evidence or testimony at trial concerning any contention that North River has breached any claimed duty to defend or presently owes any costs of defense for the Centredale Site.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**
By its attorneys,

*/s/ Mark T. Nugent*

Mark T. Nugent, RI Bar# 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

*/s/ John T. Harding*

John T. Harding, Esquire (pro hac vice)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: August 30, 2006

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 30, 2006.

*/s/ John T. Harding*

John T. Harding, Jr. BBO #221270