**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE CO. and UNITED STATES FIRE INSURANCE COMPANY, Defendants | Civil Action No.: 02-053-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S**
**MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO FUTURE COSTS**

Defendant The North River Insurance Company ("North River") moves that the Court enter an Order *in Limine* precluding Plaintiff Emhart Industries, Inc. ("Emhart") from making any references at the trial of this action to any future costs which may be incurred with respect to the Centredale Manor Superfund Site (the "Centredale Site"). The Court should specifically bar any references to speculative "projections" or "estimates" of what costs may be incurred at the Centredale Site. As grounds for this motion, North River states as follows:

1. It is undisputed that the United States Environmental Protection Agency (the "EPA") has not determined what remedy will ultimately be required at the Centredale Site. As of this date, all that has been done is the completion of a preliminary Remedial Investigation. The EPA has not issued a Feasibility Study recommending a particular course of remediation at the Site nor issued an Administrative Order determining what must be done and when. Further, based upon the discovery conducted in this action, it appears that the EPA and Emhart are still attempting to negotiate a settlement of the remedy for the Centredale Site.

2. Since the remedy for the Centredale Site has not been determined, there is no factual basis for any witness to testify as to the amount of costs that will be incurred at the Centredale Site once a remedy is determined. Any statements by any witness concerning the future costs of remediation at the Centredale Site would be pure speculation. Accordingly, such statements are completely irrelevant to any matter to be determined in the case.

3. Emhart has repeatedly stated that this action solely seeks a declaration of North River's alleged contractual obligations at some undefined time in the future. [Complaint, ¶¶86, 90, 92]. Emhart does not contend that North River has a present obligation to indemnify Emhart for any amounts whatsoever. Accordingly, permitting Emhart to refer to such amounts would allow the presentation of speculative "evidence" that is entirely irrelevant to any matter to be determined by the jury. F.R.E. 401. *A.J. Fagin v. Kelly,* 184 F.3d 67, 81 (1st Cir. 1999)(district court has wide discretion in determining relevance); *United States v. Rubin,* 37 F.3d 49, 52 (2d Cir. 1994)("[d]eterminations of relevance are entrusted to the sound discretion of the district court, and we will not override its decision unless arbitrary or irrational").

4. Allowing Emhart to refer to speculative future costs for which there is no foundation would be unduly prejudicial to North River since it could cause the jury to base its decision on the amount of costs that Emhart may ultimately be required to pay in connection with the Centredale Site. F.R.E. 403. *CPC International, Inc. v. Northbrook Excess and Surplus Ins. Co.,* 144 F.3d 35, 45 (1st Cir. 1998)("Unfair prejudice, as the Advisory Committee Note teaches, means an undue tendency to suggest decisions on an improper basis, commonly, though not necessarily, an emotional one"; evidence that would lead to a decision based on emotion should be excluded).

5. Further, allowing Emhart to refer to speculative future costs could easily cause juror confusion since the jurors might think that they could actually award such speculative amounts when there is no basis under the terms of the North River Policy for them to do so. *Kinan v. City of*

*Brockton,* 876 F.2d 1029, 1034 (1st Cir. 1989)(excluding evidence where it would cause juror confusion and result in a waste of time).

For the reasons stated, North River requests that the Court enter an Order *in Limine* precluding Emhart from making any reference at trial to future costs that may be incurred at the Centredale Site.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**
By its attorneys,

*/s/ Mark T. Nugent*

Mark T. Nugent, RI Bar# 2637
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

*/s/ John T. Harding*

John T. Harding, *pro hac vice*
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: August 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 30, 2006.

*/s/ John T. Harding*

John T. Harding, Jr. BBO #221270