UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.

Plaintiff,

v.

HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICAN INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

DOCKET NO: 02-53-S

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S**
**MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO "CLAIM HANDLING"**

Defendant The North River Insurance Company ("North River") moves that the Court enter an order *in limine* to preclude Plaintiff Emhart Industries, Inc. ("Emhart") from referring in its opening or during the course of trial to any allegedly improper "claim handling" by North River, including any suggestion that Emhart's claim was handled in "bad faith." Emhart does not contend that North River presently owes it any obligation under the subject North River policy and there is no claim for "bad faith" in this case. Accordingly, any reference to "bad faith" or allegedly improper claim handling would be unfairly prejudicial to North River. In further support of this motion, North River states as follows:

1. The only dispute between North River and Emhart is whether Emhart is entitled to a declaration that North River may owe it coverage at some undetermined time in the future.

[Complaint, ¶¶86-92]. Any alleged "claim handling" or "bad faith" by North River is not an element of, or relevant to, Emhart's request for a declaratory judgment.

2. Because there is no issue for the jury to decide concerning any so-called "bad faith" conduct of North River, any proffered evidence or reference to "bad faith" should be excluded because it does not meet the test of relevant evidence under F.R.E. 401. *A.J. Faigin v. Kelly*, 184 F.3d 67, 81 (1st Cir. 1999) (district court has wide discretion in determining relevance); *United States v. Rubin*, 37 F.3d 49, 52 (2nd Cir. 1994)("[d]eterminations of relevance are entrusted to the sound discretion of the district court, and we will not override its decision unless arbitrary or irrational").

3. Moreover, any such references would be unfairly prejudicial and inflammatory. The only possible purpose of making references to alleged "bad faith" is to cast North River in a bad light and attempt to sway the jurors with an emotional appeal. Accordingly, any such purported evidence should be excluded under F.R.E. 403. *CPC International, Inc. v. Northbrook Excess and Surplus Insurance Company*, 144 F.3d 35, 45 (1st Cir. 1998)("Unfair prejudice, as the Advisory Committee Note teaches, means an undue tendency to suggest decisions on an improper basis, commonly, though not necessarily, an emotional one"; evidence that would lead to a decision based on emotion or a desire to punish should be excluded); *Baker v. Dalkon Shield Claimants Trust*, 156 F.3d 248, 252 (1st Cir. 1998) (accord); *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989)(excluding evidence where it would cause juror confusion and result in a waste of time).

4. Indeed, numerous courts have recognized that even where a claim for "bad faith" is asserted (which is not the case here), it should be bifurcated from the contract claim to avoid unfair prejudice to the insurer. *See Porn v. National Grange Mutual Ins. Co.*, 93 F. 3d 31, 36 (1st

Cir. 1996) ("we agree with the district court that any potential prejudice [to the insurer of joining the contract and bad faith claims] could be resolved by bifurcating the trial"); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500-01 (5th Cir. 1985) (bifurcating bad faith claims from insurance coverage claims is necessary "to avoid prejudice and to expedite the trial"); *American National Red Cross v. Travelers Indem. Co.*, 924 F. Supp. 304, 308 (D.D.C. 1996) (ordering bifurcation, the court observed that it could not "disregard the [insurer's] assertion that trial of the [insurer's] affirmative defenses along with [the insured's] "bad faith claims could subject defendants to undue prejudice"); *South Hampton Ref. Co. v. National Union Fire Ins. Co.*, 875 F. Supp. 382, 384 (E.D. Tex. 1995) (bad faith claims against insurers that depend on the outcome of contractual coverage claims are generally severed from those coverage claims); *Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co.*, 734 F. Supp. 204, 208 (W.D. Pa. 1989) (ordering bifurcation to avoid "substantial risk of prejudice to [insurer] from joining the coverage and bad faith issues").

For the reasons stated, North River respectfully requests that the Court exclude from the jury trial any references or evidence that North River acted in "bad faith" or engaged in any form of allegedly improper claim handling.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**

By its attorneys,

*/s/ Mark T. Nugent*

Mark T. Nugent, BBO # 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

*/s/ John T. Harding*

John T. Harding, Esquire
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: August 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 30, 2006.

*/s/ John T. Harding*

John T. Harding, Jr. BBO #221270