UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICAN INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | DOCKET NO: 02-53-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO DUTY TO INDEMNIFY**

Defendant The North River Insurance Company ("North River") moves that the Court enter an Order *in limine* precluding Plaintiff Emhart Industries, Inc. ("Emhart") from introducing any evidence or making any reference at trial to a claimed present obligation by North River to indemnify Emhart. As grounds for this motion, North River incorporates by reference its Motion *in Limine* to Preclude Evidence of Defense Issues ("NR Def. Mot.") and further states as follows:

1. The terms of the North River Policy and applicable New York law clearly mandate that Emhart exhaust all underlying insurance and all other available insurance before North River can have any potential obligation to indemnify Emhart with respect to the Centredale Site. [NR Def. Mot. at 2-3].

2. It is uncontested that Emhart cannot demonstrate that it has properly exhausted all underlying insurance to the North River policy and all other available insurance. Indeed, in opposing North River's Motion for Summary Judgment on Allocation, Emhart contended that North River's Motion was premature because all that Emhart is seeking is a declaration as to North River's alleged future obligations which have not yet arisen. [*See* Emhart's Memorandum in Opposition to North River's Motion for Summary Judgment on Allocation, 8/18/06 at 7].

3. There is no evidence that Emhart has exhausted all underlying and other insurance by the payment of indemnity as required by the terms of the North River policy. Emhart has only identified slightly more than $700,000 in claimed indemnity costs to date, all of which have been reimbursed pursuant to the terms of its settlement with Liberty Mutual Insurance Company.

4. In these circumstances, it would be both improper and prejudicial to permit Emhart to make any reference in front of the jury to the effect that North River has any present obligation to indemnify Emhart for any amounts with respect to the Centredale Site. Accordingly, the Court should enter an Order barring Emhart from making any such references at the trial of this action. F.R.E. 401, 403. *A.J. Faigin v. Kelly*, 184 F.3d 67, 81 (1st Cir. 1999) (district court has wide discretion in determining relevance); *United States v. Rubin*, 37 F.3d 49, 52 (2nd Cir. 1994)("[d]eterminations of relevance are entrusted to the sound discretion of the district court, and we will not override its decision unless arbitrary or irrational"); *CPC International, Inc. v. Northbrook Excess and Surplus Insurance Company*, 144 F.3d 35, 45 (1st Cir. 1998)("Unfair prejudice, as the Advisory Committee Note teaches, means an undue tendency to suggest decisions on an improper basis, commonly, though not necessarily, an emotional one"; evidence that would lead to a decision based on emotion or a desire to punish should be excluded); *Baker v. Dalkon Shield Claimants Trust*, 156 F.3d 248, 252 (1st Cir. 1998)



1019408v1

(accord); *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989)(excluding evidence where it would cause juror confusion and result in a waste of time).

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**
By its attorneys,

*/s/ Mark T. Nugent*

Mark T. Nugent, RI Bar# 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

*/s/ John T. Harding*

John T. Harding, Esquire
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: August 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 30, 2006.

*/s/ John T. Harding*

John T. Harding, Jr. BBO #221270