UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S |

**ONEBEACON AMERICA INSURANCE COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON ITS MOTION (TRIGGER) FOR PARTIAL SUMMARY JUDGMENT**

OneBeacon, as successor-in-interest to Employers Surplus Lines Insurance Company ("ESLIC"),[1] pursuant to Fed. R. Civ. P. 72(b) and LR Cv 72, objects to the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated August 22, 2006, recommending that OneBeacon's Motion for Summary Judgment concerning trigger of coverage (Document No. 337) be denied for the following reasons:

1. The Magistrate Judge erred in finding that a disputed issue of material fact exists over whether Crown-Metro had reason to test for contamination following its discontinuance of operations at the Site in 1969. The only evidence that plaintiff Emhart Industries, Inc. ("Emhart") proffered is the opinion of those experts who testified about the known effects of

1 OneBeacon and ESLIC are hereinafter collectively referred to as OneBeacon.

dioxin contamination in the 1960s. None of those experts, however, addressed the issue raised in Century Indemnity Company's, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and OneBeacon's motions, which is whether a company that did not own the site at which dioxin contamination is later discovered, and was no longer conducting business operations at the site, would have a reason to test the site for dioxin contamination during the policy period. The opinions Emhart relies upon confirms that such a company would have no reason to conduct testing.

A. Dr. Hass opined that in the 1960s concerns relating to dioxin contamination were limited to occupational exposures [Appendix of Exhibits to the Objections of Emhart Industries, Inc. to Defendants' Motions for Summary Judgment Based on Trigger of Coverage ("Appendix"), Tab L at 4]. The known occupational exposures were chloracne (a skin disease) and liver dysfunction [Appendix, Tab M at 202]. Dr. Hass confirmed that dioxin contamination did not become an environmental concern until 1970, when Congress held hearings on Agent Orange [Appendix, Tab M at 200; Appendix Tab Q]. Metro-Atlantic stopped making hexachlorophene at the Site in 1965, and stopped all business operations at the Site in 1968. Thus, Crown-Metro had no reason to be concerned with occupational exposures at the Site during the policy period.

B. Dr. Calabrese opined that concerns about dioxin contamination in the 1960s were limited to occupational exposures [Appendix, Tab N at 42-43; Appendix, Tab P at 13-14]. According to Dr. Calabrese, dioxin contamination became an environmental concern in 1970-1971, in connection with the discovery of dioxins at a site in Times Beach, Missouri [Appendix, Tab P at 16].

C. Dr. Cherimisinoff's testimony about whether a company would have reason to test for dioxin contamination in the environment was limited to plant operators [Appendix, Tab O at 384] and site owners [Appendix, Tab O at 393].

2. The Magistrate Judge erred in finding that this Court determined that material issues of disputed fact preclude summary judgment on trigger of coverage, when the Court denied Emhart's and Century's cross-motions for summary judgment on the duty to defend on August 3, 2006. The cross-motions for summary judgment on the duty to defend were limited to the factual allegations in the underlying charging documents. The Court did not consider whether coverage was triggered based on the actual facts.

3. The Magistrate Judge erred in finding that Century and OneBeacon unsuccessfully sought summary judgment on this issue in 2004. Century's and OneBeacon's prior motions were based on Century's 1969 excess policy (to which the OneBeacon policy follows form). The 1969 primary policy was not part of the case at that time. With respect to those motions, Magistrate Judge Lovegreen recommended that the Court first determine the obligations under the 1969 primary policy before determining the obligations under the 1969 excess policy. The Court adopted Magistrate Judge Lovegreen's Report and Recommendation in full. Neither Magistrate Judge Lovegreen nor the Court addressed the trigger of coverage argument under the 1969 excess policy on the merits.

WHEREFORE, OneBeacon respectfully requests that the Court sustain its objections to the Report and Recommendation, and then grant OneBeacon's Motion for Summary Judgment concerning trigger of coverage.

ONEBEACON AMERICA INSURANCE COMPANY

By its Attorneys,

/s/ Kevin J. O'Connor

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
Hermes, Netburn, O'Connor,
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052

September 1, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 1, 2006.

/s/ Kevin J. O'Connor

Kevin J. O'Connor

G:\DOCS\MSB\Clients\OneBeacon\Emhart - 15035\Pleadings\obj - trigger.doc