UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON TRIGGER OF COVERAGE UNDER CENTURY'S 1969 PRIMARY POLICY |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, objects to the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated August 22, 2006, recommending that Century's motion for summary judgment under its 1969 primary policy based on trigger of coverage be denied, for the following reasons:

1. The Magistrate Judge erred in finding that a disputed issue of material fact exists over whether Crown-Metro had reason to test for contamination following its discontinuance of operations at the Site in 1969. The only evidence that plaintiff Emhart Industries, Inc. ("Emhart") proffered is the opinion of those experts who testified about the known effects of dioxin contamination in the 1960s. None of those experts, however, addressed the issue raised in Century's motion, which is whether a company that did not own the site at which dioxin contamination is later discovered, and was no longer conducting business

operations at the site, would have a reason to test the site for dioxin contamination during the policy period. The opinions Emhart relies upon confirms that such a company would have no reason to conduct testing.

A. Dr. Hass opined that in the 1960s concerns relating to dioxin contamination were limited to occupational exposures [Appendix of Exhibits to the Objections of Emhart Industries, Inc. to Defendants' Motions for Summary Judgment Based on Trigger of Coverage ("Appendix"), Tab L at 4]. The known occupational exposures were chloracne (a skin disease) and liver dysfunction [Appendix, Tab M at 202]. Dr. Hass confirmed that dioxin contamination did not become an environmental concern until 1970, when Congress held hearings on Agent Orange [Appendix, Tab M at 200; Appendix Tab Q]. Metro-Atlantic stopped making hexachlorophene at the Site in 1965, and stopped all business operations at the Site in 1968. Thus, Crown-Metro had no reason to be concerned with occupational exposures at the Site during the policy period.

B. Dr. Calabrese opined that concerns about dioxin contamination in the 1960s were limited to occupational exposures [Appendix, Tab N at 42-43; Appendix, Tab P at 13-14]. According to Dr. Calabrese, dioxin contamination became an environmental concern in 1970-1971, in connection with the discovery of dioxins at a site in Times Beach, Missouri [Appendix, Tab P at 16].

C. Dr. Cherimisinoff's testimony about whether a company would have reason to test for dioxin contamination in the environment was limited to plant operators [Appendix, Tab O at 384] and site owners [Appendix, Tab O at 393].

2. The Magistrate Judge erred in finding that this Court determined that material issues of disputed fact preclude summary judgment on trigger of coverage, when the

Court denied Emhart's and Century's cross-motions for summary judgment on the duty to defend on August 3, 2006. The cross-motions for summary judgment on the duty to defend were limited to the factual allegations in the underlying charging documents. The Court did not consider whether coverage was triggered based on the actual facts.

3. The Magistrate Judge erred in finding that Century unsuccessfully sought summary judgment on this issue in 2004. Century's prior motion was under its 1969 excess policy. The 1969 primary policy was not part of the case at that time. With respect to that motion, Magistrate Judge Lovegreen recommended that the Court first determine Century's obligations under the 1969 primary policy before determining Century's obligations under the 1969 excess policy. The Court adopted Magistrate Judge Lovegreen's Report and Recommendation in full. Neither Magistrate Judge Lovegreen nor the Court addressed Century's trigger of coverage argument under the 1969 excess policy on the merits.

WHEREFORE, Century respectfully requests that the Court sustain its objections and grant its motion for summary judgment under the 1969 primary policy based on trigger of coverage.

Dated: September 1, 2006

McKENNA & McCORMICK

By: /s/ James T. McCormick

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2006, a copy of the foregoing Century Indemnity Company's Objections to the Magistrate Judge's Report and Recommendation on Trigger of Coverage under Century's 1969 Primary Policy was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON TRIGGER OF COVERAGE UNDER CENTURY'S 1969 PRIMARY POLICY |

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, incorporates by reference the Memorandum of Law in Support of Century's Motion for Partial Summary Judgment Under Its 1969 Primary Policy Based on Trigger of Coverage, filed on August 9, 2006, in support of its objections to the Magistrate Judge's Report and Recommendation on trigger of coverage under Century's 1969 primary policy.

Dated: September 1, 2006

McKENNA & McCORMICK

By: /s James T. McCormick

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2006, a copy of the foregoing Century Indemnity Company's Memorandum of Law in Support of Defendant Century Indemnity Company's Objections to the Magistrate Judge's Report and Recommendation on Trigger of Coverage under Century's 1969 Primary Policy was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON TRIGGER OF COVERAGE UNDER CENTURY'S 1969 PRIMARY POLICY |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, objects to the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated August 22, 2006, recommending that Century's motion for summary judgment under its 1969 primary policy based on trigger of coverage be denied, for the following reasons:

1. The Magistrate Judge erred in finding that a disputed issue of material fact exists over whether Crown-Metro had reason to test for contamination following its discontinuance of operations at the Site in 1969. The only evidence that plaintiff Emhart Industries, Inc. ("Emhart") proffered is the opinion of those experts who testified about the known effects of dioxin contamination in the 1960s. None of those experts, however, addressed the issue raised in Century's motion, which is whether a company that did not own the site at which dioxin contamination is later discovered, and was no longer conducting business

operations at the site, would have a reason to test the site for dioxin contamination during the policy period. The opinions Emhart relies upon confirms that such a company would have no reason to conduct testing.

A. Dr. Hass opined that in the 1960s concerns relating to dioxin contamination were limited to occupational exposures [Appendix of Exhibits to the Objections of Emhart Industries, Inc. to Defendants' Motions for Summary Judgment Based on Trigger of Coverage ("Appendix"), Tab L at 4]. The known occupational exposures were chloracne (a skin disease) and liver dysfunction [Appendix, Tab M at 202]. Dr. Hass confirmed that dioxin contamination did not become an environmental concern until 1970, when Congress held hearings on Agent Orange [Appendix, Tab M at 200; Appendix Tab Q]. Metro-Atlantic stopped making hexachlorophene at the Site in 1965, and stopped all business operations at the Site in 1968. Thus, Crown-Metro had no reason to be concerned with occupational exposures at the Site during the policy period.

B. Dr. Calabrese opined that concerns about dioxin contamination in the 1960s were limited to occupational exposures [Appendix, Tab N at 42-43; Appendix, Tab P at 13-14]. According to Dr. Calabrese, dioxin contamination became an environmental concern in 1970-1971, in connection with the discovery of dioxins at a site in Times Beach, Missouri [Appendix, Tab P at 16].

C. Dr. Cherimisinoff's testimony about whether a company would have reason to test for dioxin contamination in the environment was limited to plant operators [Appendix, Tab O at 384] and site owners [Appendix, Tab O at 393].

2. The Magistrate Judge erred in finding that this Court determined that material issues of disputed fact preclude summary judgment on trigger of coverage, when the

Court denied Emhart's and Century's cross-motions for summary judgment on the duty to defend on August 3, 2006. The cross-motions for summary judgment on the duty to defend were limited to the factual allegations in the underlying charging documents. The Court did not consider whether coverage was triggered based on the actual facts.

3. The Magistrate Judge erred in finding that Century unsuccessfully sought summary judgment on this issue in 2004. Century's prior motion was under its 1969 excess policy. The 1969 primary policy was not part of the case at that time. With respect to that motion, Magistrate Judge Lovegreen recommended that the Court first determine Century's obligations under the 1969 primary policy before determining Century's obligations under the 1969 excess policy. The Court adopted Magistrate Judge Lovegreen's Report and Recommendation in full. Neither Magistrate Judge Lovegreen nor the Court addressed Century's trigger of coverage argument under the 1969 excess policy on the merits.

WHEREFORE, Century respectfully requests that the Court sustain its objections and grant its motion for summary judgment under the 1969 primary policy based on trigger of coverage.

Dated: September 1, 2006

McKENNA & McCORMICK

By: <u>/s/ James T. McCormick</u>

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2006, a copy of the foregoing Century Indemnity Company's Objections to the Magistrate Judge's Report and Recommendation on Trigger of Coverage under Century's 1969 Primary Policy was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON TRIGGER OF COVERAGE UNDER CENTURY'S 1969 PRIMARY POLICY |

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, incorporates by reference the Memorandum of Law in Support of Century's Motion for Partial Summary Judgment Under Its 1969 Primary Policy Based on Trigger of Coverage, filed on August 9, 2006, in support of its objections to the Magistrate Judge's Report and Recommendation on trigger of coverage under Century's 1969 primary policy.

Dated: September 1, 2006

McKENNA & McCORMICK

By: /s James T. McCormick

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

EMHART\090106BR.TRIGGER

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2006, a copy of the foregoing Century Indemnity Company's Memorandum of Law in Support of Defendant Century Indemnity Company's Objections to the Magistrate Judge's Report and Recommendation on Trigger of Coverage under Century's 1969 Primary Policy was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970