**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICAN, LIBERTY MUTUAL INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE CO. UNITED STATES FIRE INSURANCE COMPANY<br><br>Defendants | Civil Action No.: 02-053-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON ITS MOTION FOR SUMMARY JUDGMENT ON THE "ALLOCATION ISSUE" AND SUPPORTING MEMORANDUM OF LAW**

Defendant The North River Insurance Company ("North River"), pursuant to Fed.R.Civ.P. 72(b) and LR CV 72, objects to the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated August 22, 2006, recommending that North River's Summary Motion for Summary Judgment on the "Allocation Issue" be denied for the following reasons:

1. The Report and Recommendation fails to follow and apply the clear holdings of the New York Court of Appeals and New York federal courts that *pro rata* allocation is required when property damage takes place during more than one year. *Consolidated Edison Co. of New York, Inc. v. Certain Underwriters of Lloyd's*, 98 N.Y. 2d 208, 221-225, 774 N.E. 2d 687, 693-696 (2002); *Olin Corp. v. Insurance Co. of North America*, 221 F. 3d 307, 321-327 (2d Cir. 2000).

2. There is no reason to delay making a ruling on the legal issue of allocation now even if there is a further issue as to the precise years to which the allocation ruling will apply.

3. There is no basis in New York law for Emhart's contention that the so-called "all sums" rule should apply.

4. Further, there is no basis for Emhart's suggestion that the Court is not obligated to apply New York's "policy" adopting allocation. Apart from the fact that Emhart totally misconstrues the holdings of *Consolidated Edison* and *Olin* – which are firmly grounded in the language of the insurance policies – the Court has determined that New York law applies to all claims against North River, not just to some subset of issues relating to policy "construction." [Report and Recommendation at 5, ¶15]. Even if New York's rule of allocation was a "policy" (rather than being the logical requirement of the terms of the insurance contract), this Court would be duty bound to apply New York "policy" in light of its ruling on choice of law.

5. By failing to order allocation based strictly on the years during which the property damage occurred, and the single year that North River was on the risk, the Report and Recommendation improperly disregarded the substantial weight of authority that mandates a *pro rata* allocation in this instance. The New York Court of Appeals and federal courts applying New York law have repeatedly and consistently held that where property damage occurs in more than one year, the costs incurred by the policyholder must be allocated on a *pro rata* basis over the entire period of injury. *Consolidated Edison Co. of New York, Inc. v. Certain Underwriters of Lloyds, London,* 98 N.Y.2d 208, 221-225, 774 N.E.2d 687, 693-696 (2002); *Olin Corp. v. Insurance Company of North America,* 221 F.3d 307, 321-327 (2d Cir. 2000); *Sybron Transition Corp. v. Security Ins. Co. of Hartford,* 258 F.3d 595, 597-602 (7th Cir. 2001) (applying New York law); *Serio v. Public Service Mutual Ins. Co.*, 304 A.2d 167, 171, 759 N.Y.S. 2d 110, 113

(2d Dept. 2003). Similarly, an overwhelming majority of other jurisdictions have endorsed the *pro rata* approach exemplified by *Consolidated Edison* and based upon the clear language of the policies at issue. *See e.g., Northern States Power Co. v. Fidelity & Cas. Co.,* 523 N.W.2d 657, 662 (Minn. 1994); *Security Ins. Co. of Hartford v. Lumbermens' Mutual Cas. Co.,* 826 A.2d 107, 115-122 (Conn. 2003); *Atchison Topeka & Santa Fe RR Co. v. Stonewall Ins. Co.,* 71 P.3d 1097, 1132-1134 (Kan. 2003); *Public Service Co. v. Wallis & Cos.,* 986 P.2d 924, 939 (Colo. 1999); *Domtar, Inc. v. Niagara Fire Ins. Co.,* 563 N.W.2d 724, 732-33 (Minn. 1997); *Carter-Wallace, Inc. v. Admiral Ins. Co.,* 154 N.J. 312, 327-28, 712 A.2d 1116, 1124 (N.J. 1998); *Owens-Illinois, Inc. v. United Ins. Co.,* 138 N.J. 437, 475, 650 A.2d 974, 993-94 (N.J. 1994); *Mayor of Baltimore v. Utica Mut. Ins. Co.,* 802 A.2d 1070, 1076, 1100-1104 (Md.App. 2002), *appeal dismissed*, 821 A.2d 369 (Md. 2003); *Arco Industries Corp. v. American Motorists Ins. Co.,* 594 N.W.2d 61, 68-69 (Mich. App. 1998).

6. *Consolidated Edison* requires that North River can only be liable (at most) for its one-year *pro rata* share of Emhart's costs. This *pro rata* approach balances the equities of the parties in that no insurer is required to pay for property damage taking place outside of its policy period and the policyholder is not required to prove the precise amount of "property damage" that took place during each triggered year.

7. Additionally, the Report and Recommendation improperly disregarded the clear and unambiguous wording of the excess policy that was issued by North River to Emhart.[1] In return for the premium payments, North River agreed to pay only for those damages that took place during its one-year policy period, not for damages that occurred outside its policy period.

[1] The North River Policy defines "property damage" to mean "physical injury to or destruction of tangible property ***which occurs during the policy period***. . ." [*See* North River's Statement of Undisputed Facts, ¶4; (emphasis added)].

[*See* North River's Statement of Undisputed Facts, ¶4 ("North River St."); North River Policy, Ex. E to Joint App.]. Thus, subject to all of the other terms, conditions and exclusions contained in the policy, North River only agreed to provide coverage to Emhart for "property damage" that occurred during the one year period from January 1, 1984 to January 1, 1985. Based upon the language of the relevant policies, a *pro rata* allocation is required.

8. Emhart has never contended that it is possible to precisely quantify the amount of "property damage" that took place at the Centredale Site during any particular period of time. There is no reason why: (1) Emhart's inability to quantify the damage should amend the terms of the insurance policy; and (2) North River should have to pay for "property damage" that took place outside of its one year policy period (assuming that there is coverage at all).[2]

9. The Report and Recommendation incorrectly concludes that a declaration with respect to the method of allocation would be premature at this time and that there are relevant contested issues of fact between the parties with respect to this issue. [Report and Recommendation at 7-8]. The issue of "allocation" is solely a question of contract law and the language of the insurance contract is for the Court to interpret. *Consolidated Edison,* 98 N.Y.2d at 221, 774 N.E.2d at 693 (allocation decided as a matter of law); *Olin*, 221 F.3d at 322-324 (allocation is a matter of contract construction). There are no disputed issues of fact that would preclude the Court from resolving this issue. In particular, the allocation issue does not depend

[2] "Yet collecting all the indemnity from a particular policy presupposes ability to pin an accident to a particular policy period. Although more than one policy may be implicated by a gradual harm, joint and several allocation is not consistent with the language of the policies providing indemnification for "all sums" of liability that resulted from an accident or occurrence "during the policy period." Pro rata allocation under these facts, while not explicitly mandated by the policies, is consistent with the language of the policies. Most fundamentally, the policies provide indemnification for liability incurred as a result of an accident or occurrence during the policy period, not outside that period." *Consolidated Edison,* 98 N.Y.2d at 224, 774 N.E.2d at 694-695.

in any way upon: (1) what amounts (if any) Emhart may recover (or has already recovered) from North River or any other insurer; or (2) the final amount of the remediation costs at the Centredale Site. The dispute between the parties arises from differing interpretations of the contract—a strictly legal matter. The Report and Recommendation never identifies what "facts" are in dispute.

10. The Report and Recommendation incorrectly relied upon a factual dispute with respect to the alleged "unavailability" of insurance after 1985. Under New York law, there is no basis for the Court to delay its allocation ruling based upon an argument by Emhart concerning the so-called "unavailability" of insurance coverage. New York courts have consistently rejected claims of alleged insurance "unavailability" as a grounds for eliminating particular years from the allocation period in the context of environmental pollution claims. *See e.g. Olin,* 221 F.3d at 326. Moreover, there was no basis for the Court to have considered the Taylor Affidavit since he was never previously identified by Emhart as either an expert or fact witness in this case. *See North River's Motion to Strike Taylor Affidavit.*

WHEREFORE, North River respectfully requests that this Court reject the Report and Recommendation and enter a declaration that the *pro rata* allocation rule of *Consolidated Edison* applies to Emhart's claims.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**

By its attorneys,

Mark T. Nugent, RI Bar # 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

John T. Harding (*pro hac vice*)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: September 1, 2006

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 1, 2006

/s/ John T. Harding

John T. Harding, Jr. BBO #221270