**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICAN, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONE BEACON AMERICAN INSURANCE COMPANY and United States FIRE INSURANCE COMPANY<br><br>Defendants | **Civil Action No.: 02-053-S** |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON ITS RENEWED MOTION FOR SUMMARY JUDGMENT ON THE "POLLUTION EXCLUSION" AND SUPPORTING MEMORANDUM OF LAW**

Defendant The North River Insurance Company ("North River"), pursuant to Fed.R.Civ.P. 72(b) and LR CV 72, objects to the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated August 22, 2006, recommending that North River's Renewed Motion for Summary Judgment on the "Pollution Exclusion" be denied for the following reasons:

1. The Court has recognized that it is proper for it to reconsider a ruling on a previous motion for summary judgment at any time during the course of the case. [Order, 8/30/06 at 1-2; PACER No. 390]. Accordingly, the fact that North River had previously filed a Motion for Summary Judgment is no bar to the Court's reconsideration of this issue. To the extent that the Report and recommendation is to the contrary it is in error.

2. The Report and Recommendation is in error to the extent that it failed to apply the clear holding of the New York Court of Appeals in *Northville Industries Corp. v. National Union*

*Fire Ins. Co.*, 89 N.Y. 2d 621, 634, 679 N.E. 2d 1044, 1048 (N.Y. 1997). In particular, summary judgment should have been granted for North River because Plaintiff Emhart Industries, Inc. ("Emhart") has failed to establish a direct causal link between any allegedly "sudden and accidental" event at the Centredale Site and the dioxin contamination for which it seeks coverage under the North River policy.

3. The Report and Recommendation incorrectly ignores the significance of the recent deposition testimony of Emhart's expert, Dr. J. Ronald Hass ("Hass"), that has created an "amplified record" warranting the granting of summary judgment in North River's favor. *Fisher v. Trainor*, 242 F.3d 24, 29 n.5 (1st Cir. 2001). During the deposition, Hass admitted that he could not opine as to the sources of the dioxin contamination at the Centredale Site or make a causal connection between the dioxin contamination and any allegedly "sudden and accidental" event. Following Hass' testimony, it is now clear that Emhart cannot provide the Court with ***any admissible*** evidence which links an alleged "event" at the Centredale Site (*e.g.*, the 1972 fire) to an appreciable portion of the dioxin contamination, as required by *Northville*.

While Hass identified several allegedly "sudden" events at the Centredale Site, his mere speculation falls short of the requisite standard under New York law necessary to trigger the exception to the pollution exclusion. Under New York law, Emhart is required to show that there was a "discharge, abruptly or within a short time span, of a ***significant quantity*** of the contaminant [here, dioxin] sufficient to have some potentially damaging effect." *Northville Industries Corp. v. National Union Fire Ins. Co.*, 89 N.Y.2d at 634, 679 N.E.2d at 1048 (emphasis added). Emhart has failed to do so.

4. Merely citing an alleged method of pollution and thereby creating uncertainty as to how pollution may have occurred does not allow an insured to resuscitate coverage after the

pollution exclusion is triggered. *Employers Insurance of Wausau v. The Duplan Corp.*, No. 94 Civ. 3143, 1999 U.S. Dist. LEXIS 15368, *33-34 (S.D.N.Y. Sept. 30, 1999). Hass' pure speculation as to what "might" have happened at the Centredale Site, in the absence of any direct proof, documentation, or scientifically valid opinions deduced from the available facts, is not sufficient evidence to survive North River's summary judgment motion. To deny North River's summary judgment motion was improper given the absence of documents or other evidence establishing a causal link between the alleged "sudden and accidental" events and a substantial release of the dioxin detected at the Centredale Site.

5. The Report and Recommendation improperly considered certain irrelevant evidence in concluding that "Emhart presented sufficient evidence to show that a genuine 'trialworthy issue remains'..." [Report and Recommendation at 8]. Emhart suggested that pouring water on the Centredale Site in connection with the 1972 fire or as a result of a flood "could" have caused dioxin-containing material that was already in the environment to migrate. Logically, the migration of the dioxin could only have occurred if the pollutants were already in the soil. In addition to being pure speculation, Emhart's "theory" ignores clear New York precedent that the focus of the pollution exclusion is only on the original discharge of pollutants into the environment, not on their subsequent migration through the soil or groundwater. *See e.g., Rheem Manufacturing Co. v. Home Indemnity Co.*, 723 N.Y.S.2d 354 (1st Dept. 2001)(initial disposal of wastes at site caused the damage without regard to whether subsequent fires or floods exacerbated the damage). Put simply, once the contaminants are discharged or released into the environment, their subsequent movement as the result of an allegedly "sudden" event does not take the initial discharge outside the scope of the pollution exclusion. The Court should not have relied on any evidence speculating that fires or floods may have caused the

migration of contaminants because subsequent movement or migration of contaminants that have already been discharged into the environment is irrelevant to whether the policyholder can satisfy its burden of proof under the exception to the pollution exclusion. Further, there is no basis in New York law for Emhart's contention that cases such as *Rheem* and *Duplan* are limited to landfills where wastes were intentionally deposited. Under the clear and unambiguous language of the pollution exclusion contained in the North River policy, any issue of whether the initial discharge of pollutants was "intentional" is entirely irrelevant. *See Northville, supra.*

6. The Report and Recommendation ignores the fact that Emhart carries the ultimate burden of proof on this issue. Emhart is required to put forth competent evidence that the pollution at issue arose from a "discharge, dispersal, release or escape" of pollutants that was both "sudden and accidental." *Northville*, 89 N.Y.2d at 633, 679 N.E.2d at 1049 ("Shifting the burden to establish the exception conforms with an insured's general duty to establish coverage where it would otherwise not exist…"). On issues where the non-movant bears the ultimate burden of proof, it must present definite, competent evidence to rebut the evidence put forth by the moving party. Emhart's speculation or theories with respect to what ***might*** have happened at the Centredale Site, in the absence of definite, competent evidence is not sufficient for Emhart to meet its burden. Emhart has presented no evidence that the alleged explosions, fires and floods at the Centredale Site had any environmental impact at all, much less caused the dioxin contamination.

WHEREFORE, North River respectfully requests that this Court reject the Report and Recommendation and enter judgment for North River as a matter of law.

Respectfully submitted,

**NORTH RIVER INSURANCE COMPANY,**
By its attorneys,

Mark T. Nugent, RI Bar# 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

John T. Harding, *pro hac vice*
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: September 1, 2006

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 1, 2006

/s/ John T. Harding

John T. Harding, Jr. BBO #221270