UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MOTION *IN LIMINE* OF EMHART INDUSTRIES, INC. TO PRECLUDE REFERENCES TO, OR EVIDENCE REGARDING, INSURANCE POLICIES ISSUED BY LIBERTY MUTUAL INSURANCE CO.**

Plaintiff Emhart Industries, Inc. ("Emhart") moves that the Court enter an order in limine precluding any of the defendants from making any reference to, or offering any evidence regarding, insurance policies that Liberty Mutual Insurance Co. ("Liberty Mutual") issued to USM Corporation, a predecessor in interest of Emhart ("Liberty Insurance Policies").

As grounds for this motion, Emhart states that Black & Decker, Inc. and Liberty Mutual entered into a settlement agreement ("Agreement") that resolved, inter alia, issues regarding Emhart's claim that the Liberty Insurance Policies provided coverage for the Centredale Site at issue in this action. Defendants filed a motion for permission to use the Agreement at trial, which was denied by Magistrate Judge Almond in a report and recommendation adopted by the Court. The same reasons which supported the denial of defendants' motion to use the Agreement at trial support the granting of this motion. The Court has determined that the

Agreement is not pertinent to the issues to be tried. In view of that ruling, defendants should be precluded from making any reference to the Liberty Insurance Policies that were among the policies at issue in the settlement between Black & Decker and Liberty Mutual. Evidence regarding the Liberty Insurance Policies is not relevant to the issues to be tried and may prejudice the jury and cause unnecessary confusion. In further support of its motion, Emhart states as follows:

## MEMORANDUM OF LAW

As discussed in the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Motion For Summary Judgment Concerning Admissibility Of Settlement Agreement Between Black & Decker, Inc. And Liberty Mutual, the Liberty Insurance Policies were issued to an Emhart predecessor. Emhart alleged in its complaint in this action that the Liberty Mutual Insurance Policies provide coverage for the Centredale Site. Black & Decker resolved its dispute with Liberty Mutual concerning the Centredale Site in 2005[1] and the Court approved a stipulation of dismissal of all claims and counterclaims asserted in connection with the Liberty Insurance Policies. Notwithstanding the stipulation of dismissal, defendants seek to offer evidence of the insurance policies that Liberty Mutual issued to USM and the indemnification limits of those policies[2].

The existence and indemnification limits of the Liberty Insurance Policies are not relevant to whether the insurance policies issued by defendants provide coverage for the

1 The agreement also resolved claims regarding numerous other sites.

2 Defendants seek to offer the Liberty Insurance Policies as trial exhibits and defendants have proposed that the existence and limits of those policies be included in stipulated facts to be read to the jury. Emhart objects to the exhibits and to the inclusion of information about those policies in the stipulated facts to be read to the jury.

Centredale claim or the amount of the defense and indemnity costs that Emhart has incurred. [3] Accordingly, such evidence is not relevant and, therefore, is inadmissible pursuant to Fed.R.Evid. 402.

It appears to be defendants' position that this evidence may be admissible as relating to allocation or exhaustion. See OneBeacon/Century Pretrial Memorandum at 29. Even if defendants were correct that the Liberty Insurance Policies are relevant to those issues, which Emhart disputes, that would not be a basis for permitting reference to the Liberty Insurance Policies at trial. The Magistrate Judge has twice ruled that issues regarding allocation or exhaustion are matters for this Court to address, following trial, in entering judgment on the jury verdict. In a Report and Recommendation ("Report") dated August 2, 2006, Magistrate Judge Almond denied defendants leave to introduce the Agreement at trial, reasoning that the Agreement was relevant only to issues that are "appropriately addressed to the Court in the context of a post-verdict adjustment of damages" (Report at 2) and that introduction of the Agreement was barred by the collateral source rule (id. at 3). The same reasoning applies to the Liberty Insurance Policies. Similarly, at page 9 of a Report and Recommendation dated August 22, 2006 denying the North River summary judgment motion regarding allocation (Document 377), Magistrate Judge Almond ruled that allocation issues should be addressed after the jury verdict.

If the Liberty Insurance Policies were relevant to an issue within the scope of trial, evidence regarding those insurance policies would be inadmissible pursuant to Fed.R.Evid. 403, as any probative value of the evidence would be outweighed by unfair prejudice, confusion of the issues or misleading the jury. Offering evidence regarding the Liberty Insurance Policies

---

[3] Emhart seeks declaratory relief against North River and OneBeacon. It seeks to recover from Century indemnification and defense costs it has incurred to date.

would be confusing and prejudicial as it could suggest, that those insurance policies will provide coverage for costs incurred to date. As the Court has ruled, the impact, if any, of those insurance policies on damages are not for presentation to the jury at the upcoming trial.

**CONCLUSION**

For the foregoing reasons, Emhart requests that this Court enter an order in limine precluding the defendants from offering evidence regarding the Liberty Insurance Policies or from making any reference to those insurance policies at trial.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Dated: September 5, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2006, a copy of the foregoing Motion *In Limine* Of Emhart Industries, Inc. To Preclude References To, Or Evidence Regarding, Insurance Policies Issued By Liberty Mutual Insurance Co. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com