UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | Civil Action No. 02-053 S |

**MOTION *IN LIMINE* OF EMHART INDUSTRIES, INC. TO PRECLUDE REFERENCES TO, OR EVIDENCE REGARDING, SETTLEMENT BETWEEN BLACK & DECKER, INC. AND LIBERTY MUTUAL INSURANCE CO.**

Plaintiff Emhart Industries, Inc. ("Emhart") moves that the Court enter an order in limine precluding any of the defendants from making any reference to, or offering any evidence regarding, any aspect of the settlement between Black & Decker, Inc. (the corporate parent of Emhart) and Liberty Mutual Insurance Co. ("Liberty Mutual"), including without limitation the Agreement (collectively the "Settlement").

As grounds for this motion, Emhart states that the Court has denied defendants' motion seeking permission to use at trial a settlement agreement between Black & Decker, Inc. and Liberty Mutual. The same reasons which supported the denial of defendants' motion support the granting of this motion. The Court has determined that the Agreement is not pertinent to the issues to be tried. In view of that ruling, defendants should be precluded from making any reference to the Agreement or the underlying settlement between Black & Decker and Liberty

Mutual. Evidence of the Settlement or any reference to the Settlement is not relevant to the issues to be tried and may prejudice the jury and cause unnecessary confusion. In further support of its motion, Emhart states as follows:

## MEMORANDUM OF LAW

As discussed in the Memorandum Of Law Of Emhart Industries, Inc. In Support Of Its Motion For Summary Judgment Concerning Admissibility Of Settlement Agreement Between Black & Decker, Inc. And Liberty Mutual, Liberty Mutual provided insurance to an Emhart predecessor. Black & Decker resolved its dispute with Liberty Mutual concerning the Centredale Site in 2005. This was part of a larger settlement involving environmental claims at some forty sites (both owned sites and Superfund sites), at least six mass tort toxic exposure claims and policies issued to five entities. The Agreement allocated specific amounts to settlement of each of the claims against Liberty Mutual, including the claims for defense and indemnity concerning the Centredale site in issue here.

After Emhart was ordered to produce a copy of the Agreement to defendants, defendants moved for an order permitting them to use the Agreement at trial. Emhart moved for an order barring the use of the Agreement. In a Report and Recommendation ("Report") dated August 2, 2006, Magistrate Judge Almond recommended that Emhart's motion be granted and that the defendants' motion be denied. The Magistrate Judge reasoned that the Agreement was relevant only to issues that are "appropriately addressed to the Court in the context of a post-verdict adjustment of damages" (Report at 2) and that permitting introduction of the Agreement was barred by the collateral source (id. at 3). The Magistrate Judge also concluded that because the Agreement "extends well beyond this case, the potential for jury confusion in this already complex case outweighs the probative value" of the Agreement, and that "there is a legitimate

danger of unfair prejudice to Emhart by disclosing [the Agreement] to the jury" (id. at 3). In an Order dated August 23, 2006, this Court adopted the Report and denied defendants' motion to permit use of the Agreement at trial. The reasoning underlying that decision requires preclusion of any evidence regarding the settlement underlying the Agreement.

Defendants should be precluded from offering evidence regarding the Settlement (including the Agreement) or from referencing the Settlement for the reasons given in the Report. The only relevance of the Settlement is to issues which are better left to proceedings following trial. Evidence regarding, or references to, the Settlement will only confuse the jury, particularly as the Court has ruled that the Agreement is inadmissible. There is also a danger of unfair prejudice to Emhart if defendants are permitted to refer to the Agreement or the any other aspect of the Settlement. Testimony regarding the Agreement and references to the settlement underlying the Agreement should therefore be precluded, just as the Agreement itself is.

**CONCLUSION**

For the foregoing reasons, Emhart requests that this Court enter an order in limine precluding defendants from offering evidence regarding any aspect of the settlement between between Black & Decker and Liberty Mutual, including without limitation the Agreement, at trial.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Dated: September 5, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2006, a copy of the foregoing Motion *In Limine* Of Emhart Industries, Inc. To Preclude References To, Or Evidence Regarding, Settlement Between Black & Decker, Inc. And Liberty Mutual Insurance Co. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

747006v1