UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTIONS *IN LIMINE* REGARDING THE LIBERTY MUTUAL POLICIES AND SETTLEMENT AGREEMENT |

Defendants, by their respective attorneys, object to the (1) Motion *In Limine* of Emhart Industries, Inc. to Preclude References to, or Evidence Regarding Insurance Policies Issued by Liberty Mutual Insurance Co., and (2) Motion *In Limine* of Emhart Industries, Inc. to Preclude References to, or Evidence Regarding, Settlement Between Black & Decker, Inc. and Liberty Mutual Insurance Co., for the following reasons:

1. Evidence regarding Liberty Mutual's insurance policies and the settlement agreement with Liberty Mutual is relevant to, among other things, plaintiff's argument that defendant Century Indemnity Company ("Century") breached its duty to defend under Century's 1969 excess policy.[1] Plaintiff contends that Century breached its duty to defend under its 1969 excess policy and, as a result, has a duty to indemnify. In response, Century contends, among

[1] On August 4, 2006, the Court denied plaintiff's and Century's cross-motions for summary judgment on whether Century has a duty to defend under its 1969 primary policy because the Court could not determine from the allegations in the underlying charging documents, among other things, whether a reasonable possibility existed that the dioxin contamination at the Site was discoverable in the exercise of reasonable diligence during Century's policy period. Century contends it has no duty to defend under its 1969 excess policy for the same reason.

other things, it has no duty to defend under its 1969 excess policy until all applicable underlying coverage has been exhausted. *See, e.g., Missouri Pacific R. Co. v. International Ins. Co.*, 288 Ill.App.3d 69, 83-84, 679 N.E.2d 801, 811 (Ill. App. 2 Dist.) ("liability under an excess policy would not attach until all underlying coverage was exhausted"), appeal denied by, 174 Ill.2d 567, 686 N.E.2d 1164 (Ill. 1997); *Iolab Corp. v. Seabord Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994) (all primary insurance must be exhausted before liability attaches under an excess policy). Liberty Mutual issued primary liability insurance policies to USM Corporation from 1971 to 1979. Plaintiff sought coverage under those policies for its losses in connection with the Site, and recovered part of its losses from Liberty Mutual. Because those Liberty Mutual policies are beneath Century's excess policy, Century contends those policies must be exhausted before Century's duty to defend can arise. The Liberty Mutual policies and the Liberty Mutual settlement, thus, are relevant to show that Century did not breach its duty to defend under Century's 1969 excess policy because those Liberty Mutual policies have not been exhausted.

2. Evidence regarding Liberty Mutual's policies and the settlement agreement with Liberty Mutual are relevant for the same reasons set forth in defendants' motion seeking permission to use the Liberty Mutual settlement agreement at trial. Those reasons include: (1) what portion, if any, of the defense costs of plaintiff should be allocated to Century's 1969 primary policy; and (2) whether the defendants have any duty to defend or indemnify plaintiff under any of their excess policies.

WHEREFORE, defendants respectfully request that the Court deny plaintiff's motions *in limine* regarding Liberty Mutual's policies and the Liberty Mutual settlement agreement.

Dated: September 11, 2006

Respectfully submitted,

/s/ James R. Murphy
James R. Murphy (#1698)
Kelly N. Michels
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154
- and -
Kevin J. O'Connor
Peter C. Netburn
Hermes, Netburn, O'Connor
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050

Attorneys for OneBeacon America
Insurance Company

/s/ James T. McCormick
James T. McCormick (#2614)
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970
- and –
Lawrence A. Nathanson
Scott E. Levens
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8900

Attorneys for Century Indemnity Company,
as successor to CCI Insurance Company,
as successor to Insurance Company of
North America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2006, a copy of the foregoing Defendants' Objections to Plaintiff's Motions *In Limine* Regarding the Liberty Mutual Policies and Settlement Agreement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970



EMHART\090706OB.LM