UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | ) | |
| v. | ) | CIVIL ACTION No. 02-053-S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | ) | |

EMHART'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO
EMHART'S MOTION IN LIMINE RE "LIBERTY MUTUAL ISSUES"

The Court ruled that the Liberty Mutual settlement agreement is inadmissible. Defendants repeat arguments they unsuccessfully made in support of their motion for permission to use the agreement at trial. The insurers argue that they are entitled to bring the Liberty Mutual Policies and Settlement Agreement to the attention of the jury because those policies must be exhausted before certain policies issued by the defendant insurers must answer for the claim. As has been discussed in previous filings, any allocation issues are for the Court and should await trial. The same reasoning applies to exhaustion. Moreover, the insurers' argument is erroneous. The Liberty Mutual Insurance Policies were issued in years other than the years in which defendants issued their policies.[1] As such, the Liberty Mutual policies are irrelevant to exhaustion or allocation.

[1] The OneBeacon and North River policies were issued in 1969, the Liberty Mutual policies were issued in 1971-1978, and the North River policy was issued in 1984.

North River argues that all primary policies must be exhausted before any excess policies are implicated. Four of the cases it cites[2] rely upon "other insurance" clauses under circumstances where the primary and excess policies were issued for the same policy periods and the dispute was between or among the insurers without involving the insured. New York's highest court has rejected the use of "other insurance" clauses where, as here, the primary and excess policies were issued for different periods. In Consolidated Edison v. Allstate Insurance Co., 774 N.E.2d 687, 694 (N.Y. 2002), the case upon which North River relies for the rule that recovery must be allocated pro rata, the court stated that "other insurance" clauses … apply when two or more policies provide coverage during the same period, and they serve to prevent multiple recoveries from such policies."

New York is in accord with other jurisdictions, which hold that, where there is a pro rata allocation among policy periods, "other insurance" clauses do not apply. See Owens-Illinois, Inc. v. United Ins. Co., 650 A.2d 974, 991 (N.J. 1994). As New Jersey's highest court has explained, horizontal exhaustion cannot be reconciled with pro rata allocation:

> ... [A]fter pro-ration of damages **horizontally**, the policies implicated in each particular year are exhausted **vertically**. Accordingly, the primary policy in a particular year answers until its limits are exhausted, then the first-level excess policy answers until its limits are exhausted and the **vertical** exhaustion scheme continues until all of the damages assigned to the particular years are covered or all of the insurance policies' limits are exhausted, whichever occurs first.

Spaulding Composites Co v. Aetna Casualty and Surety Co., 819 A.2d 410, 418 (N.J. 2003); emphasis in original.

The argument made by OneBeacon and Century is equally faulty. They rely upon a

---

2 State Farm Fire & Casualty Co. v. LiMauro, 482 N.E.2d 13 (N.Y. 1985); General Accident Fire & Life Assurance Co. v. Piazza, 152 N.E.2d 236 (N.Y. 1958); IBM Corp. v. Liberty Mutual Insurance Co., 303 F.3d 419 (2d Cir. 2002); GMAC v. Nationwide Insurance Co., 828 N.E.2d 959 (N.Y. 2005)

California case, Iolab Corp. v. Seaboard Surety Co., 15 F.3d 1500 (9th Cir. 1994), for the rule that all primary insurance must be exhausted before liability attaches under an excess policy. As in the cases cited by Century and OneBeacon, the primary and excess policies in that case appear to have been written for the same policy periods. In any event, California's Supreme Court subsequently held in Dart Industries, Inc. v. Commercial Union Ins. Co., 52 P.3d 79, 92. n.6 93 (Cal. 2002), that any apportionment pursuant to "other insurance" clauses "has no bearing upon the insurers' obligations to the policyholder." In addition, such clauses "become relevant only where several insurers insure the same risk at the same level of coverage," adding that an "'other insurance' dispute cannot arise between excess and primary insurers." The rule that Century and One Beacon ask this Court to adopt cites flies in the face of these firm pronouncements of California's highest court. The insurers also look to Missouri Pacific R. Co. v. International Ins. Co., 679 N.E.2d 801 (Ill App. 1997), which involved large self-insured retentions, a factor not at issue here.

Under Consolidated Edison, there is no horizontal exhaustion requirement. The Liberty Mutual Policies and the Settlement Agreement have no place in this jury trial even if allocation and exhaustion were to be presented to the jury at this time.

## CONCLUSION

For the foregoing reasons and those stated in Emhart's motions in limine, Emhart requests that this Court enter an order in limine precluding the defendants from offering evidence regarding the Liberty Insurance Policies or the settlement between Black & Decker and from

making any reference to those insurance policies or that settlement at trial.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Dated: September 11, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2006, a copy of the foregoing Emhart's Reply To Defendants' Memorandum In Opposition to Emhart's Motion In Limine Re "Liberty Mutual Issues" was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com