**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | ) | DOCKET NO: 02-53-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION *IN LIMINE* TO PRECLUDE EMHART FROM INTRODUCING MINUTES OF TOWN COUNCIL MEETINGS INTO EVIDENCE**

Defendant The North River Insurance Company ("North River") respectfully requests that the Court preclude Plaintiff Emhart Industries, Inc. ("Emhart") from introducing into evidence certain North Providence Town Council Minutes [Plaintiff's Exhibits 105, 106, and 107]. The minutes include multiple levels of inadmissible hearsay under FRE 801(c). No witness that Emhart may use to introduce the minutes into evidence can corroborate the statements or remedy the issues of faulty memory and narration arising from the town clerk's paraphrasing of the out-of-court statements. There is no exception to the hearsay rule which makes these minutes admissible. In further support of this motion, North River states as follows.

## I. THE TOWN COUNCIL MEETING MINUTES

Emhart alleges that any waste from the chemical operations at the Site were disposed of via the North Providence domestic sewer system. Emhart asserts that the facility was tied to the sewer as early as 1956 and that no waste was ever dumped into the Woonasquatucket River. To support this proposition, Emhart has sought to introduce three certified copies of minutes from the North Providence Town Council. Emhart seeks to introduce:

- Minutes of Regular Meeting of North Providence Town Council dated October 1, 1956 [Plaintiff's Ex. 105];
- Minutes of Special Meeting of North Providence Town Council dated November 19, 1956 [Plaintiff's Ex. 106]; and
- Minutes of Regular Meeting of North Providence Town Council dated July 6, 1964 [Plaintiff's Ex. 107].

By way of example only, the relevant portion of the October 1, 1956 Minutes contains multiple levels of hearsay.

> This matter was brought to the Councils attention by Elmer Simpson on September 12, 1956 (sic) Report from the Town Solicitor Michael Abatuno regarding this matter he reports that the State Division of Sanitary Engineering who are investigating into the alleged pollution of the Woonasquatucket River Mill Race in Centredale (sic) Mr. Carleton A. Maine, senior sanitary Engineer said that the laboratory tests will be made, Metro Atlantic Co has tied in its domestic sewage system with the Towns. Bernard V. Buonanno General Manager denied that waste from the plant is contaminating the canal.

There is no way to determine which one of the declarants (if any) was actually present at the meeting. It is not evident from the 1956 minutes whether Elmer Simpson, Michael Abatuno, or Carleton A. Maine were present at the meeting or whether the town clerk was merely recounting a council members' previous conversation with all or any of them. Notwithstanding

the fact that the town clerk attested to the minutes, the minutes are so vague that one cannot even determine the number of levels of hearsay that are included. Moreover, Emhart has not identified Mr. Simpson, Mr. Abatuno, or Mr. Maine as witnesses who will testify at trial. Emhart has not identified any other witness who was present at any of the relevant meetings. Thus, there is no way to corroborate the accuracy of the minutes.[1]

Emhart's purpose in introducing the documents is to prove that (1) the Site was tied to the North Providence sewage system as early as 1956; and (2) chemicals and other waste products were not dumped into the river. There can be no dispute that Emhart seeks to introduce the minutes to prove that certain facts actually occurred. Courts have consistently held that public meetings or transcripts of public meetings offered to prove that certain facts occurred lack the circumstantial guarantees of trustworthiness that the Federal Rules of Evidence require.

Moreover, the town council minutes are rife with multiple levels of hearsay. The minutes offered by Emhart are classic examples of double or even triple hearsay; that is, the minutes themselves are out-of-court statements offered to prove the truth of the matters asserted therein, and the statements and paraphrases within the minutes are another layer of out-of-court statements sought to be offered for their truth. Thus, notwithstanding that minutes from public meetings are hearsay when offered for their truth, any statements alluded to in the minutes cannot be considered as evidence unless an exception to the prohibition against hearsay set forth in FRE 802 or 807 applies to these individual statements.

The minutes are not a transcript of the town council meetings, and it is difficult, if not impossible, to discern who said what to whom and at what time, whether it be at the town

[1] While it appears Mr. Abatuno was present at the July 6, 1964 meeting, the minutes recount an investigation undertaken by a "committee" regarding the Site. The members of the "committee" are not named, and the date of the investigation is not provided.

council meeting or otherwise. Further, it is unclear whether the town clerk was transcribing portions of the town council meetings or merely taking notes as the meetings progressed. As Emhart has not offered the town clerk (or anyone else who was present at the meetings) as a witness in this trial, there is no way to verify or corroborate the veracity or accuracy of the minutes.

## II. THE TOWN COUNCIL MEETING MINUTES ARE HEARSAY

Courts have consistently held that minutes and transcripts of public meetings offered to prove that certain facts occurred lack the circumstantial guarantees of trustworthiness that the Federal Rules of Evidence require. *See, e.g.*, *U.S. v. Beasley*, 513 F.2d 309, 314 (5th Cir. 1975) (stating that the mere recordation of statements in a public report does not guarantee their truthfulness); *Morgan Guaranty Trust Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 2d 198, 218 (S.D.N.Y. 1985) (holding that a party must bring public meeting minutes within one of the recognized hearsay exceptions to establish that the transactions described therein took place).

Moreover, the inclusion of statements of third parties reported in the town council meeting minutes creates a multiple hearsay problem. *See McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981) (finding reports "untrustworthy because they contain[ed] double hearsay," namely, the investigator at one level and the victims being interviewed by the investigator at yet another level removed). The minutes that Emhart seeks to admit are classic examples of hearsay within hearsay; that is, the minutes themselves are out-of-court statements offered to prove the truth of the matters asserted therein, and the statements and quotations within the minutes are another layer of out-of-court statements sought to be offered for their truth. The minutes are abbreviated summaries of the events and conversations that transpired at the relevant town council meetings or were reported to the town council and took place at a prior time.

The dangers of faulty narration and perception inherent in an out-of-court statement are clearly present whether the town clerk paraphrased the statement of someone actually present at the town council meeting or paraphrased a statement of someone not present at the town council meeting which was then repeated by someone present at the meeting. Thus, notwithstanding that the North Providence town council meetings are hearsay when offered for their truth, any statements alluded to or made in minutes ordinarily cannot be considered as evidence unless an exception to the prohibition against hearsay set forth in FRE 802 or 807 applies to these individual statements. *See* FRE 805; *McKinnon*, 638 F.2d at 278; *United States v. Sallins*, 993 F.2d 344, 347 (3d Cir. 1993).

## III. NO EXCEPTION TO THE PROHIBITION AGAINST HEARSAY APPLIES

### A. The Public Records Exception Does Not Apply

Assuming that the town council minutes can be considered public records under FRE 803(8), the minutes of the town council should be excluded because they are untrustworthy. *See, e.g.*, *McKinnon v. Skil Corp.*, 638 F.2d at 278 (excluding report that contained double hearsay including the paraphrasing of versions of witness statements); *Stanton v. Northside Marina at Sesuit Harbor, Inc.*, 2005 U.S. Dist. LEXIS 17942 *1, 10-12 (D. Mass. 2005) (excluding portions of reports because they contained hearsay within hearsay); *Cambra v. The Restaurant School*, 2005 U.S. Dist. LEXIS 26231 *1, 8 (E.D. Pa. 2005) (explaining that courts have found public records untrustworthy because they contain hearsay statements creating a hearsay within hearsay problem, *citing Miller v. Field*, 35 F.3d 1088, 1091-92 (6th Cir. 1994) and *McKinnon*, 638 F.2d at 278).

Even if the Court finds that the meeting minutes are sufficiently trustworthy public records (despite the multiple levels of hearsay) to warrant their admission into evidence, the embedded out-of-court statements are not automatically admissible in the absence of another

applicable hearsay exception. *Lewis v. Velez*, 149 F.R.D. 474, 487 (S.D.N.Y. 1993) (any double hearsay contained in a public report or record is admissible only if each level of hearsay qualifies independently for a hearsay exception). That the statements and actions at the meetings were recorded does not provide a guaranty of their truth. *See, e.g.*, *U.S. v. Beasley*, 513 F.2d at 314 (stating that the mere recordation of statements in a public report does not guarantee their truthfulness); *Stanton*, 2005 U.S. Dist. LEXIS 17942 at *10 (holding that even if a "report itself would be generally admissible, it does not necessarily follow that every statement contained in the report is admissible"). As the town clerk did not record any of her own statements as a declarant in the relevant portions of the town meeting minutes, every statement in the town meeting minutes must qualify independently under a hearsay exception. *See, e.g., U.S. v. Mackey*, 117 F.3d 24, 28-29 (1st Cir. 1997) (denying admission of hearsay statements of third parties contained in a report because it is the "familiar" hearsay within hearsay problem); *U.S. v. Houlihan*, 887 F. Supp. 352, 368 (D. Mass. 1995) (sustaining the exclusion of evidence because "'totem pole' hearsay is admissible if each 'totem' on the 'pole' qualifies as a hearsay exception"); *Picker Int'l, Inc. v. Leavitt*, 865 F. Supp. 951, 962 (D. Mass. 1994), *citing U.S. v. De Peri*, 778 F.2d 963, 977 (3rd Cir. 1985), *cert. denied sub nom.*, *Murphy v. U.S.*, 475 U.S. 110 (1986) for the proposition that "out-of-court statements contained in public records require a separate hearsay exception before they can be admitted".

**B. The "Ancient Document" Exception Does Not Apply**

FRE 803(16) provides a hearsay exception for "statements in a document in existence for twenty years or more the authenticity of which has been established." *Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 661 (6th Cir. 2000). However, as a recent federal court observed, where the declarant is not also the author of the document, the age of the document

alone does not remedy the dangers of faulty perception. *Hicks v. Pfizer*, 2005 U.S. Dist. LEXIS *1, 19 (E.D. Texas 2005). The court explained that when considering the ancient document exception to the hearsay rule,

> the crucial issue, however, is whether Rule 803(16) inoculates all assertive statements contained within an ancient document, including double hearsay, against application of the general prohibition against hearsay contained in Rule 802. The rationale of Rule 803(16) in permitting the admission of statements in ancient documents where the author is the declarant does not justify the admission of double hearsay merely because of its presence in an ancient document. The danger of faulty perception persists unabated because a narrator, such as a reporter, may not properly record the remarks of the speaker.

*Id.*

The court in *Hicks* comprehensively reviewed prior case law and concluded:

> Better reasoned authority indicates that the ancient documents exception permits the introduction of statements only where the declarant is the author of the document. Even if a document qualifies as ancient under Rule 803(16), other hearsay exceptions must be used to render each individual layer of hearsay admissible. This interpretation best reconciles the underlying justifications of Rule 803(16) with the limitations of Rule 805.

*Id.* at 22-23.[2]

---

[2] Some courts have implied that multiple levels of otherwise inadmissible hearsay may be admitted under Rule 803(16). *See Murray v. Sevier*, 50 F. Supp. 2d 1257, 1265 n.6 (M.D. Ala. 1999) (permitting statements made in an interview in a newspaper article to be used under Rule 803(16), *vacated on other grounds, Murray v. Scott*, 253 F.3d 1308 (11th Cir. 2001); *Gonzales v. North Twp. of Lake County*, 800 F. Supp. 676, 681 (N.D. Ind. 1992), *rev'd on other grounds*, 4 F.3d 1412 (7th Cir. 1993) ("As the newspaper articles in Exhibit C are well more than twenty-years old, the statements contained within are admissible into evidence. . . .," *citing Ammons v. Dade City*, 594 F. Supp. 1274, 1280 n.8 (M.D. Fla. 1984), *aff'd*, 783 F.2d 982 (11th Cir. 1986) (admitting newspaper articles to prove the existence of a street paving program in 1925 without inquiry into the double hearsay issue); *Bell v. Combined Registry Co.*, 397 F. Supp. 1241, 1246-47 (N.D.Ill. 1975), *aff'd*, 536 F.2d 164, 166-67 (7th Cir. 1976) (receiving into evidence newspaper articles detailing the use of a poem to further good works and announcing the poet's death); JOHN W. STRONG ET AL., MCCORMICK ON EVIDENCE § 323 (5th ed. 2003) ("The more common tendency appears to be to admit newspaper articles over 20 years old without the proper inquiry"). North River suggests that on the facts of this case there is no

Thus, even if a public record or other document qualifies as an ancient document under Rule 803(16), other hearsay exceptions must be used to render each individual layer of hearsay (such as the statements of an investigator referenced in the public report) admissible. *Hicks*, 2005 U.S. Dist LEXIS 40660 at *23; *U.S. v. Stelmokas*, 1995 U.S. Dist. LEXIS 11240 *1, 6 (E.D. Pa. 1995)("This interpretation best reconciles the underlying justifications of Rule 803(16) with the limitations of Rule 805").

The town council meeting minutes paraphrase or attribute statements to inspectors and town employees, among others, who are not testifying at trial and may not have even been present at the town council meeting. Although the minutes that Emhart seeks to offer were written more than twenty years ago, the embedded statements are not excepted from the ban on the admission of hearsay under the ancient document exception. Therefore, even if the minutes qualify for the ancient document exception to the hearsay rule, the statements of these other individuals and entities must also qualify under an exception to the hearsay rule before they can be admitted. Because Emhart seeks to introduce these statements contained in the minutes to prove that their truth, there must be some basis for excepting the statements from the hearsay rule other than the ancient document exception.

The statements lack the required indicia of reliability that would permit their admissibility for several reasons, and the dangers of hearsay relating to flaws in perception, memory, narration and sincerity remain. Neither the reporter (the town clerk) nor the declarants (e.g. investigators and town employees) are testifying at trial to verify their out-of-court statements and resolve faulty memory and faulty narration problems associated with hearsay. The declarants' perceptions of the events described in the minutes and the sincerity of those

---

reason not to require that the statements contained in the town council minutes be separately admissible.

descriptions cannot be tested. It is also possible that the reporter (town clerk) did not accurately record the statements of the declarants. Because there is no exception to the hearsay rule under which the statements themselves could be admitted, including the ancient document exception, they should not be admitted as evidence.

### C. The "Residual" Hearsay Exception Does Not Apply

With respect to the residual exception[3] to the ban on hearsay, it is Emhart that bears the burden of proof on the admissibility issue, and the burden is high. *U.S. v. Washington*, 106 F.3d 983, 1001-02 (D.C. Cir.), *cert. denied*, 522 U.S. 984 (1997) ("The proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force"); *Cody v. Harris,* 2004 U.S. Dist Lexis 10425 *1, 13 (N.D. Ill. 2004) ("A court should use the residual exception only in rare and exceptional cases. Thus, hearsay that does not fall within an enumerated exception is considered presumptively unreliable, and the party proffering the evidence has burden of overcoming that presumption").

The residual exception codified at FRE 807 should only be applied to public records that have some circumstantial guarantee of trustworthiness beyond their mere age and public nature, and evidence should only be admitted under "exceptional circumstances." *See, e.g., Brown v. Crown Equip. Corp.*, 2006 U.S. Dist. LEXIS 55506 *1, 17 (D. Me. 2006) ("[H]earsay testimony should only be admitted under Rule 807 in exceptional circumstances," *citing U.S. v. W.B.*, 452

---

[3] A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant. Fed. R. Evid. 807.

F.3d 1002, 1006 (8th Cir. 2006); *U.S. v. Walker*, 410 F.3d 754, 757 (5th Cir. 2005); *U.S. v. Lawrence*, 349 F.3d 109, 117 (3rd Cir. 2003); *Hicks*, 2005 U.S. Dist. LEXIS 40660 at 25 ("Before admitting evidence under the residual hearsay exception, the court must find that the evidence satisfies the prerequisites of trustworthiness, notice, necessity, and materiality, and must also determine that the purposes of the rules and justice will be served by admission of the evidence," *citing Herdman v. Smith*, 707 F.2d 839, 841-42 (5th Cir. 1983).

In addition to considering whether there are "extraordinary circumstances" that warrant admission of the evidence, courts have analyzed the proposition for which the hearsay evidence is offered in determining the potential applicability of the residual hearsay exception. *See, e.g., Jacobson v. Deutsche Bank, A.G.*, 206 F. Supp. 2d 590, 595 (S.D.N.Y. 2005) (when considering the residual exception to the hearsay rule "the Second Circuit has instructed us to analyze the trustworthiness of a piece of evidence offered under the residual exception with respect to whether, and to what extent, it minimizes the 'four classic hearsay dangers,' namely, insincerity, faulty perception, faulty memory, and faulty narration").

Far from a circumstantial guarantee of trustworthiness, the town meeting minutes are replete with multiple levels of hearsay. Emhart will not produce a single witness who was present at any of the town council meetings, or who took part in the referenced "investigations." It is hard to imagine a set of documents that are less trustworthy.

## CONCLUSION

The town council meeting minutes and the statements contained therein are hearsay. There is no exception under which the statements should be admitted as evidence. For these reasons, the Court should preclude Emhart from introducing the town council meeting minutes into evidence.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY**,
By its attorneys,

*/s/ Mark T. Nugent*

Mark T. Nugent, RI Bar# 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

*/s/ John T. Harding*

John T. Harding, Esquire (pro hac vice)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: September 15, 2006

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 15, 2006.

*/s/ John T. Harding*

John T. Harding, Jr. BBO #221270