UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**OPPOSITION OF EMHART INDUSTRIES, INC. TO DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION *IN LIMINE* TO PRECLUDE EMHART FROM INTRODUCING NEWSPAPER ARTICLES INTO EVIDENCE**

Plaintiff Emhart Industries, Inc. ("Emhart") opposes Defendant The North River Insurance Company's Motion *In Limine* To Preclude Emhart From Introducing Newspaper Articles Into Evidence (Docket Index ("D.I.") 431). The newspaper articles that North River seeks to exclude (Plaintiff's Exhibits 113, 115, 117, 119, 120, 123 and 124) clearly fall within the "ancient documents" exception to the hearsay rule, Fed. R. Evid. 803(16). That rule provides that "[s]tatements in a document in existence twenty years or more the authenticity of which is established" are not excluded by the hearsay rule. Fed. R. Evid. 803(16) applies to "statements in a document," and not just the document itself. North River's motion should therefore be

denied. Emhart seeks to offer the articles that are the subject of the North River motion and the following additional newspaper articles: Exhibits 100, 101 and 194.[1]

**A. Fed. R. Evid. 803(16) Provides That All Statements In An Ancient Document Are Not Hearsay**

Newspaper articles such as the ones being offered by Emhart fall within the scope of Fed. R. Evid. 803(16). The Advisory Committee Notes to Fed. R. Evid. 803(16) specifically refer to Dallas Count v. Commercial Union Assurance Co., 286 F.2d 388, 396-98 (5th Cir. 1961), in which the Court approved the admission into evidence of a fifty-eight year old newspaper article describing a fire at a courthouse, which included the statements that "The unfinished dome of the County's new courthouse was in flames at the top and * * * soon fell in. The fire was soon under control and the main building was saved. * * *" Id. at 390. The articles in question in the present case contain similar statements, and are likewise admissible.

North River argues that "the statements and quotations within the articles are another layer of out-of-court statements sought to be offered for their truth." The "statements" to which North River refers are precisely those which are not hearsay under Fed. R. Evid. 803(16). Fed. R. Evid. 803(16) provides that "statements contained in an ancient document are not hearsay." LensCrafters, Inc. v. Wadley, 248 F. Supp. 2d 705, 739-40 (M.D. Tenn. 2003) (emphasis added). "Once a document qualifies as an ancient document, it is automatically excepted from the hearsay rule under Fed. R. Evid. 803(16)." EnergyNorth Natural Gas, Inc. v. UGI Utilities, Inc., 2003 WL 1797946, at *1 (D.N.H. Apr. 3, 2003) (quoting Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1376 (3d Cir. 1991)). A document in existence for twenty years or more is "generally admissible and any further question goes to the weight of the evidence." Columbus-

[1] Copies of the exhibits cited by North River and the additional newspaper articles Emhart seeks to offer arecontained in the Appendix to this memorandum. As to Exhibit 124, Emhart seeks to offer the exhibit except for the pages from the South-West Journal.

America Discovery Group, Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel, 742 F. Supp. 1327, 1342-43 (E.D. Va. 1990) (admitting newspaper articles), rev'd on other grounds, 974 F.2d 450 (4th Cir. 1992). Thus, all of the statements in a document, including quotations, are admissible under Fed. R. Evid. 803(16). Murray v. Seiver, 50 F. Supp. 2d 1257, (M.D. Ala. 1999) (admitting statements and quotations contained in thirty year old newspaper article), vacated on other grounds, 253 F.3d 1308 (11th Cir. 2001).

Accordingly, many courts have admitted newspaper articles in their entirety into evidence once the age of the article has been established. See, e.g., Stanley v. Darlington County School District, 879 F. Supp. 1341, 1370 (D.S.C. 1995) (finding newspaper articles more that twenty years old admissible under Fed. R. Evid. 803(16)), rev'd in part on other grounds, 84 F.3d 707 (4th Cir. 1996); Gonzales v. North Township of Lake County, 800 F. Supp. 676, (N.D. Ind. 1992) ("As the newspaper articles in Exhibit C are more than twenty-years old, the statements contained therein are admissible into evidence…."), rev'd on other grounds, 4 F.3d 1412 (7th Cir. 1993); Plitt Theaters v. American National Bank and Trust Co. of Chicago, 697 F. Supp. 1031, 1032 n.1 (N.D. Ill. 1988) (finding facts contained in newspaper advertisements and magazine article admissible under Fed. R. Evid. 803(16)); Ammons v. Dade City, Florida, 594 F. Supp. 1274, 1280 n.8 (M.D. Fla. 1984) (admitting newspaper articles over twenty years old under Fed. R. Evid. 803(16)); Bell v. Combined Registry Co., 397 F. Supp. 1241, 1246-47 (N.D. Ill. 1975) (finding newspaper articles from the 1930s and 1940s admissible under Fed. R. Evid. 803(16)), aff'd, 536 F.2d 164 (7th Cir. 1976).

Hicks v. Charles Pfizer & Co., 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005), the primary case upon which North River relies in arguing that the newspaper articles are not admissible under Fed. R. Evid. 803(16), reads the rule too narrowly. Hicks states that "[b]etter reasoned

authority indicates that the ancient documents exception permits the introduction of statements only where the declarant is the author of the document." Id. at *6. However, Fed. R. Evid. 803(16) contains no such limitation. To the contrary, the rule provides that "statements" in an ancient document are admissible, regardless of the author. The cases cited above correctly apply the ancient documents exception to the hearsay rule and should be followed here.

**B. The Newspaper Articles Are Not Inadmissible In Their Entirety As Hearsay.**

Even if the Court were to apply the reasoning of Hicks and find that certain quotations found in the articles are another level of hearsay, the newspaper articles are not inadmissible. The statements of witnesses to the events set forth in the articles must have been taken contemporaneously or soon after the events in questions. These statements were published in the newspaper on the day of the event or the day following the event. As such, they can be considered statements of present sense impression under Fed. R. Evid. 803(1) or excited utterances under Fed. R. Evid. 803(2) and therefore admissible.

In addition, even if certain quoted statements by witnesses in a given newspaper article were to be held inadmissible as hearsay, the remainder of the article would still be admissible. Columbia First Bank v. United States, 58 Fed. Cl. 333, 338 (2003) (noting that "courts are able to admit parts of an ancient document and exclude others" and that "[m]ultiple hearsay in parts of a document will not prevent the admissible portions in the remainder of an ancient document from being admitted").

**C. The Articles Are Contemporaneous Factual Accounts Of Events Relevant To Emhart's Claims And Should Be Excluded**

North River argues that the articles in question contain "sensationalist language" and "tabloid headlines" (NR Motion at 1) and are irrelevant to Emhart's claims. To the contrary, the

articles in question are factual accounts of the events which occurred at and around the site, including the following:

- an article entitled "Tank Explosion Hurls Chemical" which describes an explosion of a tank containing liquid formaldehyde; this explosion blew out windows and a wall at the Metro-Atlantic facility and spread chemical particles as far as half a mile away from the explosion (Plaintiff's Ex. 115);
- articles entitled "Explosions Punctuate Blaze" and "Explosion and Fire Light Up Centredale" which describe a fire at the former Metro-Atlantic facility in which two buildings were destroyed and explosions occurred sending barrels flying into the air (Plaintiff's Exs. 119, 120); and
- articles in the March 19, 1968 Providence Journal describing the aftermath of "the heaviest 24-hour March rainfall in the state's history…."

These articles, which were published by the Providence local newspaper and not by a sensationalistic tabloid, are contemporaneous accounts of the events which Emhart will show caused contamination at the Site. While North River argues that "the articles do not even purport to make a causal link between any of the events … described in the articles and the contamination at the Site" (NR Motion at 2), no such "causal link" is required. All that is required is that the proffered evidence provide some information which will assist the jury in finding whether it is more likely that not that contamination at the Site was caused by "sudden and accidental" events. North River's argument on relevance is a repetition of the argument it made in support of its multiple motions for summary judgment. See, e.g., Defendant The North River Insurance Company's Memorandum Of Law In Support Of Its Renewed Motion For Summary Judgment On The "Pollution Exclusion" (D.I. 352) at 14-15 (asserting that the fires,

explosions and floods at the Site were irrelevant to proving coverage). The Court denied the North River motions for summary judgment and found that there were disputes of material fact. The Court should likewise reject the North River attempt to exclude the evidence showing those material facts.

Respectfully submitted,

/s/Alexandra K. Callam
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
acallam@haslaw.com

Counsel for Plaintiff, Emhart Industries, Inc.

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Dated: September 15 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2006, a copy of the foregoing Opposition Of Emhart Industries, Inc. To Defendant The North River Insurance Company's Motion *In Limine* To Preclude Emhart From Introducing Newspaper Articles Into Evidence was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Alexandra K. Callam
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
acallam@haslaw.com

748809v1