**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE CO. and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants | Civil Action No.: 02-053-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION *IN LIMINE* TO ENFORCE COURT ORDER PRECLUDING REFERENCES TO FUTURE COSTS**

Defendant The North River Insurance Company ("North River") respectfully requests that the Court enforce its prior Order in this case barring Plaintiff Emhart Industries, Inc. ("Emhart") from making any references at the trial of this action to any future costs that may be incurred with respect to the Centredale Manor Superfund Site (the "Centredale Site"). The Court should specifically bar any references to speculative new "projections" or "estimates" of what costs may be incurred at the Centredale Site.[1] The Court has already decided this issue and nothing that has happened during the course of the trial should cause the Court to revisit the matter.

As grounds for this motion, North River states as follows:

1. On August 30, 2006, North River filed its Motion *in Limine* to Preclude References to Future Costs. [PACER No. 391]. The Court heard the matter on September 12, 2006 and granted

[1] To the extent that Emhart has referred during the course of these proceedings to any "new" information provided to Emhart by the EPA, North River has not been provided with a copy of this information. A check of the public website maintained by the EPA with respect to the Centredale Site reveals no such information.

North River's Motion. The Court specifically ruled that Emhart would not be permitted to refer to any speculative estimates of what costs might be incurred at the Centredale Site since the United States Environmental Protection Agency (the "EPA") has not issued a Feasibility Study or a Final Order regarding the Centredale Site, nor has Emhart entered into a settlement agreement with the EPA that would resolve the issue of what remedy will be required at the Centredale Site.

2. Nothing has changed. The EPA has not issued a Feasibility Study or a Final Order regarding the Centredale Site, nor has Emhart entered into a settlement agreement with the EPA.

3. There is no issue of damages to be presented to the jury. The Parties' Consolidated Jury Instructions submitted on September 22, 2006 do not propose that the jury answer any question with respect to damages.

4. Since the jury is not going to decide any issue of damages, permitting any party to comment upon or seek to introduce evidence concerning speculative future damages would be entirely irrelevant to the issues for decision. Any statements by any witness concerning the future costs of remediation at the Centredale Site would be pure speculation and have no bearing upon any matter to be determined in the case. F.R.E. 401. *A.J. Fagin v. Kelly,* 184 F.3d 67, 81 (1st Cir. 1999)(district court has wide discretion in determining relevance); *United States v. Rubin,* 37 F.3d 49, 52 (2d Cir. 1994)("[d]eterminations of relevance are entrusted to the sound discretion of the district court, and we will not override its decision unless arbitrary or irrational").

5. Allowing Emhart's counsel or any witness called by Emhart to refer to speculative future costs would be unduly prejudicial to North River since it could cause the jury to base its decision on the amount of costs that Emhart may (or may not) ultimately be required to pay in connection with the Centredale Site. F.R.E. 403. *CPC International, Inc. v. Northbrook Excess and Surplus Ins. Co.,* 144 F.3d 35, 45 (1st Cir. 1998)("Unfair prejudice, as the Advisory Committee Note teaches, means an undue tendency to suggest decisions on an improper basis, commonly, though not

necessarily, an emotional one"; evidence that would lead to a decision based on emotion should be excluded).

6. Further, allowing Emhart to refer to speculative future costs could easily cause juror confusion since the jurors might think that they could actually award such speculative amounts when there is no basis under the terms of the North River Policy for them to do so. *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989)(excluding evidence where it would cause juror confusion and result in a waste of time).

7. North River has not asserted a "justiciability" or "case or controversy" defense in this matter. Accordingly, any suggestion by Emhart that the jury should hear such evidence in order to understand why Emhart's excess insurers are in the case is wrong.

8. Permitting any comments on this issue would require the Court to go down the proverbial "slippery slope." If Emhart is allowed to mention information concerning what it might cost to clean up the Centredale Site at some undetermined time in the future, then North River would logically be entitled to advise the jury of the amounts that Emhart has recovered from Liberty Mutual, Aetna and any other insurers, as well as the fact that Emhart chose to settle with Liberty Mutual for an amount that was only a fraction of the insurance available to it. North River would need to call witnesses from the EPA to establish that any such "estimate" is purely speculative since no remedy has been selected for the Centredale Site. The Court assuredly does not want to get into such "side shows." The surest way to avoid confusing the jury is for the Court to stick to its original Order.

9. The problem would only be exacerbated if the Court was to comment upon the issue of what costs Emhart might incur at some undetermined time in the future.

For the reasons stated, North River requests that the Court enforce its original Order *in Limine* precluding Emhart from making any reference at trial to future costs that may be incurred at the Centredale Site.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY**,
By its attorneys,

*/s/ Mark T. Nugent*

Mark T. Nugent, RI Bar# 2637
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

*/s/ John T. Harding*

John T. Harding, *pro hac vice*
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: September 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 23, 2006.

*/s/ John T. Harding*

John T. Harding, Jr. BBO #221270