UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>V.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br><br>NO. CA 02-053-S |

**DEFENDANTS' MOTION IN LIMINE WITH RESPECT TO**
**EVIDENCE OF PCB CONTAMINATION**

The cause of the past and potential future costs for which Emhart seeks insurance coverage in this case is the dioxin contamination of soil and sediment at the Centredale Manor Restoration Project Superfund Site. This fact is not in dispute. The insurance coverage issues and questions to be presented to the jury revolve around this dioxin contamination. These issues include when and how such contamination occurred, when it was discoverable and whether it was expected or intended by Emhart's corporate predecessors.

Emhart seeks to confuse the already complex issues to be decided by the jury through the introduction of evidence regarding contamination of the Site with polychlorinated biphenyl compounds ("PCB's") and other substances.[1] The defendants hereby request that the Court

[1] Such evidence was admitted during the testimony of Mr. Kastrinos over the Defendants' objection.

prohibit the introduction of any further evidence relating to PCB or other non-dioxin contamination at the Site on the grounds that such evidence is not relevant and, even if it were relevant, the probative value of such relevance is substantially outweighed by the danger of unfair prejudice to the defendants, confusion of the issues and/or misleading the jury and by considerations of undue delay, waste of time and needless presentation of cumulative evidence.

The Defendants submit a memorandum of law in support of this motion.

Respectfully submitted,
On behalf of all defendants,

/s/ Kevin J. O'Connor

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
Hermes, Netburn, O'Connor
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052

September 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 23, 2006.

/s/ Kevin J. O'Connor

Kevin J. O'Connor

G:\DOCS\KJO\CGU\Emhart\Pleadings\MIL9.22.06.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 02-053 S |

**MEMORDANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE WITH RESPECT TO EVIDENCE OF PCB CONTAMINATION**

## A. Background

This case is about the existence or not of insurance coverage for Emhart Industries' liabilities at the Centredale Manor Restoration Project Superfund Site ("the Site"). Those liabilities are the past and potential future costs incurred or to be incurred by Emhart to address the dioxin contamination of soil and sediments at the Site. The insurance coverage issues presented and the facts to be decided by the jury relate to when and how that dioxin contamination occurred, when it was discoverable and whether it was expected or intended by Emhart's corporate predecessors.

Despite the clear focus of all issues in this case on the dioxin contamination of the Site, Emhart has presented evidence of other contamination, including the contamination of soil and sediments by polychlorinated biphenyl compounds ("PCB's") and of groundwater with volatile

organic compounds ("VOC's").[2] Emhart also has indicated an intention to continue the presentation of such evidence to the jury. This evidence is not relevant to any matter in dispute in this case and will serve no purpose other than to confuse the issues presented, risk misleading the jury as to the matters before it, cause undue delay and waste the valuable time of the Court. Accordingly, the defendants request that the Court prohibit the introduction in evidence by Emhart any additional evidence of contamination at the Site by chemicals or substances other than dioxin.

## B. ARGUMENT

### 1. EVIDENCE REGARDING PCB OR OTHER NON-DIOXIN CONTAMINATION IS NOT RELEVANT.

There is no dispute that the dioxin contamination at the Site is the cause of the costs for which Emhart seeks insurance coverage. Under Fed.R.Evid. 402, only relevant evidence is admissible. Fed.R.Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence of PCB (or other non-dioxin) contamination is not relevant to any of the matters in dispute, such as:

1. how and when the dioxin contamination at the Site happened;
2. when that contamination was discoverable; and
3. whether that contamination was expected or intended by Emhart's predecessors.

Emhart argues that evidence of PCB contamination (and perhaps other, non-dioxin contamination) is relevant to two issues. First, Emhart argues that such evidence is relevant to the damages at issue because the dioxin remedies implemented and to be implemented by EPA

---

[1] Such evidence was admitted over the objection of the Defendants.

incidentally also address PCB contaminated soil and sediment. Emhart's argument is logically flawed. All policies at issue in this case cover damages caused by or on account of property damage. Emhart does not dispute that its costs - - the damages for which it seeks coverage - - were caused by dioxin contamination of the Site, not by the PCB or other contamination of it. If there is no coverage for that dioxin contamination, Emhart cannot revive its failed claim for coverage by arguing that collaterally or incidentally addressed PCB or other contamination exists and falls within policy coverage. To so recover, Emhart would have to show its damages were caused by that PCB or other contamination, a situation Emhart admits does not exist. There is no evidence, in the form of expert testimony or otherwise, to support a causal connection between PCB or any contaminant other than dioxin and Emhart's costs.

Emhart also argues that the presence of the PCB contamination is relevant to whether the dioxin contamination at the Site was reasonably discoverable by Crown-Metro. This argument also is logically flawed. There is no evidence of any kind as to when or how the PCB or other contamination happened. There is no evidence that Crown-Metro or anyone else knew of such contamination at any time period relevant to trigger of coverage. There is no evidence that testing for PCB's or any other contaminant in 1969 would have revealed dioxin contamination.

Because evidence of contamination other than dioxin contamination does not tend to prove or disprove any fact or matter to be decided by the jury, such evidence should not be admitted.

2. EVIDENCE OF PCB CONTAMINATION, EVEN IF RELEVANT, SHOULD BE EXCLUDED TO AVOID CONFUSION OF THE ISSUES PRESENTED AND WASTE OF TIME.

Even if evidence of PCB or other contamination were relevant in some marginal fashion, such evidence should be excluded under Fed.R.Evid. 403, which provides:

> …[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations or undue delay, waste of time or needless presentation of cumulative evidence.

Fed.R.Evid. 403.

The jury has a number of complex decisions to make in this case regarding the dioxin contamination at the Site. Because dioxin contamination is the undisputed cause of the damages here at issue, that contamination is the proper focus of these jury issues. Any probative value of evidence of other site conditions presents a real risk of confusing the issues presented and misleading the jury. Presentation of additional evidence regarding PCB or other non-dioxin contamination may cause the jury to lose its focus on the contamination actually at issue. The Court's authority to exclude evidence likely to confuse or mislead the jury is beyond question. *See, e.g.*, *Santos v. Sunrise Medical, Inc.*, 351 F.3d 587, 592 (1st Cir. 2003) (in product liability action, Court upholds exclusion of evidence of alleged OSHA violation on the grounds that it was cumulative, confusing and unfairly prejudicial).

Presentation and admission of such evidence also will needlessly add to the length of this case. Emhart has admitted to the Court that it has fallen off its intended schedule in the presentation of its case. Additional evidence on collateral matters such as PCB and other non-dioxin contamination will add more delay without providing any commensurate benefit to the just resolution of this case.

## C. **CONCLUSION**

For the foregoing reasons, the Defendants request that the Court prohibit Emhart from offering additional evidence of the contamination at the Site other than dioxin contamination.

Respectfully submitted,

On behalf of all defendants,

/s/ Kevin J. O'Connor

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
Hermes, Netburn, O'Connor,
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052

September 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 23, 2006.

/s/ Kevin J. O'Connor