**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC. | ) | |
| | ) | Civil Action No.: 02-053-S |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOME INSURANCE COMPANY, et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO EMHART'S MOTION TO ENFORCE SUBPOENA AND CROSS-MOTION TO QUASH SUBPOENA**

This memorandum is submitted on behalf of Defendant The North River Insurance Company ("North River") with respect to the issue raised by Plaintiff Emhart Industries, Inc. ("Emhart") at the close of the trial today concerning the testimony of Professor Edward Calabrese. Professor Calabrese is a Board Certified Toxicologist, a Professor at the University of Massachusetts at Amherst and an expert who had been designated on behalf of North River. Professor Calabrese was ***not*** designated as an expert by defendants Century Indemnity Company or OneBeacon America Insurance Company. North River has advised counsel for Emhart that North River does not intend to call Professor Calabrese as a witness at trial in order to streamline the proceedings. There is no basis for Emhart to attempt to subpoena Professor Calabrese and require him to appear at trial, nor is there any basis for Emhart to seek to introduce his deposition testimony. North River has every right to elect not to call him as a witness. North River would be prejudiced by having the jury learn that it had elected not to call an expert whom it originally

retained. North River would further direct the Court's attention to the following points and authorities.[1]

**1. Emhart Did Not "Rely" Upon Professor Calabrese**

It is indeed ironic that Emhart claims that it somehow "relied" upon Professor Calabrese appearing as a witness at trial. Prior to trial, Emhart moved to exclude Professor Calabrese's opinions in their entirety on *Daubert* grounds, claiming that he was not qualified to render any opinions in this case and that the opinions set forth in his expert report and deposition were inadmissible. [*See* PACER No. 276]. Emhart can hardly have relied upon testimony that it contended should never be heard by the jury in the first place.

**2. Professor Calabrese is a Retained Expert, Not a Fact Witness**

There is no basis for Emhart to claim that Professor Calabrese is a "fact" witness. As his expert report [*See* PACER No. 276] makes clear, he was retained solely for the purpose of offering opinions in this case relating to issues pertaining to toxicology. He is not a treating physician or other person who can be considered a "hybrid" expert. His only role in this case was to review information pertaining to the case and render expert opinions. If Emhart wanted to retain an expert toxicologist to support its case, it had every opportunity to do so. *See* Advisory Committee Note to Fed.R.Civ.P. 26(b)("A party must as a practical matter prepare his

---

[1] Emhart has styled its motion as one to "enforce" a subpoena directed to Professor Calabrese. Emhart did not attach any such subpoena or proof of service of same to its motion. North River understands that Emhart caused a subpoena to be served to Professor Calabrese calling for him to appear in Providence on September 27, 2006 at 9 a.m. Apart from the fact that the parties are in the middle of Dr. Hass' examination, this is not the "reasonable" notice required by Fed.R.Civ.P. 45 under any stretch of the imagination. Apparently, a second subpoena was served sometime thereafter calling for Professor Calabrese to appear on September 28, 2006. North River has not confirmed Emhart's claim that Professor Calabrese is within the Court's subpoena power. To the extent that the Court is inclined to consider this matter further, North River requests an opportunity to further brief the matter in light of the fact that Emhart raised this issue only today.

own case in advance of that time, for he can hardly hope to build his case out of his opponent's expertise").

The fact that Emhart chose not to do so does not entitle it to compel Professor Calabrese to testify on its behalf at trial. Cases cited by Emhart, such as *Fitzpatrick v. Holiday Inns*, 507 F.Supp. 979 (E.D. Pa. 1981), are irrelevant as they involve treating physicians who have factual knowledge based upon their examination of a party. Moreover, the Rhode Island Supreme Court has squarely rejected the concept that even in such a case a physician can be required to testify as an expert, since "involuntary servitude" has been outlawed for quite some time. *Ondis v. Pion,* 497 A.2d 13 (R.I. 1985). Emhart has no contract with Professor Calabrese and Professor Calabrese cannot be forced to serve as a "free" expert for Emhart. The suggestion that he is a "fact" witness regarding his "opinions" in the case is without merit.

**3. The Testimony Is Duplicative and Cumulative**

Emhart has not identified why it could conceivably require Professor Calabrese's testimony in light of North River's decision not to call him. North River assumes that Emhart wants to call Professor Calabrese with respect to the opinions he offered concerning the historical knowledge of hazards associated with dioxins. Emhart has already presented such evidence through Mr. Bonchonsky and Dr. Hass. It has no need to call Professor Calabrese to testify on this issue. Doing so will only lengthen a trial that North River is trying to streamline. Further, reading his deposition to the jury would not solve the problem since he was deposed for three full days and the deposition runs some several hundred pages.

**4. North River Has Not Proffered the Testimony**

Since North River has elected not to call Professor Calabrese as a testifying expert, there is no basis for the Court to admit his testimony; it is hearsay. *Glendale Federal Bank, FSC v. The United States,* 39 Fed.Cl. 422 (Ct. Claims 1997).

**5. North River Would be Prejudiced**

Since North River has elected not to call Professor Calabrese, if Emhart was allowed to do so the Court and/or Professor Calabrese would necessarily have to explain that he was retained by North River as an expert but was now being called by the opposing party. This would clearly prejudice North River before the jury as it would suggest that North River was trying to "hide" something from the jury when, in fact, North River is simply trying to streamline the case. Indeed, no lesser an authority than Professor Miller has commented that disclosing that the expert called by one party had originally been hired by an opposing party carries an "explosive" potential for prejudice. 8 Charles A. Wright, Arthur R. Miller, *Federal Practice and Procedure: Civil, §2032* at 447 (1994). Just as Emhart has dropped any number of witnesses from its list of who it expected to call, North River should be entitled to do the same. North River should not be compelled to structure its case in a way that suits Emhart.

**6. Emhart Cannot Show any "Exceptional Circumstances" that Would Warrant Issuing a Subpoena to Professor Calabrese**

Under the circumstances here, Professor Calabrese is essentially in the same category as a non-testifying expert under Fed.R.Civ.P. 26(b). To the extent that courts have considered whether to permit an opposing party to use the testimony of an expert designated by the opposing party, the better reasoned cases clearly hold that the party seeking to use such testimony must show that there are "exceptional circumstances" warranting such relief. Emhart's Motion does not even claim that any such circumstances are presented here. *Dayton-Phoenix Group, Inc. v.*

*Gen. Motors Corp.*, 2000 U.S. Dist. LEXIS 8261 *1, 5 (S.D. Ohio Feb. 19, 2000); 1997 WL 1764760 (S.D. Ohio Feb 19, 1997) considered the two primary approaches to deciding the issue. The court explained the differing results in *House v. Combined Ins. Co. of Amer.*, 168 F.R.D. 236, 246 (N.D. Iowa 1996) (following the balancing or discretionary standard) and *Ross v. Burlington Northern R.R.*, 136 F.R.D. 236 (N.D. Ill. 1991), and then adopted *Ross's* exceptional circumstances approach. *See Dayton-Phoenix Group, Inc. v. Gen. Motors Corp.*, 2000 U.S. Dist. LEXIS 8261 *1, 5 (S.D. Ohio Feb. 19, 2000); 1997 WL 1764760 (S.D. Ohio Feb 19, 1997). The *Dayton-Phoenix* court reasoned:

> 1) the Advisory Committee Notes to Rule 26(b)(4)(B) limit discovery to "trial witnesses," the expert would not be a trial witness; 2) the primary purpose of Rule 26(b)(4)(B) is to allow a party to prepare adequately for cross-examination at trial, a purpose not applicable where the witness would not actually be called at trial; and 3) Rule 26(b)(4)(B)'s purpose of promoting fairness by preventing access to another party's diligent trial preparation is furthered by denying such access.

*See id.*

The "exceptional circumstances" standard is founded on Rule 26(b)(4)(B) and imposes a heavy burden on the party seeking to subpoena a non-testifying witness designated by the opposing party to demonstrate truly exceptional circumstances. *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002) (*citing Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1151 (N.D. Ill. 2001)). The courts have consistently enumerated only two exceptional circumstances: (1) unique expertise on the part of the non-testifying expert and (2) destruction or deterioration of the bases for the expert's opinion. *See, e.g. FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002); *Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1152 (N.D. Ill. 2001); *Wolt v. Sherwood*, 828 F. Supp. 1562, 1568 (D. Utah 1993); *Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670 (E.D. Wash

2000). Because neither of these exceptional circumstances are present in this case, Emhart should not be permitted to subpoena Professor Calabrese to testify at trial.

Under the balancing or discretionary standard, the court balances the subpoenaing party's interest in presenting relevant, probative information to the jury against and the prejudice arising from prior retention of the expert by the opposing party. *House v. Combined Ins. Co. of Amer.*, 168 F.R.D. 236, 246 (N.D. Iowa 1996); *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1044-45 (N.D. Cal. 2002); *Rubel v. Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995). Where, as here, Emhart is seeking to subpoena one of North River's experts to give testimony that is cumulative and duplicative of its own expert witnesses, any possible probative value is clearly outweighed by the danger of "explosive" prejudice to North River and the undue lengthening of an already long trial. The Court should exercise its discretion to deny Emhart's request and quash the subpoena.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY**,
By its attorneys,

/s/ Mark T. Nugent

Mark T. Nugent, RI Bar# 2637
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

John T. Harding, *pro hac vice*
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: September 26, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been electronically filed, and served upon all counsel of record in compliance with the Fed.R.Civ.P. this 26th day of September, 2006.

*/s/ John T. Harding*