UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | ) | |
| v. | ) | CIVIL ACTION No. 02-053-S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | ) | |

PLAINTIFF'S MEMORANDUM REGARDING THE FORM OF POLLUTION EXCLUSION IN THE EVENT OF REFORMATION OF THE ONEBEACON POLICY

## INTRODUCTION

Pursuant to the Court's Order on October 6, 2006, this memorandum addresses the form of pollution exclusion that would be contained in the OneBeacon insurance policy if that policy were reformed to incorporate the terms and conditions of Century Insurance Policy No. 46961 (Plaintiff's Exhibit 1), rather than the terms and conditions of Century Policy No. 64674 (Plaintiff's Exhibit 4). It is Emhart's position, as stated in its motion in limine to exclude evidence of reformation, that, as a matter of law, OneBeacon is not entitled to reformation. The OneBeacon policy unequivocally states that it follows form to Policy No. 64674. That express provision must be enforced. This memorandum is filed without waiver of that position.

In the event of reformation, the OneBeacon policy would contain Endorsement 6, the form of pollution exclusion that was applicable to Policy No. 46961, not Endorsement 5, a form

of pollution exclusion that was deleted from Policy No. 46961 by Endorsement 6. As a matter of law, OneBeacon, by issuing a policy following form to Policy No. 46961, agreed to incorporate all modifications that were made to said policy, even if the modification was made after issuance of the OneBeacon policy. E.g., Public Utility District No. 1 of Klickitat County v. International Ins. Co., 881 P.2d 1020, 1027 (Wash. 1994). See also Great Atlantic Insurance Co. v. Liberty Mutual Ins. Co., 773 F.2d 976, 981 (8th Cir. 1985); Broadhead v. Hartford Cas. Ins. Co., 773 F.Supp. 882, 910 (S.D. Miss. 1991), all discussed in detail, infra. Moreover, by the express provisions of the policy, OneBeacon so agreed.

If the Court does not rule as a matter of law that Endorsement 6 applies, the jury should be presented with the factual inquiry of whether OneBeacon has proved that it relied on Endorsement 5 in issuing its policy. See Myers Co. v. Harbor Ins. Co., 394 N.E.2d 1200, 1202-1204 (Ill. 1979). See also R.W. Beck & Assoc. v. City and Borough of Sitka, 27 F.3d 1475, 1483 (9th Cir. 1994), both discussed, infra.

PERTINENT POLICY PROVISIONS

The OneBeacon policy provides that "[OneBeacon] agrees with the insured named below in consideration of the payment of premium and, except as herein provided, subject to all the terms and conditions of Policy No. XBC64674 issued by INA….". The only exceptions to the terms and conditions of the underlying policy are set forth in Item 4 of the OneBeacon policy, entitled "Exceptions". That paragraph states "[t]his insurance differs from the Policy which it follows in the following particulars". The only particulars it lists are the policy limits ($4,000,000 per occurrence in excess of a $1,000,000 underlying policy) and the premium. The "terms and conditions" of the underlying policy which OneBeacon incorporated provided for modification of the policy by endorsement. Both Policy No. 64674, the policy OneBeacon

specifically incorporated by number in its policy, and Policy No. 46961, the policy OneBeacon asserts it intended to incorporate, contain a paragraph entitled "Changes" in the "Conditions" section, which provides that the terms and conditions of the policy may be modified by endorsement. That paragraph states in pertinent: "nor shall the terms of this policy be waived or changed, <u>except by endorsement issued to form a part of this policy</u>." [1] OneBeacon, by incorporating "all the terms and conditions" of the underlying policy[2], agreed to the policy provision that permits endorsements to modify the policy. Indeed, the underlying policy as originally written contained five such endorsements.

The endorsement at issue is Endorsement 6, entitled "Exclusion Of Waste Products". That exclusion was added to policy XBC 46961 and sent to OneBeacon on July 3, 1969. Endorsement 6 states that "it is agreed that Endorsement # 5, Pollution Contamination Exclusion Endorsement is deleted." Endorsement 6 has an "Effective Date" of December 1, 1968, almost five months before issuance of the OneBeacon policy. OneBeacon, by agreeing to have its policy modified by endorsements, agreed to Endorsement 6.

## <u>ARGUMENT</u>

### A. <u>The Language of The OneBeacon Policy Requires That Endorsement 6 Would Be Applicable In The Event Of Reformation</u>

The clear language of the OneBeacon policy quoted above leads inescapably to the conclusion that OneBeacon is bound to all endorsements of the underlying policy, including Endorsement 6, which replaced Endorsement 5. As discussed above, OneBeacon incorporated "all terms and conditions" of the policy to which it followed form, including the provision permitting modification by endorsement. The "terms and conditions of the policy" which OneBeacon adopted unambiguously include terms and conditions added by subsequent

---

1 It is paragraph 8 in XBC 46761 and paragraph 9 in XBC 64674.

2 If reformation were permitted the underlying policy would be XBC 46961, rather than XBC 64674.

endorsements. See General Acc. Ins. Co. of America v. Safety Nat. Cas. Corp., 825 F.Supp. 705, 708 (E.D. Pa. 1993) (holding that where the excess policy incorporated the terms and conditions of the "primary" policy, but listed two policies, a primary and an excess policy, the provision required clearly and unambiguously required that only the terms and conditions of the primary policy were incorporated into the excess policy). Even if there were some ambiguity, it must be construed in favor of the insured as "an ambiguous policy term should be construed in favor of coverage and against the insurer." Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 749 (R.I. 2000).

B. The Case Law Further Demonstrates That One Beacon Endorsement 6 Would Apply

The OneBeacon policy is an excess umbrella policy that incorporates the terms of an underlying policy. Such a policy is known as a "follows form" policy. "[A] follows form excess policy incorporates by reference the terms of the underlying policy and is designed to match the coverage provided by the underlying policy." Holmes' Appelman on Insurance, 2d, Sec. 145.1 (2003). See also Rivere v. Heroman, 688 So.2d 1293, 1294 (La. App. 1997) (policy that stated on its face that it was subject to the "conditions" of designated primary policy was a "follow form" excess policy); General Acc., supra, 825 F.Supp. at 707-709 (excess insurer had an obligation to contribute to defense costs in accordance with an obligation contained in the policy to which it followed form by referencing such policy's "terms and conditions" as its own).

Courts have held that an insurer that issues a policy following form to an underlying policy is bound by retroactive modifications of the underlying policy. The court in Broadhead v. Hartford Cas. Ins. Co., 773 F.Supp. 882, 911 (S.D. Miss. 1991), addressed a situation where the primary insurer and insured agreed to a modification of the underlying policy to include an additional "named insured." The basis of the modification was that the parties to the underlying

policy had previously agreed to add the "named insured" and the insurer had failed to issue the endorsement. The additional named insured was involved in an automobile accident. The excess insurers sought a declaration that the endorsement was not valid. The court held that the endorsement was effective retroactively to encompass the date of the accident and that this retroactive endorsement was incorporated as part of the excess policy as well. Id. at 914-915.

The court in Public Utility District No. 1 of Klickitat County v. International Ins. Co., 881 P.2d 1020 (Wash. 1994), considered a situation much like the present case. There the excess insurer, International, "concede[d] its policy incorporated the initial terms of the [underlying] Transcontinental policy" but argued that its policy did "not incorporate the errors and omissions endorsement, which was not added until several months after the International policy was written." Id. at 1025. The court rejected International's argument, noting that International was "well aware that the terms of the Transcontinental policy expressly provided for amendment as long as the amendments were in writing and attached as an endorsement, as was [the errors and omissions endorsement]. International could have, but did not, expressly exclude such endorsements from its coverage. Furthermore, the nature of International's policy as an additional layer of excess coverage suggests the parties intended to provide the same coverage as the underlying Transcontinental policy." Id. at 1027. The court then held that the excess policy incorporated the errors and omissions endorsement which had been added to the underlying policy after the excess policy was written. Id.

Similarly in Great Atlantic Insurance Co. v. Liberty Mutual Ins. Co., 773 F.2d 976, 981 (8th Cir. 1985), reformation of an underlying policy was retroactively binding on the excess insurer. There, the insurer erroneously issued two policies providing coverage for risks in the United States, instead of one policy providing coverage for the United States and one providing

coverage in Canada. One policy was retroactively reformed to provide coverage for Canada. Id. at 977-78. The reformation was binding on the excess insurer with the result that the attachment point in the excess insurer's policy was reduced. Id. at 980-81.

OneBeacon chose to issue a policy that incorporated the term of the underlying policy. It chose to rely on the underwriting judgment of the insurer that issued the underlying policy, not to exercise its independent judgment. OneBeacon could have written a policy that contained independent terms. It could have written a policy that incorporated the terms and conditions of the underlying policy as it existed on a specific date. It could have written a policy that excluded endorsements to the underlying policy. Having elected not to write any of those policies, it agreed to incorporate the underlying policy with all modifications that might exist. Moreover, Crown Metro would have been prejudiced if OneBeacon were permitted to issue insurance on terms and conditions that differed from those applicable to the underlying policy. See Playtex FP, Inc. v. Columbia Casualty Co., 609 A.2d 1087, 1093-94 (Del.Sup.Ct. 1991) (noting that if excess carriers were allowed to issue policies that differed from the underlying policies, insured would be unable to have a cohesive insurance program where one layer ended leading smoothly into the next and holding that excess carrier who did not negotiate specific exclusions to the underlying policy is bound by the intent of the parties to the underlying policy).

### C. At A Minimum, OneBeacon Would Be Required To Prove Reliance On Endorsement 5

While the better-reasoned authority indicates that an insurer issuing a follow form policy is necessarily bound by the underlying policy, there is some authority for the proposition that an excess insurer may challenge an amendment to the underlying policy if it actually saw and relied upon the underlying policy in determining whether to issue umbrella or excess coverage. Myers Co. v. Harbor Ins. Co., 394 N.E.2d 1200, 1202-1204 (Ill. 1979) (an excess insurer which agrees

to be bound to the terms of an underlying liability policy without ever reading it is bound by any modification in the underlying liability policy's exclusions); R.W. Beck & Assoc. v. City and Borough of Sitka, 27 F.3d 1475, 1483 (9th Cir. 1994) (excess insurer that followed the form of the underlying policies without reviewing those policies did not rely on those policies and was, therefore, bound changes in the underlying policy) [3].

## CONCLUSION

For the foregoing reasons, the Court should rule that any reformation in the OneBeacon policy would result in the incorporation of Endorsement 6 of Policy No. 46961 or submit to the jury the question of whether OneBeacon relied on Endorsement 5 in issuing its insurance policy.

Respectfully submitted,

/s/ Alexandra K. Callam
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
acallam@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02110
(617) 832-1000

Dated: October 9, 2006

[3] In Beck, the excess insurer also had actual knowledge that the provision it disputed was contained in the underlying policy.