UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY,
INSURANCE COMPANY OF NORTH AMERICA,
LIBERTY MUTUAL INSURANCE COMPANY,
NORTH RIVER INSURANCE COMPANY,
ONEBEACON AMERICA INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

Civil Action No. 02-053 S

OPPOSITION OF PLAINTIFF TO DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION *IN LIMINE* TO PRECLUDE EMHART FROM PRESENTING IMPROPER CLOSING ARGUMENTS ON THE POLLUTION EXCLUSION

Plaintiff ("Emhart") briefly responds to the North River Motion regarding closing arguments. Emhart takes exception to any implication that it will argue contrary to the anticipated instructions of the Court.

North River refers to Plaintiff's Submission To Address Sudden And Accidental Events Under The North River Policy. Emhart made that submission solely to persuade the Court as to the correct instruction that it should give regarding the North River policy and New York law.[1] Nothing in that submission states or suggests that Emhart will argue contrary to the instructions that this Court states that it intends to give.

[1] Insofar as the North River submission is deemed to be an implicit opposition to the Emhart motion, it is incorrect. Landfill cases are inapplicable because they are deemed to involve intentional discharges of waste and, under Technicon Electronics Corp. v. American Home Assurance Co., 74 N.Y.2d 66, 542 N.E.2d 1048 (1989), once there is an intentional event, there is no subsequent coverage for the materials

Emhart maintains that its position regarding the North River pollution exclusion is correct, and urges that this Court adopt that position. However, Emhart intends to present closing argument that is in accord with the instructions by the Court, just as it expects that defendants will argue in accordance with those instructions, even where they may disagree with those instructions.

North River's motion is unnecessary and frivolous. It should be denied as moot.

---

that were discharged intentionally. This does not address the situation here, where there was no intentional dumping. North River's citation to Employers Insurance of Wausau v. Duplan Corp., 1999 WL 777976 (S.D.N.Y. Sep. 30, 1999), refers to fires and floods, without disclosing that the fires and flood occurred at one of the two sites in question, a landfill, while at the other site, a manufacturing facility that was a source of PCE contamination, the insured did not meet is burden of presenting evidence of a sudden and accidental event. Id. at *8-*9.

Respectfully submitted,

/s/ Alexandra K. Callam

Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
acallam@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
Boston, Massachusetts 02210
(617) 832-1000

Dated: October 16, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2006, a copy of the foregoing Opposition Of Plaintiff To Defendant The North River Insurance Company's Motion In Limine To Preclude Emhart From Presenting Improper Closing Arguments On The Pollution Exclusion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Alexandra K. Callam