UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, et al<br><br>Defendants | Civil Action No.: 02-053-S |

**DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S**
**MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Pursuant to Fed.R.Civ.P. 54(b), Defendant The North River Insurance Company ("North River") moves that the Court enter an Order for separate and final judgment with respect to all claims asserted by Plaintiff Emhart Industries, Inc. ("Emhart") against North River in this action. As grounds for this motion, North River states that the Jury Verdict entered on October 19, 2006 fully and finally resolved all claims by Emhart against North River and there is no reason to delay the entry of final judgment. In further support of this motion, North River states as follows:

1. Following completion of the evidence and closing statements, and after being charged by the Court, the jury returned its Verdict on October 19, 2006. [Ex. A hereto]. The jury determined that Emhart is not entitled to coverage under the North River policy. [Ex. A at Question No. 5]. The Court did not reserve any issue relating to Emhart's claims against North River for decision by the Court. The Jury Verdict effectively ends the case as to North River.

2. Certain issues remain pending as to the other defendants, Century Indemnity Company ("Century") and OneBeacon American Insurance Company ("OneBeacon"). Specifically, the Court has reserved for decision the issues of whether Century may owe a duty to defend Emhart with respect to the Centredale Superfund claim and whether the OneBeacon

policy should be reformed. A definitive timetable for the resolution of these issues has not been set. However, the outcome of these issues will have no impact upon the jury's determination that Emhart is not entitled to coverage from North River.

3. In these circumstances, entry of a separate and final judgment as to North River is appropriate. The governing rule provides, in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

4. This Court has determined in the context of an insurance coverage dispute that when the claim between the insurer and the policyholder has been resolved but other claims remain to be adjudicated, entry of a separate and final judgment is appropriate. *New Hampshire Insurance Co. v. Dagnone,* CA 04-122-ML, 2005 U.S.Dist. LEXIS 31707 (D.R.I., Dec. 5, 2005). In *Dagnone*, Chief Judge Lisi ruled that entry of separate and final judgment was appropriate since the determination that there was no coverage disposed fully of at least one substantive claim and there was no just reason for delay in entering judgment. *Id.* at *5-6. Other courts have reached the same result. *See e.g., Dennehy v. Metropolitan Life Ins. Co.,* No. 05-12204-GAO, 2006 U.S. Dist. LEXIS 49998 (D. Mass., July 20, 2006)(separate and final judgment entered on ruling that claims against insurer were pre-empted by ERISA while remaining claims remanded to state court).

5. Indeed, in *Liberty Mutual Insurance Co. v. Greenwich Insurance Co.,* 331 F.Supp.2d 8 (D. Mass. 2004), the court granted a separate and final judgment on the central coverage issues even though not all claims had been resolved between the only parties to the case. As the District Court summarized the controlling test:

The seminal case in this Circuit detailing 'the preferred practice under Rule 54(b)' is *Spiegel v. Trustees of Tufts College,* 843 F.2d 38 (1st Cir. 1988). In *Spiegel,* the Court detailed the process to be undertaken by the district court:

'When considering the wisdom of Rule 54(b) certification in a given case, the trial court must first assess the finality of the disputed ruling. *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 13, 100 S. Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); *United States General, Inc. v. Albert,* 792 F.2d 678, 680-81 (7th Cir. 1986); *Bank of New York v. Hoyt,* 108 F.R.D. 184, 186 (D.R.I. 1985). If the ruling lacks the necessary finality, the application must fail. As the Court has said, 'the District Court cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C. §1291].' *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S. Ct. 895, 900, 100 L.Ed. 1297 (1956)(emphasis in original). As an adjunct of this inquiry, of course, it must be shown that the ruling, at a bare minimum, disposes fully 'of at least a single substantive claim.' *Acha v. Beame,* 570 F.2d 57, 62 (2d Cir. 1978).

Once the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment. Fed.R.Civ.P. 54(b). The court's role becomes that of a 'dispatcher,' *Sears, Roebuck,* 351 U.S. at 435, 76 S. Ct. at 900, exercising its discretion to decide which 'final' decisions in a multi-claim action should be sent upstairs immediately and which should be withheld pending resolution of the entire controversy in the district court. *See Pahlavi v. Palandjian,* 744 F.2d 902, 904 (1st Cir. 1984). The process, tilted from the start against fragmentation of appeals, is necessarily case specific. It entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances. If, in consequence of this examination, the district court concludes that entry of judgment under Rule 54(b) is appropriate, it should ordinarily make specific findings setting forth the reasons for its order. *Knight v. Mills,* 836 F.2d 659, 661 n.2 (1st Cir. 1987); *Santa Maria v. Owens-Illinois, Inc.,* 808 F.2d 848, 854-55 (1st Cir. 1986); *Pahlavi*, 744 F.2d at 904-05. Doing so, we hasten to add, serves a twofold purpose: it helps the district judge to sort out and weigh the competing considerations in his own mind, and it permits the appellate court effectively to review the ruling. *Spiegel,* 843 F.2d at 42-43.

*Id.* at 12-13.

6. Applying the factors enunciated in *Spiegel* here supports entering a separate and final judgment in favor of North River at this time.

***First***, there can be no dispute regarding the matter of finality. The jury unequivocally declared that Emhart is not entitled to coverage under the North River policy. [Ex. A at Question No. 5]. There is no remaining issue in dispute between Emhart and North River to be adjudicated.

***Second***, to the extent that other issues remain pending between Emhart and OneBeacon and Century, the resolution of those issues will not have any impact upon the jury's determination that Emhart is not entitled to coverage under the North River policy.

***Third***, any issues for appeal by Emhart with respect to North River are clearly separate and distinct from any issues involving Emhart's claims under the OneBeacon and Century policies. Emhart's claims under the North River policy are the only ones to which New York law applies. The North River policy is the only policy in the case that contains the "pollution exclusion" with a limited exception for property damage caused by a discharge or release of pollutants that is both "sudden and accidental." Accordingly, any proceedings in the First Circuit Court of Appeals as to North River will necessarily be separate and distinct from any issues that may be presented on appeal as to OneBeacon and Century. The separateness of the claims counsels in favor of granting a separate judgment.

***Fourth***, as a practical matter, this case is unlikely to present the prospect of truly "piecemeal" or "fragmented" review by the First Circuit Court of Appeals. Unlike cases in which a trial remains as to other parties that may not happen for years, here there are no issues that have been identified for a further trial. In the event that any of the issues reserved to the Court require an evidentiary hearing, it is likely to be relatively brief and take place in the near future. Accordingly, in the event of an appeal by Emhart of the Jury Verdict insofar as it relates to OneBeacon and/or Century, or by Emhart or the remaining insurers from any subsequent

decision of the Court, the appeals could easily be consolidated in the First Circuit Court of Appeals and heard together. In any event, the Court of Appeals would not be called upon to decide any issue more than once since the issues in any appeal relating to North River are different than those that would be involved in an appeal relating to OneBeacon and/or Century.

7. The Jury Verdict should finally resolve this matter as to North River. However, in the event that Emhart elects to contest the jury's determination that it is not entitled to coverage under the North River policy, the process should get underway sooner rather than later. For these reasons, North River respectfully requests that the Court enter an Order for separate and final judgment in its favor on all claims asserted by Emhart.

Respectfully submitted,

**THE NORTH RIVER INSURANCE COMPANY,**
By its attorneys,

*/s/ Mark T. Nugent*

Mark T. Nugent, RI Bar# 2637
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-1660

*/s/ John T. Harding*

John T. Harding, *pro hac vice*
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: October 24, 2006

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 24, 2006.

*/s/ John T. Harding*



1028412v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY<br><br>Defendants. | C.A. No. 02-53S |

**JURY VERDICT FORM**

1. Did Metro-Atlantic expect or intend to cause property damage from dioxin contamination?

YES or NO: No.

**If your answer is YES, do not answer any other Questions.**

**If your answer is NO, proceed to Question 2.**

2. With respect to the Century Primary, Century Excess, and OneBeacon policies, was dioxin contamination discoverable in the exercise of reasonable diligence during the policy periods?

YES or NO: No.

**If your answer is YES, proceed to Question 3.**

**If your answer is NO, do not answer Question 3; instead, proceed directly to Question 4.**

3. With respect to the Century Excess policy, does the exclusion in endorsement 6 bar coverage for property damage from dioxin contamination?

YES or NO: ___________

**Proceed to Question 4.**

4. With respect to the North River policy, did dioxin contamination cause actual property damage at the site during the policy period?

YES or NO: Yes.

**If your answer is YES, proceed to Question 5.**

**If your answer is NO, do not answer Question 5.**

5. With respect to the North River Policy, does the pollution exclusion bar coverage?

YES or NO: Yes. **END.**

Signature of Foreperson ______________________

Date: October 19, 2006