UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

OPPOSITION OF PLAINTIFF EMHART INDUSTRIES, INC. TO DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Plaintiff Emhart Industries, Inc. ("Emhart") opposes Defendant The North River Insurance Company's Motion for Entry of Separate and Final Judgment (Docket Index 455) for the reasons stated in its memorandum of law, filed herewith and incorporated herein.

By its attorneys,

/s/ Gerald J. Petros

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000
jpirozzolo@foleyhoag.com
rbinder@foleyhoag.com

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
Tel: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
acallam@haslaw.com

Attorneys for Plaintiff, Emhart Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2006, a copy of the foregoing Opposition Of Plaintiff Emhart Industries, Inc. To Defendant The North River Insurance Company's Motion For Entry Of Separate And Final Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/Gerald J. Petros________________

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
Tel: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
acallam@haslaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

MEMORANDUM IN SUPPORT OF OPPOSITION OF PLAINTIFF EMHART INDUSTRIES, INC. TO DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Emhart opposes the North River motion for separate and final judgment. North River fails to show that this is the "infrequent harsh case" that mandates the exceptional and sparingly used remedy of a separate and final judgment. The interests of justice and efficiency best are served by having one set of post-trial proceedings and one appeal, after resolution of the issues regarding all defendants.

Recently, in Walden v. City of Providence, 2006 WL 2455981 (D.R.I. Aug. 23, 2006), this Court denied a request for separate and final judgments under Rule 54(b) where the plaintiffs had stipulated to the dismissal of certain defendants. As this Court noted, "Rule 54(b) underscores the 'long-settled policy against piecemeal disposition of litigation,'" and is "an exception to the principle that 'an appeal must await the entry of a final judgment … that fully disposes of all claims asserted in the action.'" Thus, as this Court continued, "Rule 54(b) 'is

designed to be used where the problem and circumstances are of an "exceptional nature," … in order to avoid some perceptible "danger of hardship or injustice though delay which would be alleviated by immediate appeal."'" Id., at *1, quoting, Bank of New York v. Hoyt, 108 F.R.D. 184, 187 (D.R.I. 1985) (further citations omitted) and Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003).

Walden is in full accord with First Circuit precedent. "It is trite, but true, that piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly." Nichols v. The Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996). While Nichols involved a more extreme case, a separate judgment as to certain claims while other claims remained pending between the parties, its caution applies fully here. Here, as in Walden and Nichols, there is no reason for a piecemeal disposition, no reason to depart from the rule that only one judgment should enter, disposing of all claims as to all parties. North River has not shown any problem with its waiting for entry of a single judgment, much less the problems and circumstances of an "exceptional nature" that is required.

In Walden, this Court went on to note that "'[i]t has been widely recognized that orders under Fed.R.Civ.P. 54(b) "should not be entered routinely or as a courtesy or accommodation to counsel,"'" and that such requests should not be granted routinely, but rather only "'in the infrequent harsh case.'" 2006 WL 2455981 at *1 (citations omitted). In Walden, this Court found that there was no harsh result to the defendants by allowing the remainder of the litigation to take its course. Id., at *1-2. Again, North River has not shown how this situation is "infrequent" or "harsh." North River has presented no basis for granting Rule 54(b) relief.

In Spiegel v. Trustees of Tufts College, 843 F.2d 38 (1st Cir. 1988), a leading First Circuit case on the application of Rule 54(b), the court commenced its consideration of the issue by stating its "agree[ment] with Judge (now Justice) Kennedy that: 'Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for and early and separate judgment as to some claims or parties.'" 843 F.2d at 42 (citation omitted). This Court made the same point in Walden, supra: "Rule 54(b) judgments are not meant to be routinely entered after dismissals of individual defendants; rather, the function of the rule is to prevent harsh results that might occur by delaying an appeal on a particular issue until an entire case has been fully decided." 2006 WL 2455981 at *2.

North River has shown no "harsh" or "adverse" result that would occur if the judgment concerning it, and post-judgment motions and appeal, proceed with the rest of the claims in this action, as they have done for over four years. North River has offered no reasons to support a deviation from the ordinary requirements of Rule 54. It has offered no "pressing need" for a separate judgment.

The risk of multiple and burdensome appellate proceedings is a further ground for denial of the motion. See, Spiegel, supra; Consolidated Rail Corp. v. Fore River Railway Co., 861 F.2d 322, 325 (1st Cir. 1988) ("A court also should examine whether finality of judgment will advance the interests of judicial administration and public policy"). In the three cases cited by North River in its motion, discussed further below, the separate judgments were sought after grants of summary judgment or judgment on the pleadings. Any appellate record was correspondingly limited. Here, the appellate record will include the record of a five week trial and related proceedings. North River cites to no case where a Rule 54(b) judgment was entered

after a jury trial. Contrary to the general suggestion in the North River motion at 4, proceedings in the First Circuit will be on the same record as that of the claims involving the other defendants. All claims and all appeals will involve the same trial record. While there will be specific issues distinct to each defendant, the case and trial record are the same. Separate judgments and appeals present the prospect of the same record being submitted twice and taking the time and attention of two appellate panels. The efficiency of a single combined post-judgment proceeding and a single appellate proceeding is ample reason for denying the North River motion.

The three cases cited by North River do not alter this result. In Dennehy v. Dennehy, 2006 WL 2042373 (D.Mass. Jul. 20, 2006), the separate and final judgment entered in response to an unopposed motion for judgment on the pleadings and in a context where the dismissal of that action permitted the remainder of the action to be remanded to state court. Id., at *1. New Hampshire Insurance Co. v. Dagnone, 2005 WL 3307365 (D.R.I. Dec. 5, 2005), involved a separate claim that was decided on cross-motions for summary judgment. Here, in contrast, the North River claims were decided after a trial spanning some five weeks and an appeal will involve a review of the same trial record as the claims involving the other defendants. Liberty Mutual Insurance Co. v. Greenwich Insurance Co., 331 F.Supp.2d 8 (D. Mass. 2004) involved a "unique circumstance" where the benefit of summary judgment in favor of one party would become moot over the passage of time. 331 F.Supp.2d at 13. North River has made no such showing here.

For the foregoing reasons, the exceptional circumstances required for entry of judgment under Rule 54(b) are not present. There should be one judgment in this action,

addressing all claims and all parties after all proceedings are completed. The North River motion for entry of separate and final judgment should be denied.

By its attorneys,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
Tel: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
acallam@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000
jpirozzolo@foleyhoag.com
rbinder@foleyhoag.com

Attorneys for Plaintiff, Emhart Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2006, a copy of the foregoing Memorandum In Support Of Opposition Of Plaintiff Emhart Industries, Inc. To Defendant The North River Insurance Company's Motion For Entry Of Separate And Final Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
Tel: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
acallam@haslaw.com