UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | Civil Action No. 02-053 S |

**MOTION OF EMHART INDUSTRIES, INC. FOR CERTIFICATION**
**<u>OF QUESTIONS OF LAW TO THE RHODE ISLAND SUPREME COURT</u>**

Emhart Industries, Inc. ("Emhart") moves that this Court certify to the Rhode Island Supreme Court a question concerning whether the continuous trigger test is one of the tests to be applied in this action for determining whether certain insurance policies have been triggered by the contamination at the Centredale Manor Superfund Site and two questions concerning whether the test of determining if property damage is discoverable in the exercise of reasonable diligence is made using an objective standard or a subjective standard. The certification of a question of law to the Rhode Island Supreme Court is authorized by Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure. The specific questions that Emhart proposes be certified are as follows:

> In connection with general liability insurance policies defining "occurrence" as "injurious exposure to conditions which results, during the policy period, in … property damage …", where the alleged property damage is ongoing contamination from releases of contaminants and the subsequent transport of those contaminants

> over a period of years, under Rhode Island law, does the test for determining whether the "property damage" "result[ed] during the policy period" include the continuous trigger standard referred to in Textron, Inc. v. Aetna Casualty & Surety Co., 723 A.2d 1138 (R.I. 1999), or is it limited to the manifestation, discovery and discoverability triggers set forth in CPC International, Inc. v. Northbrook Excess & Surplus Ins. Co., 668 A.2d 647 (R.I. 1995)?
>
> In connection with the application of the discoverability trigger to general liability insurance policies defining "occurrence" as "injurious exposure to conditions which results, during the policy period, in … property damage …", where the alleged property damage is ongoing contamination from releases of contaminants and the subsequent transport of those contaminants over a period of years, is the determination of whether property damage is discoverable in the exercise of reasonable diligence made using an objective or a subjective standard?
>
> In connection with the application of the discoverability trigger to general liability insurance policies defining "occurrence" as "injurious exposure to conditions which results, during the policy period, in … property damage …", where the alleged property damage is ongoing contamination from releases of contaminants and the subsequent transport of those contaminants over a period of years, would the use of a subjective standard to determine whether property damage is discoverable in the exercise of reasonable diligence violate Rhode Island public policy by making it impossible for an insured to prove both that the insurance policy was triggered and that the property damage was neither expected nor intended from the standpoint of the insured?

In support of this motion, Emhart relies upon its memorandum of law, filed herewith, and further states:

1. Pursuant to Rhode Island Supreme Court Rule of Appellate Procedure 6(a), the Rhode Island Supreme Court may answer questions of law certified to it by a United States District Court when that court is involved in a proceeding where there is a question of Rhode Island law which may be determinative of the cause then pending, and as to which it appears that there is no controlling precedent in the decisions of the Rhode Island Supreme Court.

2. The trigger-of-coverage standard is potentially determinative in this action as the application of the continuous trigger would result in a ruling as a matter of law that the insurance policies issued by Century and OneBeacon have been triggered. The decisions of the Rhode Island Supreme Court have not clearly answered the question of the proper trigger of coverage as that court specifically stated "[b]ecause we conclude that liability under the policy may be established by one of the recognized CPC tests, we need not address the continuous trigger-of-coverage standard." Textron, Inc. v. Aetna Casualty & Surety Co., 723 A.2d 1138, 1141 (R.I. 1999). Since that time, the Rhode Island Supreme Court has not addressed the applicability of the continuous trigger-of-coverage standard.

3. The determination of whether an objective or a subjective standard applies to the discoverability trigger is also potentially dispositive. The Court's instructions to the jury concerning the discoverability trigger used a subjective standard and Emhart objected to that portion of the instructions. A determination of the correct standard will definitively resolve that issue. The Rhode Island Supreme Court has not specifically addressed the standard for determining whether property damage was discoverable in the exercise of reasonable diligence. In its discussion of that trigger in Textron, the court indicated that an objective standard was appropriate as it noted the evidence before the trial court concerning spills and leaks of materials and that such events "could cause a person exercising reasonable diligence to test for, and to discover, soil and groundwater contamination." 723 A.2d at 1144. However, there are other statements in Rhode Island Supreme Court decisions that defendants and this Court interpret as supporting use of a subjective standard.

4. The determination of whether use of a subjective standard for discoverability would violate Rhode Island public policy is also potentially dispositive. A determination that

such a standard is contrary to public policy would indicate that the Rhode Island Supreme Court has not adopted the subjective standard. The Rhode Island Supreme Court has not specifically addressed that issue, but its statement in Pressman v. Aetna Cas. & Sur. Co., 574 A.2d 757, 759 (R.I. 1990), that insurance policies should not be interpreted so as to "preclude coverage in almost any circumstance" and "render coverage illusory" suggests that it would make such a ruling.

5. The significant unresolved issues of Rhode Island law are appropriate for certification to the Rhode Island Supreme Court.

By its attorneys,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
jpirozzolo@foleyhoag.com

Dated: November 20, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2006, a copy of the foregoing Plaintiff's Motion for Certification of Questions of Law to the Rhode Island Supreme Court was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's Cm/ECF System.

/s/Gerald J. Petros
Gerald J. Petros

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053 S |

**MEMORANDUM OF LAW OF EMHART INDUSTRIES, INC.**
**IN SUPPORT OF ITS MOTION FOR CERTIFICATION OF**
**QUESTIONS OF LAW TO THE RHODE ISLAND SUPREME COURT**

Emhart has moved that this Court certify to the Rhode Island Supreme Court a question concerning whether the continuous trigger test is one of the tests to be applied in this action for determining whether certain insurance policies have been triggered by the contamination at the Centredale Manor Superfund Site and two questions concerning whether the test for determining if property damage is discoverable in the exercise of reasonable diligence is made using an objective standard or a subjective standard. The specific questions that Emhart proposes be certified are as follows:

> In connection with general liability insurance policies defining "occurrence" as "injurious exposure to conditions which results, during the policy period, in … property damage …", where the alleged property damage is ongoing contamination from releases of contaminants and the subsequent transport of those contaminants over a period of years, under Rhode Island law, does the test for determining whether the "property damage" "result[ed] during the policy period include the continuous trigger standard referred to in

> Textron, Inc. v. Aetna Casualty & Surety Co., 723 A.2d 1138 (R.I. 1999), or is it limited to the manifestation, discovery and discoverability triggers set forth in CPC International, Inc. v. Northbrook Excess & Surplus Ins. Co., 668 A.2d 647 (R.I. 1995)?
>
> In connection with the application of the discoverability trigger to general liability insurance policies defining "occurrence" as "injurious exposure to conditions which results, during the policy period, in … property damage …", where the alleged property damage is ongoing contamination from releases of contaminants and the subsequent transport of those contaminants over a period of years, is the determination of whether property damage is discoverable in the exercise of reasonable diligence made using an objective or a subjective standard?
>
> In connection with the application of the discoverability trigger to general liability insurance policies defining "occurrence" as "injurious exposure to conditions which results, during the policy period, in … property damage …", where the alleged property damage is ongoing contamination from releases of contaminants and the subsequent transport of those contaminants over a period of years, would the use of a subjective standard to determine whether property damage is discoverable in the exercise of reasonable diligence violate Rhode Island public policy by making it impossible for an insured to prove both that the insurance policy was triggered and that the property damage was not expected or intended from the standpoint of the insured?

## ARGUMENT

The certification of a question of law to the Rhode Island Supreme Court is authorized by Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure. Pursuant to that rule, the Rhode Island Supreme Court may answer questions of law certified to it by a United States District Court when that court is involved in a proceeding in which there is a question of Rhode Island law "which may be determinative of the cause then pending, in the certifying court and as to which it appears to the certifying court that there is no controlling precedent" in the decisions of the Rhode Island Supreme Court. R.I.S.C. R. App. P. 6(a).

The trigger-of-coverage standard is potentially determinative in this action as the application of the continuous trigger would result in a ruling as a matter of law that the insurance policies issued by Century and OneBeacon have been triggered. The decisions of the Rhode Island Supreme Court have not clearly answered the question of the proper trigger of coverage as that Court specifically stated "[b]ecause we conclude that liability under the policy may be established by one of the recognized CPC tests, we need not address the continuous trigger-of-coverage standard." Textron, Inc. v. Aetna Casualty & Surety Co., 723 A.2d 1138, 1141 (R.I. 1999). Since that time, the Rhode Island Supreme Court has not addressed the applicability of the continuous trigger-of-coverage standard. As Emhart has shown in the memorandum in support of its motion for judgment as a matter of law or, in the alternative, for a new trial, filed herewith, it is likely that the Rhode Island Supreme Court would adopt that trigger.

The determination of whether an objective or a subjective standard applies to the discoverability trigger is also potentially dispositive. The Court's instructions to the jury concerning the discoverability trigger used a subjective standard and Emhart objected to that portion of the instructions. A determination of the correct standard will definitively resolve that issue. The Rhode Island Supreme Court has not specifically addressed the standard for determining whether property damage was discoverable in the exercise of reasonable diligence. In its discussion of that trigger in Textron, the court indicated that an objective standard was appropriate as it noted the evidence before the trial court concerning spills and leaks of materials and that such events "could cause a person exercising reasonable diligence to test for, and to discover, soil and groundwater contamination." 723 A.2d at 1144. However, there are other statements in Rhode Island Supreme Court decisions that defendants and this Court interpret as supporting use of a subjective standard.

The determination of whether use of a subjective standard for discoverability would violate Rhode Island public policy is also potentially dispositive. A determination that such a standard is contrary to public policy would indicate that the Rhode Island Supreme Court has not adopted the subjective standard. The Rhode Island Supreme Court has not specifically addressed that issue, but its holding in Pressman v. Aetna Cas. & Sur. Co., 574 A.2d 757, 759 (R.I. 1990), that insurance policies should not be interpreted so as to "preclude coverage in almost any circumstance" and "render coverage illusory" suggests that it would make such a ruling.

The significant unresolved issues of Rhode Island law are appropriate for certification to the Rhode Island Supreme Court. Indeed, courts in this Circuit have certified questions concerning trigger-of-coverage to state supreme courts. See EnergyNorth Natural Gas, Inc. v. Underwriters at Lloyd's, 848 A.2d 715, 718 (N.H. 2004); CPC International, Inc. v. Northbrook Excess & Surplus Ins. Co., 668 A.2d 647 (R.I. 1995). A state supreme court has also found that the attempt of a federal court to predict state law concerning trigger was incorrect Harford County v. Harford Mutual Insurance Co., 610 A.2d 286, 294 (Md. 1992) (finding that prediction of Maryland law in Mraz v. Canadian Universal Insurance Co., 804 F.2d 1325 (4th Cir. 1986) was incorrect). The certification of the questions to the Rhode Island Supreme Court will ensure that the significant questions concerning Rhode Island law that arose in this action are resolved in accordance with the rulings of Rhode Island's highest court.

**CONCLUSION**

For the reasons set forth above, Emhart respectfully requests that this Court grant its motion to certify to the Rhode Island Supreme Court questions concerning trigger of coverage.

Respectfully submitted,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
jpirozzolo@foleyhoag.com

Dated: November 20, 2006

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2006, a copy of the foregoing Plaintiff's Memorandum of Law in Support of its Motion for Certification of Questions of Law to the Rhode Island Supreme Court was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's Cm/ECF System.

/s/Gerald J. Petros
Gerald J. Petros

761402v1