UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | CIVIL ACTION NO.: 02-053S |

**MEMORANDUM OF CENTURY INDEMNITY COMPANY AND ONEBEACON AMERICA INSURANCE COMPANY IN OPPOSITION TO EMHART INDUSTRIES, INC.'S MOTION FOR CERTIFICATION OF QUESTIONS OF LAW TO THE RHODE ISLAND SUPREME COURT**

Emhart filed this diversity action in the United States District Court for the District of Rhode Island in January, 2002. Now, Emhart seeks to have the Court certify questions of law to the Rhode Island Supreme Court; five years after filing this case, after proceeding through years of extensive and expensive discovery and protracted motion practice (including the filing of several rounds of summary judgment motions and motions *in limine*), and after proceeding through a six-week jury trial. Emhart's Motion is without merit, it is baseless and it is untimely. The Court should deny Emhart's Motion because there is significant and current controlling precedent on the legal issues that Emhart belatedly seeks to present to the Rhode Island Supreme Court.

## I. EMHART'S MOTION SHOULD BE DENIED BECAUSE THERE IS CONTROLLING RHODE ISLAND PRECEDENT.

### A. Certification of Questions of Law: The Rhode Island Standard

Emhart's Motion should be denied because the Plaintiff fails to meet the standard set forth in Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure. Rather, Emhart's Motion is a thinly veiled attempt to change what is clear and settled law as articulated on numerous occasions by the Rhode Island Supreme Court.

Rule 6(a) of the Rhode Island Supreme Court Rules of Appellate Procedure (Certification of Questions of Law) provides as follows:

> This Court may answer questions of law certified to it by...a United States District Court when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this Court.

Accordingly, in order for the Rhode Island Supreme Court to consider accepting a question for certification, it must appear to this Court that there is no controlling precedent in the decisions of the Rhode Island Supreme Court.[1] Emhart's Motion fails to meet this requirement.

Plaintiff's Motion seeks to have the Court certify three questions concerning the trigger of coverage to be applied in connection with Emhart's underlying environmental claims.[2] However, there is a well developed body of controlling precedent on this issue and it is

[1] Rhode Island Supreme Court Rule 6 does not require the court to respond to every question certified by the Federal Court. Rule 6(a) provides that the Court "may" answer questions of law. This authorization is discretionary and not mandatory. *Brookshire Cablevision of R.I. v. Burke*, 488 A.2d 676, 678 n.2 (1985).

[2] Emhart has filed an extensive Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial. In its Motion, Emhart argues, *inter alia*, that the Court's trigger of coverage jury charge was improper. Century Indemnity Company and OneBeacon America Insurance Company have submitted a separate Memorandum in Opposition to Emhart's renewed Motion addressing the issue in detail.

inaccurate to represent that there are "significant unresolved issues of Rhode Island law" as it relates to the applicable trigger of coverage standard.

In 1995, the United States Court of Appeals for the First Circuit certified the following question to the Rhode Island Supreme Court:

> What trigger-of-coverage standard would the Rhode Island Supreme Court use for determining at what point an "occurrence" causing "property damage" took place, within the meaning of the insurance policy provisions provided in the separate opinion in this case, where an insured alleges that a spill of hazardous contaminants in 1974 migrated through the groundwater, causing immediate injury to the pertinent property, which was not, in fact, discovered, however, until at least 1979?

*CPC International v. Northbrooke Excess & Surplus Ins. Co.*, 46 F.3d 1211, 1222 (1st Cir. 1995); 668 A.2d 647 (R.I. 1995). In responding to the Court of Appeals, the Rhode Island Supreme Court agreed that none of its prior opinions provided guidance in answering the certified question. *Id.*, 668 A.2d at 649. The Rhode Island Supreme Court answered the certified question concluding:

> coverage under a general liability policy is triggered by an occurrence that takes place when property damage, which includes property loss, manifests itself or is discovered or in the exercise of reasonable diligence is discoverable.

*Id.* at 650. The Rhode Island Supreme Court repeated this standard four years later in *Truk-Away of R.I. v. Aetna Cas. & Sur. Co.*, 723 A.2d 309, 313 (1999) ("In *CPC International*..., we stated that 'an occurrence' under a general liability policy takes place when property damage...manifests itself or is discovered or in the exercise of reasonable diligence, is discoverable.")

The environmental trigger of coverage issue was addressed a third time by the Rhode Island Supreme Court in *Textron, Inc. v. Aetna Cas. & Sur. Co.*, 723 A.2d 1138 (R.I. 1999) ("*Textron-Gastonia*"). The Court began its extensive and detailed analysis by noting that "it is

essential to have an understanding of *CPC International, Inc.,* **which is the controlling law in this jurisdiction.**" *Id.* at 1141 (emphasis added). The Rhode Island Supreme Court held in *Textron-Gastonia*:

> While *CPC [International]* requires that the contamination not only exist during the period of coverage, but also be discoverable in the exercise of reasonable diligence. ...In other words, in order to trigger coverage in the absence of actual discovery, Textron must have had some reason to test for the contamination, and must actually have been able to discover it in the exercise of reasonable diligence.

(Citation omitted) *Textron-Gastonia* at 1144. Finally, the Rhode Island Supreme Court articulated the trigger of coverage standard first set forth in *CPC International* again in *Textron, Inc. v. Aetna Cas. & Sur. Co.*, 754 A.2d 742, 745-746 (R.I. 2000) (*"Textron-Wheatfield")* ("property damage triggers coverage under the type of comprehensive general liability insurance policy when the damage (1) manifests itself, (2) is discovered or (3) is discoverable").[3]

Emhart argues that the Rhode Island Supreme Court left an issue with respect to the continuous trigger undecided in *Textron-Gastonia.* The court, however, did not leave this issue open; it was only responding to an argument the policyholder made in its brief. The policyholder argued in favor of a continuous trigger only in the event that the court held that coverage would not be triggered when the property damage manifested itself or was discoverable in the exercise of reasonable diligence.[4] The court concluded that coverage may be triggered when the property damage manifested itself or was discoverable in the exercise or reasonable diligence. Based on

---

[3] The Court noted that it had clarified the "discoverable in the underlying exercise of reasonable diligence" prong of the trigger to mean that: "(1) the property damage occurred during the policy period, (2) the property damages was capable of being detected, and (3) the insured had reason to test for the property damage." *Id.*at 745.

[4] *See* Appendix of Exhibits to Plaintiff's Memorandum in Support of its Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial regarding its Claims against Century and OneBeacon, Exhibit A at 32-34.

that conclusion, the court determined correctly that it was not required to address the policyholder's argument. 723 A.2d at 1141.

The Rhode Island Supreme Court articulated, explained and clarified the environmental trigger of coverage standard four times during the period 1995 to 2000. It would be a mischaracterization to represent that Rhode Island has "no controlling precedent" on the trigger of coverage issue.

B. Certification of Questions of Law: The Federal Standard

The Court is under no obligation to certify questions of law to the Rhode Island Supreme Court. Rather, the decision to certify a question of law to the local court is discretionary. *Lehman Bros. v. Scheine*, 416 U.S. 386 (1974). Moreover, the Court's decision as to whether or not to certify is reviewed for abuse of discretion. *Id.* at 391.

While certification is appropriate where the question at issue is novel, and the law unsettled, it is not appropriate when there is no ambiguity as to the state of the local law. *Id.* As the Court of Appeals for the First Circuit has stated, "[t]he purpose of certification is to ascertain what the state law is... ." *Tarr v. Manchester Ins. Corp.*, 544 F2d 14, 15 (1st Cir. 1976). In addition, the Court of Appeals for the First Circuit has noted that a party, such as Emhart, that chooses to proceed in federal court in diversity actions "is in a particularly poor position to seek certification." *Tarr*, 544 F2d at 14. The *Tarr* Court went on to note that:

> We do not look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort.

*Id.*

The Court of Appeals for the First Circuit has indicated on numerous occasions that the purpose of certification is not to allow a party to persuade a state court to extend the current state

law, as Emhart seeks to do in this case. *Venezia v. Miller Brewing Co.*, 626 F2d 188, 192 n.5 (1st Cir. 1980) ("State-law claimants who bypass an available state forum generally are not entitled to adventurous state-law interpretations from the federal forum... ."). As the Court of Appeals indicated in *Cantwell v. University of Mass.*, 551 F2d 879, 880 (1977), it is not the purpose of certification "to permit a party to seek to persuade the state court to change what appears to be present law." *Citing Tarr*, 544 F2d 14. Emhart's Motion fails to meet the federal standard governing the certification of questions of law to a local court.

## II. EMHART'S MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY AND BECAUSE THE DEFENDANTS WILL BE PREJUDICED IF THE COURT CHOOSES TO CERTIFY QUESTIONS OF LAW TO THE RHODE ISLAND SUPREME COURT AT THIS LATE DATE.

Emhart filed this lawsuit on January 25, 2002.[5] Since that time, the parties engaged in extensive written discovery and related motion practice; took numerous depositions both in and outside the state of Rhode Island; exchanged and acquired document productions totaling in excess of 100,000 pages and engaged in several rounds of motions for summary judgment briefing and arguments and motions *in limine*. The parties proceeded through extensive and costly pretrial preparation and finally, trial started on September 6, 2006. The jury returned a verdict in favor of the defendants on October 19, 2006. This case has been pending for nearly five years. While there remain certain issues to be decided, it would be unfair to the defendants for the Court to certify questions of law to the Rhode Island Supreme Court at this late date.[6]

---

[5] The Rhode Island Supreme Court decided *Textron-Wheatfield* approximately 18 months before Emhart filed this case.

[6] Although it would have been improper for other reasons, as set forth *supra*, Emhart's Motion for Certification of Questions of Law would have been more appropriate had it been brought long before the summary judgment briefing stage and/or trial.

Plaintiff's Motion is inappropriate and should be denied because Emhart chose to proceed in the federal forum and as such, elected to have the Court apply the settled law of the State of Rhode Island. It would be unduly prejudicial if the Court were to certify questions of law to the Rhode Island Supreme Court at this time, and allow Emhart "to take two bites at the cherry by applying to the state court after failing to persuade the federal court" and having proceeded, unsuccessfully, through trial.

WHEREFORE, Century Indemnity Company and OneBeacon America Insurance Company request that this Honorable Court deny Emhart's Motion for Certification of Questions or Law to the Rhode Island Supreme Court.

**ONEBEACON AMERICA INSURANCE COMPANY,**
By its Attorneys,

/s/ Kelly N. Michels
James T. Murphy (#1698)
Kelly N. Michels (#6478)
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Michael S. Batson
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050

**CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA,**
By its attorneys,

/s/ James T. McCormick
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 12, 2007.

/s/ *Kelly N. Michels*
Kelly N. Michels

G:\DOCS\PCN\Cavell-OneBeacon\Embart\Certification Opposition.doc