UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION<br>No. 02-053-S |

**EMHART'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO CERTIFY QUESTIONS OF LAW TO THE RHODE ISLAND SUPREME COURT**

## INTRODUCTION

The Emhart post-trial motions concerning the verdict on its claims against Century and OneBeacon identified three unresolved issues of Rhode Island law concerning trigger of coverage that warrant certification to the Rhode Island Supreme Court. The insurers present no reasons the Court should not certify the two questions concerning whether an objective or a subjective standard is appropriate in applying the discoverability trigger. Their opposition to certifying whether Rhode Island would adopt the continuous trigger standard misunderstands the impact of the Rhode Island Supreme Court deferring a decision on that issue. As a court should decide an issue on the narrowest grounds available to it, the decision in favor of the insured on an alternative ground is not a rejection of the continuous trigger. Given the resources the parties have expended in this action, they are entitled to definitive answers concerning undecided issues of Rhode Island law. Those issues are best decided by the Rhode

Island Supreme Court. The decisions cited by the insurers are inapposite as they arise where a party seeks to change settled law. Here, Emhart seeks certification of unresolved issues.

## ARGUMENT

### 1. Rhode Island Has Not Determined Whether An Objective Or A Subjective Standard Is Used When Applying The Discoverability Trigger

The Rhode Island Supreme Court has not stated whether an objective or a subjective standard is used when applying the discoverability trigger recognized in CPC Int'l. Inc. v. Northbrook Excess & Surplus Ins. Co., 668 A.2d 647 (R.I. 1995). CPC identified that trigger, but did not articulate the manner in which it operates. The two Textron[1] decisions reversed the trial court for not considering the discoverability trigger, without expressly stating whether an objective standard or a subjective standard is appropriate. An objective standard is appropriate in view of the statement in Textron-Gastonia (723 A.2d at 1144), that the evidence "could cause a person exercising reasonable diligence to test for, and to discover, soil and groundwater contamination" and the need for an objective standard in order for discoverability to be more than a manifestation trigger.[2] However, this Court has interpreted Rhode Island precedent as supporting a subjective standard, thus indicating sufficient uncertainty as to warrant certification.

### 2. Rhode Island Has Not Decided The Continuous Trigger Issue

The insurers misconstrue the significance of the statement in Textron Gastonia that "[b]ecause we conclude that liability under the policy may be established by one of the

---

1 Textron, Inc. v. Aetna Cas. & Sur. Co., 723 A.2d 1138, 1143 (R.I. 1999) ("Textron-Gastonia"), and Textron, Inc. v. Aetna Cas. & Sur. Co., 754 A.2d 742, 745-46 (R.I. 2000) ("Textron-Wheatfield")

2 See Emhart's memorandum in support of its post-trial motions regarding the Century and OneBeacon policies at 13-17.

recognized CPC tests, we need not address the continuous trigger-of-coverage standard." 723 A.2d at 1141. As the court reversed the decision that the policies had not been triggered due to the discoverability trigger, there was no need for it to address the continuous trigger issue. Thus, Textron-Gastonia signaled the possible adoption of the continuous trigger without deciding the issue.

That the Textron Gastonia court did not decide the continuous trigger issue is not, as the insurers argue, a rejection of the continuous trigger standard. Rather, the court applied the principle that it should not decide issues unnecessary to resolve the matter before it. See Hoffman v. Metcalf, 851 A.2d 1083, 1093 (R.I. 2004) (Flanders, J., concurring) ("It is well settled that courts should decide cases 'on the narrowest legal grounds available.' 'It is the duty of the court to resolve the dispute before it on whatever ground may properly conclude or dispose of the litigation, and not engage unnecessarily in exercises in the derivation of abstract law.'") (internal citations omitted). See also United States v. Leon, 468 U.S. 897, 963 (1984) (Stevens, J., concurring) ("[w]hen the court goes beyond what is necessary to decide the case before it, it can only encourage the perception that it is pursuing its own notions of wise social policy, rather than adhering to its judicial role."). Here, the applicability of the continuous trigger may[3] no longer be an issue of "abstract law". That issue of first impression is properly addressed to the Rhode Island Supreme Court.

3. The Insurers Rely On Inapposite Authority

As the Rhode Island Supreme Court has not expressly decided the issues that Emhart seeks to certify, the decisions the insurers have cited are inapposite. In Tarr v. Manchester Ins. Corp., 544 F.2d 14 (1st Cir. 1976), two issues had been certified to the New

[3] A decision that the objective standard applies to the discoverability trigger could result in a ruling in favor of Emhart without resolving the continuous trigger issue.

Hampshire Supreme Court. One party disagreed with the state court's resolution of the questions, but rather than petitioning the state court for rehearing, the party sought redress in the federal forum. Denying the request, the court of appeals noted, "[n]o matter what the result, we cannot 'correct' a state court's interpretation of its own law." Id. (citing Mullaney v. Wilbur, 421 U.S. 684, 690-691 (1975)). Thus, it was not the request for certification in the first instance that the court found inappropriate. Emhart seeks a decision of the Rhode Island Supreme Court on unresolved issues, not a "correction" of an existing decision of that court.

In Venezia v. Miller Brewing Co., 626 F.2d 188, 192 n.5 (1st Cir. 1980), a party sought certification on a products liability issue that had been squarely decided, namely that "the scope of a product's intended use [is defined] as encompassing the incidental consequences of normal use." Id. at 192. There was no question that the plaintiff was trying to "persuade the state court to change what appears to be present law." Id. at 192 n. 5. As discussed above, that is not the case in the present matter. Similarly, in Cantwell v. Univ. of Mass., 551 F.2d 879 (1st Cir. 1977), the court denied a request for certification to the Massachusetts Supreme Judicial Court as the plaintiff was seeking to "afford [the court] the opportunity to change" its well-settled position of limiting the abrogation of governmental immunity to one discrete area. Id. at 880. As Emhart is clearly not trying to change the established law ,but rather is seeking clarification of points of law that the Rhode Island Supreme Court has left open thus far, Emhart's position is analogous to the that of the plaintiff's in CPC, where the court of appeals certified questions to the Rhode Island Supreme Court on appeal. CPC, 668 A.2d at 647. In CPC unresolved questions concerning trigger of coverage were certified to the Rhode Island Supreme Court. This Court should do the same here.

There is no merit to the argument that certification would be inequitable and would result in undue prejudice. Emhart is not seeking "two bites at the cherry by applying to the state court after failing to persuade the federal court". It is seeking the most accurate possible determination of unresolved issues of state law. Given the significance of the questions concerning Rhode Island law to the parties in this action and other parties that will confront similar issues in the future, certification is appropriate.

**CONCLUSION**

For the foregoing reasons and those set forth in Emhart's opening brief, the Court should grant the motion to certify to the Rhode Island Supreme Court questions concerning trigger of coverage.

Respectfully submitted,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinkley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
jpirozzolo@foleyhoag.com

Dated: February 9, 2007

Counsel for Plaintiff, Emhart Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2007, a copy of the foregoing Plaintiff's Reply Memorandum In Support Of Its to Motion To Certify Question Of Law To The Rhode Island Supreme Court was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's Cm/ECF System.

/s/Gerald J. Petros____________________
Gerald J. Petros