UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | ) | |
| v. | ) | CIVIL ACTION No. 02-053-S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | ) | |

**EMHART'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO THE DUTY TO DEFEND UNDER THE CENTURY PRIMARY POLICY**

## INTRODUCTION

Century seeks to avoid its duty to defend on the basis of an argument that was rejected by the Rhode Island Supreme Court in Flori v. Allstate Ins. Co., 388 A.2d 25 (R.I. 1978). Flori expressly states that the duty to defend is decided solely by comparing the allegations of the complaining documents to the insurance policy, and the insurer has a duty to defend "if the complaint discloses a statement of facts bringing the case potentially within the risk of coverage of the policy". Id., at 26. Century asserts this test was not met because the charging documents did not expressly allege what Century understands to be the test for trigger of coverage. A potential of coverage exists without express allegations setting forth the elements of trigger. Allegations that contamination

was caused by the insured's operations at the site before or during the policy period suffice.

Century asserts that the Court should consider extrinsic evidence in determining the duty to defend. That assertion cannot be reconciled with the statement in Flori that the pleadings test "determines an insurer's duty to defend even if the known facts conflict with the facts alleged in the third-party complaint." 388 A.2d at 26. The cases from other jurisdictions that Century cites permit consideration of extrinsic evidence only if that evidence is undisputed. Century misconstrues those decisions, as well as the decisions of this court in Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212 (D.R.I. 1998), and Providence Journal Co. v. Travelers Indem. Co., 938 F. Supp. 1066 (D.R.I. 1996). The EPA charging documents raise the potential of coverage; Century has a duty to defend.

The jury resolved disputed facts regarding trigger. That resolution does not retroactively apply to the duty to defend which existed when the EPA commenced the action. The verdict, if sustained, could do no more than establish that the Century duty to defend ends following entry of judgment. Here, as the verdict establishes that Emhart was innocent of the allegations in the EPA complaint, there is not even a basis for terminating the duty to defend as a result of the verdict.

## ARGUMENT

1. The Complaining Documents Raise The Requisite Potential Of Coverage

As shown at pages 5-7 of Emhart's initial memorandum ("Em. Mem."), the EPA alleged that elevated levels of contaminants were present at the site as a result of operations during a period of years that included the term of the Century policy. Indeed,

Century acknowledges that "the EPA alleges that the dioxin contamination arose out of Metro Atlantic's and NECC's activities" (Century Memorandum ("C. Mem.") at 8). Those allegations raise the potential of coverage required by Flori. In response, Century merely asserts that the charging documents did not expressly allege facts establishing that the policies were triggered. See C. Mem. at 8. It asserts that the EPA "does not allege that the dioxin contamination was capable of detection ... or that Emhart has a reason to test for dioxin contamination" and that "such allegations" are necessary for coverage to lie[1] Id. It is apparent from the meaning of "potential" that express allegations are not required for a potential to exist. Moreover, Rhode Island decisions make this clear. Where the charging documents contain "a statement of facts which bring the case within or potentially within the risk of coverage of the policy, the insurer has an unequivocal duty to defend." Employers' Fire Ins. Co. v. Beals, 240 A.2d 397, 403 (R.I. 1968)[2].

The Century argument that express allegations regarding each fact pertinent to coverage are required ignores the difference between "within" and "potentially within". As stated in Emhart's initial brief, if the facts suggest, imply or otherwise raise a possibility of coverage, a duty to defend lies[3]. The benefit of the duty to defend would be illusory if it exists only when the complaint recited, in hac verba, judicial determinations concerning the meaning of policy provisions. At most, the

1 As indicated in Emhart's motion for JMOL, Emhart contends that Century has not correctly stated the test for trigger. However, Century has a duty to defend even if its argument concerning the substantive issue of trigger were correct.

2 This only exception to the pleadings rule, arising where sexual molestation of children is alleged is inapplicable. Peerless Insurance Co. v. Viegas, 667 A.2d 785, 788-89 (R.I. 1995).

3 See Em. Mem. at 6-7. Century never explains the basis of its semantic argument that there is difference between a suggestion, an implication and a reasonable possibility.

absence of detailed pleadings invokes the rule that "[t]he court must resolve any uncertainty as to the adequacy of the pleadings in this respect in favor of the insured." Providence Journal Co. v. Travelers Indem. Co., 938 F. Supp. 1066, 1072 (D.R.I. 1996). The requirement that Century seeks to impose would conflict with the insured's purpose in purchasing insurance: obtaining a prompt defense. Travelers Indemnity Co. v. Insurance Company of North America, 886 F.Supp. 1520, 1525 (S.D. Cal. 1995)(applying California law))[4].

The potential of coverage exists when the "pleadings …leave in doubt whether a state of facts exists" that will result in coverage (Flori, 388 A.2d at 37); and "any doubts as to the adequacy of the pleadings to encompass an occurrence within the coverage of the policy are resolved against the insurer and in favor of its insured" (Beals, 260 A.2d at 403). See also Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F. Supp. 2d 212, 215 (D.R.I. 1998) (duty to defend lies where pleadings did not "exclude the possibility" that the policies were triggered).

Century also errs in asserting that only allegations regarding the discoverability of dioxin are pertinent. See C. Mem. at 8. The applicable principle is that "if any ***one*** of the acts alleged" in a complaint "could possibly be covered under the Policy," the insurer must defend "against ***all*** the claims." Nortek, Inc. v. Liberty Mut. Ins. Co., 858 F. Supp. 1231, 1236 (D.R.I. 1993) (emphasis added). See also O'Donnell v. Twin City Fire Ins. Co., 40 F. Supp. 2d 68, 71 (D.R.I. 1999)("If any of the acts or omissions in the Malpractice Suit Complaint could possibly be covered under the

---

[4] The Rhode Island Supreme Court followed California law concerning the duty to defend in Conanicut Marine Svcs., Inc. v. Ins. Co. of N. America, 511 A.2d 967, 971 (R.I. 1986) ("agree[ing] with the [California Supreme] Court's decision in Communale v. Traders & General Insurance Co., 328 P.2d 198, 202 (Cal. 1968)).

insurance policy, then defendant has an unequivocal duty to defend plaintiffs against all the claims asserted.")

The proper application of this test where, as here, there are general allegations of environmental contamination arose in Liberty Mut. Ins. Co. v. Black & Decker Corp., 2004 WL 1771589 (D. Mass. Aug. 5, 2004). There the court applied Connecticut law, which, like Rhode Island law, requires that the duty to defend be determined solely on the basis of the allegations of the complaint[5]. The court ruled that general allegations that hazardous substances were spilled, released or disposed of in the environment gave rise to a duty to defend as "[w]hile it does not specifically allege that the releases were unexpected and unintended, the allegations are 'potentially within the coverage, and this suffices.'" 1771589 WL at * 15 (internal citation omitted). See also Montrose Chem. Corp. v. Superior Court, 861 P.2d 1153, 1164 (Cal. 1993)(duty to defend lies "although the CERCLA complaint did not specify whether [insured] negligently or intentionally disposed of DDT process wastes-and therefore was, as the trial court observed, 'neutral' on the question of coverage - its allegations sufficed to raise the possibility that [insured] would be liable for property damage covered by the policies.")

2. Consideration Of Extrinsic Evidence Is Impermissible

The Century argument, based on out-of-state decisions, that extrinsic evidence may be considered in determining the duty to defend, is contrary to Rhode

[5] The holding in Flori, (388 A.2d at 26) that the pleadings test applies "even if the known facts conflict with the facts alleged in the third party complaint," was based in part on the adoption of that rule by Connecticut in Missionaries of the Co. of St. Mary's v. Aetna Casualty & Surety Co., 230 A.2d 21 (Conn. 1967).

Island law. See C. Mem. at 9-10. This is plain from Flori, 388 A.2d at 26 (pleadings test "determines an insurer's duty to defend even if the known facts conflict with the facts alleged in the third-party complaint") and Beals, 240 A.2d at 403 ("insurer's duty to defend is predicated not upon information in its possession which indicates or even proves non-coverage, but instead upon the allegations in the complaint filed against the insured.") Flori even went so far as to overrule prior decisions that did not adopt the pleadings test. 388 A.2d at 26, n. 2.

Flori expressly held that the trial court erred in doing what Century asks this Court to do: deciding the duty to defend based on facts concerning whether a policy provision barred coverage. 388 A.2d at 26 (trial court erred in determining "whether certain work done by Flori was intended to remedy work originally performed improperly or whether, as the trial justice concluded, the purpose of Flori's return to the job site was to perform additional work" as those facts addressed the duty to indemnify and the issue before the court was the duty to defend)[6]. Resolving the duty to defend on the basis of the facts found at trial is contrary to the purpose of the pleadings rule. As another court explained, "[t]he exclusive pleading rule is easy to apply and serves an important public interest. A duty to defend should be resolved promptly and without litigation." Mount Vernon Fire Ins. Co. v. Scottsdale Ins. Co., 638 A.2d 1196, 1202 (Md. App. 1994), aff'd in part, rev'd in part on other grounds sub nom. Chantel Associates v. Mount Vernon Fire Insurance Co., 656 A.2d 779 (Md. 1995)[7]. The procedure Century advocates would

---

6 In Flori, the fact question was the time period in which certain work was performed. That issue was pertinent to whether the exclusion for liability from completed operations barred coverage.

7 The intermediate appellate court found the duty to defend did not arise until an

resolve the duty to defend on the same basis as the duty to indemnify in violation of the settled principle that "[u]nder Rhode Island law, an insurer's duty to defend is broader than its duty to indemnify." PIC, supra, 24 F.Supp.2d at 215; Beals, 240 A.2d at 403. See also Em. Mem. at 11.

Even if Rhode Island were to follow the out-of-state decisions that Century cites, those decisions would be inapposite as involving consideration of undisputed facts. See C. Mem. at 9-10. That key distinction is omitted from the Century memorandum. In Delta Airlines v. State Farm Fire & Cas. Co., 1996 WL 511575, at *2 (9th Cir. Sept. 9, 1996) the court noted that "the uncontroverted facts [pertaining to the initial publication date of the article allegedly causing advertising injury] demonstrate that the underlying complaint fell within" an exclusion to coverage). Similarly, Western Heritage Ins. Co. v. River Entertainment, 998 F.2d 311, 313 (5th Cir. 1993), held that there was no duty to defend based on "the undisputed facts extraneous to this petition," namely, that the insured sold alcoholic beverages to an intoxicated individual. Millers Mutual Ins. Assoc. of Ill. v. Ainsworth Seed Co., 552 N.E.2d 254, 255, 257 (Ill. App. Ct. 1990), permitted consideration of an "undisputed affidavit" which established conclusively that a completed operations hazards exclusion applied. Here, there were no such undisputed facts. Rather, the jury, in determining trigger of coverage, was faced with conflicting testimony.

The principle that a court addressing the duty to defend is precluded from considering disputed facts was articulated in Mount Vernon, supra. The appellate court

---

amended complaint was filed to allege the dates of injury; the higher court found that the duty to defend arose with the filing of the earlier complaint that did not allege dates of injury. 656 A.2d at 787.

ruled that the trial court erred in considering the affidavit of a psychologist as "the exclusive pleading rule precludes consideration of that affidavit." 638 A.2d at 1204. It explained that prior decisions permitting consideration of affidavits were inapplicable as in those cases the facts were not in dispute.

> We conclude that these cases do not abolish the exclusive pleading rule. They merely recognize that the court is not required to play the ostrich when uncontroverted evidence makes it clear that the exclusive pleading rule should not be applied. If there is no dispute about the truth of facts asserted in the "other sources," the court may rely on those undisputed assertions to determine whether there is a duty to defend. If there is a reasonable dispute about the truth of facts asserted in the "other sources," the court must resolve the duty to defend issue by examining the four corners of the complaint and the four corners of the policy.

Travelers Indemnity Co. v. Insurance Company of North America, supra, 886 F. Supp. at 1526. Applying the correct rule, it held that the insured was entitled to summary judgment based on the allegations of the complaint.

The only case cited by Century that was not limited to undisputed extrinsic evidence was Burd v. Sussex Mut. Ins. Co., 267 A.2d 7 (N.J. 1970). That case addressed a possible conflict of interest between the insured and the insurer as to whether alleged injuries suffered by the plaintiff in the underlying action were inflicted intentionally or negligently. The insured had been convicted of assault and battery. The Burd court concluded that, due to the conflict, the insurer did not have a duty to defend, but would be required to reimburse the insured if it were later determined that the claim was within the scope of the policy, i.e., that the conduct was negligent. 267 A.2d at 10.

Burd is contrary to Rhode Island principles regarding the duty to defend. In Beals, Rhode Island has held that the conflict of interest present in Burd does not absolve the insurer of the duty to defend. In Beals, as in Burd, the court was faced with a

potential conflict of interest between the insured and the insurer regarding whether the alleged injuries were inflicted intentionally or negligently. However, Beals concluded that the insurer was still required to defend the insured. 240 A.2d at 403-04. Specifically, Beals recognized the broad scope of the duty to defend and the requirement that "any doubts as to the adequacy of the pleadings to encompass an occurrence within the coverage of the policy are resolved against the insurer and in favor of its insured" (Id. at 403). It noted that the insurer "should have set forth its provisions in such clear and distinct language as would have avoided any doubt relative to the extent of its duty to defend" if it wished to avoid providing a defense in such a situation. Id. at 404. Burd is incompatible with the well-settled principle of Rhode Island law that "the duty to defend is broader in scope than the duty of an insurer to indemnify…." Beals, 240 A.2d at 403.

A federal court applying the law of a state that, like Rhode Island, adopted the pleadings rule, refused to follow Burd. Sherwin Williams Co. v. Certain Underwriters at Lloyd's London, 813 F.Supp. 576, 583 (N.D. Ohio 1993). The court explained as follows:

> although the London Market Insurers cite cases from New Jersey suggesting that a separate factual inquiry is required when a complaint fails to resolve questions pertinent to an insurer's duty to defend, see …[Burd], these cases are not biding precedent in Ohio and are not applicable to this case. An insurer's duty is based solely on claims arguably or potentially stated against the insured in the complaint. Doubts in the pleadings regarding coverage, if any exist, must be resolved in favor of the insured rather than in a separate factual inquiry.

3. Century Misconstrues Providence Journal And PIC

Century misreads Providence Journal Co. v. Travelers Indem. Co., 938 F. Supp. 1066, 1072 (D.R.I. 1996), in asserting that the Court in that case considered

extrinsic evidence to resolve the duty to defend. See C. Mem. at 10-11. The Court decided both the duty to indemnify and the duty to defend on summary judgment. It did not consider extrinsic evidence regarding the duty to defend; as it stated that it was following the pleadings rule of Beals. Id. at 1072. Century asserts that in Providence Journal extrinsic evidence established that an independent contractor hauled the insured's waste to the Davis Landfill and intentionally disposed of the waste there. Those facts were actually established by the EPA complaint against the insured. The EPA alleged that the insured's waste reached the landfill. See id. at 1069. The allegation that the waste hauler took the insured's waste to the site leads to the conclusion that the hauler intended to dispose of waste at that site. If the Court looked to extrinsic evidence regarding those facts, the supposed extrinsic evidence was undisputed. In the portion of the decision quoted by Century, the Court stated that the policy holder "concedes th[e] fact" that "[t]he discharge of [its] liquid waste at the Davis Site was undeniably expected and intended from the standpoint of [the independent contractor the policyholder retained to haul its wastes to another location]." Id. at 1079. In another portion of the opinion, the Court stated that it was summarizing undisputed facts. See id. at 1061. Here, there are no undisputed facts, establishing that the contamination was not discoverable during the policy period.

Century is mistaken in its attempt to distinguish PIC on the basis of the occurrence definition at issue. Century quotes a paragraph from PIC, stating that the occurrence definition did not require that damage occur during the policy period See C. Mem. at 13. It ignores the Court's statement, two paragraphs later, that even if the policy

contained a requirement that injury occur during the policy period, the insurer would have a duty to defend.

> Here, the complaints in the underlying suits make no reference to when the plaintiff's injuries first manifested themselves or were discovered or discoverable. The mere fact that the plaintiffs were not diagnosed as suffering from asbestos related injuries until after July 1, 1989 does not exclude the possibility that their injuries manifested themselves or were discovered or were discoverable prior to that time.

PIC, 24 F.Supp. 2d at 216-17.

Century also errs in suggesting that the pleadings rule should be abandoned when the facts pertinent to coverage will not be decided in the underlying action. Rhode Island has not created such an exception to the pleadings rule. It would not do so, as the "exception" will be present in most cases and subsume the rule. Facts pertinent to coverage are not decided in the underlying action, particularly when those facts pertain to dates of injury. A jury decides the insured's liability to the plaintiff, not when the insured committed a wrongful act, when an injury occurred or when property damage or personal injury was discoverable. As stated in PIC, "if general verdicts are returned in favor of the plaintiffs [in the underlying action], there would be no way of knowing what factual findings may have been made with respect to the dates of exposure, the dates on which the plaintiffs' injuries manifested themselves, or the dates on which plaintiffs learned that their injuries had been diagnosed as asbestos related." Id. at 218. With that knowledge, the court ruled that the insurer had a duty to defend.

Similarly, the underlying action in Flori would establish whether the work performed by the contractor was negligent, not the date the work was performed (the fact applicable to the exclusion). Flori, 388 A.2d at 26. Likewise, the jury in the underlying malpractice action in O'Donnell would determine whether the attorney was negligent, not

when the negligence occurred. O'Donnell, 40 F.Supp.2d 68, 74. See also Chantel Associates v. Mount Vernon Fire Insurance Co., 656 A.2d 779, 787 (Md. 1995) (holding insurer had duty to defend and stating "plaintiffs [in underlying action] need only prove that they suffered lead-related injuries while residing at the Chantel dwelling-there is simply no reason for the Epperson plaintiffs to present evidence as to the date when the lead-related injuries occurred.")

4. The Jury Verdict Does Not Retroactively Decide The Duty

The jury verdict, if sustained, did not retroactively address the issue of whether Century had a duty to defend. The duty to defend arose at the time of the EPA complaint. This was explained in Shelby Insurance Co. v. Northeast Structures, Inc., 767 A.2d 75, 77 (R.I. 2001), where there was a "question of fact" as to the cause of the collapse of a structure. One cause was a covered "occurrence," one was not. The court ruled that the allegations of the complaint created a duty to defend. That duty continued "until there has been a finding of fact that the cause of the collapse was excluded from coverage." Similarly, here, the factual finding concerning trigger, if sustained, does no more than terminate the duty to defend, with Century remaining liable for defense costs that Emhart incurred prior to the termination. This principle was explained in detail as follows:

> If the complaint in the third party action reveals a potential for coverage under the insurer's policy, the insurer has a duty to defend until such time as the insurer proves to the court that actually no potential for coverage existed at the time of the third party litigation was commenced. …If despite a potential for coverage, as alleged in the complaint, the insurer successfully proves that no potential for coverage existed, the duty to defend ceases at the time such proof is made. Such proof does not, however, retroactively delete the duty to defend as it existed up to the point of proof.

Travelers, 886 F. Supp. at 1526.

The Century argument that the verdict indicates it had no duty to defend is disingenuous. As shown above, the duty to defend continues until the insurer proves that there was not a "potential for coverage under the insurer's policy". Here, the verdict does not establish that Century made the showing required to terminate its duty to defend as of the date of judgment.

In response to Question 1, the jury determined that Crown Metro did not expect or intend property damage. In view of that finding, the jury determination that Crown Metro had no reason to test is entirely consistent with the conclusion that Emhart's predecessors did not cause the dioxin contamination, but that, in fact, NECC was the culpable party. The verdict supports the conclusion that Emhart was without responsibility. As an innocent party, Emhart was, and is, entitled to have its insurers provide a defense under the settled principle that the duty to defend lies "even if the suit is groundless, false or fraudulent". E.g., Beals, 240 A.2d at 402. The duty to defend was particularly significant in this case as Emhart is not liable. Emhart was, and is, entitled to have its insurers provide a vigorous defense against the EPA claim

## CONCLUSION

For the foregoing reasons, and those stated in Emhart's opening brief, this Court should rule that Century has a duty to defend Emhart.

Respectfully submitted,

/s/ Gerald J. Petros__________________

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Richard L. Binder
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
jpirozzolo@foleyhoag.com

Dated: February 9, 2007

Counsel for Plaintiff, Emhart Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Emhart's Reply Memorandum In Support Of Its Motion For Summary Judgment And Renewed Motion for Judgment As A Matter Of Law As To The Duty To Defend Under The Century Primary Policy was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's Cm/ELF System.

/s/Gerald J. Petros____________________
Gerald J. Petros