UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 02-53S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | ) | |

**ORDER**

This Court has under advisement various pre and post-trial motions including motions by Emhart Industries, Inc. ("Emhart") regarding the question of the duty to defend; by OneBeacon America Insurance Co. ("OneBeacon") regarding reformation and the applicable pollution exclusion; and by Century Indemnity Co. ("Century") regarding corporate successorship. There are several issues that the Court believes are not fully or adequately briefed in the parties' memoranda. Therefore, the Court invites the parties to file memoranda simultaneously, on or before **April 9, 2007**, regarding Century's duty to defend under the Excess Policy (XBC 46961), and OneBeacon's duty to defend under Excess

Umbrella Policy (S-16-07084); specifically, the Court is interested in briefing on the following issues:

(1) Whether, and to what extent, Century (in its capacity as an excess insurer) would have a duty to defend under the Excess Policy if the Court were to determine:

(A) that Century owes Emhart a duty to defend under the Primary Policy (GAL 36597);

(B) that Century does not owe Emhart a duty to defend under the Primary Policy;

(2) Whether OneBeacon would have a duty to defend under the Excess Umbrella Policy, were the Court to reform that Policy (as OneBeacon requests) and further determine that:

(A) Endorsement 6 applies;

(B) Endorsement 5 applies;

(3) Whether the underlying coverage has been exhausted such that it would trigger the defense obligations under the Excess Policy or the Excess Umbrella Policy, or both;

(4) Whether the Waste Product Exclusion obviates Century's duty to defend under the Excess Policy;

(5) Whether an evidentiary hearing is necessary to resolve the issue of breach, were the Court to

determine that Century owes Emhart a duty to defend under either the Primary Policy or the Excess Policy, or both; and

(6) Any other issues the parties see fitting to include.

IT IS SO ORDERED.

WSmm

William E. Smith
United States District Judge

Date: 3/27/07