UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, v. HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, Defendants. | C. A. NO.: CA 02-053S |

**ONEBEACON AMERICA INSURANCE COMPANY'S MEMORANDUM CONCERNING DUTY TO DEFEND ISSUES PURSUANT TO THE COURT'S MARCH 27, 2007 ORDER**

OneBeacon America Insurance Company ("OneBeacon") submits this further post-trial memorandum in response to this Court's March 27, 2007 Order. This memorandum will be limited to the duty to defend questions asked by the Court in paragraphs (2) and (3) of its Order.[1]

## INTRODUCTION

As a preliminary matter, OneBeacon notes the following:

(1) None of the motions currently pending before the Court contend that OneBeacon has a present obligation to defend Emhart Industries, Inc. ("Emhart");

(2) Emhart never has contended that the Century Excess Policy already is exhausted; and

[1] Issues (1), (4) and (5) of the Court's Order concern Century Insurance Company's ("Century") duty to defend. To the extent that it is relevant to issue (2)(A), OneBeacon adopts Century's Waste Product Exclusion arguments in response to issue (4).

(3) All parties agree that the jury's determination that there exists no duty to indemnify terminates any existing duty to defend.

Accordingly, OneBeacon has no duty to defend Emhart under the Excess Umbrella Policy regardless of reformation or whether Endorsement 5 or Endorsement 6 applies. The failure of underlying exhaustion prohibits any past defense obligation; the jury's decision that there is no coverage prohibits any future defense obligation.

## ISSUES AND RESPONSIVE ARGUMENTS

**ISSUE (2): Whether OneBeacon would have a duty to defend under the excess umbrella policy, were the court to reform the policy (as OneBeacon requests) and further determine that:**

**(A) Endorsement 6 applies;**
**(B) Endorsement 5 applies;**

**RESPONSE (2):**

1. Endorsement 5

Endorsement 5 is an absolute pollution and contamination exclusion. It provides as follows:

> POLLUTION AND CONTAMINATION EXCLUSION ENDORSEMENT
>
> ENDORSEMENT #5
>
> Is it agreed that:
>
> (Except with respect to the products hazard), such insurance as is afforded by this policy or any other endorsement thereto shall not apply to any claim for damages arising out of contamination or pollution of land, air, water or other real or personal property.

Emhart's claims against OneBeacon arise out of an Environmental Protection Agency-ordered cleanup of contamination at the Centerdale Manor Superfund Site in North Providence,

Rhode Island (the "Site"). If applicable, then there can be no dispute that Endorsement 5 excludes coverage under the OneBeacon Excess Umbrella Policy for the claim against Emhart. In its Complaint, Emhart describes the claims at issue:

> 32. Pursuant to the Comprehensive Response, Compensation and Liability Act. …the. …EPA. …commenced a proceeding against Emhart. …asserting that Emhart is a potentially responsible party. …with respect to alleged contamination at the so-called Centerdale Manor Superfund Site. …

"In Rhode Island, whether an insurer has a general duty to defend its insured is determined by application of the 'pleadings test.'" *RGP Dental, Inc. v. Charter Oak Fire Ins. Co.*, 2005 WL 3003063 (D.R.I. 2005), *citing Peerless Ins. Co. v. Viegas*, 667 A.2d 785, 787 (1995). An insurer's duty to defend arises only if the allegations in the underlying complaint contain facts sufficient to bring the case potentially within the coverage of the policy. *See RGP Dental, Inc.*, 2005 WL at 3003066; *Nortek, Inc. v. Liberty Mut. Ins. Co.*, 858 F. Supp. 1231, 1237 (D.R.I. 1994); *Flori v. Allstate Ins. Co.*, 388 A.2d 25, 26 (1978). Emhart's pollution claims fall plainly within the provisions of Endorsement 5. Endorsement 5 applies to bar coverage under the OneBeacon Excess Umbrella Policy, including the potential duty to defend Emhart.

2. <u>Endorsement 6</u>

OneBeacon would not have a duty to defend Emhart even if the Court finds that Endorsement 6 applies to the reformed Excess Umbrella Policy. The jury determined that Emhart was not entitled to coverage under the OneBeacon Excess Umbrella Policy because the contamination at the Site was not discoverable in the exercise of reasonable diligence during the OneBeacon Excess Umbrella Policy period. Where, as here, there has been a determination that the insurer has no duty to indemnify, then it follows that there is no longer the potential duty to defend. Any potential duty to defend by OneBeacon was extinguished by the jury's verdict. *See*

*Shelby Ins. Co. v. Northeast Structures, Inc.*, 767 A.2d 75, 77 (R.I. 2001) ("The plaintiff has a duty to defend the underlying action at trial until there has been a finding of fact that the cause of the collapse was excluded from coverage under the policy or until a settlement has been reached."); *See generally Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 924 (8th Cir. 1998) (insurer's duty to defend expired upon a determination that all claims were excluded from coverage); *Snug Harbor, Ltd. v. Zurich, Ins.*, 968 F.2d 538, 545 (5th Cir. 1992) (duty to defend ceases at the outer boundary of policy's potential coverage); *Underwriters at Lloyds London v. STD Enters., Inc.*, 395 F. Supp. 2d 1142 (M.D. Fla. 2005) ("the duty to defend ceases when it is shown that there is no potential for coverage, i.e., when there is no duty to indemnify."); *Rockwood Ins. Co. v. Federated Capital Corp.*, 694 F. Supp. 772 (D. Nev. 1988)("if the insurance policy, properly construed precludes a duty to indemnify there is no duty to defend"); *See also* Emhart's Reply Memorandum in Support of its Motion for Summary Judgment as a Matter of Law as to the Duty to Defend under the Century Primary Policy at 12-13 [Document 487, filed on 2/9/2007]. Any question concerning OneBeacon's duty to defend Emhart ceased when the jury found that Emhart was not entitled to coverage under the OneBeacon Excess Umbrella Policy. *Id.*

Moreover, any duty to defend that OneBeacon potentially may have owed to Emhart could not have been triggered until all applicable underlying insurance coverage had been exhausted. Here, both the Century Primary and the Century Excess Policies are directly underlying to subordinate to the OneBeacon Excess Umbrella Policy. The limits of those underlying policies must be exhausted before OneBeacon could have been obligated to defend Emhart. Because the jury determined that the Century policies do not provide coverage, they will not become exhausted in the future and OneBeacon has no duty to defend Emhart.

**<u>ISSUE (3)</u>: Whether the underlying coverage has been exhausted such that it would trigger the defense obligations under the Excess Policy or the Excess Umbrella Policy, or both.**

**<u>RESPONSE (3)</u>:**

The underlying coverage has not been exhausted, and will never be exhausted, such that a defense obligation is triggered under the OneBeacon Excess Umbrella Policy. The OneBeacon Excess Umbrella Policy is a policy of true excess insurance that was intended by the parties to "come into play only when the limits of underlying…coverage [were] exhausted." *ABT Building Prods. Corp. v. National Union Fire Ins. Co.*, 472 F.3d 99 (4th Cir. 2006), *citing* Eric Mills Holmes, *Holmes' Appleman on Insurance* § 145.4[B]. As stated above, the applicable underlying coverage has not yet been exhausted and cannot become exhausted in the future. Century has not made a payment to Emhart under either of its underlying policies. Because there is no coverage under those policies, Century will not make any payments to Emhart in the future sufficient to exhaust coverage.

The jury determined that the underlying Century policies were not triggered because the contamination at the Site was not discoverable in the exercise of reasonable diligence during Century's policy periods. Consequently, Century is not obligated to defend or indemnify Emhart or to make any payments from the applicable insurance policies. Because the Century policies remain intact, the OneBeacon Excess Umbrella Policy has not been, and cannot be, reached and its duty to defend has not been implicated. *See generally ABT Building Prods Corp.*, 472 F.3d at 143, *citing* Holmes, *supra* § 145.4[B] ("Until [all applicable underlying insurance has been exhausted] the excess insurer is entitled to stand by, because none of its contractual obligations have been implicated.").

## CONCLUSION

OneBeacon has no duty to defend Emhart under the Excess Umbrella Policy regardless of reformation or whether Endorsement 5 or Endorsement 6 applies. Moreover, the limits of the applicable underlying insurance have not been exhausted, and never will become exhausted, and OneBeacon's duty to defend Emhart under the Excess Umbrella Policy has not been triggered.

**ONEBEACON AMERICA INSURANCE COMPANY**
By its Attorneys,

/s/ Kevin J. O'Connor

James T. Murphy #1698
Kelly N. Michels #6478
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154

Kevin J. O'Connor
Peter C. Netburn
Hermes, Netburn, O'Connor
& Spearing, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052 (f)

Dated: April 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 12, 2007.

/s/ Kevin J. O'Connor
Kevin J. O'Connor

G:\DOCS\PCN\Cavell-OneBeacon\Emhart\Duty to defend memoranda 4.12.07.doc