UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053-S |

**EMHART INDUSTRIES, INC.'S CONSOLIDATED MEMORANDUM IN RESPONSE TO DEFENDANTS' MEMORANDA SUBMITTED PURSUANT TO THE COURT'S MARCH 27, 2007 ORDER**

Plaintiff Emhart Industries, Inc. ("Emhart") submits this consolidated memorandum in response to (1) the Supplemental Memorandum of Law of Defendant Century Indemnity Company to Address the Issues the Court Raised in Its March 27, 2007 Order [Document 493, filed on 4/12/2007]; and (2) OneBeacon America Insurance Company's Memorandum Concerning Duty to Defend Issues Pursuant to the Court's March 27, 2007 Order [Document 494, filed on 4/12/2007].

In their respective briefs, Century Indemnity Company ("Century") and OneBeacon America Insurance Company ("OneBeacon") state or imply that Emhart agrees with the defendants that the jury's verdict terminated any existing duty to defend that the insurers owe. Century cited Emhart's Reply Memorandum in Support of its Motion for Summary Judgment as a Matter of Law as to the Duty to Defend under the Century Primary Policy [Document 487,

filed on 2/9/2007] ("Reply Memorandum Regarding the Duty to Defend") to support the proposition that "once the jury determined that the claim was not covered, Century would have no continuing duty to defend Emhart under either the Primary Policy or Excess Policy." *See* Supplemental Memorandum of Law of Defendant Century Indemnity Company to Address the Issues the Court Raised in Its March 27, 2007 Order at 4 [Document 493, filed on 4/12/2007]. OneBeacon stated that "[a]ll parties agree that the jury's determination that there exists no duty to indemnify terminates any existing duty to defend." *See* OneBeacon America Insurance Company's Memorandum Concerning Duty to Defend Issues Pursuant to the Court's March 27, 2007 Order [Document 494, filed on 4/12/2007].

Both of these statements, however, misrepresent Emhart's position and ignore the second paragraph of the section that Century cited from Emhart's reply memorandum regarding the duty to defend. In Emhart's reply memorandum, Emhart stated that "the factual finding concerning trigger, if sustained, does <u>no more than</u> terminate the duty to defend." Reply Memorandum Regarding the Duty to Defend at 12 [Document 487, filed on 2/9/2007] (emphasis added). As Emhart went on to state, however, in this case the jury verdict in fact does <u>not</u> terminate the duty to defend. <u>Id.</u> at 13. Rather, the verdict is consistent with the conclusion that Emhart's predecessors did not cause the dioxin contamination, and the verdict supports the conclusion that Emhart was without responsibility for the contamination at the Site. <u>Id.</u> As an innocent party, Emhart was, and is, entitled to have its insurers provide a defense under the settled principle that the duty to defend lies "even if the suit is groundless, false or fraudulent." <u>Employers' Fire Insurance Co. v. Beals</u>, 240 A.2d 397, 402 (R.I. 1968). *See* Reply Memorandum Regarding the Duty to Defend at 13 [Document 487, filed on 2/9/2007]. Emhart reiterated this point in its memorandum filed pursuant to the Court's March 27, 2007 Order as well. *See* Emhart's

Memorandum Regarding Century's Duty to Defend Under the Excess Policy (XBC 46961), and OneBeacon's Duty to Defend Under Excess Umbrella Policy (S-16-07084) at 11-15 [Document 495, filed on 4/12/2007].

Contrary to Century's and OneBeacon's assertions, Emhart does not agree that the jury verdict terminates the insurers' respective duties to defend. Rather, the jury verdict is entirely consistent with Emhart being without responsibility and with the insurers continuing to owe a duty to defend so as to vindicate Emhart.

Respectfully submitted,

/s/ Gerald J. Petros_________________

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Kirk G. Hanson
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
jpirozzolo@foleyhoag.com

Counsel for Plaintiff, Emhart Industries, Inc.

Dated: April 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that ON April 26, 2007 a copy of Emhart Industries, Inc.'s Consolidated Memorandum in Response to Defendants' Memoranda Submitted Pursuant to the Court's March 27, 2007 Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's Cm/ELF System.

/s/Gerald J. Petros___________________
Gerald J. Petros