UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

C.A. No. 02-53S

ORDER

William E. Smith, United States District Judge.

For the reasons that will be discussed in depth in a forthcoming opinion, the Court makes the following findings of fact and conclusions of law:

(1) Emhart Industries, Inc. ("Emhart") succeeded to the rights and benefits of Policy No. GAL 36597 (the "Primary Policy"), Policy No. XBC 64674 (the "Excess Policy"), and Policy No. S-16-07084 (the "Umbrella Policy");

(2) Century Indemnity Co.'s ("Century") duty to defend Emhart triggered under the Primary Policy because the complaining documents provided a potential for coverage;

(3) Any existing duty to defend Emhart in this matter ceased as of October 19, 2006, the date of the jury verdict

finding no coverage;

(4) Century's duty to defend Emhart triggered under the Excess Policy because the complaining documents provided a potential for coverage, the Primary Policy's $100,000 limit of liability was exhausted by October 19, 2006, and the waste-product exclusion did not preclude a potential for coverage;

(5) OneBeacon America Insurance Co. ("OneBeacon") duty to defend Emhart did not trigger under the Umbrella Policy because Emhart has not shown that OneBeacon was required to "drop down" and defend Emhart after Century refused to do so, and because Emhart has not shown that the Excess Policy's $1 million limit of liability was exhausted by October 19, 2006; however, the Court will revisit the latter issue if Emhart can prove otherwise at the evidentiary hearing discussed below;

(6) An evidentiary hearing is necessary to determine:

(A) Emhart's defense costs as of October 19, 2006;

(B) The amount of those costs that Century should bear;

(C) Whether Century breached its duty to defend Emhart under the Primary Policy or the Excess Policy, or both;

(D) The appropriate damages that Century should bear if Century has breached its duty to

defend Emhart under either policy.

An evidentiary hearing is therefore schedule for Monday, May 21, 2007, at 9am.

It is so ordered.

William E. Smith
United States District Judge

Date: 5/1/07