UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053-S |

**EMHART INDUSTRIES, INC.'S RESPONSE TO DEFENDANT CENTURY INDEMNITY COMPANY'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY AND TO ADJOURN THE EVIDENTIARY HEARING**

Emhart Industries, Inc. ("Emhart") does not object to the motion of defendant Century Indemnity Company ("Century") to adjourn the evidentiary hearing and joins in that motion for the following reasons:

1. (a) Century is entitled to an updating of Emhart's underlying defense costs through October 19, 2006. Emhart is in the process of assembling the updated material, but the limited time available presents difficulties in retrieving material from off site storage and getting the material together in time to provide it to Century sufficiently in advance of the hearing and for use in the hearing.

(b) Emhart has no objection to a further deposition of Jerome Muys as requested by Century.

(c) Emhart too plans to have an environmental attorney review Emhart's defense costs and be prepared to present expert testimony affirmatively and in rebuttal as to whether Emhart's defense costs are reasonable and necessary. Emhart anticipates that Century will want to depose this expert.

(d) If Century seeks to have an environmental attorney testify at the evidentiary hearing as to whether Emhart's defense costs are reasonable and necessary, Emhart requests leave to depose this additional witness prior to the evidentiary hearing.

(e) While Emhart expects to object to the discovery regarding Liberty Mutual, Emhart recognizes that Century has a differing view and it will probably be appropriate to seek a ruling on appropriate briefing regarding this issue.

(f) Emhart's presentation is based on voluminous documents as to which summaries are appropriate. While Emhart is working diligently to prepare those summaries, additional time would facilitate that work and an orderly presentation of the pertinent evidence.

2. The May 21 date presents scheduling difficulties regarding Emhart witnesses, personnel and counsel, similar to those articulated by Century.

(a) Jeffrey Loureiro, one of Emhart's principal witnesses, has previously scheduled commitments for May 21, including an appearance before a zoning board in Connecticut.

(b) Emhart's ability to gather information and to prepare for the hearing is impaired because Linda Biagioni, the vice president of environmental affairs, and the entire environmental department of Black and Decker will be attending its previously scheduled Annual Environmental Health and Safety Seminar on May 14, 15 and 16, leaving no client personnel available to assist counsel in preparation.

(c). Emhart's lead counsel is engaged in final preparation for a trial on patent and antitrust issues scheduled for July 30, 2007 in the U.S. District Court for the District of Massachusetts. Pretrial obligations leading to that trial date include assisting in the preparation of five expert reports on patent damages issues, a similar number of rebuttal expert reports and preparation to take and defend a series of expert depositions scheduled in May and June. Due to the compressed trial schedule, counsel is also under substantial pressure to complete pretrial disclosures by June 19, 2007, the joint pretrial memorandum by July 12, 2007 as well as trial briefing, motion practice, witness preparation and the other preliminaries before trial begins on July 30, 2007.

Respectfully submitted,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo
Kirk G. Hanson
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
jpirozzolo@foleyhoag.com

Dated: May 9, 2007

Counsel for Plaintiff, Emhart Industries, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a copy of Emhart Industries, Inc.'s Response to Defendant Century Indemnity Company's Motion for Leave to Take Limited Discovery and to Adjourn the Evidentiary Hearing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's Cm/ELF System.

/s/Gerald J. Petros____________________
Gerald J. Petros

801389v1