UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | C.A. NO. 02-053 S |

**EMERGENCY MOTION OF LIBERTY MUTUAL INSURANCE COMPANY**
**<u>TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER</u>**

Pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure, Liberty Mutual Insurance Company ("Liberty Mutual") submits its motion to quash the subpoena served upon it by Century Indemnity Co. ("Century") and for a protective order.

As explained more fully in the accompanying memorandum of law, the subpoena issued to Liberty Mutual should be quashed because it (1) fails to allow reasonable time for compliance, (2) requires a non-party witness to travel more than 100 miles from where the witness resides, is employed or regularly transacts business in person, (3) seeks privileged and protected information, (4) subjects Liberty Mutual to undue and unnecessary burden, and (5) was not accompanied by the required witness fee and mileage allowance. In addition, a protective order should issue barring any further discovery regarding the Settlement Agreement, including any testimony related to the discussions and calculations underlying the Agreement.

Accordingly, Liberty Mutual respectfully requests that the Court GRANT this motion to quash the subpoena issued to it by Century, and issue the requested protective order.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,

Christopher J. McCarty (#5431)
Ralph T. Lepore, III (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date: June 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2007, I served a copy of the foregoing by overnight mail upon:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903
*Attorney for Century Indemnity Co.*

Jack R. Pirozzolo, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02110
*Attorney for Emhart Industries, Inc.*

Ralph T. Lepore, III

# 4620907_v1



c

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | C.A. NO. 02-053 S |

**MEMORANDUM OF LAW OF LIBERTY MUTUAL INSURANCE COMPANY IN SUPPORT OF ITS EMERGENCY MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

Pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure, Liberty Mutual Insurance Company ("Liberty Mutual") submits this memorandum of law in support of its motion to quash the subpoena served upon it by Century Indemnity Co. ("Century") and for a protective order.

**BACKGROUND**

On May 1, 2007, the Court issued an electronic notice of an evidentiary hearing scheduled for May 21, 2007. On May 14, 2007, the Court issued a revised notice rescheduling the evidentiary hearing for June 25, 2007. Since Liberty Mutual is no longer a party to this action, it did not receive these notices.

On or about June 18, 2007, Century served a subpoena on "Liberty Mutual Insurance Company – The employee thereof most knowledgeable about those matters referred to in Exhibit A attached hereto." See Exhibit A, attached hereto.[1] The subpoena commands the "most knowledgeable employee" to appear at the June 25 evidentiary hearing to provide testimony regarding "[t]he Settlement Agreement between Liberty Mutual Insurance Company and The Black and Decker Corp. in or about 2005, and in particular the allocation of defense costs and indemnity payments to The Centerdale, Rhode Island, site." Id. Counsel for Liberty Mutual received a copy of the subpoena on June 20, 2007, and that same day sent a letter to counsel for Century objecting to the subpoena. See Exhibit B, attached hereto.

The Settlement Agreement was entered into in March 2005, and it resolves a claim by the plaintiff Emhart Industries, Inc. ("Emhart") relating to the Centredale Manor Superfund Site in Rhode Island, as well as other claims between Liberty Mutual and Black & Decker Corporation in Massachusetts. See Memorandum and Order dated November 2, 2005, at 1-2 (Dkt. No. 250). The Settlement Agreement represented the entire agreement of Liberty Mutual and Black & Decker (including Emhart) involving the disputed claims, and all information concerning the Agreement, including its negotiation and terms, was deemed confidential. Id. Attached as Exhibit 4 to the Settlement Agreement were detailed spreadsheets identifying the allocation of the defense and indemnity portions of the total settlement amount. Other than Liberty Mutual's in-house and outside counsel, the Liberty Mutual employee who was most involved in the negotiations for the Settlement Agreement resides, is employed, and regularly transacts business in person in Dover, New Hampshire, which is greater than 100 miles from this Court.

---

[1] Rather than calling or notifying Liberty Mutual's former counsel of record, Holland & Knight, about the desire for this testimony, Century served the subpoena on Liberty Mutual through the Rhode Island Department of Business Regulation.

As a result of the settlement, Liberty Mutual was dismissed from this action on March 25, 2005. See Stipulation of Dismissal (Dkt. No. 233).

In July 2005, the remaining defendants, including Century, propounded a document request to Emhart seeking production of the Settlement Agreement and an interrogatory asking Emhart to identify how much of the settlement with Liberty Mutual was attributable to Emhart's claim in this action, and to explain how that amount was calculated. See Memorandum and Order dated November 2, 2005, at 1 (Dkt. No. 250). Over the objections of Emhart and Liberty Mutual, the Court ordered the production of the entire Settlement Agreement and a response to the interrogatory regarding the calculation of the settlement amount "for attorney's eyes only." Id. at 6. See also Order dated December 21, 2005 (Dkt. No. 263).

In December 2005, Emhart produced the requested information to the remaining defendants, including Century. As a result, Century was informed of the total amount of the settlement and the allocation of defense costs and indemnity payments to the Centredale, Rhode Island, site. Apparently unsatisfied with the information it received approximately two years ago, Century has served Liberty Mutual with a subpoena commanding Liberty Mutual on just one week's notice to produce someone to travel to Providence, Rhode Island, to testify at an evidentiary hearing regarding privileged and confidential discussions underlying the settlement agreement.

## ARGUMENT

The subpoena issued to Liberty Mutual should be quashed because it (1) fails to allow reasonable time for compliance, (2) requires a non-party witness to travel more than 100 miles from where the witness resides, is employed or regularly transacts business in person, (3) seeks privileged and protected information, (4) subjects Liberty Mutual to undue and unnecessary

burden, and (5) was not accompanied by the required witness fee and mileage allowance. In addition, a protective order should issue barring any further discovery regarding the Settlement Agreement, including any testimony related to the discussions and calculations underlying the Agreement.

## I. The Subpoena Must Be Quashed Because it Fails to Allow Reasonable Time for Compliance

Rule 45 provides that the court "shall quash or modify the subpoena if it fails to allow reasonable time for compliance." Fed. R. Civ. P. 45(c)(3)(A)(i). Liberty Mutual was served with the Century subpoena on June 18, 2007, and its counsel received a copy on June 20, 2007. Although Century had a copy of the Settlement Agreement in 2005, and knew as early as May 1, 2007 that there would be an evidentiary hearing in this matter, the subpoena gave Liberty Mutual just one week's notice to produce someone to travel to Providence, Rhode Island, to testify at an evidentiary hearing regarding the details of a settlement agreement which, with attachments, is more than 200 pages in length and is over two years old. Moreover, Century's untimely service of its subpoena gave Liberty Mutual's counsel less than one week to prepare a formal objection and file it with the Court. As the Century subpoena failed to allow a reasonable time for compliance, it must be quashed. See, e.g., Mann v. Univ. of Cincinnati, 824 F. Supp. 1190, 1202 (S.D. Ohio 1993) (holding that issuance of a subpoena on one week's notice was unreasonable where there was no urgency justifying such short notice and responding counsel was given less than one week to prepare and file a formal objection).

## III. The Subpoena Must Be Quashed Because it Requires a Non-Party Witness to Travel More Than 100 Miles

The Court must quash a subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii).

Other than Liberty Mutual's in-house and outside counsel, the Liberty Mutual employee who was most involved in the negotiations for the Settlement Agreement resides, is employed, and regularly transacts business in person in Dover, New Hampshire, which is greater than 100 miles from this Court. Accordingly, the subpoena must be quashed.

## III. The Subpoena Must Be Quashed Because it Requires Disclosure of Privileged and Protected Matter

In compliance with prior orders of this Court, Emhart produced the Settlement Agreement to the other defendants, including Century, in 2005 under the Court's condition that the Settlement Agreement was only to be viewed by counsel for the remaining defendants. The Settlement Agreement provided Century with the total amount of the settlement between Emhart and Liberty Mutual, and included spreadsheets detailing the allocation of defense costs and indemnity payments to the Centredale, Rhode Island, site. Thus, the Settlement Agreement sets forth separately the specific dollar amounts paid for defense and indemnity at the Centerdale site.

Century now seeks to compel Liberty Mutual to testify in open court regarding its negotiations with Emhart, which Emhart and Liberty Mutual expressly agreed were to remain confidential. Section 26 of the Settlement Agreement provides, in pertinent part: "All information concerning the Agreement, <u>including the negotiation</u> and terms of this Agreement, and including, but not limited to, the Settlement Amount, shall be and shall remain confidential between the Parties hereto, and their respective counsel, and shall not be disclosed by the Parties

or their respective counsel to any person or entity." The Century subpoena also apparently seeks information concerning discussions among Liberty Mutual, Emhart, and their attorneys, which are specifically protected by the attorney-client privilege and the work product privilege.

Liberty Mutual and Emhart did not waive their rights to preserve the confidentiality of their settlement negotiations by complying with the Court's prior orders to produce the Settlement Agreement. Where, as here, parties have negotiated in confidence to settle a dispute without incurring further litigation expenses, "a court should honor confidentialities that are bargained-for elements of settlement agreements." Grove Fresh Distribs., Inc. v. John Labatt Ltd., 888 F. Supp. 1427, 1441 (N.D. Ill. 1995), aff'd, 134 F.3d 374 (7th Cir.), cert. denied, 525 U.S. 877 (1998) (quoting Arthur R. Miller, Confidentiality, Protective Orders and Public Access to the Courts, 105 Harv. L. Rev. 427, 486 (1991)). Compelling settling parties to testify under oath regarding privileged and confidential settlement negotiations would destroy the sanctity of the attorney-client privilege, would have a serious chilling effect on parties' willingness and ability to settle disputes, and would force those disputes to be litigated in an already overburdened court system. Thus, the Century subpoena must be quashed because it requires disclosure of privileged and protected matter and no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(iii).

## IV. The Subpoena Must Be Quashed Because it Subjects Liberty Mutual, Which is no Longer a Party to this Action, to Undue and Unnecessary Burden

Rule 45 also mandates quashing a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). See also Int'l Brotherhood of Teamsters v. Eastern Conference of Teamsters, 162 F.R.D. 25, 28 (S.D.N.Y. 1995) ("Rule 45 is specifically designed to remedy litigants' disputes regarding whether a subpoena is unduly burdensome, and pursuant to Rule 45,

such objections are squarely within the jurisdiction of the district court that issued the subpoena.").

As discussed above, the Settlement Agreement which Emhart provided to Century in 2005 gave Century the total amount of the settlement between Emhart and Liberty Mutual and included spreadsheets detailing the allocation of defense costs and indemnity payments to the Centredale, Rhode Island, site. The Settlement Agreement also included an integration clause in Section 9, which stated that it is "the entire agreement and understanding" between Liberty Mutual and Emhart, and "prevail[s] over any prior oral or written communications, discussions, undertakings, negotiations and/or agreements" among them relating in any way to the Settlement Agreement. In its copy of the Settlement Agreement, Century has all the information it needs. Additional live testimony regarding the allocation of defense costs and indemnity payments is irrelevant to the matters now before the remaining parties and the Court. Any pending allocation issues between the plaintiff and the remaining defendants can be, and should be, resolved on the information already available, without dragging Liberty Mutual back into this litigation.

Not only is live testimony regarding the Settlement Agreement irrelevant, but Century's unreasonable delay of almost two years before seeking this testimony warrants quashing the subpoena. The Settlement Agreement was produced to Century in 2005 and Liberty Mutual was dismissed from this action that same year. Century's present attempt to force Liberty Mutual to produce someone to recall and testify about particular negotiations and calculations in 2005, without any legitimate need for this information, imposes undue hardship on Liberty Mutual.

## V. The Subpoena Must Be Quashed Because it Was Not Accompanied By the Required Witness Fee and Mileage Allowance

A subpoena commanding a person's attendance at a hearing must be accompanied by a tender of "fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P.

45(b)(1). "[T]he plain meaning of Rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." In re Dennis, 330 F.3d 696, 704 (5th Cir. 2003) (upholding district court's quashing of subpoena where the subpoenaing party tendered no mileage allowance with the subpoena) (quotations and citation omitted). Century's failure to tender any witness fee or mileage allowance with the service of the subpoena requires that the subpoena be quashed.

## VI. The Court Should Enter a Protective Order Barring Any Further Discovery Regarding the Settlement Agreement

In addition to quashing the Century subpoena, the Court should enter a protective order barring any further discovery regarding the Settlement Agreement, including any testimony related to the discussions and calculations underlying the Agreement.

Rules 26 and 45 of the Federal Rules of Civil Procedure govern discovery and the use of subpoenas in federal courts. Although Rule 26(b)(1) generally authorizes a party to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," the federal rules also establish limits upon a party's ability to engage in discovery. In particular, Rule 26(b)(2) obligates a court to limit the "frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule . . . if":

> (i) the discovery sought is unreasonably cumulative or duplicative, . . . (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

On its own initiative or pursuant to a motion under Rule 26(c), the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had; . . . that certain matters not be inquired into, . . . [and] that . . . confidential . . . commercial information not be revealed . . . ." Fed. R. Civ. P. 26(c)(1), (4), (7).

As discussed in greater detail above, further discovery in this litigation regarding the Settlement Agreement is untimely, unnecessary, irrelevant, and would require the disclosure of privileged and confidential information. In order to protect Liberty Mutual from oppression and undue burden or expense, the Court should enter a protective order barring any further discovery regarding the Settlement Agreement, including any testimony related to the discussions and calculations underlying the Agreement.

## CONCLUSION

For the foregoing reasons, the subpoena issued to Liberty Mutual by Century should be quashed, and a protective order should issue barring any further discovery regarding the Settlement Agreement, including any testimony related to the discussions and calculations underlying the Agreement.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,

Christopher J. McCarty (#5431)
Ralph T. Lepore, III (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date: June 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2007, I served a copy of the foregoing by overnight mail upon:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903
*Attorney for Century Indemnity Co.*

Jack R. Pirozzolo, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02110
*Attorney for Emhart Industries, Inc.*

Ralph T. Lepore, III

# 4621299_v1



c

Received
JUN 18 2007
H.O. Legal Dept.
405932

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.

V.

HOME INSURANCE COMPANY, ET. AL.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 02-053 S

TO: Liberty Mutual Insurance Company-The employee thereof most knowledgeable about those matters referred to in Exhibit A attached hereto. C/O Rhode Island Department of Business Regulation
175 BERKELEY STREET, BOSTON, MA 02116

[x] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF RHODE ISLAND<br>ONE EXCHANGE TERRACE<br>PROVIDENCE, RI 02903 | #2<br>HON. WILLIAM E. SMITH |
| | DATE AND TIME<br>JUNE 25, 2007<br>9:30 AM |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A TRUE COPY, ATTEST
BY David G. Be...ugnis, Sr.
... Boston

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Defendant Century Indemnity Co. | 6/15/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JAMES T. MCCORMICK, ESQUIRE, R.I. BAR NO. 2614, 128 DORRANCE STREET, SUITE 330, PROVIDENCE, RHODE ISLAND 02903 (401) 831-2970 FAX (401) 751-1797

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

The Settlement Agreement between Liberty Mutual Insurance Company and The Black and Decker Corp. in or about 2005, and in particular the allocation of defense costs and indemnity payments to The Centerdale, Rhode Island, site.

Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116-3889
www.hklaw.com

Ralph T. Lepore, III
617 619 9210
ralph.lepore@hklaw.com

June 20, 2007

VIA FACSIMILE & U.S. MAIL

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Re: Emhart Industries, Inc. v. Home Insurance Company, et al.
U.S.D.C., Civil Action No. 02-053

Dear Jim:

This will acknowledge receipt of the subpoena for testimony served upon Liberty Mutual Insurance Company ("Liberty Mutual") in connection with the referenced action.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Liberty Mutual, which is no longer a party to the referenced action, objects to the subpoena on several grounds, including without limitation, that it fails to allow reasonable time for compliance, seeks confidential and protected information, and subjects Liberty Mutual to undue and unnecessary burden. Accordingly, please be advised that a motion to quash the subpoena and/or a motion for protective order with respect to the subpoena will be prepared, served and filed.

Please let us know if you have any questions.

Very truly yours,

Ralph T. Lepore, III

RTL/mtm

cc: Jack R. Pirozzolo, Esq. – Via Facsimile