UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. CA 02-053S |
| HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONE BEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY Defendants. | : | |

**DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTION TO LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO QUASH SUBPOENA**

Now comes Defendant Century Indemnity Company hereby objects to Liberty Mutual Insurance Company's Motion to Quash Subpoena and for a Protective Order, on the grounds for this objection on the attached memorandum filed herewith.

McKENNA & McCORMICK

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2007, a copy of the foregoing Defendant Century Indemnity Company's Proposed Findings of Fact and Conclusions of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONE BEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY<br><br>Defendants. | CIVIL ACTION NO. CA 02-053S |

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTURY INDEMNITY COMPANY'S OBJECTION TO LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO QUASH SUBPOENA**

Defendant Century Indemnity Company has served a witness subpoena on Liberty Mutual Insurance Company, a former Co-Defendant in this case. Liberty settled claims by Emhart (Black & Decker Corp.) in connection with environmental clean up costs at various locations in Massachusetts, and other states, and one location in Rhode Island, the Centerdale site which is the subject of this litigation. Liberty and Emhart entered into a Settlement Agreement, a copy of which has been provided to Defendants through Discovery in this case. Century on June 18, 2007 served a subpoena on Liberty Mutual requesting trial testimony. The subpoena does not request any documents, but requests that Liberty produce for trial the employee most knowledgeable about that settlement, in

particular the allocation of the portion of the settlement allocable to the Centerdale, Rhode Island site. This subpoena was purposely narrow in scope so as to limit the burden upon Liberty Mutual to comply, particularly in light of the short period of time for Liberty to do so.

Liberty has objected to this subpoena and moved to Quash and for a Protective Order. Century objects to Liberty's Motion and responds to various parts of Liberty's argument as follows:

## I. THE SUBPOENA ALLOWS A REASONABLE TIME FOR COMPLIANCE.

Admittedly one week is not much time for Liberty to comply with the subpoena, however, in light of the subpoena's limited scope and Liberty's apparent ability to comply, there are no grounds to request that this subpoena be quashed. (Service of the subpoena was originally made on June 7, 2007 on the Department of Business Regulations as Agent for Service of Liberty Mutual, an out of state insurance company. The Department forwarded the subpoena to CT Corporation System which returned the subpoena indicating it was not the Registered Agent for Liberty Mutual Insurance Company. When this notice was received by CIC's counsel on or about June 15, 2007, service was the made directly at Liberty's Boston corporate offices by a Massachusetts Constable, on June 18, 2007.)

Liberty's counsel has had time to draft and file the instant motion to quash and is available to argue the same on the date set for trial, June 25, 2007. Liberty also has available the employee sought by the subpoena, who apparently is available to testify at trial should this court deny Liberty's motion. Thus, Liberty appears to be able to comply

fully with this subpoena, particularly since no documents are being sought from Liberty. (The case cited by Liberty, *Mann v. Univ. of Cincinnati* 824 F. Supp. 1190 (S.D. Ohio 1993), dealt with a deposition subpoena for confidential medical records which provided only one weeks notice in a case in which a discovery deadline had not yet been established).

Because Liberty Mutual has had sufficient time to file a response to the subpoena, and to obtain an employee to testify in a response to the subpoena, a reasonable time for compliance has been allowed.

## II. THE WITNESS SOUGHT APPEARS TO BE WITHIN THE ONE HUNDRED (100) MILE LIMIT.

Liberty asserts that its employee lives and works more than one hundred (100) miles from court, therefore should not be obligated to appear. The short response to this argument is the straight line distance from the center of Providence to the center of Dover, New Hampshire, Liberty's employee resides and works, is just under one hundred (100) miles, as per the AAA New England Map. The driving distance, according to Map Quest, is 131 miles; however, cases deciding this issue hold that "in measuring the distance between the place of trial and the place of service, the more modern interpretation has been to measure mileage by a straight line on a map. *SCM Corp v. Xerox Corp.*, 76 F.R.D.. 214 (D. Conn., 1977). This is in contrast to the earlier decisions that held the appropriate measurement to be the ordinary, usual and shortest route of travel. *Merchant Bank of New York v. Grove Silk Co.*, 11 F.R.D. 439 (M. V. Pa., 1951)." *Hill vs. Equitable Bank*, 15 F.R.D.P. 1984 (D. Delaware, 1987).

Based on available information, Liberty's employee appears to be within the one hundred (100) mile limit.

## III. THE SUBPOENA DOES NOT NECESSARILY REQUIRE DISCLOSURE OF PRIVILEGED OR PROTECTED MATTER.

An insurance company employee's knowledge of certain aspects of a negotiated settlement does not necessarily involve privileged or protected information. The amount of the Liberty/Black & Decker Settlement properly attributable to claims concerning the Centerdale site should constitute a reduction in any recovery by Emhart against Century in the instant case. The parties to that settlement were apparently free to apportion the total settlement amount among the various sites as the parties have deemed fit to do. Given the apparent arbitrary nature of the determination of these amounts, Century certainly has the right to question how these amounts were derived, as Century should be given credit for the portion of that settlement that is reasonably allocable to the Centerdale site. The employee of Liberty Mutual most knowledgeable about this process certainly has relevant non privileged evidence to offer on this issue. Particular issues pertaining to privilege should be evaluated on a question by question basis, rather than by a blanket pronouncement at this stage that any such question treads upon privilege territory. Accordingly, Liberty's Motion to Quash should be denied on this issue.

## IV. THE BEFORE SUBPOENA IS NOT UNDULY BURDENSOME TO LIBERTY MUTUAL

For reasons given previously in this Memorandum, requiring Liberty Mutual to produce live testimony it is not unduly burdensome. Any delay by Century in seeking this information from Liberty does not impose an additional burden upon Liberty that it

would not have borne had the subpoena been served earlier. Century acknowledges that Liberty has been rushed to comply with the subpoena, however, Liberty apparently was able to comply, and has a no greater burden now than it would have had, if the subpoena had been served earlier.

## V. CENTURY'S FAILURE TO TENDER A WITNESS FEE AND MILEAGE WITH THE ORIGINAL SERVICE OF THE SUBPOENA IS NOT GROUNDS TO QUASH THE SUBPOENA.

Century acknowledges that there was no checks enclosed with the original subpoena tendering witness fees and mileage to Liberty Mutual. After having been informed of this Century has directed a constable to tender these fees to Liberty, who was done so as of this date, June 22, 2007. The technical failure of failing to tender this amount of with original service should not be grounds to quash the subpoena.

## VI. LIBERTY'S MOTION FOR A PROTECTIVE ORDER SHOULD BE DENIED.

Liberty's request for a protective order appears duplicative of its motion to quash. In the event this motion has an effect independent of the motion to quash, Century objects for reasons given in this memorandum with respect to the objection to the motion to quash.

## CONCLUSION

Century's subpoena is limited in scope and addresses an issue material to this litigation. Liberty is able to comply with the subpoena, and in the interest of justice should be required to do so.

Respectfully submitted,
Century Indemnity Company
By its attorneys

McKENNA & McCORMICK

Dated: June 22, 2007

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2007, a copy of the foregoing Defendant Century Indemnity Company's Proposed Findings of Fact and Conclusions of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970