UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br>Plaintiff,<br>v.<br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br>Defendants. | C.A. NO. 02-053 S |

**SUPPLEMENTAL MEMORANDUM OF LAW OF LIBERTY MUTUAL INSURANCE COMPANY IN SUPPORT OF ITS EMERGENCY MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

In response to the Court's inquiry at this morning's hearing, the relevant Massachusetts case are: United States v. Dynamics Research Corp. 441 F. Supp.2d 259, 268-69 (D. Mass. 2006) (refusing to permit discovery where non-settling party did not provide any reason to doubt the good faith basis of the settlements); Chapman v. Bernard's, Inc., 198 F.R.D. 575, 577-78 (D. Mass. 2001) ("If the nonsettling party raises a legitimate issue of lack of good faith, it is entitled to an evidentiary hearing thereon, but in keeping with the goal of encouraging settlement, extended hearings on good faith should be the exception."); Slocum v. Donahue, 693 N.E.2d 179, 182 (Mass. App. Ct. 1998) (rejecting non-settling defendants' challenge to settlement agreement where there was no indication of bad faith or collusion); Noyes v. Raymond, 548

N.E.2d 196, 190 (Mass. App. Ct. 1990) (holding that the amount of settlement is insufficient to demonstrate lack of good faith absent collusion, fraud, dishonesty, or other wrongful conduct).

The relevant Rhode Island cases are: Calise v. Hidden Valley Condo. Ass'n, Inc., 773 A.2d 834, 839 (R.I. 2001) ("Voluntary settlement of disputes has long been favored by the courts. Settlement of a disputed liability is as conclusive of the parties' rights as is a judgment that terminates litigation between them. A joint tortfeasor has a valid and substantial interest in 'buying his peace' through a release-and-settlement agreement. On many occasions parties settle a suit not only to limit their potential liability but also to avoid the continuing pressures, vexations and unpleasantness involved in litigation, as well as the associated legal expenses.") (internal quotations and citations omitted); Rhode Island Depositors Econ. Protection Corp. v. Brown, 661 A.2d 969, 970 (R.I. 1995) (affirming approval of settlement based on arms-length negotiations where there was no indication of collusion or bad faith and sole objection was based upon a desire for more discovery in respect to the factual underpinnings of the settlement and also an opportunity to determine proportionate fault).

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,

Christopher J. McCarty (#5431)
Ralph T. Lepore, III (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date: June 25, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25st day of June, 2007, I served a copy of the foregoing by facsimile and first-class mail upon:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903
*Attorney for Century Indemnity Co.*

Jack R. Pirozzolo, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02110
*Attorney for Emhart Industries, Inc.*

Ralph T. Lepore, III

# 4628624_v1



c