**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMHART INDUSTRIES, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 02-053-S** |
| **HOME INDEMNITY CO., ET AL.,** | ) | |
| **Defendants.** | ) | |

**MOTION OF**
**THE COMPLEX INSURANCE CLAIMS LITIGATION ASSOCIATION**
**FOR LEAVE TO APPEAR AS *AMICUS CURIAE***

The Complex Insurance Claims Litigation Association ("CICLA"), by its undersigned attorneys, respectfully requests permission to appear as amicus curiae and file a memorandum of law in response to this Court's July 5, 2007 order. Specifically, CICLA seeks to address the questions that this Court posed concerning Conanicut Marine Services, Inc. v. Insurance Co. of North America, 511 A.2d 967 (R.I. 1986).[1]

In its order, the Court noted that the policyholder in this case submitted an amicus curiae brief in Polaroid Corp. v. Travelers Indemnity Co., 610 N.E.2d 912 (Mass. 1993), and stated that "[a] submission of similar breadth would be helpful in predicting whether the Rhode Island

[1] CICLA submits this request on behalf of the following member companies: AIG Insurance Companies, Arrowpoint Capital Corporation, Chubb & Son – a Division of Federal Insurance Company, The Hartford Insurance Group, St. Paul Fire and Marine Insurance Company, The Travelers Indemnity Company, and Zurich American Insurance Company. This brief is not filed on behalf of Liberty Mutual Insurance Company, which was a party to this case.

Supreme Court would follow Conanicut, Polaroid, or some other approach." 7/5/2007 Order at 5 n.1. CICLA (through its predecessor, the Insurance Environmental Litigation Association) also participated as an amicus on this issue in Polaroid. Thus, the Association is very familiar with the issues posed by this Court concerning the consequences that should attach to an insurer's breach of a duty to defend. CICLA respectfully submits that its participation will assist the Court in resolving them.

## INTEREST OF *AMICUS CURIAE*

The Complex Insurance Claims Litigation Association ("CICLA") is a trade association of major property and casualty insurance companies. It appears as amicus curiae to assist courts in resolving a broad range of complex insurance claims in important cases such as this one. The United States Court of Appeals for the First Circuit has granted CICLA (previously the Insurance Environmental Litigation Association) leave to appear as amicus curiae on several occasions.[2]

Numerous courts have commented that they have benefited from CICLA's participation in a case. See, e.g., Federated Mut. Ins. Co. v. Abston Petroleum, No. 1051589, 2007 WL 1098564, at *6-*7 (Ala. Apr. 13, 2007) (quoting and agreeing with CICLA's "well-reasoned" arguments); ACMAT Corp. v. Greater N.Y. Mut. Ins. Co., 282 Conn. 586, slip op. at 6 n. 14 (May 29, 2007) (quoting and agreeing with CICLA's argument); Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co., 959 P.2d 265, 282 (Cal. 1998) (quoting CICLA's brief with approval); Am. Motorists Ins. Co. v. ARTRA Group, Inc., 659 A.2d 1295, 1301 (Md. 1995) (citing to CICLA's argument with approval). CICLA respectfully submits that it can assist this Court in similar fashion if allowed to participate here.

[2] See, e.g., Nautilus Ins. Co. v. Jabar, 188 F.3d 27 (1st Cir. 1999); St. Paul Fire & Marine Ins. Co. v. Warwick Dyeing Corp., 26 F.3d 1195 (1st Cir. 1994).

This case presents an important question regarding the scope of an insurer's duty to defend, and the consequences of an innocent, yet erroneous, decision not to defend. As this Court recognized, Rhode Island law on this issue is unclear and the Rhode Island Supreme Court's decision in Conanicut may be distinguishable factually and legally. This Court's ruling on this issue is important for insurers and policyholders in Rhode Island, and the member companies on whose behalf this submission is made have substantial, independent interests in the issues presented here.

CICLA members have written a substantial amount of liability insurance in the State of Rhode Island, and they have issued insurance policies to a great many insureds in the State and throughout the nation that could be affected by the issues posed by this Court. Accordingly, CICLA's members are vitally interested in the judicial interpretation of these provisions. In addition, CICLA has participated in numerous cases nationwide involving principles governing the scope of the duty to defend.[3]

CICLA's proposed submission will demonstrate that an insurer's failure to defend should not result in the automatic imposition of indemnity such that the insurer is estopped from raising any coverage defenses. Rather, the duty to defend is a separate obligation from the duty to indemnify. Any breach of an insurer's defense obligation should be limited to contract damages directly attributable to that breach. In addition, expanding Conanicut to impose automatic indemnity on insurers would frustrate existing Rhode Island statutory provisions governing insurer bad faith and misconduct. Those statutes reflect legislative policy balancing the rights of insurers with the rights of policyholders. Estopping insurers from relying on contract provisions

[3] See, e.g., Polaroid Corp. v. Travelers Indemnity Co., 610 N.E.2d 912 (Mass. 1993); Landauer, Inc. v. Liberty Mut. Ins. Co., 628 N.E.2d 1300 (Mass. App. Ct. 1994); Hitchcock v. Federated Mut. Ins. Co., 522 N.W.2d 261 (Wis. Ct. App. 1994).

would undermine that statutory framework, and inappropriately punish insurers that make good faith but erroneous decisions concerning its contract obligations.

Courts nationwide have recognized the utility and value of amicus curiae participation in coverage cases like the one before this Court.[4] As one commentator noted, "[a]n amicus would often be in a superior position 'to inform the court of interests other than those represented by the parties, and to focus the court's attention on the broad implications of various possible rulings.'" Robert L. Stern et al., Supreme Court Practice, 570-71 (1986) (quoting Bruce J. Ennis, Effective Amicus Briefs, 33 Cath. U.L. Rev. 603, 608 (1984)). This is precisely the role that amicus curiae CICLA seeks to fulfill in this litigation.

---

4 As the United States Court of Appeals for the Ninth Circuit has observed, "the classic role of amicus curiae" is fulfilled "by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." Miller-Wohl Co. v. Comm'r of Labor & Indus., 694 F.2d 203, 204 (9th Cir. 1982) (citation omitted).

## CONCLUSION

For all of the foregoing reasons, the Complex Insurance Claims Litigation Association respectfully requests that this Court grant its motion for leave to appear as amicus curiae in the above-captioned case and to accept the accompanying amicus curiae brief.

Dated: July 31, 2007

Respectfully submitted,

THE COMPLEX INSURANCE CLAIMS
LITIGATION ASSOCIATION

/s/ Frederick E. Connelly, Jr.
Frederick E. Connelly, Jr., No. 6772
Michael P. Duffy, No. 4776
PEABODY & ARNOLD LLP
40 Westminster Street, Suite 201
Providence, Rhode Island 02903
401-521-3742
Fax 617-951-2125
fconnelly@peabodyarnold.com
mduffy@peabodyarnold.com

Of Counsel:

Laura A. Foggan
John C. Yang
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
202-719-7000

## CERTIFICATION

I, Frederick E. Connelly, Jr., hereby certify that I have this 31st day of July, 2007 electronically filed the above document. The document is available for viewing and downloading from the ECF system. I have electronically served a copy of the foregoing upon all parties through their counsel as listed below:

Jack R. Pirozzolo, Esq.
jpirozzolo@foleyhoag.com

Adam Weisberger, Esq.
aweisberger@foleyhoag.com

Elisa Nethercott, Esq.
enethercott@foleyhoag.com

Mark T. Nugent, Esq.
mnugent@morrisonmahoney.com

James T. McCormack, Esq.
mclaw@choiceonemail.com

Gerald J. Petros, Esq.
gpetros@haslaw.com

John T. Harding, Esq.
jharding@morrisonmahoney.com

Lawrence A. Nathanson, Esq.

James T. Murphy, Esq.
jtm@hansoncurran.com

Kevin J. O'Connor, Esq.
koconnor@hnso.org

Peter Netburn, Esq.
pnetburn@hnso.org

/s/ Frederick E. Connelly, Jr., Esq.
Frederick E. Connelly, Jr.

PABOS2:FCONNEL:665716_1