UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053-S |

**EMHART INDUSTRIES, INC.'S OPPOSITION TO DEFENDANT CENTURY INDEMNITY COMPANY'S MOTION TO ADMIT DOCUMENTS**

Plaintiff Emhart Industries, Inc. ("Emhart") hereby opposes Century Indemnity Company's ("Century") Motion to Admit Documents, Docket No. 533. As grounds for this opposition, Emhart states that the documents that Century proposes to admit are neither relevant nor probative of issues in this case. In further support hereof, Emhart states as follows:

**BACKGROUND**

On July 2, 2007, at the evidentiary hearing before Magistrate Judge Almond in the above-captioned matter, Century sought to admit certain documents to which Emhart objected. Judge Almond decided to defer to the Court on the admissibility of these documents owing to the Court's greater familiarity with the case. Accordingly, on July 30, 2007, Century filed its Motion to Admit Documents.

Century seeks to admit documents into evidence that fall into two general categories: (a) documents reflecting correspondence between Liberty Mutual Insurance Company ("Liberty

Mutual") and Emhart (DX-241, DX-246, DX-295, DX-298, DX-300, DX-304, DX-378, and DX-396); and (b) a list of general-liability insurance policies issued to Emhart from 1964 through 1990 and to United ("USM"), Emhart's purported predecessor, from 1956 to 1979 that was included in Emhart's response to interrogatories propounded by North River Insurance Company. With respect to the former, the Court should deny Century's motion on the grounds that these documents are irrelevant. Century should not be allowed to admit the latter as it is both irrelevant and without any probative value.

## ARGUMENT

### I. Correspondence Between Liberty Mutual and Emhart

Century seeks to admit documents reflecting correspondence between Liberty Mutual and Emhart on the grounds that they refute Emhart's contention that it gave notice to Century in July 1999 and demanded a defense of EPA claims arising out of the Centredale Site ("the Site"). Century's argument is without merit. Documents evidencing communication between Emhart and Liberty Mutual in which Emhart purportedly sought a defense from Liberty Mutual have no bearing on the fact that Century's duty to defend Emhart arose on July 21, 1999. On that date, Emhart, through its agent, notified Century of the EPA action at the Site and demanded that Century provide Emhart with a defense and indemnify Emhart for its damages, costs, and expenses. See Trial PX-18A. As a matter of law, an insured is entitled to simultaneously seek a defense from multiple insurers whose policies may apply to the claim or claims at issue.[1] The fact that Emhart also sought a defense from Liberty Mutual while pursuing one from Century is

---

1 Under the policies and settled principles of Rhode Island law, Century's duty to defend arose because the allegations against Emhart fell within the coverage of the policies. See Peerless Ins. Co. v. Viegas, 667 A.2d 785, 787 (R.I. 1995). Nothing in the policies required Emhart to seek a defense from Century alone, or required Emhart to do anything more than notify Century of the claim in order to invoke Century's defense obligation. Trial PX-1 at CIC0156; Trial PX-2 at CIC0479. It is undisputed that Emhart did notify Century, thereby invoking Century's defense obligation. That Emhart may also have sought a defense from another insurer is of no moment.

wholly irrelevant to determining the extent of Century's defense obligations to Emhart. Accordingly, these documents should not be admitted into evidence.

## II. List of Liability Policies Issued to Emhart and USM

Century also seeks to admit Emhart's response to the first interrogatory request of North River Insurance Company. This response attaches a list of general-liability insurance policies issued to Emhart from 1964 through 1990 and to USM from 1956 to 1979. Century seeks to admit this list in connection with its claim that Emhart's defense costs should be allocated to the policies on the list. Not only is this claim without merit, a bare list of insurance policies is irrelevant and devoid of any probative value.

This list is irrelevant because as a matter of law Century is not entitled to allocation of any of Emhart's defense costs. See Emhart's Memorandum of Law Regarding Issues Set Forth in This Court's Order Dated July 5, 2007 (the "Emhart Memorandum"), Docket No. 539 at 8-10. There is simply nothing in the Century policies that makes Emhart's rights to a defense or to indemnification under the policies contingent on the extent of Emhart's coverage under other liability policies. The existence of other policies is irrelevant to both Emhart's entitlement to a defense from Century and Century's duty to provide Emhart with one.

Even if this Court determines that this list of other liability policies is relevant, which it is not, the list lacks any probative value and should therefore not be admitted into evidence. It is the insurer who bears the evidentiary burden of showing that a duty to defend exists under any other insurance policy. See Dash v. Chicago Ins. Co., No. Civ.A. 00-11911-DPW, 2004 WL 1932760 at *9 n.20 (D. Mass. Aug. 23, 2004)("Courts which allow defense cost allocation generally place the burden of proof of allocation with the insurer."); Liberty Mut. Ins. Co. v. Metropolitan Life Ins. Co., 260 F.3d 54, 63 (1st Cir. 2001)("[W]hen allocation of defense costs

is possible, the burden of allocation generally falls on the insurer."). Century, however, has not put forward any evidence that a duty to defend Emhart existed under any of the policies identified on the list. Indeed, Century cannot meet this burden because essentially all other potentially applicable policies contained some form of pollution exclusion precluding coverage. See Emhart Memorandum at 11-12. What Century is seeking to admit is nothing more than a list of liability policies. A list by itself provides no information regarding any of the policies' terms of indemnity and defense obligations. Thus, this list does not and cannot assist Century in meeting its burden of proof with respect to allocation. Accordingly, because it lacks any probative value, the Court should deny Century's motion to move it into evidence.

## CONCLUSION

For the reasons stated above, the Court should deny Century's Motion to Admit Documents in its entirety.

EMHART INDUSTRIES, INC.
By its attorneys,

/s/ Gerald J. Petros
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Jack R. Pirozzolo (*pro hac vice*)
Adam M. Weisberger (*pro hac vice*)
Elisa K. Nethercott (*pro hac vice*)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 20010
(617) 832-1000

Dated: August 9, 2007

**CERTIFICATE OF SERVICE**

To:

James T. Murphy, Esq.
Kelly N. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Peter C. Netburn, Esq.
Kevin J. O'Connor, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110

Mark T. Nugent, Esq.
Michael Marcello, Esq.
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI

Michael F. Aylward, Esq.
John T. Harding, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

James T. McCormack, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Kimball Ann Lane, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Lawrence A. Nathanson, Esq.
Scott E. Levins, Esq.
Siegal Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

I hereby certify that I caused a copy of the foregoing to be filed with the Court's CM/ECF system and sent electronically to the parties identified as registered participants on the Notice of Electronic Filing (NEW) and paper copies will be sent to those parties not registered as participants.

/s/ Gerald J. Petros

821932v1