UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY<br><br>Defendants. | CIVIL ACTION<br>NO. CA 02-053S<br><br>**DEFENDANT CENTURY INDEMNITY COMPANY'S RESPONSE TO PLAINTIFF'S PROPOSED JUDGMENT** |

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, submits this response to plaintiff Emhart Industries, Inc.'s proposed judgment.

## PRELIMINARY STATEMENT

In its September 25, 2007 Opinion and Order, the Court said that judgment shall enter for Emhart against Century in the amount of $4,211,186.66, plus prejudgment interest pursuant to R.I. Gen. Laws § 9-21-10. To determine the amount of pre-judgment interest, the Court ordered Emhart to file a proposed judgment, along with a supporting memorandum, within ten days, and ordered Century to respond within seven days, unless the parties can agree to the appropriate calculations.[1]

[1] The Court gave Century an extension to Wednesday, October 17, 2007, to serve its response.

On October 5, 2007, Emhart filed its proposed judgment seeking prejudgment interest in the amount of $1,598,867.29 (plus daily interest in the amount of $1,384.50 from October 1, 2007, until the date of entry of the judgment). On October 11, 2007, Century advised Emhart of ten objections to Emhart's calculations [Exhibit A]. Of those ten objections, Emhart agrees with seven [Exhibit B]. The undisputed objections and disputed objections are set forth below separately.

**UNDISPUTED OBJECTIONS**

The undisputed objections and costs reductions associated with them are as follows:

1. The 11/21/2000 invoice is for time in October 2000, which is before the 11/22/2000 tender date. Thus, interest on that invoice in the amount of $5,778.23 should be subtracted from the total.

2. The 12/21/2000 invoice includes time for services performed before the 11/22/2000 tender date. According to that invoice, $160 is for services performed on or after the tender date. The interest on that amount should be $128.00. Thus, $1,895.00 should be subtracted from the total, and $128.00 should be added to the total.

3. The 8/31/06 invoice in the amount of $12,647.25 was not part of the attorneys' fees Emhart was seeking. Thus, interest on that invoice in the amount of $1,517.67 should be subtracted from the total.

4. The 9/29/06 invoice in the amount of $20,576.28 was not part of the attorneys' fees Emhart was seeking. Thus, interest on that invoice in the amount of $2,263.39 should be subtracted from the total.

5. The 10/27/2006 invoice in the amount of $31,279.84 was not part of the attorneys' fees Emhart was seeking. Thus, interest on that invoice in the amount of $3,127.98 should be subtracted from the total.

6. The 11/17/06 invoice in the amount of $86,095.43 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, the parties agreed the amount of that invoice for services performed before the cutoff date should be $40,698.00. Interest on that amount is $3,662.82. Thus, $7,748.59 should be subtracted from the total, and $3,662.82 should be added to the total.

7. The 11/17/2006 invoice in the amount of $16,184.68 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, the parties agreed the amount of that invoice for services performed before the cutoff date should be $10,173.60. Interest on that amount is $915.63. Thus, $1,456.62 should be subtracted from the total, and $915.63 should be added to the total.

Based on these undisputed objections, Emhart's request for prejudgment interest should be lowered from $1,598,867.29 to $1,579,786.26.

## DISPUTED OBJECTIONS

8. **Interest should be calculated from the date of actual payment of each invoice as opposed to the due date of each invoice.** Emhart calculated interest from the dates the invoices were due. Interest, however, should be calculated from the dates the invoices were actually paid because that calculation would more accurately reflect Emhart's damages. Emhart could continue to earn interest on its funds until they were actually paid out. In response, Emhart argues that "proofs of payment were produced as well as the invoices so the information can be obtained from those documents and calculations for the days of interest for any late or early



EMHART\101507OB.JU

payments could be made." However, Emhart said it does not intend to do so "as it would likely result in an unreasonable expenditure of attorney time for Century to save on a few days of interest."

Century has reviewed the documents Emhart produced in May 2007. Those documents only provide information regarding the payment dates for some of the invoices. Century has requested information regarding the actual payment dates for all of the invoices [Exhibit C], but Emhart ignored Century's request. Whether the exercise of calculating interest from the dates of payment will only "save on a few days of interest" depends upon when the invoices were actually paid. Without access to the information, Century cannot determine whether Emhart's assertion is accurate. Accordingly, Century requests that the Court order Emhart to provide information on the actual payment dates of all of the invoices so Century can perform the necessary calculations.

9. **Interest on the technical consultant fees should not be calculated from 2000.** Before the September/October 2006 trial, Century and Emhart agreed that the amount of technical consultant fees that Emhart could potentially recover as defense costs was $241,073.65.[2] That amount was based on actual invoices from May through August 2006 [Exhibit D]. Using the same method to calculate interest on these fees that Emhart used to calculate interest on the legal fees, interest would be $34,716.49 [Exhibit E].[3]

Notwithstanding the fact these fees were incurred in 2006, Emhart is seeking interest on these fees going back to 2000. Based on that calculation, Emhart is seeking interest on these fees in the amount of $115,715.22. Emhart contends "these costs were incurred over

[2] Emhart performed calculations for the separate technical consultant fees agreed upon during the June/July 2007 evidentiary hearing. Century has no objection to Emhart's calculations with respect to the interest in the amount of $9,964.40 on those separate technical consultant fees.
[3] Century's calculations are based on the due date of each invoice. Like the legal fees, Century requests that the Court order Emhart to provide the actual payment dates of these invoices so Century can redo the calculations.

the entire period starting in 2000." However, the actual invoices upon which the award of judgment is based belie Emhart's assertion. The invoices are all from 2006. The Court, thus, should base its determination on the actual invoices.

10. **<u>Interest on the $250,000 settlement with the other insurer should be based on the date of receipt</u>.** Another insurer paid Emhart $250,000 for defense costs. Emhart spread this entire amount from the date of the settlement agreement in March 2005 through November 2006. Instead, interest should be calculated on the entire amount from the day it was actually received because that entire amount was available to Emhart as of that date to offset its prior defense costs. Emhart advised Century it received the payment from the other insurer in April 2005. Interest on that amount would be $70,000. Thus, $70,000 should be subtracted from the total, and $47,499.99 should be added to the total.

Emhart contends "that spreading the fees out is more appropriate since it better reflects defense expenses (to which Century would be entitled to an offset) as they were incurred." Emhart's argument ignores the fact that by April 2005 it had already incurred defense costs in excess of $250,000 for which Century and the other insurer are responsible. The $250,000 offset those prior fees.

**<u>CONCLUSION</u>**

For the reasons stated, Century respectfully requests that the Court order Emhart to provide information on the dates the invoices were actually paid, so the parties can calculate prejudgment interest based on those dates. Alternatively, if the Court agrees with Emhart that calculating interest based on the due date of each invoice is appropriate, the Court should award Emhart prejudgment interest in the amount of $1,476,287.52 (plus daily interest in the amount of $1,384.50 from October 1, 2007, until the date of entry of judgment).

Dated: October 17, 2007

McKENNA & McCORMICK

By: ______________________

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

- and -

Lawrence A. Nathanson
Scott E. Levens
SIEGAL, NAPIERKOWSKI & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8910

Attorneys for Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2007, a copy of the foregoing Defendant Century Indemnity Company's Response to Plaintiff's Proposed Judgment of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick

James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

# *EXHIBIT A*

**Nathanson, Lawrence**

**From:** Nathanson, Lawrence

**Sent:** Thursday, October 11, 2007 11:19 AM

**To:** 'Cole, David'

**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick

**Subject:** Emhart (Pre-Judgment Interest)

David,

Thank you for taking the time on Monday to explain your calculations to us. We have reviewed your numbers and have the following concerns, which I have divided between the different categories listed on your worksheets:

Prejudgment Interest on Legal Fees

1. The 11/21/2000 invoice is for time in October 2000, which is before the 11/22/2000 tender date. Thus, that invoice should be deleted.

2. The 12/21/2000 invoice includes time for services performed before the 11/22/2000 tender date. Based on our review of the invoice, it appears that $160 is for services performed on or after the tender date. The interest charge on that amount should be $128.00

3. The 8/31/2006 invoice in the amount of $12,647.25 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

4. The 9/29/2006 invoice in the amount of $20,576.28 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

5. The 10/27/2006 invoice in the amount of $31,279.84 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

6. The 11/17/2006 invoice in the amount of $86,095.43 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, we agreed the invoice amount should be $40,698.00. See Exhibit 20. Thus, the interest charge should be $3,662.82.

7. The 11/17/2006 invoice in the amount of $16,184.68 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, we agreed the invoice amount should be $10,173.60. See Exhibit 20. Thus, the interest charge should be $915.63.

8. Interest should be calculated from the date of actual payment of each invoice as opposed to the due date. Please let us know the dates of actual payment so we can recalculate the interest charges.

Prejudgment Interest on Technical Consultant Fees

9. As we discussed, all of these charges are from 2006. So, spreading them back to 2000 is improper. We recalculated the interest charges based on the due dates of the invoices. See attachment. The interest charges, however, should be recalculated based on the dates of actual payment. Please provide that information to us.

Interest on $250,000 Settlement with Other Insurer

10. You spread this amount over the period from March 2005 to November 2006. Instead, interest on the entire amount should be deducted from the date the settlement payment was received. Please let us know that date.

Please call us after you have reviewed this message. We would like to try to work out our differences

before we have to file objections on Wednesday, October 17, 2007.

Larry

# EXHIBIT B

## Nathanson, Lawrence

**From:** Cole, David [DCole@foleyhoag.com]
**Sent:** Tuesday, October 16, 2007 3:50 PM
**To:** Nathanson, Lawrence
**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick
**Subject:** RE: Emhart (Pre-Judgment Interest)

Larry:

After reviewing Century's calculations of the prejudgment interest and reviewing the various invoices in regard to the issues you raise in your email below, I believe that we can narrow the areas of disagreement.

(1) We agree to the deductions to interest on legal fees for the period noted in your points 1 through 7 under "Legal Fees".

(2) It appears that Century's calculation of the interest on the technical consultant defense costs is tied to the stipulation of defense costs that the parties' entered into for the purposes of trial. In reality, these costs were incurred over the entire period starting in 2000. Thus, we believe that it is more appropriate to spread the costs out over the entire period and therefore we believe the correct figure is $115,715.22, not the $34,716.49 that Century suggests.

(3) It also appears that Century's calculation has left out the $90,585.47 in technical consultant defense fees incurred from July 2006 to October 2006. Emhart is entitled to interest on those fees as set forth in our spreadsheet, an amount of $9,964.40.

(4) As for the $250,000 settlement, agreement is dated March 24, 2005 and the monies were received in April 2005. We believe that spreading the fees out is more appropriate since it better reflects defense expenses (to which Century would be entitled to an offset) as they were incurred.

(5) As for the payment dates, the proofs of payment were produced as well as the invoices so the information can be obtained from those documents and calculations for the days of interest for any late or early payments could be made. We do not intend to do so as it would likely result in an unreasonable expenditure of attorney time for Century to save on a few days of interest. We believe that the due dates are the appropriate dates and believe we are supplying the court with a figure that has more than a reasonable degree of specificity.

Regards,
David

---

**From:** Nathanson, Lawrence [mailto:lawrence.nathanson@mclolaw.com]
**Sent:** Thursday, October 11, 2007 11:19 AM
**To:** Cole, David
**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick
**Subject:** Emhart (Pre-Judgment Interest)

David,

Thank you for taking the time on Monday to explain your calculations to us. We have reviewed your numbers and have the following concerns, which I have divided between the different categories listed on your worksheets:

<u>Prejudgment Interest on Legal Fees</u>

1. The 11/21/2000 invoice is for time in October 2000, which is before the 11/22/2000 tender date. Thus, that invoice should be deleted.

2. The 12/21/2000 invoice includes time for services performed before the 11/22/2000 tender date. Based on our review of the invoice, it appears that $160 is for services performed on or after the tender date. The interest charge on that amount should be $128.00

3. The 8/31/2006 invoice in the amount of $12,647.25 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

4. The 9/29/2006 invoice in the amount of $20,576.28 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

5. The 10/27/2006 invoice in the amount of $31,279.84 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

6. The 11/17/2006 invoice in the amount of $86,095.43 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, we agreed the invoice amount should be $40,698.00. See Exhibit 20. Thus, the interest charge should be $3,662.82.

7. The 11/17/2006 invoice in the amount of $16,184.68 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, we agreed the invoice amount should be $10,173.60. See Exhibit 20. Thus, the interest charge should be $915.63.

8. Interest should be calculated from the date of actual payment of each invoice as opposed to the due date. Please let us know the dates of actual payment so we can recalculate the interest charges.

<u>Prejudgment Interest on Technical Consultant Fees</u>

9. As we discussed, all of these charges are from 2006. So, spreading them back to 2000 is improper. We recalculated the interest charges based on the due dates of the invoices. See attachment. The interest charges, however, should be recalculated based on the dates of actual payment. Please provide that information to us.

<u>Interest on $250,000 Settlement with Other Insurer</u>

10. You spread this amount over the period from March 2005 to November 2006. Instead, interest on the entire amount should be deducted from the date the settlement payment was received. Please let us know that date.

Please call us after you have reviewed this message. We would like to try to work out our differences before we have to file objections on Wednesday, October 17, 2007.

Larry

United States Treasury Regulations require us to disclose the following: Any tax advice included in this document and its attachments was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

Page 3 of 3

For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com.

# *EXHIBIT C*

**Nathanson, Lawrence**

---

**From:** Nathanson, Lawrence

**Sent:** Monday, October 15, 2007 12:44 PM

**To:** 'Cole, David'

**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick; Zajac, Alex

**Subject:** RE: Emhart (Pre-Judgment Interest)

David,

Have you heard back from your client? If so, what did it say? If not, what should I say to the court about the points upon which we agree?

With respect to the payment dates, I went back through the documents you produced in May. For the legal fees, I only found information as to the payment dates on some of the invoices from October 15, 2002 to October 14, 2004. With respect to the technical consultant fees, I only found information as to the payment dates for the two Bernard Robinson & Co. invoices. Am I missing something?

With respect to the $250,000 settlement, please let me know the date it was received.

Larry

---

**From:** Cole, David [mailto:DCole@foleyhoag.com]
**Sent:** Friday, October 12, 2007 12:35 PM
**To:** Nathanson, Lawrence
**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick
**Subject:** RE: Emhart (Pre-Judgment Interest)

I should clarify that the following is for further discussion. We are awaiting client input.

-David

-----Original Message-----
**From:** Cole, David
**Sent:** Friday, October 12, 2007 12:32 PM
**To:** 'Nathanson, Lawrence'
**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick
**Subject:** RE: Emhart (Pre-Judgment Interest)

Larry:

We agree to points 1 through 7 under "Legal Fees".

We also agree to the first part of point 9 under "Technical Consultant Fees" and the calculation set forth in the attached spreadsheet. It appears, however, that your calculation has left out the $90,585.47 in technical consultant defense fees incurred from July 2006 to October 2006. Emhart is entitled to interest on those fees as set forth in our spreadsheet, an amount of $9,964.40.

As for the payment dates, the proofs of payment were produced as well as the invoices so the information can be obtained from those documents and calculations for the days of interest for any late or early payments could be made. We do not intend to do so. We believe that the due dates are the appropriate dates and believe we are supplying the court with a figure that has more than a reasonable degree of specificity.

As for the $250,000 settlement, the agreement was dated March 24, 2005. We believe that spreading the fees out is more appropriate since it better reflects defense expenses (to which Century would be entitled to an offset) as they were incurred.

If you would like to discuss this further, I am available or flexible for most of the day on Monday.

Regards,

David

**David E. Cole**
FOLEY HOAG LLP | Seaport World Trade Center West | 155 Seaport Boulevard, Boston, Massachusetts 02210 | T 617.832.3055 | F 617.832.7000 | dcole@foleyhoag.com

-----Original Message-----
**From:** Nathanson, Lawrence [mailto:lawrence.nathanson@mclolaw.com]
**Sent:** Thursday, October 11, 2007 11:25 AM
**To:** Cole, David
**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick
**Subject:** FW: Emhart (Pre-Judgment Interest)

Here's the attachment. Sorry.

---

**From:** Nathanson, Lawrence
**Sent:** Thursday, October 11, 2007 11:19 AM
**To:** 'Cole, David'
**Cc:** Siegal, Martin; Levens, Scott; McKenna & McCormick
**Subject:** Emhart (Pre-Judgment Interest)

David,

Thank you for taking the time on Monday to explain your calculations to us. We have reviewed your numbers and have the following concerns, which I have divided between the different categories listed on your worksheets:

<u>Prejudgment Interest on Legal Fees</u>

1. The 11/21/2000 invoice is for time in October 2000, which is before the 11/22/2000 tender date. Thus, that invoice should be deleted.

2. The 12/21/2000 invoice includes time for services performed before the 11/22/2000 tender date. Based on our review of the invoice, it appears that $160 is for services performed on or after the tender date. The interest charge on that amount should be $128.00

3. The 8/31/2006 invoice in the amount of $12,647.25 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

4. The 9/29/2006 invoice in the amount of $20,576.28 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

5. The 10/27/2006 invoice in the amount of $31,279.84 was not part of the attorneys' fees Emhart was seeking. See Exhibit 20. Thus, that invoice should be deleted.

6. The 11/17/2006 invoice in the amount of $86,095.43 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, we agreed the invoice

amount should be $40,698.00. See Exhibit 20. Thus, the interest charge should be $3,662.82.

7. The 11/17/2006 invoice in the amount of $16,184.68 includes services performed after the 10/19/2006 cutoff date. Before the evidentiary hearing, we agreed the invoice amount should be $10,173.60. See Exhibit 20. Thus, the interest charge should be $915.63.

8. Interest should be calculated from the date of actual payment of each invoice as opposed to the due date. Please let us know the dates of actual payment so we can recalculate the interest charges.

Prejudgment Interest on Technical Consultant Fees

9. As we discussed, all of these charges are from 2006. So, spreading them back to 2000 is improper. We recalculated the interest charges based on the due dates of the invoices. See attachment. The interest charges, however, should be recalculated based on the dates of actual payment. Please provide that information to us.

Interest on $250,000 Settlement with Other Insurer

10. You spread this amount over the period from March 2005 to November 2006. Instead, interest on the entire amount should be deducted from the date the settlement payment was received. Please let us know that date.

Please call us after you have reviewed this message. We would like to try to work out our differences before we have to file objections on Wednesday, October 17, 2007.

Larry

United States Treasury Regulations require us to disclose the following: Any tax advice included in this document and its attachments was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com.

# *EXHIBIT D*

Other Invoices To Emhart Industries, Inc. In Defense of Claims
Relating To The Centredale Manor Superfund Site

| Billing Firm | Invoice Number | Invoice Date | Inovice Bates Number | Invoice Amount |
|---|---|---|---|---|
| AMEC Earth & Environmental, Inc. | C11108334 | 05/09/2006 | SBSF 29109-29113 | $ 29,915.98 |
| AMEC Earth & Environmental, Inc. | C11108517 | 06/20/2006 | SBSF 29114-29117 | $ 9,443.67 |
| AMEC Earth & Environmental, Inc. | C11108542 | 07/13/2006 | SBSF 29118-29120 | $ 2,997.50 |
| Bernard Robinson & Co., L.L.P. | 15013 | 04/27/2006 | SBSF 29121-29122 | $ 3,795.00 |
| Bernard Robinson & Co., L.L.P. | 15426 | 06/30/2006 | SBSF 29123 | $ 7,187.50 |
| Chatham Research, Ltd. | - | 05/22/2006 | BD 04579-04581 | $ 12,633.00 |
| Chatham Research, Ltd. | - | 06/21/2006 | SBSF 29124-29126 | $ 19,004.00 |
| Chatham Research, Ltd. | - | 07/21/2006 | SBSF 29127-29129 | $ 25,915.50 |
| Chatham Research, Ltd. | - | 08/21/2006 | SBSF 29130-29132 | $ 18,600.05 |
| Dewey Square Group | 5557 | 03/23/2006 | BD 04582-04590 | $ 17,917.61 |
| Duffy Sweeney & Scott, Ltd | 11669 | 06/26/2006 | SBSF 29133-29134 | $ 258.83 |
| Duffy Sweeney & Scott, Ltd | 11670 | 06/26/2006 | SBSF 29135-29137 | $ 838.82 |
| Duffy Sweeney & Scott, Ltd | 11988 | 07/28/2006 | SBSF 29400-29401 | $ 626.60 |
| Duffy Sweeney & Scott, Ltd | 11989 | 07/28/2006 | SBSF 29402-29403 | $ 1,008.71 |
| HydroQual, Inc. | 8440 | 05/31/2006 | SBSF 29138-29142 | $ 7,952.50 |
| HydroQual, Inc. | 8712 | 06/30/2006 | SBSF 29404-29417 | $ 21,935.60 |
| HydroQual, Inc. | 9066 | 07/31/2006 | SBSF 29143-29148 | $ 904.11 |
| Loureiro Engineering Associates, Inc. | 15RP6.01-1 | 03/31/2006 | SBSF 29149 | $ 18,444.71 |
| Loureiro Engineering Associates, Inc. | 15RP6.01-3 | 05/15/2006 | SBSF 29151-29154 | $ 14,029.83 |
| Loureiro Engineering Associates, Inc. | 15RP6.01-4 | 06/21/2006 | SBSF 29155-29158 | $ 11,726.00 |
| Loureiro Engineering Associates, Inc. | 15RP6.01-5 | 07/13/2006 | SBSF 29159-29162 | $ 15,938.13 |
| | Total: | | | $ 241,073.65 |

Plaintiff's
Exhibit 168A

# *EXHIBIT E*

**EMHART PRE-JUDGMENT INTEREST/CONSULTANTS**

| INVOICE DATE | DUE DATE | AMOUNT | TOTAL MONTHS | PRE-JUDGMENT INTEREST |
|---|---|---|---|---|
| 05/09/06 | 06/09/06 | $29,915.98 | 15 | $4,487.40 |
| 06/20/06 | 07/20/06 | $ 9,443.67 | 14 | $1,322.11 |
| 07/13/06 | 08/13/06 | $ 2,997.50 | 13 | $ 389.68 |
| 04/27/06 | 05/27/06 | $ 3,795.00 | 16 | $ 607.20 |
| 06/30/06 | 07/30/06 | $ 7,187.50 | 14 | $1,006.25 |
| 05/22/06 | 06/22/06 | $12,633.00 | 15 | $1,894.95 |
| 06/21/06 | 07/21/06 | $19,004.00 | 14 | $2,660.56 |
| 07/21/06 | 08/21/06 | $25,915.50 | 13 | $3,369.02 |
| 08/21/06 | 09/21/06 | $18,600.05 | 12 | $2,232.01 |
| 03/23/06 | 04/23/06 | $17,917.61 | 17 | $3,045.99 |
| 06/26/06 | 07/26/06 | $ 258.83 | 14 | $ 36.24 |
| 06/26/06 | 07/26/06 | $ 838.82 | 14 | $ 117.43 |
| 07/28/06 | 08/28/06 | $ 626.60 | 13 | $ 81.46 |
| 07/28/06 | 08/28/06 | $ 1,008.71 | 13 | $ 131.13 |
| 05/31/06 | 06/31/06 | $7,952.50 | 15 | $1,192.88 |
| 06/30/06 | 07/30/06 | $21,935.60 | 14 | $3,070.98 |
| 07/31/06 | 08/31/06 | $ 904.11 | 13 | $ 117.53 |
| 03/31/06 | 04/31/06 | $18,444.71 | 17 | $3,135.60 |
| 05/15/06 | 06/15/06 | $14,029.83 | 15 | $2,104.47 |
| 06/21/06 | 07/21/06 | $11,726.00 | 14 | $1,641.64 |
| 07/13/06 | 08/13/06 | $15,938.13 | 13 | $2,071.96 |
| | | | TOTAL | $34,716.49 |