UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EMHART INDUSTRIES, INC.,

Plaintiff,

v.

HOME INSURANCE COMPANY,
INSURANCE COMPANY OF NORTH AMERICA,
LIBERTY MUTUAL INSURANCE COMPANY,
NORTH RIVER INSURANCE COMPANY,
ONEBEACON AMERICA INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

Defendants.

Civil Action No. 02-053-S

**PLAINTIFF'S STATEMENT**
**REGARDING THE CALCULATION OF PREJUDGMENT INTEREST**

After meeting and conferring with Defendant Century Indemnity Company ("Century")[1] on Plaintiff Emhart Industries, Inc.'s ("Emhart") calculation of the amount of prejudgment interest, Emhart hereby submits this statement setting forth its position on various issues that Century has raised:

## I. Adjustment to Emhart's Calculation of the Prejudgment Interest on Legal Defense Costs

Emhart agrees that the following legal invoices should not be included in the calculation of prejudgment interest: (1) November 21, 2000, (2) August 31, 2006 for $12,647.25, (3) September 29, 2006 for $20,576.28, and (4) October 27, 2006 for $31,279.84.

Emhart further agrees that the prejudgment interest associated with certain legal invoices should be limited as follows: (1) the interest on the December 21, 2000 invoice should be

[1] Century is successor to Defendant Insurance Company of North America.

limited to $128.00, (2) the interest on the November 17, 2006 invoice for $86,095.43 should be limited to $3,662.82, and (3) the interest on the November 17, 2006 invoice for $16,184.68 should be limited to $915.63.

These adjustments result in a reduction of $19,081.03 from the calculation of prejudgment interest Emhart previously submitted to the Court.

## II. Emhart's Calculation of the Prejudgment Interest on Technical Consultant Costs Incurred through June 2006.

The parties could not reach agreement on the calculation of the prejudgment interest on the technical consultant defense costs that Emhart incurred through June 2006. Century has urged that the invoices associated from these charges are from 2006 so that Emhart's methodology of spreading the costs from 2000 to 2006 and calculating the interest thereon is improper. It appears, however, that Century's calculation and the invoices it has identified are tied to the stipulation of defense costs that the parties' entered into for the purposes of trial. In reality, technical consultant defense costs were incurred over the entire period starting in 2000. Thus, it is more appropriate to spread the costs out over the entire relevant time. Emhart, therefore, believes that its prejudgment interest figure of $115,715.22 is appropriate and reasonable, not the $34,716.49 figure that Century suggests.

## III. Emhart's Calculation of the Prejudgment Interest on Technical Consultant Costs Incurred from July 2006 through October 2006.

The parties agreed that Emhart's calculation of the prejudgment interest on its technical consultant defense costs incurred from July through October 2006 was correct and is $9,964.40.

## IV. Emhart's Calculation of the "Credit" Associated with the Court's $127,717.15 Reduction in Legal Defense Costs.

The parties agreed that Emhart's calculation of the "credit" on the prejudgment interest owed to Emhart associated with the Court's $127,717.35 reduction in legal defense costs is $57,472.72.

## V. Emhart's Calculation of the "Credit" Associated with Its $250,000 Settlement with Another Insurer.

The parties could not reach agreement on the calculation of the "credit" on the prejudgment interest owed to Emhart associated with the $250,000 Emhart received from a settling insurer. Century would calculate the "credit" on the lump sum from the date that the settlement agreement was executed or when the monies were received. It is Century's position that spreading the fees out from March 2006 to November 2006 is more appropriate because it better reflects the rate at which defense expenses were incurred and to which Century would be entitled to an offset.

## VI. Dates of Payment

Century has also asserted that the prejudgment interest be calculated from the date of payment rather than the due dates. The proofs of payment as well as the invoices that were in Emhart's possession, however, were produced and Century can obtain this information from those documents and is able to calculate the prejudgment interest in this manner if it so chooses. It is Emhart's position that the due dates are the appropriate dates and that it is supplying the Court with a figure that has more than a reasonable degree of specificity. In any event, pairing up each invoice with its associated payment date would likely result in an unreasonable expenditure of attorney time in relation to any potential difference this would have in the calculation of the prejudgment interest.

Respectfully submitted,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000

Jack R. Pirozzolo (*pro hac vice*)
Adam M. Weisberger (*pro hac vice*)
Elisa K. Nethercott (*pro hac vice*)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Counsel for EMHART INDUSTRIES, INC.

Dated: October 17, 2007

**CERTIFICATION**

To:

James T. Murphy, Esq.
Kelly N. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Peter C. Netburn, Esq.
Kevin J. O'Connor, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110

Mark T. Nugent, Esq.
Michael Marcello, Esq.
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI

Michael F. Aylward, Esq.
John T. Harding, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

James T. McCormack, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Kimball Ann Lane, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Lawrence A. Nathanson, Esq.
Scott E. Levins, Esq.
Siegal Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

835923v1

I hereby certify that I caused a copy of Emhart's Statement Regarding Calculation of Prejudgment Interest to be filed with the Court's CM/ECF system and sent electronically to the parties identified as registered participants on the Notice of Electronic Filing (NEW) and paper copies will be sent to those parties not registered as participants on October 17, 2007.

/s/ Gerald J. Petros
Gerald J. Petros