UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>NORTH RIVER INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE COMPANY<br>and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 02-053-S |

**JUDGMENT**

This action came on for trial before the Court and a jury, and the issues having been duly tried and the jury having returned its verdict on October 19, 2006, and the Court having duly conducted an evidentiary hearing, and having duly heard and considered the parties' post-trial motions, and a having duly entered an opinion and order rendered on September 25, 2007 thereon, it is hereby ORDERED and ADJUDGED that:

1. On Count II of the Complaint, the Court declares that Century Indemnity Company ("Century")[1] owed a duty to defend Emhart Industries, Inc. ("Emhart") with respect to the claim that the U.S. Environmental Protection Agency has asserted against Emhart concerning the Centredale Manor Superfund Site in North Providence, Rhode Island to October 19, 2006. Century has no duty to defend Emhart with respect to the claim after that date, and no duty to indemnify Emhart with respect to the claim.

2. On Count I of the Complaint, Century breached its duty to defend Emhart under General Liability-Automobile Policy GAL 36597 (the Primary Policy) and Excess

[1] Century is an indirect successor to Defendant Insurance Company of North America.

Blanket Catastrophe Liability Policy XBC 46961 (the Excess Policy), and judgment is hereby entered for Emhart.

3. Judgment enters for the Defendants on all remaining counts.

4. Emhart shall recover of Century defense costs in the amount of $4,211,186.66.

5. Emhart shall recover of Century pre-judgment interest on its defense costs, pursuant to R.I. Gen. Laws § 9-21-10, in the amount of $1,468,840.13 (plus daily interest in the amount of $1,384.50 from October 1, 2007, until the date of entry of this judgment).

6. Post-judgment interest shall accrue on the unpaid portion of this judgment at a rate calculated in accordance with 28 U.S.C. § 1961.

IT IS SO ORDERED.

Dated: November 14, 2007

William E. Smith
United States District Judge